# EXHIBIT 1

| | |
|---|---|
| **From:** | Fischer, Aron (x2363) |
| **To:** | Cutri, Elizabeth A. |
| **Cc:** | Cohen, Andrew (x2605); Hales, Bryan S.; Kane, Ryan; Sanford, Gregory B.; Andrea L. Martin |
| **Subject:** | Re: Janssen v. Celltrion et al. |
| **Date:** | Thursday, June 15, 2017 4:45:40 PM |

Liz,

Greg and I have conflicts in mid-August (Greg has a two-week trial) and Greg is out of the country the second half of September.  We'd suggest the below schedule but if you want more time on the first brief and less on the second, that's fine as well:

| Event | Date |
|---|---|
| Defendants file motion to dismiss | July 7 |
| Janssen responds to motion to dismiss | August 2 |
| Defendants file reply brief | August 25* |
| Janssen files sur-reply brief | September 8* |
| Hearing | Propose October 9-11* |

We'll agree to your proposal on Dow and Martinson, subject to some provisions that we'll lay out in a joint report to be circulated within the next hour or two.

Yours
Aron

On Jun 15, 2017, at 3:42 PM, Cutri, Elizabeth A. <elizabeth.cutri@kirkland.com> wrote:

> Aron and Andrew,
>
> Further to our discussion and emails from yesterday, below is a proposed schedule for briefing related to the motion to dismiss Janssen's newly filed complaint.  This is on the assumption that the parties are able to resolve the motion to compel and do not require the Court to make rulings related to those issues.  If the parties do require the Court's involvement with issues related to the motion to compel, a different schedule may be appropriate.
>
> Please let us know your responses to our emails from yesterday regarding the Dow declaration and Martinson transcript.  Please also let us know if you are preparing a proposed draft joint report for filing tomorrow.
>
> Regards,
> Liz

| Event | Date |
|---|---|
| Defendants file motion to dismiss | July 7 |

| Janssen responds to motion to dismiss | July 28 |
|---|---|
| Defendants file reply brief | August 11* |
| Janssen files sur-reply brief | August 25* |
| Hearing | Propose week of September 11* |

*Assuming Janssen does not add new or different evidence into the record, beyond what was relied upon in the motion to dismiss briefing in connection with actions 15-10698 and 16-11117, in which case Defendants may ask the Court to adjust the briefing schedule

**Elizabeth Cutri**
------------------------------------------

**KIRKLAND & ELLIS LLP**
300 North LaSalle, Chicago, IL 60654
**T** +1 312 862 7160
**F** +1 312 862 2200
------------------------------------------

elizabeth.cutri@kirkland.com

**From:** Cohen, Andrew (x2605) [mailto:acohen@pbwt.com]
**Sent:** Wednesday, June 14, 2017 7:09 PM
**To:** Cutri, Elizabeth A.
**Cc:** Fischer, Aron (x2363); Hales, Bryan S.; Kane, Ryan; Sanford, Gregory B.; Andrea L. Martin
**Subject:** RE: Janssen v. Celltrion et al.

Yes Liz.  We plan to circulate a proposed stipulation in the near future.

-Andrew

**From:** Cutri, Elizabeth A. [mailto:elizabeth.cutri@kirkland.com]
**Sent:** Wednesday, June 14, 2017 6:21 PM
**To:** Cohen, Andrew (x2605)
**Cc:** Fischer, Aron (x2363); Hales, Bryan S.; Kane, Ryan; Sanford, Gregory B.; Andrea L. Martin
**Subject:** RE: Janssen v. Celltrion et al.

Andrew,

Thanks.

Will you be circulating a proposed stipulation of dismissal with respect to Case No. 16-11117 and Janssen's claim for infringement of the '083 patent in Case No. 15-10698?

Regards,
Liz

**Elizabeth Cutri**
------------------------------------------

**KIRKLAND & ELLIS LLP**

300 North LaSalle, Chicago, IL 60654
**T** +1 312 862 7160
**F** +1 312 862 2200
------------------------------------------------
elizabeth.cutri@kirkland.com

---

**From:** Cohen, Andrew (x2605) [mailto:acohen@pbwt.com]
**Sent:** Wednesday, June 14, 2017 4:44 PM
**To:** Cutri, Elizabeth A.
**Cc:** Fischer, Aron (x2363); Hales, Bryan S.; Kane, Ryan; Sanford, Gregory B.; Andrea L. Martin
**Subject:** Re: Janssen v. Celltrion et al.

Thank you Liz. We will discuss and get back to you.

-Andrew

Andrew D. Cohen

212-336-2605

On Jun 14, 2017, at 5:42 PM, Cutri, Elizabeth A. <elizabeth.cutri@kirkland.com> wrote:

> Andrew,
>
> Further to my email below, and in furtherance of our discussion regarding the waiver dispute, we identify the following passages of the deposition transcript of Ms. Martinson that we would propose Janssen not cite or rely upon:
>
> - 182:13–24
> - 189:20–190:2
>
> To be clear, by identifying these passages, Defendants do not make any concessions about any other portions of the transcript. Many of Ms. Martinson's statements suffer from the problem that she lacks firsthand knowledge and/or was advancing attorney argument rather than fact. If the parties reach an agreement regarding the motion to compel that involves Janssen agreeing not to rely upon certain portions of the Martinson transcript, Defendants reserve the right to challenge or object to any other portion of the transcript as purported "evidence" supporting Janssen's standing arguments.
>
> The same applies for the Dow declaration. Defendants make no concessions about Mr. Dow's declaration and reserve the right to challenge any portion of it as, for example, inadmissible, unreliable, and/or contrary to the law regarding use of extrinsic evidence in contract interpretation.
>
> Regards,

Liz

**Elizabeth Cutri**

----------------------------------------

**KIRKLAND & ELLIS LLP**
300 North LaSalle, Chicago, IL 60654
**T** +1 312 862 7160
**F** +1 312 862 2200

----------------------------------------

elizabeth.cutri@kirkland.com

---

**From:** Cutri, Elizabeth A.
**Sent:** Wednesday, June 14, 2017 3:27 PM
**To:** 'Cohen, Andrew (x2605)'
**Cc:** Fischer, Aron (x2363); Hales, Bryan S.; Kane, Ryan; Sanford, Gregory B.; Andrea L. Martin
**Subject:** RE: Janssen v. Celltrion et al.

Andrew,

Attached for purposes of discussion is a copy of the Dow declaration reflecting an initial proposal for what we think Janssen should strike (shown in yellow highlighting).  We will also send a highlighted copy of Ms. Martinson's deposition transcript, as well as a proposed schedule for briefing for the motion to dismiss the new complaint.

