## Appendix C
### Results of Litigation by J&J Family Companies Supporting Defendants' Interpretation of "COMPANY"

| J&J Family Company Document(s) & Statement(s) Supporting Defendants' Interpretation of "COMPANY" | Judge | Result |
|---|---|---|
| Verified Complaint in *Johnson & Johnson, DePuy Orthopaedics, and DePuy Prods., Inc. v. Biomet, Inc. and Robin T. Barney*, No. C-107-7 (N.J. Sup. Ct.)<br><br>"Money damages would not adequately compensate *plaintiffs* for the losses and injuries they would suffer, leaving *plaintiffs* with no adequate remedy at law. For example, if Biomet knew of Barney's knowledge about plaintiffs' plans in the areas of manufacturing techniques, research and development, product development, marketing plans or financial, pricing and cost information, it would give Biomet a significant and unfair competitive advantage over *plaintiffs*."<br><br>Dkt. 15 Ex. 15 at JANREM0113056–57. | Judge Alexander P. Waugh, Jr. | Temporary restraining order granted on August 27, 2007. *See* Dkt. 15 Ex. 14 at 2.<br><br>Preliminary injunction granted on November 2, 2007. *See* Ex. 40 at 1.<br><br>"For all of these reasons, I have concluded that the Plaintiffs have provided clear and convincing support for their application for preliminary injunctive relief…" Dkt. 15 Ex. 14 at 24.<br><br>Case settled in June 2008. *See* Ex. 41 at 6. |
| Verified Complaint in *Johnson & Johnson and Cordis Corp. v. Stentys, Inc. and Jin S. Park*, No. 141-08 (N.J. Sup. Ct.)<br><br>"Overall, Park was involved with 7 patents while at Cordis. Significantly, Park is also listed as an inventor on two pending patent applications regarding a new | Judge Frank M. Ciuffani | Order to show cause and temporary restraining order entered on July 8, 2008. *See* Ex. 42 at 4, 6–7.<br><br>Consent order enjoining Park from employment with Stentys entered |

| J&J Family Company Document(s) & Statement(s) Supporting Defendants' Interpretation of "COMPANY" | Judge | Result |
|---|---|---|
| stent for the treatment of coronary and peripheral blockages located in bifurcated vessels and arteries: (1) US 2005/0288771 A1 and (2) US 2005/031524 A1. …<br><br>Pursuant to Paragraph 1 of the Agreement, *plaintiffs own all inventions, patentable or not, developed by Park while at plaintiffs*."<br><br>Dkt. 15 Ex. 9 at JANREM0113321. | | on August 7, 2008. *See* Ex. 43 at 1-2. |
| Verified Complaint in *Johnson & Johnson and Cordis Corp. v. EV3, Inc., Rhonda Barr, Andrew Fitzpatrick and Brendan McKeever*, No. 09-06306-GEB (D.N.J.)<br><br>"To prevent immediate and irreparable harm, *plaintiffs* seek injunctive relief to stop the flagrant pirating of plaintiffs' top-performing Sales Representatives by ev3 and to enforce the Individual Defendants' covenants not to compete, covenants not to solicit *plaintiffs'* customers and common law duties owed to plaintiffs, including the duty of loyalty.  In addition to injunctive relief, *plaintiffs* seek an award of damages that they have sustained or will sustain."<br><br>Dkt. 15 Ex. 7 at JANREM0112988.<br>Brief In Support of Plaintiffs' Application for Temporary Restraining Order and Accelerated Discovery in *Johnson & Johnson and Cordis Corp. v. EV3, Inc., Rhonda Barr,* | Chief Judge Garrett E. Brown, Jr. | Temporary restraining order entered on January 4, 2010. *See* Ex. 44 at 25:20-23 ("[T]he individual defendants are enjoined from disclosing, using, disseminating, lecturing upon or publishing any of plaintiff's confidential proprietary trade secret information as defined in their respective non-compete agreements.").<br><br>Joint stipulation filed and case dismissed on December 21, 2010. *See* Ex. 45 at 1. |

| J&J Family Company Document(s) & Statement(s) Supporting Defendants' Interpretation of "COMPANY" | Judge | Result |
|---|---|---|
| *Andrew Fitzpatrick and Brendan McKeever*, No. 09-06306-GEB (D.N.J.)<br><br>"The Individual Defendants entered into valid, enforceable Employee Secrecy, Non-Competition and Non-Solicitation Agreements ("Agreement") with *plaintiffs*, which contained non-disclosure, non-compete and non-solicitation covenants.<br><br>During their tenure at Cordis, the Individual Defendants had access to and acquired intimate knowledge *plaintiffs'* customer relationships and confidential, proprietary and trade secret information, including pricing, marketing and research and development efforts and strategies."<br><br>Dkt. 15 Ex. 8 at 1.<br><br>"First, the Agreement's post-employment restrictions are reasonable, and are narrowly drafted to ***protect J&J's and Cordis' legitimate interests*** in their customer relationships and confidential, proprietary and trade secret information."<br><br>Dkt. 15 Ex. 8 at 12. | | |

