# EXHIBIT 39

**EMPLOYEE SECRECY AND INTELLECTUAL PROPERTY AGREEMENT**

Name of Employee: Christopher P. Shanahan

Residence Address: 18908 Jillian Court, Orland Park, IL 60467

**A. Introduction**

Centocor Ortho Biotech Inc. is one of numerous entities within the Johnson & Johnson Family of Companies. The businesses in which these entities are engaged are extremely competitive. During your employment, you will be given access to CONFIDENTIAL INFORMATION (as defined below) relating to the business of Centocor Ortho Biotech Inc. and may have access to CONFIDENTIAL INFORMATION relating to the business of other entities within the Johnson & Johnson Family of Companies. This Employee Secrecy and Intellectual Property Agreement (this "Agreement") also applies to any employment you may subsequently have with any other Johnson & Johnson company.

Because your receipt of CONFIDENTIAL INFORMATION will assist you in performing your work effectively and because the secrecy of CONFIDENTIAL INFORMATION is very important for competitive and other reasons, you are expected to preserve its confidentiality. To formalize these expectations, this Agreement sets forth certain confidentiality obligations you have to Centocor Ortho Biotech Inc. and to any other Johnson & Johnson company by which you may be employed at a later date or to whose CONFIDENTIAL INFORMATION you are given access while employed by Centocor Ortho Biotech Inc. or any other Johnson & Johnson company. This Agreement also defines certain rights and obligations concerning intellectual property and publicity.

**B. Definitions**

As used in this Agreement:

~~The COMPANY means CENTOCOR and JOHNSON & JOHNSON and nay of their successors or assigns, purchasers, acquires and any of their existing and future subsidiaries, divisions or affiliates, including any such subsidiary, division or affiliate or Johnson & Johnson to which I may be transferred or by which I may be employed in the future. Affiliates of the COMPANY are any corporation, entity or organization at least 50% owned by the COMPANY, by JOHNSON & JOHNSON or by any subsidiary of Johnson & Johnson.~~

~~I means the employee whose name appears above, also referred to by the use of first person, such as me and my.~~

COMPANIES means, collectively Centocor Ortho Biotech Inc., Johnson & Johnson, and all Other entities that are at least 50 percent owned by Johnson & Johnson, either directly or indirectly, and their respective successors and assigns.

COMPANY means any of the COMPANIES.

EMPLOYER means Centocor Ortho Biotech Inc. or, if applicable, any other COMPANY by which you are (or were) employed at the time an issue arises under this Agreement. For purposes or provisions of this Agreement that concern your rights and obligations after you are no longer employed by any COMPANY, EMPLOYER means the COMPANY by which you were last employed at any time.

INVENTIONS means discoveries, improvements ~~and/or ideas, whether patentable or not~~ end ideas, whether or not patentable, that relate to any work assigned to or performed by you for or on behalf of any COMPANY or to the actual or anticipated research or development or other business activities of any COMPANY.

**September 2009**

CONFIDENTIAL INFORMATION means information ~~disclosed to me or known by me as a result of my employment by the~~**about the business of any** COMPANY, not generally known to the trade or industry in which the COMPANY is engaged, ~~about products processes, technologies, machines, customers, clients, employees, services and strategies of the COMPANY~~, *including, but not limited to,* ~~invention~~**which is disclosed to you or known by you as a result of your employment by any COMPANY. CONFIDENTIAL INFORMATION includes, but is not limited to (a) information that the COMPANY keeps confidential from competitors concerning such things as inventions**, research, development, **strategies, operations, logistics,** manufacturing, **distribution,** purchasing, **licensing. business planning and development.** finance, computer software~~, computer~~ **or** hardware, automated systems, engineering, marketing, merchandising, selling, **sales, personnel, customers or clients**, *including, but not limited to,* sales volumes or strategies, number or location of sales representatives, names or significance of ~~the~~**a** COMPANY's~~s~~**S** customers or client**s** or their employees or representatives, preferences, needs or requirements, purchasing histories, or other customer or client-specific information~~.~~**; and (b) personal or business information about any COMPANY's employees, customers, vendors, consultants and agents which is net publicly known and is disclosed to you or known by you in connection with your employment by any COMPANY,¶**

~~I AM EMPLOYED OR DESIRE TO BE EMPLOYED BY [OPERATING COMPANY] IN A CAPACITY IN WHICH I MAY RECEIVE OR CONTRIBUTE TO THE CREATION OF CONFIDENTIAL INFORMATION¶~~

