# EXHIBIT 46

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                                          SUPERIOR COURT
                                                                BUSINESS LITIGATION SESSION

DEPUY SPINE, INC. and                  )
JOHNSON & JOHNSON REGENERATIVE         )
THERAPEUTICS, LLC                      )
                                       )
        Plaintiffs,                    )
                                       )  C. A. No. 07-1464
   v.                                  )
                                       )
STRYKER BIOTECH L.L.C. and             )
G. JOSEPH ROSS,                        )
                                       )
        Defendants.                    )
                                       )
                                       )

## JOINT MOTION FOR ENTRY OF AGREEMENT FOR JUDGMENT

Pursuant to Mass. R. Civ. P. 58, Plaintiffs, DePuy Spine, Inc. ("DePuy Spine") and Johnson & Johnson Regenerative Therapeutics, LLC ("JJRT"), and Defendants, Stryker Biotech L.L.C. ("Stryker Biotech") and G. Joseph Ross ("Ross"), (collectively the "Parties") hereby jointly move for entry of the attached Agreement for Judgment. As grounds for this motion, the Parties state that they have reached a full and final settlement and that the settlement provides for, among other things, the final disposition of this action by the entry of a final, agreed to judgment in the form attached hereto as Exhibit A. As further grounds, the Parties state as follows:

1.   Ross was employed by DePuy Spine in various positions between November 1995 and March 30, 2007. He re-executed, on or about July 27, 2005, an Employee Secrecy, Non-Competition and Non-Solicitation Agreement (the "Non-Competition Agreement") in connection with his most recent promotion. By letter dated March 19, 2007, Ross tendered his

resignation and indicated that he had accepted a position with Stryker Biotech as its Vice President of Marketing.

2. The Non-Competition Agreement contains certain non-competition and non-solicitation provisions binding Ross for a period of eighteen (18) months following the termination of his employment with DePuy Spine.

3. On April 5, 2007, DePuy Spine and JJRT commenced this action alleging breach of the Non-Competition Agreement and filed a Motion for Preliminary Injunction. DePuy Spine and JJRT asserted that Ross's intended employment at Stryker Biotech was in breach of the Agreement. This Court held oral argument on that motion on April 12, 2007 and subsequently issued a Memorandum and Order on Request for Preliminary Injunction ("Preliminary Injunction") on April 17, 2007, attached hereto as Exhibit B.

4. Following entry of the Preliminary Injunction, the Parties engaged in settlement negotiations. As a result of those negotiations, and in order to settle this matter, the Parties have agreed, *inter alia*, to the entry of the Agreement for Judgment, attached hereto as Exhibit A. That judgment provides for entry of the Court's Preliminary Injunction, modified in several respects by agreement of the Parties.

WHEREFORE, the Parties respectfully request that this Court enter the Agreement for Judgment attached at Exhibit A.

Dated: December 21, 2007

DEPUY SPINE, INC. and JOHNSON & JOHNSON REGENERATIVE THERAPEUTICS, LLC,

By their attorneys,

/s/ Kathryn K. Conde
Kathryn K. Conde (BBO#634347)
Rebecca L. Sipowicz (BBO#650715)
NUTTER, MCCLENNEN & FISH, LLP
World Trade Center West
155 Seaport Blvd.
Boston, MA 02210
(617) 439-2000

STRYKER BIOTECH, L.L.C. and G. JOSEPH ROSS,

By their attorneys,

/s/ Erik J. Winton (KYL)
Erik J. Winton (BBO#600743)
Matthew D. Freeman (BBO#664355)
JACKSON LEWIS LLP
75 Park Plaza
Boston, MA 02116
(617) 367-0025

/s/ Michael F. Quinn (KYL)
Michael F. Quinn (*pro hac vice*)
Gibbons P.C.
One Gateway Center
Newark, NL 07102-5310
(973) 596-4707