Regards,
Liz

**Elizabeth Cutri**

----------------------------------------

**KIRKLAND & ELLIS LLP**
300 North LaSalle, Chicago, IL 60654
**T** +1 312 862 7160
**F** +1 312 862 2200

----------------------------------------

elizabeth.cutri@kirkland.com

---

**From:** Cohen, Andrew (x2605) [mailto:acohen@pbwt.com]
**Sent:** Wednesday, June 14, 2017 3:17 PM
**To:** Cutri, Elizabeth A.
**Cc:** Fischer, Aron (x2363); Hales, Bryan S.; Kane, Ryan; Sanford, Gregory B.; Andrea L. Martin
**Subject:** Re: Janssen v. Celltrion et al.

Liz,

As discussed on our call this morning, we understand that you will be sending us an email today identifying specific portions of the Dow

Declaration and Ms. Martinson's testimony for us to consider striking and/or agreeing not to rely on in connection with your anticipated motion to dismiss the 2017 action. We look forward to receiving that soon so that we have time to fully consider it and discuss further with you in advance of the joint report due to be filed with the court Friday afternoon.


Best regards,


Andrew


Andrew D. Cohen
212-336-2605

On Jun 13, 2017, at 11:30 PM, Cutri, Elizabeth A. <elizabeth.cutri@kirkland.com> wrote:

> Aron,
>
> Wednesday morning at 8:30 am Central is fine, if that still works for you.
>
> Regards,
> Liz
>
>
> **Elizabeth Cutri**
> ---------------------------------------------------------
> **KIRKLAND & ELLIS LLP**
> 300 North LaSalle, Chicago, IL 60654
> **T** +1 312 862 7160
> **F** +1 312 862 2200
> ---------------------------------------------------------
> elizabeth.cutri@kirkland.com
>
> ---
>
> **From:** Fischer, Aron (x2363) [mailto:afischer@pbwt.com]
> **Sent:** Tuesday, June 13, 2017 2:14 PM
> **To:** Cutri, Elizabeth A.; Hales, Bryan S.
> **Cc:** Cohen, Andrew (x2605); Kane, Ryan; Sanford, Gregory B.; Andrea L. Martin
> **Subject:** RE: Janssen v. Celltrion et al.
>
> Liz,
>
> Yes, let's plan to discuss the privilege log and what statements in Mr. Dow's declaration you consider to be a waiver.  It's likely that any such statements can be removed or revised since, as Mr. Dow testified, his

declaration is about Janssen's patent policies and practices and not about a real-time legal opinion as to the language of the employment agreements.

I will be in Boulder, CO taking a deposition tomorrow but can talk at 7:30 am MT (8:30 central, 9:30 ET).  I could also plan to talk at 5pm MT/6pm Central or later, but there's some chance I'd have to postpone if the deposition goes longer than expected.

Yours
Aron

---

**From:** Cutri, Elizabeth A. [mailto:elizabeth.cutri@kirkland.com]
**Sent:** Tuesday, June 13, 2017 12:46 PM
**To:** Fischer, Aron (x2363); Hales, Bryan S.
**Cc:** Cohen, Andrew (x2605); Kane, Ryan; Sanford, Gregory B.; Andrea L. Martin
**Subject:** RE: Janssen v. Celltrion et al.

Aron,

We are not available today, but we are available Wednesday, morning or afternoon.

We agree that the appropriate remedy for the findings of improper assertion of privilege is provision of the information found not to be privileged.  Where it seemed we had a disagreement was with respect to timing—we do not think it makes sense, as we explained, to schedule another deposition of Mr. Dow right now, before the parties work out various other things such as a schedule for Defendants' motion to dismiss and Defendants' motion seeking a finding of waiver.

As for a remedy for a possible finding of waiver, our position as to the appropriate relief is as stated in the motion to compel.  Since we now have Janssen's privilege log, we may be able to identify particular withheld documents as relevant to particular issues.  But we do not at this time believe there is a need for a new motion or a new or different request for relief.  However, with respect to the motion, it appears from Greg Diskant's representations during the last call with the Court and your email from last week that Janssen is willing to strike or not rely upon at least certain portions of the declaration of Mr. Dow.  In view of that, we think it makes

sense to determine whether an agreement by Janssen that it will not rely upon certain purported evidence can potentially resolve the dispute related to waiver, and we are willing to explore that possibility before we propose that the Court proceed to rule on the motion.  Perhaps it makes sense to discuss this when we speak on the phone next.

Regards,
Liz

**Elizabeth Cutri**

---------------------------------------------------

**KIRKLAND & ELLIS LLP**
300 North LaSalle, Chicago, IL 60654
**T** +1 312 862 7160
**F** +1 312 862 2200

---------------------------------------------------

elizabeth.cutri@kirkland.com

---

**From:** Fischer, Aron (x2363) [mailto:afischer@pbwt.com]
**Sent:** Monday, June 12, 2017 4:22 PM
**To:** Cutri, Elizabeth A.; Hales, Bryan S.
**Cc:** Cohen, Andrew (x2605); Kane, Ryan; Sanford, Gregory B.; Andrea L. Martin
**Subject:** RE: Janssen v. Celltrion et al.

Liz and Bryan,

Do you have time tomorrow to follow up on our discussion of Friday?

As you see from today's order, we are supposed to state our respective positions on the remedies for the assertions of privilege that were found at the June 1 conference to be improper.  Our position is that we will provide (and in the case of documents, have provided) the information found not to be privileged.  Your position, as we understand it, is that it is premature to discuss a remedy with respect to Mr. Dow's deposition testimony until the issue of waiver is decided.  We aren't clear, however, what specific discovery (other than the documents on our privilege log) you think you'd be entitled to if there were a waiver.   If Defendants seek additional rulings from the Court on discovery, we'd like to make sure that the precise relief you are seeking has been identified in advance in written form and presented in a properly noticed motion.  In particular, if you seek any discovery beyond the orders requested in your motion to compel (Dkt. 550), we think there should be a new motion.

Look forward to discussing this with you.  I am
available tomorrow from 12 to 5.

Yours
Aron


**Aron Fischer**
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036-6710
t: 212-336-2363
f: 212-336-1240
afischer@pbwt.com


---

**From:** Cutri, Elizabeth A. [mailto:elizabeth.cutri@kirkland.com]
**Sent:** Thursday, June 08, 2017 10:43 PM
**To:** Fischer, Aron (x2363); Hales, Bryan S.
**Cc:** Cohen, Andrew (x2605); Kane, Ryan; Sanford, Gregory B.;
Andrea L. Martin
**Subject:** RE: Janssen v. Celltrion et al.