| J&J Family Company Document(s) & Statement(s) Supporting Defendants' Interpretation of "COMPANY" | Judge | Result |
|---|---|---|
| <u>Verified Complaint in *DePuy Spine, Inc. and Johnson & Johnson Regenerative Therapeutics, LLC v. Stryker Biotech LLC and G. Joseph Ross*, No. 07-1464-GLSI (Mass. Sup. Ct.)</u><br><br>"The Agreement is enforceable by DePuy Spine and JJRT."<br><br>Dkt. 15 Ex. 5 at JANREM0113344.<br><br>"At the time that Stryker Biotech hired Ross, it knew Ross was subject to a non-competition and non-solicitation agreement. Stryker Biotech reviewed the Agreement in advance of offering to hire Ross. Stryker Biotech's hiring of Ross was in knowing violation of **Ross's Agreement with JJRT and DePuy Spine**."<br><br>Dkt. 15 Ex. 5 at JANREM0113345.<br><br><u>Plaintiffs' Motion for Preliminary Injunction, or Alternatively, for Temporary Restraining Order in *DePuy Spine, Inc. and Johnson & Johnson Regenerative Therapeutics, LLC v. Stryker Biotech LLC and G. Joseph Ross*, No. 07-1464-GLSI (Mass. Sup. Ct.)</u><br><br>"*As a former employee of DePuy Spine, Ross is subject to non-competition and non-solicitation covenants* | Judge Allan van Gestel | Preliminary injunction granted on April 17, 2007. *See* Ex. 38 at 7.<br><br>Agreement for judgment entered on December 26, 2007. *See* Ex. 46 at 6. |

| J&J Family Company Document(s) & Statement(s) Supporting Defendants' Interpretation of "COMPANY" | Judge | Result |
|---|---|---|
| *with DePuy Spine and JJRT*, which prohibit him from taking employment in a position where he can utilize confidential information of the Companies to 'enhance the use or marketability' of products which 'resemble or compete' with a product of DePuy Spine or JJRT. ***Ross's Agreement with the Companies*** also prohibits Ross from assisting other companies in the solicitation of customers with whom Ross has had contact in the twelve months prior to terminating his employment with DePuy Spine."<br><br>Dkt. 15 Ex. 4 at 2.<br><u>Memorandum In Support of Plaintiffs' Motion for Preliminary Injunction, or Alternatively, for Temporary Restraining Order in *DePuy Spine, Inc. and Johnson & Johnson Regenerative Therapeutics, LLC v. Stryker Biotech LLC and G. Joseph Ross*, No. 07-1464-GLSI (Mass. Sup. Ct.)</u><br><br>"The term 'Company' is defined to include ***not only*** DePuy Spine ***but also*** 'JOHNSON & JOHNSON and any of their successors or assigns, purchasers, acquirers, and any of their existing and future subsidiaries, divisions or affiliates.' Agreement, § 1."<br><br>Dkt. 15 Ex. 4 at 7. | | |

| J&J Family Company Document(s) & Statement(s) Supporting Defendants' Interpretation of "COMPANY" | Judge | Result |
|---|---|---|
| First Amended Verified Complaint in *LifeScan, Inc., Diabetes Diagnostics, Inc., and Inverness Med. Ltd. v. Daniel F. O'Connell and Agamatrix, Inc.*, No. 2004-02043-C (Mass. Sup. Ct.)<br><br>[redacted]<br><br>Dkt. 15 Ex. 6 at JANREM0115564.<br><br>[redacted]<br><br>Dkt. 15 Ex. 6 at JANREM0115569. | Judge Wendie I. Gershengorn | Temporary restraining order entered on May 14, 2004. *See* Ex. 47 at 2 ("Defendant Daniel F. O'Connell ('O'Connell'), his agents, servants, attorneys, and persons in active concert or participation with him, are temporarily restrained from: (i) working for or providing any services to defendant AgaMatrix, Inc. ('Agamatrix'); (ii) using or otherwise disclosing to AgaMatrix, or any other person or entity, plaintiffs' trade secrets and other proprietary and confidential information.").<br><br>Case settled in March 2007. *See* Ex. 48 at 14. |

6