**C. Rights and Obligations**

In consideration of ~~my~~**your receipt of CONFIDENTIAL INFORMATION, your** employment or the continuation of ~~my employment by the COMPANY~~**your employment with any EMPLOYER, and other benefits being provided to you in connection with this Agreement, you agree 05 follows**:

~~1.        I agree to~~**1.       You will** disclose promptly ~~to the COMPANY~~**in writing to your EMPLOYER or its designee** all INVENTIONS conceived or made by ~~me~~**you during your employment** whether or not during ~~my~~**your** hours of employment or with the use of ~~the~~**any** COMPANY's facil~~i~~ties, materials or personnel, either solely or jointly with another or **with** others ~~during my employment with the COMPANY~~, and related to the actual or anticipated business or activities of ~~the~~**any** COMPANY, or related to ~~its~~**their** actual or anticipated research and development or suggested by or resulting from any task assigned ~~to me~~**by you** or work performed by ~~me~~**you** for, or on behalf of, ~~the~~**any** COMPANY. ~~I~~**Except as otherwise provided in Paragraphs 12, 13 and 14 of this Agreement, you** assign and agree to assign ~~my~~**your** entire right, title and interest ~~therein to the COMPANY. I~~**in all INVENTIONS to your EMPLOYER or its designee. You** will not assert any rights ~~under or~~ to any INVENTIONS as having been made or acquired by ~~me~~**you** prior to ~~my~~**your** being employed by ~~the COMPANY~~**your EMPLOYER** unless such INVENTIONS are~~c~~ identified on a sheet attached hereto and signed by ~~me~~**you** and ~~the COMPANY~~**your EMPLOYER** as of the date of this Agreement.

~~2.        I recognize that all~~**2.       All** works, including, but not limited to~~report~~**, reports**, computer programs, drawings, documentation and publications, ~~which I~~**that you create or** prepare **during and** within the scope of ~~the~~**your** employment with ~~the COMPANY~~,**your EMPLOYER** shall be **considered** works made for hire**,** and ~~that~~ the worldwide copyrights therein shall be the sole and exclusive property of ~~the COMPANY. In the event that any said~~**your EMPLOYER. If any such** copyrightable work or portion thereof shall not ~~be~~ legally qualif~~ied~~**y** as a work made for hire, or shall subsequently ~~be so~~**he** held ~~to~~ not **to** be a work made for hire, ~~I agree to~~**you** assign~~,~~ and ~~do~~ hereby ~~so~~**agree** to assign to ~~the COMPANY, all~~**your EMPLOYER or its designee all your** right, title and interest ~~in and to said work or portion thereof, I will~~**therein. You agree to** promptly ~~and fully~~ disclose**,** all such works to ~~the COMPANY~~**your EMPLOYER**.

~~3.        I shall, whenever requested to do so by the COMPANY,~~**3.       You will** execute any applications, assignments or other instruments ~~which the COMPANY shall consider~~**that your EMPLOYER considers** necessary to apply for and obtain Letters Patent~~,~~ **or** trademark ~~and~~/or copyright registrations ~~in the United States, or any foreign country,  or~~ to protect ~~otherwise~~ the ~~COMPANY's interests.~~ *These obligations shall continue beyond the termination of* my employment with the**interests of any** COMPANY with respect to INVENTIONS, trademarks ~~or~~**and** copyrightable works conceived, ~~authored or made by me during my period of employment, and shall be building upon my~~**created, authorized or made by you during your employment**. *These obligations shall continue*

*beyond the termination of* **your employment and shall he binding upon your** executors, administrators ~~or~~**and** other legal representatives.

~~4.       I shall~~**4. You will** not **use or** disclose to ~~the COMPANY or induce the COMPANY to use any secret, proprietary or~~ **any COMPANY any** confidential information ~~or material~~ belonging to others, including ~~my~~**your** former employers, if any. ~~I am aware of~~**You represent there is** no agreement, contract, non-compete covenant, non-disclosure/secrecy **agreement** or similar restriction that would ~~in any way restrict, limit or prohibit my employment by the COMPANY that I~~**prohibit or restrict your ability to perform your job-related duties that you** have not disclosed and provided to ~~the COMPANY~~**your EMPLOYER**.¶