Date: December 21, 2007


1631604.1

## CERTIFICATION

I, G. Joseph Ross, hereby certify for the period beginning _____ through _____ in accordance with the Settlement Agreement and Release effective December \_\_\_, 2007, among DePuy Spine, Inc., Johnson & Johnson Regenerative Therapeutics, LLC, Stryker Biotech L.L.C. and G. Joseph Ross, that I have not:

1. disclosed or used any confidential DePuy Spine information, including, without limitation, any confidential information regarding any DePuy Spine products, either in existence or in development, its distribution network, or its business plan;

2. coordinated, worked or consulted with any Stryker Spine employees in connection with the sale or marketing or product development of any non-Stryker Biotech products;

3. communicated with any thought leaders on behalf of Stryker Spine or with respect to any Stryker Spine products or initiatives and that my dealings with key opinion leaders have been limited to discussions of bone morphogenetic proteins and Stryker Biotech's products and/or its initiatives;

4. had any direct responsibilities for licensing and acquisition, clinical affairs, research and development, or regulatory issues on behalf of Stryker Biotech;

5. had any responsibility for Stryker Biotech's outside sales force or any responsibility for calling on surgeons on a daily basis;

6.     had responsibility for the marketing of anything other than Stryker Biotech's OP-1 products and any new initiatives that have developed with Stryker Biotech's bone morphogenetic proteins.

Dated: _____

_____
G. Joseph Ross

1637634.1

EXHIBIT A 

## COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| SUFFOLK, ss. | SUPERIOR COURT<br>BUSINESS LITIGATION SESSION |

DEPUY SPINE, INC. and )
JOHNSON & JOHNSON REGENERATIVE )
THERAPEUTICS, LLC )
           Plaintiffs, )
                                  ) C. A. No. 07-1464
v. )
STRYKER BIOTECH L.L.C. and )
G. JOSEPH ROSS, )
           Defendants. )

FINAL JUDGMENT ON (A16)
### AGREEMENT FOR JUDGMENT

Pursuant to Mass. R. Civ. P. 58, Plaintiffs, DePuy Spine, Inc. ("DePuy Spine") and Johnson & Johnson Regenerative Therapeutics, LLC ("JJRT"), and Defendants, Stryker Biotech L.L.C. ("Stryker Biotech") and G. Joseph Ross ("Ross"), (collectively the "Parties") hereby stipulate and agree to the entry of judgment as follows:

The Court orders that Defendants, Stryker Biotech and Ross, are restrained and enjoined, until September 19, 2008:

1. from disclosing or using by Ross, or soliciting or using by Stryker Biotech, any confidential DePuy Spine information, including, without limitation, any confidential information regarding any DePuy Spine products, either in existence or in development, its distribution network, or its business plan;

JUDGMENT ENTERED ON DOCKET Jan. 2 2008
PURSUANT TO THE PROVISIONS OF MASS. R. CIV. P. 58(a)
AND NOTICE SENT TO PARTIES PURSUANT TO THE PRO-
VISIONS OF MASS. R. CIV. P. 77(d) AS FOLLOWS

2. from coordinating, working or consulting with any Stryker Spine employees in connection with the sale, marketing, or product development of any non-Stryker Biotech products;

3. from communicating with any thought leaders on behalf of Stryker Spine or with respect to any Stryker Spine products or initiatives, and Ross's dealings with key opinion leaders shall be limited to discussions of bone morphogenetic proteins and Stryker Biotech's products and/or its initiatives;

4. from having any direct responsibilities for licensing and acquisition, clinical affairs, research and development, or regulatory issues on behalf of Stryker Biotech;

5. from having any responsibility for Stryker Biotech's outside sales force and any responsibility for calling on surgeons on a daily basis until completion of the duration of this injunction; and

6. that Ross will only have responsibility for the marketing of Stryker Biotech's OP-1 products and any new initiatives that develop with Stryker Biotech's bone morphogenetic proteins.

The Parties waive any right to appeal from the entry of this Judgment and agree that the Parties will each bear their own costs.

SO ORDERED.

_____
Allan van Gestel
Justice of the Superior Court

Date: December 26, 2007

1627211.1

- 2 -