Aron,

Defendants' argument regarding waiver does not arise
solely, or even primarily, out of the deposition of Mr. Dow.
The genesis of the waiver issue was the declaration Janssen
put forth from Mr. Dow and held out as evidence.  You know
this, not only because we have explained it numerous times,
but also because we first raised the waiver issue shortly after
we received Mr. Dow's declaration.  Further, the Court did
not state that it considered the motion to compel to be
"based on specific 'questions that Mr. Dow didn't answer,'"
as you state below.  In the rest of the sentence from which
you quote, the Court also acknowledged, correctly, that the
motion to compel relates to "certain documents that were
provided [to the judge] for in camera review."  Tr. at 21:8-
11.  And as Bryan explained to Judge Wolf, the "wall of
privilege instructions" put up at the Dow deposition created
a "roadblock to other areas we would want to explore" on
the deposition topics.  Tr. at 33:18-23.  Moreover, the Court
stated that it "ha[s]n't done th[e] sword-and-shield analysis"
yet.  Tr. at 42:20-21.

Thus, it is not correct, as you state below, that "[i]n light of Judge Wolf's ruling that 'the disputed information in Mr. Dow's deposition, with maybe an exception or two, is not privileged' (Tr. 28:16-17), there doesn't seem to [be] anything further to resolve with respect to Mr. Dow once [Janssen] provide[s] the disputed information discussed at the hearing."  Nor does it resolve the dispute for you to say that Mr. Dow "knows nothing" about the documents on Janssen's log that have not been produced.  Defendants' argument in the motion to dismiss was that a subject matter waiver has occurred, and all withheld responsive documents should be produced, whether privileged or not—a request that is not tied to what Mr. Dow, specifically, knows or does not know.  Further, a Rule 30(b)(6) witness (as Mr. Dow was) is required to be educated about the subject matters of testimony, regardless of whether he has personal knowledge about them.  If a waiver were to be found, Defendants would be entitled to testimony about information within the scope of the subject matter of the waiver, privileged or not, and whether Mr. Dow has personal knowledge about it or not.

We also do not agree that striking Paragraph 7 of Mr. Dow's declaration necessarily resolves the waiver dispute.  Mr. Dow testified that the declaration reflects his attorney analysis, as we explained in the motion to compel, and other portions of the declaration make statements that are not factual in nature, but rather offer explanation of what the inventors' obligations were under their employment agreements, or how other documents and agreements purportedly support or reflect Janssen's alleged "understanding" and "intent."

In terms of a good time to begin the meet-and-confer discussions ordered by the Court, we can be available tomorrow (Friday) afternoon at 2:00 or 3:00 pm Central.

Regards,
Liz


**Elizabeth Cutri**
------------------------------------------------------
KIRKLAND & ELLIS LLP
300 North LaSalle, Chicago, IL 60654

T +1 312 862 7160
F +1 312 862 2200
------------------------------------------------------
elizabeth.cutri@kirkland.com

---

**From:** Fischer, Aron (x2363) [mailto:afischer@pbwt.com]
**Sent:** Wednesday, June 07, 2017 2:32 PM
**To:** Hales, Bryan S.; Cutri, Elizabeth A.
**Cc:** Cohen, Andrew (x2605); Kane, Ryan; Sanford, Gregory B.;
Andrea L. Martin
**Subject:** RE: Janssen v. Celltrion et al.

Bryan,

As we understand it, the sword/shield waiver issue is
irrelevant to our dispute over Mr. Dow's deposition,
because Judge Wolf concluded that every disputed
question except one was not privileged in the first place
(and that question was covered by the attorney work
product privilege, which you have not asserted has
been waived).  Judge Wolf stated that he considered
your motion as to Mr. Dow to be based on specific
"questions that Mr. Dow didn't answer" and you
confirmed that was correct (Tr. 21:9-12).  In light of
Judge Wolf's ruling that "the disputed information in Mr.
Dow's deposition, with maybe an exception or two, is
not privileged" (Tr. 28:16-17), there doesn't seem to
anything further to resolve with respect to Mr. Dow
once we provide the disputed information discussed at
the hearing.  Even if Judge Wolf were to conclude
in the future that privilege has been waived as to the
documents on our privilege log, as is evident from the
log itself Mr. Dow knows nothing about those
documents and cannot testify about them.

Meanwhile, as Greg said at the conference, we intend
to strike existing paragraph 7 from Mr. Dow's
declaration if Defendants file a new motion to dismiss.
As Mr. Dow explained at his deposition, that paragraph
was never meant to indicate that Mr. Dow or his
colleagues had formed a legal opinion regarding the
disputed language of the employment agreements.
Rather, it states that Janssen's longstanding practices
with respect to patent ownership reflect an
understanding and intent that inventions by Janssen
employees are assigned to Janssen.  Those practices
are detailed in the remainder of Mr. Dow's declaration
and have not been disputed by Defendants.  We
believe that removing the paragraph should resolve the
waiver issue without the need to go back to Judge
Wolf.

As you note, Judge Wolf instructed us to meet and confer about a number of issues, including Defendants' position on our request to dismiss the existing actions without prejudice, whether Defendants intend to move to dismiss the new complaint, and scheduling for further proceedings in the new action, including damages discovery and trial.  Please let us know when a good time would be to begin these discussions.  I suggest we give ourselves at least a week so we can consult with our clients on the various issues.

Yours
Aron

**Aron Fischer**
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036-6710
t: 212-336-2363
f: 212-336-1240
afischer@pbwt.com

---

**From:** Hales, Bryan S. [mailto:bhales@kirkland.com]
**Sent:** Monday, June 05, 2017 5:20 PM
**To:** Fischer, Aron (x2363); Cutri, Elizabeth A.
**Cc:** Cohen, Andrew (x2605); Kane, Ryan; Sanford, Gregory B.; Andrea L. Martin
**Subject:** RE: Janssen v. Celltrion et al.

Aron,

When I started to raise the waiver issue on the call, Judge Wolf indicated he had not considered the sword/shield issue in depth.  Judge Wolf had to end the call before we were able to go through that.  Thus, we do not believe your interpretation of Thursday's hearing is correct.  Nor should you take the fact that we believe these issues should be resolved before continuing with Mr. Dow as an indication that we don't believe it necessary.  That decision will follow the resolution of these issues, and I think Judge Wolf also indicated that we should be meeting and conferring regarding the remedy appropriate for Janssen's improper

instructions and withholding of non-privileged documents, during which we should also discuss the withheld documents that we believe are in the scope of the subject matter waiver, to see what, if anything, we can resolve.