~~5.   I recognize that *CONFIDENTIAL INFORMATION* is of great value to the COMPANY, that the COMPANY has legitimate business interests in protecting its CONFIDENTIAL INFORMATION, and that the disclosure to anyone not authorized to receive such information will cause *immediate irreparable injury to* the COMPANY. Unless I first secure the COMPANY's written consent, I will not disclose, use, *disseminate, lecture upon or publish CONFIDENTIAL INFORMATION*. I understand and agree that my obligations not to disclose, use, disseminate, lecture upon or publish CONFID$NTIAL INFORMATION shall continue after termination of my employment for any reason. I understand and acknowledge that if I violate this Agreement or an about to violate this Agreement, the COMPANY shall have the right, and be entitled to, *in addition to any other* remedies it may have, injunctive relief.~~¶

**5.       Except as required by your duties for your EMPLOYER, you will not use, disclose**, *disseminate, lecture upon or publish* **any CONFIDENTIAL INFORMATION, either during your employment with your EMPLOYER or thereafter, unless you first obtain the prior written consent of any COMPANY to which the CONFIDENTIAL INFORMATION** *relates.*

~~6.~~ **6.** Upon termination of ~~my~~**your** employment with ~~the COMPANY for any reason, I shall~~**your EMPLOYER, you will** turn over to ~~a~~**an individual** designated ~~individual employed by the COMPANY,~~**by your EMPLOYER** all property ~~then~~ in ~~my~~**your** possession or custody ~~and~~ belonging to ~~the~~**your EMPLOYER or any other** COMPANY, including any computer equipment. ~~I~~**You** shall not retain ~~any~~ copies of **any** correspondence, memoranda, reports, notebooks, drawings, ~~photographs, or other equipment. I shall not retain any copies of correspondence, memoranda, reports, notebooks, drawings, photographs~~**photograph**, or other documents in any form whatsoever (including information contained in computer memory or on any computer disk) relating in any way to the affairs of ~~the~~**your EMPLOYER or any other** COMPANY ~~and which~~**that** were entrusted to ~~me~~ or obtained by ~~me~~**you** at any time during ~~my~~**your** employment with ~~the~~**Any** COMPANY.¶

**7.       You acknowledge that if you violate or are about to violate this Agreement by disclosing or using information prohibited by Paragraph S above, or by failing to turn over property as required by Paragraph 6 above,** *immediate irreparable injury to* **one Or more of the COMPANIES will result., warranting (***in addition to any other* **relief) the imposition of injunctive relief against you.**

~~7.       I hereby consent and agree to assignment by the COMPANY of~~**8.       Your EMPLOYER may assign** this Agreement and all **of its** rights and obligations ~~hereunder including, but not limited to, an assignment in connection with any merger, sale, transfer or acquisition by the COMPANY or relating to all or part of its assets, divisions and/or affiliates~~. **Each COMPANY is an express third party beneficiary of this Agreement**.

~~8.~~ **9.** Nothing ~~herein~~**in this Agreement** shall ~~limit or reduce my~~**affect any** common law duties **you have** to ~~the~~**any** COMPANY, including~~,~~ but not limited to ~~my~~**, your** duty of loyalty.

~~9.~~ **10.** This Agreement ~~shall~~**will** be **governed by and** interpreted according to the laws of the State of New Jersey**,** without regard to ~~the~~**its** conflict of law rules ~~thereof. I agree that any~~**. Any** action relating to or arising out of this Agreement may be brought in the courts of the State of New Jersey or, if subject matter jurisdiction exists, in the United States District Court for the District of New Jersey. ~~I~~**You** consent to personal jurisdiction and venue in both such courts and to service of process by United States ~~M~~**m**a~~i~~**i**l or express courier service in any such action~~.~~**.**

~~10.~~ **11.** In the event that any provision ~~or~~**of** this Agreement is invalidated or unenforceable under applicable law, that shall not affect the validity ~~of~~**or** enforceability of the remaining provisions. To the extent that any provision of this Agreement is unenforceable because it ~~is~~ overbroad, that provision shall ~~be~~**he** limited to the extent required by applicable law and enforced as so limited. ¶

**12.     The following applies only to a Minnesota employee: Paragraph I does not apply to an INVENTION for which no equipment, supplies, facility, or trade secret information of any COMPANY was used to conceive or reduce to practice such INVENTION and which was developed entirely by you on your own time, and (a) which does not relate at the time of conception or reduction to practice of the INVENTION (i) to the business of your EMPLOYER or (ii)to your EMPLOYER's actual or demonstrably anticipated research or development, or (b) which does not result from any work performed by you for your EMPLOYER.**