Regards,
Bryan

**Bryan S. Hales, P.C.**
---------------------------------------------------
**KIRKLAND & ELLIS LLP**
300 North LaSalle, Chicago, IL 60654
**T** +1 312 862 2119  **M** +1 773 350 1776
**F** +1 312 862 2200
---------------------------------------------------
bryan.hales@kirkland.com

**From:** Fischer, Aron (x2363) [mailto:afischer@pbwt.com]
**Sent:** Friday, June 2, 2017 4:25 PM
**To:** Cutri, Elizabeth A. <elizabeth.cutri@kirkland.com>
**Cc:** Cohen, Andrew (x2605) <acohen@pbwt.com>; Hales, Bryan S. <bhales@kirkland.com>; Kane, Ryan <ryan.kane@kirkland.com>; Sanford, Gregory B. <gregory.sanford@kirkland.com>; Andrea L. Martin <amartin@burnslev.com>
**Subject:** RE: Janssen v. Celltrion et al.

Liz,

Our understanding is that Judge Wolf has ruled on every specific discovery request that was before him. That said, you obviously don't have to proceed with the deposition if you don't consider it necessary; in fact, we agree that it's unnecessary.  We'll look forward to discussing next steps after your clients have weighed in.

The documents that Judge Wolf determined not to be privileged were just produced, as well as the Horwitz email.

Yours
Aron

**Aron Fischer**
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036-6710

t: 212-336-2363
f: 212-336-1240
afischer@pbwt.com

---

**From:** Cutri, Elizabeth A. [mailto:elizabeth.cutri@kirkland.com]
**Sent:** Friday, June 02, 2017 1:44 PM
**To:** Fischer, Aron (x2363)
**Cc:** Cohen, Andrew (x2605); Hales, Bryan S.; Kane, Ryan;
Sanford, Gregory B.; Andrea L. Martin
**Subject:** RE: Janssen v. Celltrion et al.

Aron,

We think scheduling a time to redepose Mr. Dow right now
is premature, for a few reasons. Judge Wolf has suspended,
at least for the time being, remaining proceedings on
Defendants' motion to dismiss (for example, by virtue of
Janssen being told it does not need to file its sur-reply). In
addition, the '083 portion of the 2015 complaint and the
2016 complaint may be dismissed soon. Also, I understand
Judge Wolf ordered Janssen to produce certain documents
from its privilege log. When can we expect to receive
those? We have searched Janssen's production and have
not been able to locate email correspondence between
Andrew Cohen and Joseph Horwitz, which is one of the
items I understand the Court determined was not
privileged. If that correspondence has been produced,
please identify the Bates number(s). If it has not been
produced, please produce it along with the other documents
on the log that the Court ordered Janssen to produce. Also,
the judge did not decide the waiver aspect of the privilege
issues. These are things that need to be worked out
between the parties, or with the judge's help if necessary,
before it makes sense to discuss additional deposition time
with Mr. Dow.

We are discussing Janssen's new complaint with our clients,
and then the parties need to meet and confer to discuss how
things will go forward, which can include a discussion of
further time with Mr. Dow, and when that would be
appropriate.

Regards,
Liz

**Elizabeth Cutri**

------------------------------------------------------------

**KIRKLAND & ELLIS LLP**
300 North LaSalle, Chicago, IL 60654
**T** +1 312 862 7160
**F** +1 312 862 2200

------------------------------------------------------------

elizabeth.cutri@kirkland.com

---

**From:** Fischer, Aron (x2363) [mailto:afischer@pbwt.com]
**Sent:** Thursday, June 01, 2017 2:51 PM
**To:** Cutri, Elizabeth A.
**Cc:** Cohen, Andrew (x2605); Hales, Bryan S.; Kane, Ryan; Sanford, Gregory B.; Andrea L. Martin
**Subject:** RE: Janssen v. Celltrion et al.

Liz,

As you probably heard, Judge Wolf ruled today that certain questions asked at Ken Dow's deposition that we instructed Mr. Dow not to answer were not covered by the attorney-client or attorney work product privilege.  As previously offered, we will make Mr. Dow available to answer these questions at the earliest mutually convenient date.  Please let us know when you are available.

Yours
Aron

**Aron Fischer**
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036-6710
t: 212-336-2363
f: 212-336-1240
afischer@pbwt.com

---

**From:** Cutri, Elizabeth A. [mailto:elizabeth.cutri@kirkland.com]
**Sent:** Tuesday, May 30, 2017 11:43 AM
**To:** Fischer, Aron (x2363)
**Cc:** Cohen, Andrew (x2605); Hales, Bryan S.; Kane, Ryan; Sanford, Gregory B.; Andrea L. Martin
**Subject:** RE: Janssen v. Celltrion et al.

Aron,

If Janssen agrees there has been a subject matter waiver and agrees to produce all requested but withheld documents, then we can discuss taking appropriate steps to let the Court know.  Otherwise Defendants' position remains the same as we have explained multiple times in the correspondence and in the motion, and Defendants continue to believe the motion requires resolution by the Court.

Please attach this correspondence to Janssen's opposition to the motion to compel.

Regards,
Liz

**Elizabeth Cutri**
---------------------------------------------
**KIRKLAND & ELLIS LLP**
300 North LaSalle, Chicago, IL 60654
**T** +1 312 862 7160
**F** +1 312 862 2200
---------------------------------------------

elizabeth.cutri@kirkland.com

**From:** Fischer, Aron (x2363) [mailto:afischer@pbwt.com]
**Sent:** Friday, May 26, 2017 6:56 PM
**To:** Cutri, Elizabeth A.
**Cc:** Cohen, Andrew (x2605); Hales, Bryan S.; Kane, Ryan; Sanford, Gregory B.; Andrea L. Martin
**Subject:** RE: Janssen v. Celltrion et al.

Liz,

If you're serious about trying to resolve or narrow the dispute, we should submit a joint letter to the Court saying so, so as not to waste the Court's or Janssen's time addressing the motion to compel.

I'm in the office right now if you want to give me a call.