~~11.~~ **13.** The following applies only to ~~a~~**at** California, ~~Minnesota~~**Delaware, Illinois, Kansas,** or North Carolina employee: ~~Notification is hereby given that paragraph 1~~**Paragraph I above** does not apply to an ~~invention to the extent that~~**INVENTION for which** no equipment, supplies, facility, or trade secret information of ~~the~~**any** COMPANY was used and ~~which~~**that** was developed entirely ~~by me~~ on ~~my~~**your** own time, ~~and (a) which does not relate~~**unless (it) the INVENTION relates at the time of conception or reduction to practice of the INVENTION** (i) to the business of ~~the COMPANY~~**your EMPLOYER** or (ii) to ~~the COMPANY's~~**your EMPLOYER'S** actual or demonstrably anticipated research or development, or ~~(b) which does not result from~~**h) the INVENTION results front** any work performed by ~~me for the COMPANY.~~**you for your EMPLOYER. For California employees, the requirement to assign your rights in an invention to your EMPLOYER does not apply to an invention which qualifies fully under the provisions of California Labor Code Section 2870.**

~~12.~~ **14.** The following applies only to a State of Washington employee: ~~Notification is hereby given that paragraph 1~~**Paragraph I above** does not apply to an ~~invention~~**INVENTION** for which no equipment, supplies~~,~~**,** facility, or trade secret information of ~~the~~**any** COMPANY was used and ~~which~~**that** was developed entirely on ~~my~~**your** own ~~time~~**lime**, unless (a) the ~~invention relates~~**INVENTION relates at the time of conception or reduction to practice of the INVENTION** (i) directly to the business of ~~the COMPANY~~**your EMPLOYER** or (ii) to ~~the COMPANY~~**your EMPLOY ER**'s actual or demonstrably anticipated research or development, ~~or~~**and** (b) the ~~invention~~**INVENTION** results from any work performed by ~~me for the COMPANY~~**you for your EMPLOYER.**¶

**15.     Nothing cent-tined in this Agreement shall be deemed to confer on you any rights with respect to the duration of your employment. YOUR EMPLOYMENT IS TERMINABLE AT WILL BY EITHER YOUR EMPLOYER OR YOU, WITH OR WITHOUT CAUSE, EXCEPT THAT IF YOU INITIATE .THE TERMINATION, THERE SHALL BE, AT YOUR EMPLOYER'S OPTION, A PERIOD OF UP TO FOURTEEN (14) DAYS AFTER YOU GIVE WRITTEN NOTICE OF TERMINATION BEFORE THE TERMINATION BECOMES EFFECTIVE. If your EMPLOYER elects to continue your employment during the notice period, it shall advise you of that foot and or the duration attic notice period. During any notice period, you will provide such transitional services as your EMPLOYER may request. Your EMPLOYER will be obligated to continue your pay during the notice period, and your duty of loyalty to your EMPLOYER will Continue through such period.**¶

**This Agreement sets forth the entire agreement between the parties relating to its subject matter and supersedes all prior agreements, written or oral, between them. No modification of or amendment to this Agreement will he effective unless it is in writing and signed by you and an authorized representative of your EMPLOYER. You represent that you have not relied on any representations by any representative of any COMPANY concerning the subject matter of this Agreement that are not expressly stated in this Agreement**.

~~I~~**YOU** ACKNOWLEDGE HAVING READ, EXECUTED AND RECEIVED A COPY ~~OF THIS AGREEMENT, and agree that with respect to the subject matter hereof it is my entire agreement with the COMPANY, suspending any previous oral or written communications, representations, understandings, or agreements with the COMPANY or any of its officials or representatives.~~ **GE THIS AGREEMENT, AND YOU AGREE TO THE TERMS ABOVE.**¶

---

~~-2-~~
~~Revised 11/16/00~~ **4**

Document comparison by Workshare Compare on Monday, October 9, 2017 7:15:06 PM

| Input: | |
|---|---|
| Document 1 ID | file://C:\Users\kbounds\Desktop\Epstein EMPLOYEE SECRECY AGREEMENT.DOCX |
| Description | Epstein EMPLOYEE SECRECY AGREEMENT |
| Document 2 ID | file://C:\Users\kbounds\Desktop\Shanahan EMPLOYEE SECRECY AGREEMENT (cleaned).docx |
| Description | Shanahan EMPLOYEE SECRECY AGREEMENT (cleaned) |
| Rendering set | Color |

| Legend: | |
|---|---|
| **Insertion** | |
| ~~Deletion~~ | |
| *Moved from* | |
| *Moved to* | |
| Style change | |
| Format change | |
| ~~Moved deletion~~ | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 167 |
| Deletions | 155 |
| Moved from | 7 |
| Moved to | 7 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 336 |