Yours
Aron

**Aron Fischer**
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036-6710
t: 212-336-2363
f: 212-336-1240
afischer@pbwt.com

**From:** Cutri, Elizabeth A. [mailto:elizabeth.cutri@kirkland.com]
**Sent:** Friday, May 26, 2017 7:50 PM
**To:** Fischer, Aron (x2363)
**Cc:** Cohen, Andrew (x2605); Hales, Bryan S.; Kane, Ryan; Sanford, Gregory B.; Andrea L. Martin
**Subject:** RE: Janssen v. Celltrion et al.

Aron,

We understand your response below to mean that Janssen is reneging on its offer to provide a privilege log.  Janssen has been aware of Defendants' position with regard to waiver since mid-March.  *See* my 3/13/17 email ("Having put at issue Janssen's alleged beliefs and intent regarding the employment agreements through the testimony of its attorney Mr. Dow, Defendants are now entitled to all materials, privileged or not, on the same subject matter.").  Yet, the first time Janssen agreed to provide a privilege log was on the eve of Defendants filing the motion to compel.  Given that Janssen believes a "review of the privilege log would indeed have narrowed and likely eliminated the dispute," as you state below, and that Defendants are willing to give due consideration to Janssen's privilege log, it appears that Janssen's recent offer was simply an attempt to avoid having the Court hear the waiver issue in a timely fashion.  If Janssen truly believes that Defendants' concerns would be satisfied by reviewing the privilege log, Janssen should have provided it long ago, or at the very least should not be withdrawing its offer now.

As we said before, Defendants remain willing to consider Janssen's privilege log and give due consideration to whether it narrows or resolves the current dispute.

Please attach this correspondence to Janssen's opposition to the motion to compel.

Regards,
Liz

**Elizabeth Cutri**
--------------------------------------------------------
**KIRKLAND & ELLIS LLP**
300 North LaSalle, Chicago, IL 60654
**T** +1 312 862 7170

**F** +1 312 862 2200

--------------------------------------------------------------

elizabeth.cutri@kirkland.com

---

**From:** Fischer, Aron (x2363) [mailto:afischer@pbwt.com]
**Sent:** Thursday, May 25, 2017 9:54 AM
**To:** Cutri, Elizabeth A.
**Cc:** Cohen, Andrew (x2605); Hales, Bryan S.; Kane, Ryan;
Sanford, Gregory B.; Andrea L. Martin
**Subject:** RE: Janssen v. Celltrion et al.

Liz,

Thank you for your email.  I am confident that your
review of the privilege log would indeed have narrowed
and likely eliminated the dispute, as would a further
telephone deposition of Mr. Dow.  Nevertheless,
despite our offers, you filed a premature motion to
compel.  We will not engage in further attempts to
resolve or narrow the dispute while the motion is
pending.  Unless you withdraw the motion, our next
communication on these issues will be in our
opposition papers.

Yours
Aron

**Aron Fischer**
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036-6710
t: 212-336-2363
f: 212-336-1240
afischer@pbwt.com

---

**From:** Cutri, Elizabeth A. [mailto:elizabeth.cutri@kirkland.com]
**Sent:** Thursday, May 25, 2017 10:39 AM
**To:** Fischer, Aron (x2363)
**Cc:** Cohen, Andrew (x2605); Hales, Bryan S.; Kane, Ryan;
Sanford, Gregory B.; Andrea L. Martin
**Subject:** RE: Janssen v. Celltrion et al.

Aron,

We do not understand how you could be "at a complete loss
as [to] what [Defendants] are seeking to compel."   We have
stated numerous times that Defendants contend there has
been a subject matter waiver and that they are entitled to
documents Janssen is withholding.  This is reflected in the
correspondence and in our motion, which you now have.

Janssen continues to maintain there has been no subject matter waiver.  Janssen's proposal that we depose Mr. Dow again, previewing questions for you so that you can decide what you "agree" we may ask, all while Janssen continues to maintain that there has been no waiver—and thus has not produced the underlying documents and may continue to assert privilege in response to questions—does not resolve the parties' dispute.

We tried to seek resolution of the waiver issue in March, but the Court deferred ruling on it based on Janssen's representations.  Those representations turned out to be inaccurate, or at least not fully informed.  Further delay in pursuing the waiver issue would have put us at risk of not being able to get timely resolution of it under the Court's schedule for the motion to dismiss.

We look forward to receiving Janssen's privilege log by May 26 and will give it due consideration to see if it narrows the dispute.

Regards,
Liz


**Elizabeth Cutri**
--------------------------------------------
KIRKLAND & ELLIS LLP
300 North LaSalle, Chicago, IL 60654
T +1 312 862 7160
F +1 312 862 2200
--------------------------------------------
elizabeth.cutri@kirkland.com

---

**From:** Fischer, Aron (x2363) [mailto:afischer@pbwt.com]
**Sent:** Monday, May 22, 2017 2:38 PM
**To:** Cutri, Elizabeth A.
**Cc:** Cohen, Andrew (x2605); Hales, Bryan S.; Kane, Ryan; Sanford, Gregory B.; Andrea L. Martin
**Subject:** Re: Janssen v. Celltrion et al.

Liz,

The offer to ask further questions of Dow was first made on the record at his deposition.  Furthermore, I am at a complete loss as at what you are seeking to compel if you don't want answers to questions from Mr. Dow.  A motion to compel seeks information that has been withheld.  There is

no basis for the motion when you have been repeatedly put on notice that we are willing to provide additional information.

I am around to discuss now at 347-731-5830.  Please include this email with your motion.

Yours
Aron

On May 22, 2017, at 3:27 PM, Cutri, Elizabeth A. <elizabeth.cutri@kirkland.com> wrote:

> Aron,
>
> We disagree with Janssen's position that Defendants have not met their meet and confer obligations.  Your email makes clear that the parties are at an impasse.  As I have mentioned in previous emails, Defendants contend there has been a subject matter waiver and believe they are entitled to documents Janssen is withholding.  And we have identified the categories of withheld documents we believe are within the scope of the waiver.  Janssen has not agreed there has been a subject matter waiver and has not agreed to produce the withheld documents, and your most recent email below does not indicate otherwise.  Rather, you continue to state that Janssen believes that it has *not* waived privilege and does not intend to do so. And while we are, as we have said, happy to consider the privilege log you just recently offered and determine if it narrows our dispute, we do not see how this could resolve the question of whether a subject matter waiver has occurred.
>
> We continue to believe that your offer of a "do-over" deposition of Mr. Dow—made for the

first time just before our motion to dismiss
reply brief is due, and only after we informed
you we intended to bring this issue to the
Court's attention—does not narrow nor resolve
Defendants' concerns.  As we explained, a new
deposition at this point does not make sense
given that Janssen maintains its position that
there has been no subject matter waiver.  It
also does not make sense in view of what we
understand to be a proposal that we vet
questions with you in advance of the
deposition to see if you "agree" we may ask
them of Mr. Dow.

Given Defendants' position regarding waiver,
which Janssen does dispute, we believe the
parties have met and conferred.  We note as
well that you did not take us up on our offer to
discuss anything over the phone.  In view of
this and the time constraints imposed by the
underlying motion to dismiss, Defendants plan
to proceed with filing the motion to compel.
We will attach a copy of this email thread.

Regards,
Liz


**Elizabeth Cutri**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**KIRKLAND & ELLIS LLP**
300 North LaSalle, Chicago, IL 60654
**T** +1 312 862 7160
**F** +1 312 862 2200
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

elizabeth.cutri@kirkland.com

---

**From:** Fischer, Aron (x2363)
[mailto:afischer@pbwt.com]
**Sent:** Monday, May 22, 2017 7:58 AM
**To:** Cutri, Elizabeth A.
**Cc:** Cohen, Andrew (x2605); Hales, Bryan S.;
Kane, Ryan; Sanford, Gregory B.; Andrea L.
Martin
**Subject:** RE: Janssen v. Celltrion et al.

Liz,

We disagree that you have met your meet

and confer pre-motion obligations under the Federal Rules.  For some reason, you seem to be intent on moving to compel without identifying the specific documents or questions as to which you believe privilege is being improperly asserted, and while refusing to accept our outstanding offers to provide further information and to work with you to clarify these issues.  Although you mention timing, there is no reason you could not have brought this motion weeks ago and your delay is no excuse for bringing a motion before we have reached an impasse.  Another vague motion that fails to identify what privileged information is actually at issue will not expedite anything and will create unnecessary work for Janssen and the Court.

I reiterate that in order to resolve this dispute (1) we are willing to provide a privilege log (despite the parties' agreement that a privilege log was not required) and (2) we remain willing reconsider our assertion of privilege as to certain questions asked at Mr. Dow's declaration (as I stated on the record at the deposition), if you identify the specific questions that are at issue.  Once again, we did not assert privilege as to anything relied on in Mr. Dow's declaration.  If you interpret his transcript as doing so, then there is a misunderstanding that can be resolved without motion practice.

The only specific questions you have identified in your email are questions about Mr. Dow's declaration: whether he drafted or was involved with the preparation of the declaration, when he was contacted about providing a declaration, whether he relied on any information given to him by Patterson Belknap in forming the statements in the declaration, whether outside counsel provided Mr. Dow with exhibits to his declaration, and whether Mr. Dow is aware of anyone else performing an analysis of the patent assignment-related provisions of the employment

agreements attached to his declaration.
Without waiving any privilege, we will
permit Mr. Dow to answer those questions,
if you wish to ask them (and if you actually
think they are relevant to any issue in this
case).  If there are other questions you
wish to ask Mr. Dow, please let us know.

If you do file your motion tomorrow, please
include this email as an exhibit.

Yours
Aron

**Aron Fischer**
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036-6710
t: 212-336-2363
f: 212-336-1240
afischer@pbwt.com

---

**From:** Cutri, Elizabeth A.
[mailto:elizabeth.cutri@kirkland.com]
**Sent:** Saturday, May 20, 2017 9:52 PM
**To:** Fischer, Aron (x2363)
**Cc:** Cohen, Andrew (x2605); Hales, Bryan S.;
Kane, Ryan; Sanford, Gregory B.; Andrea L.
Martin
**Subject:** RE: Janssen v. Celltrion et al.

Aron,

Thanks for your response.  However,
Defendants do not believe that Janssen's
offers can resolve the parties' dispute.

The last time we raised the waiver
arguments, you came to us hours before our
joint filing, trying to convince us that there
was not yet a dispute for the Court to
resolve.  We expressed skepticism that
Janssen would not assert privilege over the
types of documents and information
Defendants sought, but you assured us and

the Court that there would not be a waiver
issue to resolve.  The Court relied on your
representations, deferred ruling on the
waiver issues, and explained that after
Defendants take their discovery there will be
a more "concrete basis to decide whether
there's been a waiver as a result of the Dow
declaration…" 3/29/17 Tr. at 21–22.  The
Court noted that it would want to know the
"question…to which attorney-client privilege
is asserted or the document request to
which it's asserted, to make a properly
informed decision." *Id*. at 28.

The events the Court believed were
necessary to inform the waiver analysis have
come to pass.  Janssen asserted privilege in
response to all of the parties' agreed-upon
discovery requests, and in response to a
host of questions at Mr. Dow's deposition as
Defendants tried to understand how Mr.
Dow arrived at his conclusions, who he
spoke to, what information he was given,
etc.  Janssen did not make these choices
blindly.  It knew heading into discovery that
Defendants had raised a waiver issue.  And it
knew the Court's view—prompted by
Janssen's own arguments—that the waiver
issues would be impacted by the
"question[s]…to which attorney-client
privilege is asserted or the document
request to which it's asserted."

Now the waiver argument is more
"concrete" and we have told you we intend
to re-raise it, and yet Janssen is still trying to
avoid having the issue brought to the Court.
But Janssen cannot reasonably expect its
response below to change the
circumstances that require the Court's
involvement.  First, Janssen cannot feign

ignorance about "what [the dispute] is."  We explained long ago (and again in our email from Friday) Defendants' position that Janssen's reliance on Mr. Dow's declaration effected a waiver of privilege regarding Janssen's intent and understanding with respect to the agreements at issue.  Second, telling us yet again that Mr. Dow does not have privileged documents does not resolve the dispute, because the scope of the waiver is not limited to Mr. Dow's documents—it is a subject matter waiver.  Moreover, Mr. Dow's lack of privileged documents actually highlights the problem that Janssen seems to have purposely chosen an attorney who did not have prior involvement with the subject agreements and put forth his analysis and statements as "authoritative[]" on behalf of Janssen.

Also, your "offer" at the end of Mr. Dow's deposition to have me re-raise, one by one, every problematic privilege objection you made over the course of a seven-and-a-half-hour day so that you could decide whether you wanted to reconsider them, with the witness waiting to go home and the transcript not in front of me, was, as I explained on the record, entirely unreasonable.  Notably, we asked if you were withdrawing the privilege objections made during Mr. Dow's deposition and you told us, "Absolutely not."  Dow Tr. at 292.  Equally unworkable is Janssen's new offer to have us depose Mr. Dow again, on "questions [you] agree he may answer," particularly in view of the fact that you "will continue to assert privilege over the content of attorney-client communications and work product," as you state below.  It is Janssen's burden to establish that it has properly

invoked privilege.  To the extent another deposition would be useful, it would be after a finding of waiver.

Your new offer to provide a privilege log also cannot resolve the dispute.  Janssen did not agree to provide a log when we first asked for one in March, declined to provide the type of information that goes on a log (e.g., identities of parties to communications) when we tried to assess claims of privilege during Mr. Dow's deposition, and turned down the renewed request for a privilege log we made on May 4.  Only now, with Janssen motivated to keep Defendants from getting a timely resolution of the waiver issue, has Janssen agreed to provide a log.  To be clear, we are happy to have Janssen provide a log and are willing to consider in good faith whether it can help narrow any aspects of the dispute before the Court passes on them.  However, unless Janssen agrees there has been a subject matter waiver—and we understand Janssen does not agree—we believe the parties are at an impasse and we must seek the Court's assistance.  And we must do so promptly in order to leave enough time for a ruling on the waiver issues to be useful in resolving the standing dispute.

Finally, we do not agree with your statement that you "did not...assert privilege as to any analysis or opinions by Ken Dow that are reflected in his declaration."  Janssen refused to let Mr. Dow answer questions about his declaration, such as whether he drafted or was involved with the preparation of the declaration, when he was contacted about providing a declaration, whether he relied on any information given to him by

Patterson Belknap in forming the statements in the declaration, whether outside counsel provided Mr. Dow with exhibits to his declaration, and whether Mr. Dow is aware of anyone else performing an analysis of the patent assignment-related provisions of the employment agreements attached to his declaration.  Dow. Tr. at, *e.g.*, 95:7–15, 100:4–17, 145:5–11, 206:24–207:15, 211:15–212:15.

We believe this correspondence meets our obligations to meet and confer, but if you wish, we are available to speak further between now and mid-day Monday.  We plan to file our motion by the close of business on Monday.

Regards,
Liz


**Elizabeth Cutri**
------------------------------------------
**KIRKLAND & ELLIS LLP**
300 North LaSalle, Chicago, IL 60654
**T** +1 312 862 7160
**F** +1 312 862 2200
------------------------------------------
elizabeth.cutri@kirkland.com

---

**From:** Fischer, Aron (x2363)
[mailto:afischer@pbwt.com]
**Sent:** Friday, May 19, 2017 2:47 PM
**To:** Cutri, Elizabeth A.
**Cc:** Cohen, Andrew (x2605); Hales, Bryan S.;
Kane, Ryan; Sanford, Gregory B.
**Subject:** RE: Janssen v. Celltrion et al.

Dear Liz,

The Court deferred ruling on privilege issues on the ground that Defendants had not identified a specific privilege dispute that could be adjudicated.  In your email, you still do not identify any specific documents or information as to which you believe privilege has been improperly

asserted or waived.  As such, we do not agree that there is a particularized dispute over privilege that is properly subject to a motion to compel.  We need to discuss specifics in order to identify whether a real dispute exists and if so, what it is.  In particular:

1.  As to documents, I previously told you that we are not withholding any documents from Ken Dow within the relevant time period.  We therefore do not understand your position that Ken Dow's declaration waived privilege over any documents.  Nevertheless, notwithstanding our actively negotiated agreement that we did not need to provide a privilege log, and our compliance with that agreement, instead of having you burden the Court with an unnecessary motion to compel we will provide a privilege log by Friday, May 26.  If you assert that privilege has been waived as to any documents on the privilege log or that any of the documents are not privileged, we can discuss.

2.  As to Ken Dow's testimony, as you recall I stated on the record at the end of his deposition that in light of the nature of your questions and the parties' prior agreements on privilege, I would give you the opportunity to ask again any questions as to which you believed privilege had been improperly asserted (Tr. 291).  You declined on the ground that you could not identify any specific questions to ask without reviewing the transcript.  You have now reviewed the transcript and state that you intend to move to compel.  Instead of burdening the Court with that motion, we renew our offer for you to identify particular questions the responses to which you believe are not privileged.  If necessary, we can make Mr. Dow available for a telephone deposition limited to any additional questions we agree he may answer.  One complicating factor at Mr. Dow's deposition was that many of your questions were objectionable separately from privilege, as I repeatedly noted on the

record; some of my privilege objections were protective given the ambiguities or incorrect or misleading premises of your questions.  To make our position clear, we did not, and will not, assert privilege as to any analysis or opinions by Ken Dow that are reflected in his declaration.  Furthermore, although we dispute their relevance, we also will not assert privilege over any analysis or opinions by Mr. Dow (at any time) related to the subject matter of his declaration or the employment agreements attached to his declaration -- even analysis or opinions that were <u>not</u> relied on in his declaration.   To be clear, we do not intend to waive privilege by providing this information, and in particular, we will continue to assert privilege over the content of attorney-client communications and work product.

Let me know if you would like to discuss.  I am in depositions Monday and Tuesday but can make time over the weekend if necessary.

Yours
Aron

**Aron Fischer**
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036-6710
t: 212-336-2363
f: 212-336-1240
afischer@pbwt.com

---

**From:** Cutri, Elizabeth A. [mailto:elizabeth.cutri@kirkland.com]
**Sent:** Friday, May 19, 2017 1:25 PM
**To:** Fischer, Aron (x2363)
**Cc:** Cohen, Andrew (x2605); Hales, Bryan S.; Kane, Ryan; Sanford, Gregory B.
**Subject:** Janssen v. Celltrion et al.

Aron,

Defendants intend to file a motion to compel

documents and information responsive to our standing-related discovery requests that Janssen is withholding based on assertions of privilege. When we raised this issue in March, Janssen represented it had "largely completed [its] search for responsive documents and ha[d] not located any privileged documents from August 2015 or earlier" and stated it "do[es] not intend to assert privilege at Mr. Dow's deposition on this subject matter." Dkt. 539 at Ex. 2; 3/29/2017 Hr'g Tr. at 27:12–14. The Court deferred ruling on the waiver issues until after Defendants took discovery at least in part based on these statements by Janssen. We later learned, from Andrew Cohen's April 26 letter, that Janssen is withholding documents based on assertions of privilege in response to all three of the parties' agreed-upon discovery requests, from at least within the time frame of December 1998 through August 2015. You also made numerous instructions not to answer on the basis of privilege during Mr. Dow's deposition, which precluded us from probing the bases for his analysis and statements that Janssen holds out as "authoritative." We also understand from our past correspondence that Janssen is unwilling to provide more information about its privilege claims or the documents it is withholding by way of a privilege log.

We assume based on our previous exchanges regarding the waiver issues that Janssen will oppose Defendants' motion, but please let us know by Monday morning if that is not the case or if there is anything you would like to discuss.

Regards,
Liz

**Elizabeth Cutri**
------------------------------------------------
**KIRKLAND & ELLIS LLP**
300 North LaSalle, Chicago, IL 60654
**T** +1 312 862 7160
**F** +1 312 862 2200

------------------------------------------------

elizabeth.cutri@kirkland.com

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise
immediately if you or your employer do not consent to Internet email for messages of this
kind.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver

this message to anyone. In such case, you
should destroy this message and kindly
notify the sender by reply email. Please
advise
immediately if you or your employer do not
consent to Internet email for messages of
this
kind.

---

The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for the
use of the addressee. It is the property of Kirkland & Ellis
LLP or Kirkland & Ellis International LLP. Unauthorized
use, disclosure or copying of this communication or any
part thereof is strictly prohibited and may be unlawful. If
you have received this communication in error, please
notify us immediately by return email or by email to
postmaster@kirkland.com, and destroy this
communication and all copies thereof, including all
attachments.

---

Privileged/Confidential Information may be contained in
this message. If you are not
the addressee indicated in this message (or responsible
for delivery of the message to
such person), you may not copy or deliver this message
to anyone. In such case, you
should destroy this message and kindly notify the sender
by reply email. Please advise
immediately if you or your employer do not consent to
Internet email for messages of this
kind.

---

The information contained in this communication is confidential, may be
attorney-client privileged, may constitute inside information, and is intended
only for the use of the addressee. It is the property of Kirkland & Ellis LLP
or Kirkland & Ellis International LLP. Unauthorized use, disclosure or
copying of this communication or any part thereof is strictly prohibited and
may be unlawful. If you have received this communication in error, please
notify us immediately by return email or by email to
postmaster@kirkland.com, and destroy this communication and all copies
thereof, including all attachments.

---

Privileged/Confidential Information may be contained in
this message. If you are not
the addressee indicated in this message (or responsible

for delivery of the message to
such person), you may not copy or deliver this message to anyone. In such case, you
should destroy this message and kindly notify the sender by reply email. Please advise
immediately if you or your employer do not consent to Internet email for messages of this
kind.

---

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

---

Privileged/Confidential Information may be contained in this message. If you are not
the addressee indicated in this message (or responsible for delivery of the message to
such person), you may not copy or deliver this message to anyone. In such case, you
should destroy this message and kindly notify the sender by reply email. Please advise
immediately if you or your employer do not consent to Internet email for messages of this
kind.

---

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

---

Privileged/Confidential Information may be contained in this message. If you are not
the addressee indicated in this message (or responsible for delivery of the message to
such person), you may not copy or deliver this message to anyone. In such case, you

should destroy this message and kindly notify the sender by reply email. Please advise
immediately if you or your employer do not consent to Internet email for messages of this
kind.

---

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

---

Privileged/Confidential Information may be contained in this message. If you are not
the addressee indicated in this message (or responsible for delivery of the message to
such person), you may not copy or deliver this message to anyone. In such case, you
should destroy this message and kindly notify the sender by reply email. Please advise
immediately if you or your employer do not consent to Internet email for messages of this
kind.

---

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

---

Privileged/Confidential Information may be contained in this message. If you are not
the addressee indicated in this message (or responsible for delivery of the message to
such person), you may not copy or deliver this message to anyone. In such case, you
should destroy this message and kindly notify the sender by reply email. Please advise
immediately if you or your employer do not consent to

Internet email for messages of this
kind.

The information contained in this communication is confidential, may be
attorney-client privileged, may constitute inside information, and is intended
only for the use of the addressee. It is the property of Kirkland & Ellis LLP
or Kirkland & Ellis International LLP. Unauthorized use, disclosure or
copying of this communication or any part thereof is strictly prohibited and
may be unlawful. If you have received this communication in error, please
notify us immediately by return email or by email to
postmaster@kirkland.com, and destroy this communication and all copies
thereof, including all attachments.

Privileged/Confidential Information may be contained in
this message. If you are not
the addressee indicated in this message (or responsible
for delivery of the message to
such person), you may not copy or deliver this message
to anyone. In such case, you
should destroy this message and kindly notify the sender
by reply email. Please advise
immediately if you or your employer do not consent to
Internet email for messages of this
kind.

The information contained in this communication is confidential, may be
attorney-client privileged, may constitute inside information, and is intended
only for the use of the addressee. It is the property of Kirkland & Ellis LLP
or Kirkland & Ellis International LLP. Unauthorized use, disclosure or
copying of this communication or any part thereof is strictly prohibited and
may be unlawful. If you have received this communication in error, please
notify us immediately by return email or by email to
postmaster@kirkland.com, and destroy this communication and all copies
thereof, including all attachments.

Privileged/Confidential Information may be contained in
this message. If you are not
the addressee indicated in this message (or responsible
for delivery of the message to
such person), you may not copy or deliver this message
to anyone. In such case, you
should destroy this message and kindly notify the sender
by reply email. Please advise
immediately if you or your employer do not consent to
Internet email for messages of this
kind.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

---

Privileged/Confidential Information may be contained in this message. If you are not
the addressee indicated in this message (or responsible for delivery of the message to
such person), you may not copy or deliver this message to anyone. In such case, you
should destroy this message and kindly notify the sender by reply email. Please advise
immediately if you or your employer do not consent to Internet email for messages of this
kind.

---

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

---

Privileged/Confidential Information may be contained in this message. If you are not
the addressee indicated in this message (or responsible for delivery of the message to
such person), you may not copy or deliver this message to anyone. In such case, you
should destroy this message and kindly notify the sender by reply email. Please advise
immediately if you or your employer do not consent to Internet email for messages of this
kind.

---

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland

& Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

---

Privileged/Confidential Information may be contained in this message. If you are not
the addressee indicated in this message (or responsible for delivery of the message to
such person), you may not copy or deliver this message to anyone. In such case, you
should destroy this message and kindly notify the sender by reply email. Please advise
immediately if you or your employer do not consent to Internet email for messages of this
kind.

---

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

---

Privileged/Confidential Information may be contained in this message. If you are not
the addressee indicated in this message (or responsible for delivery of the message to
such person), you may not copy or deliver this message to anyone. In such case, you
should destroy this message and kindly notify the sender by reply email. Please advise
immediately if you or your employer do not consent to Internet email for messages of this
kind.

---