# EXHIBIT 48

## 0481CV02043 Lifescan, Inc. et al v O'Connell et al

| | | | |
|---|---|---|---|
| **Case Type** | Contract / Business Cases | **Initiating Action:** | Other Contract Action |
| **Case Status** | Closed | **Status Date:** | 05/14/2004 |
| **File Date** | 05/14/2004 | **Case Judge:** | |
| **DCM Track:** | F - Fast Track | **Next Event:** | |

**All Information** | Party | Event | Tickler | Docket | Disposition

### Party Information

**Lifescan, Inc.** - Plaintiff

| Alias | Party Attorney | |
|---|---|---|
| | Attorney | Aylesworth, Esq., Thomas W |
| | Bar Code | 630994 |
| | Address | Marcus, Errico, Emmer & Brooks, P.C.<br>45 Braintree Hill Park Suite 107<br>Braintree, MA  02184 |
| | Phone Number | (781)843-5000 |
| | Attorney | Cetrone, Esq., Michael Thomas |
| | Bar Code | 079980 |
| | Address | Nutter McClennen & Fish<br>World Trade Center West<br>155 Seaport Boulevard<br>Boston, MA  02210-2604 |
| | Phone Number | (617)439-2000 |
| | Attorney | Henderson, Esq., David C |
| | Bar Code | 562388 |
| | Address | Nutter McClennen & Fish LLP<br>Seaport West<br>155 Seaport Boulevard<br>Boston, MA  02210-2604 |
| | Phone Number | (617)439-2345 |

More Party Information

**Diabetes Diagnostics, Inc.** - Plaintiff

| Alias | Party Attorney | |
|---|---|---|
| | Attorney | Aylesworth, Esq., Thomas W |
| | Bar Code | 630994 |
| | Address | Marcus, Errico, Emmer & Brooks, P.C.<br>45 Braintree Hill Park Suite 107<br>Braintree, MA  02184 |
| | Phone Number | (781)843-5000 |
| | Attorney | Cetrone, Esq., Michael Thomas |
| | Bar Code | 079980 |

| | |
|---|---|
| Address | Nutter McClennen & Fish<br>World Trade Center West<br>155 Seaport Boulevard<br>Boston, MA  02210-2604 |
| Phone Number | (617)439-2000 |
| Attorney | Henderson, Esq., David C |
| Bar Code | 562388 |
| Address | Nutter McClennen & Fish LLP<br>Seaport West<br>155 Seaport Boulevard<br>Boston, MA  02210-2604 |
| Phone Number | (617)439-2345 |

More Party Information

### Inverness Medical Ltd - Plaintiff

**Alias**

**Party Attorney**

| | |
|---|---|
| Attorney | Aylesworth, Esq., Thomas W |
| Bar Code | 630994 |
| Address | Marcus, Errico, Emmer &<br>Brooks, P.C.<br>45 Braintree Hill Park Suite<br>107<br>Braintree, MA  02184 |
| Phone Number | (781)843-5000 |
| Attorney | Cetrone, Esq., Michael Thomas |
| Bar Code | 079980 |
| Address | Nutter McClennen & Fish<br>World Trade Center West<br>155 Seaport Boulevard<br>Boston, MA  02210-2604 |
| Phone Number | (617)439-2000 |
| Attorney | Henderson, Esq., David C |
| Bar Code | 562388 |
| Address | Nutter McClennen & Fish LLP<br>Seaport West<br>155 Seaport Boulevard<br>Boston, MA  02210-2604 |
| Phone Number | (617)439-2345 |

More Party Information

### O'Connell, Daniel F - Defendant

**Alias**

**Party Attorney**

| | |
|---|---|
| Attorney | Kobe, Esq., James Arthur |
| Bar Code | 548218 |
| Address | James A. Kobe PC<br>29 Crafts St<br>Suite 360<br>Newton, MA  02458 |
| Phone Number | (781)283-9191 |
| Attorney | Rosenthal, Esq., David S |
| Bar Code | 429260 |
| Address | Nixon Peabody<br>100 Summer St<br>Boston, MA  02110 |
| Phone Number | (617)345-6183 |

More Party Information

**Agamatrix, Inc.** - Defendant

**Alias**

**Party Attorney**
Attorney: Rosenthal, Esq., David S
Bar Code: 429260
Address: Nixon Peabody
100 Summer St
Boston, MA  02110
Phone Number: (617)345-6183

More Party Information

## Events

| Date | Session | Location | Type | Event Judge | Result |
|---|---|---|---|---|---|
| 05/19/2004 02:00 PM | Civil A Rm 710 | | Hearing on Preliminary Injunction | | Canceled |
| 05/20/2004 02:00 PM | Civil A Rm 710 | | Hearing on Preliminary Injunction | | Rescheduled |
| 06/14/2004 02:00 PM | Civil A Rm 710 | | Hearing on Preliminary Injunction | | Rescheduled |
| 06/30/2004 02:00 PM | Civil A Rm 710 | | Hearing on Preliminary Injunction | | Held as Scheduled |
| 07/28/2004 02:00 PM | Civil A Rm 710 | | Hearing on Preliminary Injunction | | Rescheduled |
| 09/09/2004 02:00 PM | Civil A Rm 710 | | Hearing on Preliminary Injunction | | Rescheduled |
| 10/27/2004 02:00 PM | Civil A Rm 710 | | Hearing on Preliminary Injunction | | Rescheduled |
| 12/15/2004 02:00 PM | Civil A Rm 710 | | Hearing | | Rescheduled |
| 12/23/2004 10:00 AM | Civil A Rm 710 | | Hearing | | Not Held |
| 02/10/2005 02:00 PM | Civil A Rm 710 | | Hearing on Preliminary Injunction | | Not Held |
| 04/13/2005 02:00 PM | Civil A Rm 710 | | Hearing on Preliminary Injunction | | Rescheduled |
| 05/16/2005 04:30 PM | Civil A Rm 710 | | Status Review | | Canceled |
| 06/22/2005 02:00 PM | Civil A Rm 710 | | Hearing on Preliminary Injunction | | Rescheduled |
| 08/29/2005 02:00 PM | Civil A Rm 710 | | Motion Hearing to Compel | | Held as Scheduled |
| 09/08/2005 02:00 PM | Civil A Rm 710 | | Hearing | | Rescheduled |
| 01/10/2006 03:30 PM | Civil A Rm 710 | | Hearing | | Held as Scheduled |
| 01/24/2006 02:00 PM | Civil A Rm 710 | | Final Pre-Trial Conference | | Rescheduled |
| 05/31/2006 02:00 PM | Civil A Rm 710 | | Final Pre-Trial Conference | | Rescheduled |
| 06/14/2006 02:00 PM | Civil A Rm 710 | | Motion Hearing to Compel | | Held as Scheduled |
| 06/21/2006 02:00 PM | Civil A Rm 710 | | Final Pre-Trial Conference | | Held as Scheduled |
| 12/04/2006 02:00 PM | Civil A Rm 710 | | Lobby Conference | | Canceled |
| 12/08/2006 09:00 AM | Civil A Rm 710 | | Jury Trial | | Rescheduled |
| 02/16/2007 02:00 PM | Civil A Rm 710 | | Status Review | | Held as Scheduled |
| 03/12/2007 02:00 PM | Civil A Rm 710 | | Lobby Conference | | Rescheduled |
| 03/13/2007 09:00 AM | Civil A Rm 710 | | Mediation Session (ADR) | | |

| Date | Session | Location | Type | Event Judge | Result |
|---|---|---|---|---|---|
| 03/13/2007 02:00 PM | Civil A Rm 710 | | Lobby Conference | | Held as Scheduled |
| 03/19/2007 09:00 AM | Civil A Rm 710 | | Jury Trial | | Canceled |
| 04/20/2007 04:30 PM | Civil A Rm 710 | | Status Review | | Canceled |

## Ticklers

| Tickler | Start Date | Days Due | Due Date | Completed Date |
|---|---|---|---|---|
| Conversion Attorney Mismatch | 05/14/2004 | 1 | 01/10/2015 | |
| Conversion Attorney Mismatch | 05/14/2004 | 1 | 01/10/2015 | |
| Conversion Attorney Mismatch | 05/14/2004 | 1 | 01/10/2015 | |
| Conversion Attorney Mismatch | 05/14/2004 | 1 | 01/10/2015 | |
| Conversion Attorney Mismatch | 05/14/2004 | 1 | 01/10/2015 | |
| Conversion Attorney Mismatch | 05/14/2004 | 1 | 01/10/2015 | |

## Docket Information

| Docket Date | Docket Text | File Ref Nbr. |
|---|---|---|
| 05/14/2004 | IMPOUNDED - Complaint & civil action cover sheet filed | 1 |
| 05/14/2004 | Origin 1, Type A99, Track F. | |
| 05/14/2004 | Plffs' Emergency Motion for Temporary Restraining Order and Preliminary Injunction. | 2 |
| 05/14/2004 | Plff's Memorandum of Law in Support of Plffs' Motion for Temporary Restraining Order and Preliminary Injunction. | 3 |
| 05/14/2004 | Plff's Motion for Protective Order (Emergency Hearing Requested). | 4 |
| 05/14/2004 | (PLAINTIFFS' PROPOSED) PROTECTIVE ORDER - The verified complaint and affidavit of Louis Cabana will be impounded until May 19, 2004 hearing. (Gershengorn, J.) | 5 |
| 05/14/2004 | Plffs' Motion for Expedited Discovery (Emergency Hearing Requested). The within matter is set down for hearing on May 19, 2004 in Courtroom 12A at 2:00 PM. (Gershengorn, J.) | 6 |
| 05/14/2004 | Plff's Motion to Appoint Thomas L. Savage as Special Process Server. Motion Allowed after review. (Gershengorn, J.) | 7 |
| 05/14/2004 | IMPOUNDED - Affidavit of Louis R. Cabana. | 8 |

| Docket Date | Docket Text | File Ref Nbr. |
|---|---|---|
| 05/14/2004 | TEMPORARY RESTRAINING ORDER - Upon motion of the plaintiffs for a Temporary Restraining Order and Preliminary Injunction and after consideration of Plaintiffs' Verified Complaint and Affidavit of Louis R. Cabana, that until further Order, the Court hereby orders that: 1. Defendant Daniel F. O'Connell ("O'Connell"), his agents, servants, attorneys, and persons in active concert or participation with him, are temporarily restrained from: (i) working for or providing any services to defendant AgaMatrix, Inc. ("AgaMatrix"); (ii) using or otherwise disclosing to AgaMatrix, or any other person or entity, plaintiffs' trade secrets and other proprietary and confidential information. 2. Defendant AgaMatrix, its agents, employees, servants, attorneys, and persons in active concert or participation with it, are temporarily restrained from: (i) employing, or otherwise using services or work from, or proviced by, O'Connell; (ii) soliciting or using plaintiffs' trade secrets and other proprietary and confidential informatioin held by, or within the knowledge of, O'Connell. 3. Defendants, O'Connell, AgaMatrix, and their agents, employees, servants, attorneys, and persons in active concert or participation with them, are temporarily restrained from destroying any documents or files in their possession containing information concerning the subject matter of this action. 4. A hearing will be scheduled at the Court's earliest convenience on Plaintiffs' Motion for Preliminary Injunction. 5. Such other relief as may be appropriate and just shall be granted Plaintiffs. 6. Returnable May 19, 2004 at 2:00 Pm in Room 12A. (Gershengorn, J.) | 9 |
| 05/14/2004 | TEMPORARY RESTRAINING ORDER issued $90.00 fee received from plffs counsel returnable May 19, 2004 at 2:00 PM in Courtroom 12A under Courts Order (Paper #9). (Gershengorn, J.) | 10 |
| 05/18/2004 | Case REMOVED this date to US District Court of Massachusetts By Deft. Daniel F. O'Connell and AgaNatrix, Inc. | 11 |
| 05/18/2004 | ABOVE ACTION THIS DAY REMOVED TO U.S. DISTRICT CRT OF MASSACHUSETTS | |
| 05/24/2004 | Defts' Memorandum of Law in Opposition to Plffs' Motion for a Preliminary Injunction and Plffs' Motion to Extend the Temporary Restraining Order. Filed in Court. | 12 |
| 05/24/2004 | Defts' Memorandum in Opposition to Plffs' Motions for Expedited Discovery. Filed in Court. | 13 |
| 05/24/2004 | Defts' Memorandum in Opposition to Plffs' Motion to Extend Temporary Restraining Order. Filed in Court. | 14 |
| 05/24/2004 | Affidavit of Sridhar Iyengar. Filed in Court. | 15 |
| 05/24/2004 | Affidavit of Thomas MacDonald. Filed in Court. | 16 |
| 05/24/2004 | Affidavit of Daniel F. O'Connell. Filed in Court. | 17 |
| 05/24/2004 | Defts' Motion for Leave to File Memorandum in Excess of Twenty Pages. Filed in Court and Allowed. (Smith, Jr., J.) notice sent 5/26/04 | 18 |
| 05/24/2004 | Plffs' Emergency Motion to Extend Temporary Restraining Order. | 19 |

| Docket Date | Docket Text | File Ref Nbr. |
|---|---|---|
| 05/26/2004 | EXPEDITED DISCOVERY ORDER - (1) The Motion for Expedited Discovery is Allowed as set out below. (2) Since the parties could not reach agreement about expedited discovery, the Court hereby Orders that the schedual and conditions set out herein shall control the expedited discovery as will the Protective Order endorsed this day. The undersigned parties, by their counsel-of-record in the above-captioned action, hereby agree to following procedure for depositions and document discovery in connection with expedited discovery with respect to the hearing on a Motion for a Preliminary Injunction presently scheduled for June 14, 2004: 1. Depositions shall not exceed four (4) hours per deponent. 2. Documents on which a party intends to rely at the depositions shall be produced no less than 24 hours in advance of the depositions. 3. Plaintiffs to take the depositions of: Dan O' Connell, Sri Iyengar, Tom MacDonald, John Alberico, 30(b)(6) AgaMatrix. 4. Defendants to take depositions of: Stuart Shenfield, Paula Shepherd, Greg Rotter, Joe McClusky, Lou Cabana, Michael Crowe, 30(b)(6) of Plaintiffs. 5. Plaintiffs and Defendants to alternate depositions. 6. Parties will discuss and make best efforts to agree upon documents to be produced by Defendants in response to the Notices of Deposition served by Plaintiffs, and the document request to be served by Defendants, by Friday, May 28, 2004. Defendants shall serve their document request by May 26, 2004. 7. Parties to discuss and make best efforts to agree upon an acceptable Protective Order Stipulation by Friday, May 28, 2004. 8. In producing documents, the parties may redact information which they in good faith regard as confidential or proprietary business or technical inforrmation, and shall identify, in a log to be provided to counsel for the other parties, the general subject matter of the redacted material. (Smith, Jr., J., dated 5/25/04) certified copies sent 5/26/04 | 20 |
| 05/26/2004 | ORDER EXTENDING TEMPORARY RESTRAINING ORDER - Upon motion and hearing on plaintiffs Motion to Extend Temporary Restraining Order, the Court hereby orders that: The temporary restraining order entered by this Court on May 24, 2004, is extended by, and shall remain in full force and effect for, ten (10) days from the date of this Order (June 14, 2004). Further, on the tenth day from the date of this Order (on June 14, 2004), at 2 p.m., the court shall conduce a hearing on plaintiffs' application for a preliminary injunction. SO ORDERED THIS 24th day of May 2004. (Smith, Jr., J. dated 5/24/04) certified copies sent 5/26/04 | 21 |
| 05/26/2004 | MOTION (P#5) The Court hereby adopts and Orders the herein Protective Order. Pursuant to Mass. R. Civ. P. 26(c), the following protective order shall be applicable to protect the confidentiality of information developed or obtained during discovery until further order: DESIGNATION OF CONFIDENTIAL INFORMATION - 1. Counsel for a party may designate as "CONFIDENTIAL" any information that a party (1) believes in good faith (a) lends to it a competitive advantage over others who do not possess such information, and (b) is not generally known in the party's trade of business, or (2) has undertaken with others to maintain in confidence. CONFIDENTIAL information may include pleadings, testimony, responses to interrogatories, responses to requests to admit, or other written responses to discovery, transcripts of depositions, documents and other tangible materials, and information produced, provided, or made available in the course of formal or informal discovery in this action. 2. The designation by a party of any document, material or information as CONFIDENTIAL shall constitute a representation that such document, material or information has been reviewed by an | |

attorney for the Party and that, in such counsel's opinion, there is a good faith basis for such designation. Notwithstanding the foregoing, a Party's inadvertent failure to designate material CONFIDENTIAL in accordance with the terms of this order will not preclude a later designation as such as to said material or as to any other material relating thereto or on the same or related subject matter. 3. Any documents or other tangible materials designated as CONFIDENTIAL shall be so designated by stamping the same with the legend "CONFIDENTIAL." 4. Any deposition or other testimony may be designated as CONFIDENTIAL by any one of the following means: (a) stating orally on the record of a deposition that certain information or testimony is CONFIDENTIAL or that the entire deposition transcript is so designated; or (b) sending written notice within fifteen (10) calendar days of receipt of the transcript of the deposition designating all or a portion of the transcript as CONFIDENTIAL. All oral testimony, regardless of whether a designation was made on the record, shall be treated as CONFIDENTIAL until ten (10) calendar days after the transcript of the deposition has been received by the Party whose CONFIDENTIAL information is involved. 5. Documents, materials or other information designated CONFIDENTIAL shall be held in confidence and shall not be discussed, revealed or disclosed in any manner or form, with or to any person or entity other than counsel to the receiving party, and the persons identified below, unless the Court enters an order requiring such disclosure. CONFIDENTIAL information may be disclosed to: (a) this Court or any other Court exercising appellate jurisdiction with respect to the determinations of this Court (collectively, the "Court"), court officials and employees and stenographers transcribing testimony or argument at any hearing, trial or deposition held in connection with these Administration Expense Proceedinigs or any appeal. CONFIDENTIAL material shall not, however, be disclosed in open court unless the Court enters an Order requiring such disclosure. Pleadings and other documents filed with the Court that are CONFIDENTIAL shall be filed under seal. (b) counsel to the receiving party and any clerical, paralegal and secretarial staff regularly employed by such counsel; (c) clerical and data-processing personnel not regularly employed by such counsel, but involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, and review of discovery materials to the extent reasonably necessary to assist such counsel in these proceedings; (d) any expert or consultant (prior to the disclosure to any expert or consultant, such expert or consultant, and their employees, must agree to be bound by the terms of this Order by executing the Acknowledgment attached as Exhibit A; ) and 6. Counsel to the receiving party shall be responsible for maintaining copies of all Acknowledgments signed by persons receiving CONFIDENTIAL materials. Such Acknowledgments shall be available for inspection by the designating party or such party's counsel. 7. If a party objects to the designation of any discovery materials as CONFIDENTIAL, the party shall state the objection by letter to counsel for the designating party. The objecting party shall state its objection on the record, if such objection occurs during deposition testimony. If the parties are then unable to resolve the objection, either party may move the Court to do so. Until the Court rules on any such motion, the materials shall continue to be deemed CONFIDENTIAL under the terms of this order. 8. Nothing herein shall prevent either party from seeking, by written agreement of the parties or Court order, further, greater, or lesser protection with respect to the use of any CONFIDENTIAL materials. 9. Nothing herein shall be construed to

| Docket Date | Docket Text | File Ref Nbr. |
|---|---|---|
| | affect in any way the admissibility of any document, testimony, or other evidence at any hearing or trial or other court proceeding held in connection with this action. Nothing herein shall constitute a waiver of any claim of privilege or other protection from discovery. Nothing herein shall be construed to limit in any way the designating party's use of its own CONFIDENTIAL materials. 10. Within sixty (60) days after the final determination of the action, each party and its counsel shall return all CONFIDENTIAL materials and copies (including excerpts and summaries) thereof to counsel for the other party, except that a party or its counsel may retain documents reflecting any work product, copies of Court filings and official transcripts and exhibits, provided said retained documents and the CONFIDENTIAL formation contained therein will continue to be treated as provided in this order. 11. This order shall be applicable to discovery provided by any third-person witnesses who agree in writing to be subject to and bound by the terms of this order. 12. If a party or its counsel seeks to file with the Court any CONFIDENTIAL information, or documents paraphrasing or quoting such information, the filing party shall advise the clerk that such information or documents have been designated CONFIDENTIAL in accordance with this order and shall request that the same be filed in the clerk's office in sealed envelopes or contaiiners labeled with the title and docket number of this action, an indicatin of the nature of the contents, the words "CONFIDENTIAL UNDER CONFIDENTIALITY ORDER" and a statement substantially in the following form: This envelope containing documents which are filed int his case by (name or party) is not to be opened nor the contents thereof to be displayed or revealed except by order of the Court. (Smith, Jr., J., dated 5/25/04) certified copies sent 5/26/04 | |
| 06/03/2004 | Defendants' Assented to Motion to Remand to Superior Court | 23 |
| 06/03/2004 | Notice of Removal | 22 |
| 06/04/2004 | Proposed Order Extending Temporary Restraining Order and Amended Expedited Discovery Order.  Upon Joint Motion to Extend Temporary Restraining Order and Amending Expedited Discovery Order, the Court hereby orders that:  The temporary restraining order entered by this kkCourt on May 24, 2004, is extended by, and shall remain in full force and effect until, June 30, 2004 at 2:00 p.m., at which time the Court shall conduct a hearing on plaintiffs' application for a preliminary injunction.  Further, the parties shall have until such date, to complete the discovery provided for in the Court's Expedited Discovery Order, issued on May 25, 2004.  SO ORDERED, this 4th day of June, 2004.  (Smith, J.)  Copies mailed on 06/07/04. | 25 |
| 06/28/2004 | (PROPOSED) ORDER EXTENDING TEMPORARY RESTRAINING ORDER AND AMENDING EXPEDITED DISCOVERY ORDER:   The Order Extending Temporary Restraining Order And Amending Expedited Discovery Order, entered by this Court on June 4, 2004, is amended such that the Temporary Restraining Order be extended, and shall remain in full force and effect until, July 28, 2004 at 2:00pm or until the next available date after that, 2004 at 2:00pm, at which time the Courrt shall conduct a hearing on plaintiff's application for a preliminary injunction.  Further, the parties shall have such date, to complete the discovery provided for in the Court's Expeditied Discovery order, issued on May 25, 2004.  SO ORDERED: (Herman J. Smith, Jr., Justice) notice sent 6/29/04 | 27 |
| 07/27/2004 | MOTION (P#28) ALLOWED (Houston, Justice) Notices mailed July 27, 2004 | |

| Docket Date | Docket Text | File Ref Nbr. |
|---|---|---|
| 07/27/2004 | ORDER EXTENDING TEMPORARY RESTRAINING ORDER AND AMENDING EXPEDITED DISCOVERY ORDER :The Order Extending Temporary Restraining Order and Amended Expedited Discvery Order, entered by this Court on June 29, 2004, is amended such that the Temporary Restraining Order be extended, and shall remain in full force and effect until, September 9, 2004 at 2:00pm at which time the Court shall conduct a hearing on plaintiff's application for a preliminary injunction.  Further, the parties shall have until such date, to complete the discovery provided for in the Court's Expedited Discovery Order, issued on May 25, 2004.  SO ORDERED (Houston, J.)   notices sent 7/27/04 (R. Malcolm Graham, Justice) | 29 |
| 09/06/2004 | Stipulation: Plaintiffs, Lifescan, Inc., Diabetes Diagnostics, Inc., and Inverness Medical Ltd., and the Defendants, Daniel F. O'Connell and AgaMatrix, Inc., hereby agree, by their undersigned counsel to abide by the terms of the (Proposed) Order Extending Temporary Restraining Order and Amending Expedited Discovery Order, which is affixed hereto as Exhibit A, as if it is a present Order of the Court, in full force and effect, until October 27, 20004, at 2:00pm am/pm or such date at which time the Court schedules a hearing on plainitffs' application for a preliminary injunction. | 29.5 |
| 09/17/2004 | ORDER EXTENDING TEMPORARY RESTRAINING ORDER AND AMENDING EXPEDITED DISCOVERY ORDER:  Upon Joint Motion To Extend Temporary Restraining Order and Amend Expedited Discovery Order, the Court hereby orders that:  The order Extending Temporary Restraining Order And Amending Expedited Discovery Order, entered by this Court on July 27, 2004, is amended such that the Temporary Restraining Order be extended, and shall remain in full force and effect until, October 27,2004 at 2:00pm or until the next available date after that, ____, 2004 at 2:00pm, at which time the Court shall conduct a hearing on plaintiffs' application for a preliminary injunction.  Further, the parties shall have until such date, to complete the disocvery provided for in the Court's Expedited Discovery Order, issued on May 2, 2004. (Robert H. Bohn, Jr., Justice)  copies sent 9/21/04 | 31 |
| 09/21/2004 | MOTION (P#30) Joint motion ALLOWED Dated: September 17, 2004  (Robert H. Bohn, Jr., Justice) Notices mailed September 21, 2004 | |
| 10/20/2004 | Joint Motion to Extend Temporary Restraining Order until December 15, 2004 and Amend Expedited Discovery Order. | 32 |
| 10/21/2004 | MOTION (P#32) After review, joint motion is allowed. (Robert H. Bohn, Jr., Justice). Notices mailed October 22, 2004 | |
| 11/02/2004 | Plaintiffs' Emergency Omnibus MOTION and Statement of Reasons: (1) for Sanctions and to Compel Compliance with Order MRCP 37(b) and (d) (2) to Compel Discovery MRCP 37 (a) in the Alternative (3) to Compel Production of Documents and Attendant of Witnesses at Depositions MRCP 45(d), Defendant Agamatrix, Inc. Memorandum in Opposition to Motions and in Support of its Cross-Motion for a Protective Order. (re:#32) | 33 |
| 11/02/2004 | Defendant Agamatrix, Inc.'s Cross-MOTION for Protective Order Prohibiting Depositions or Limiting the Subject Matter of Permitted Deposition, Plaintiffs' Oppsition. | 34 |
| 12/13/2004 | Joint Motion to Extend Temporary Restraining Order and Amend Expedited Discovery Order. | 35 |

| Docket Date | Docket Text | File Ref Nbr. |
|---|---|---|
| 12/20/2004 | MOTION (P#35) Allowed by Consent. (Robert H. Bohn, Jr., Justice dated 12/16/04). Notices mailed December 20, 2004 | |
| 12/23/2004 | Emergency MOTION of Daniel O'Connell for leave to file second affidavit in opposition to plaintiff's motion to compel discovery, | 36 |
| 12/23/2004 | MOTION (P#34) See endorsement on Pl. #33. Dated: December 23, 2004 (Robert H. Bohn, Jr., Justice). Notices mailed December 27, 2004 | |
| 12/23/2004 | MOTION of Non-Parties for Protective Order | 37 |
| 12/23/2004 | MOTION (P#37) No Action. See endorsement on Pl. #33. Dated: December 23, 2004 (Robert H. Bohn, Jr., Justice). Notices mailed December 27, 2004 | |
| 12/23/2004 | MOTION (P#33) After hearing, it has been resolved by the parties to prepare and to submit for this courts consideration a stipulated schedule for further deposition , including an agreement regarding the scope of such depositions, Therefore, no action is taken on this motion.  Dated: December 23, 2004  (Robert H. Bohn, Jr., Justice). Notices mailed December 27, 2004 | |
| 12/31/2004 | It is Hereby Stipulated and Agreed as Follows: | 38 |
| 12/31/2004 | MOTION (P#38) Reviewed, APPROVED and adopted as an Order. Dated: December 30, 2004  (Robert H. Bohn, Jr., Justice). Notices mailed December 31, 2004 | |
| 02/03/2005 | Joint Motion To Extend Temporary Restraining Order And Amended Expedited Discovery Order. | 39 |
| 02/25/2005 | MOTION (P#39) allowed (Christine M. McEvoy, Justice).dated 2/24/04 entered on docket and  Notices mailed February 25, 2005 | |
| 04/13/2005 | MOTION (P#40) joint motion allowed  (Robert H. Bohn, Jr., Justice). Notices mailed April 13, 2005 | |
| 04/13/2005 | ORDER EXTENDING TEMPORARY RESTRAINING ORDER AND AMENDING EXPEDITED DISCOVERY ORDER:  Upon Joint Motion To Extend Temporary Restraiing Order Ank Amend Expedited Discovery Order, the Court hereby orders that: The Order Extending Temporary Restraining Order and Amending Expedited Discovery order, entered by this Court on February 25, 2005, is amended such that the Temporary Restraining order be extended, and shall remain in full force and effect until, June 22, 2005 at 2:00 p.m. at which time the Court shall conduct a hearing on plaintiffs' application for a preliminary injunction.  Further, the parties shall have until such date, to comple the discovery provided for in the Court's Expedited Discovery Order, issued on May 25, 2004. SO ORDERED, this 13th day of April, 2005.  By the Court (Bohn, J) copies mailed | 41 |
| 05/26/2005 | MOTION (P#42) Joint motion allowed (Catherine A. White, Justice). dated 5/23/05 entered on docket and Notices mailed May 26, 2005 | |

| Docket Date | Docket Text | File Ref Nbr. |
|---|---|---|
| 05/26/2005 | ORDER EXTENDING TEMPORARY RESTRAINING ORDER AND AMENDING EXPEDITED DISCOVERY ORDER:  Upon Joint Motion To Extend Temporary Restraining Order and Amend Expedited Discovery Order, the Court hereby orders that:  The Order Extending Temporary Restraining Order and Amending Expedited Discovery Order, entered by this Court on April 13, 2005, is amended such that the Temporary Restraining order be extended, and shall remain in full force and effect until, September 8, 2005 at 2:00 p.m. or until the next available date afte that, September 8, 2005, at 2:00 p.m. at which time the Court shall conduct a hearing on plaintiffs' application for a preliminary injunction.  Further, the parties shall have until such time, to complet the discovery provided for in the Court's Expedited Discovery Order, issued on May 25, 2004.  SO ORDERED, this 25th day of May, 2005 (Catherine, A. White, Justice , Middlesex Superior Court) dated 5/25/05 entered on docket and copies mailed 5/26/05 | 43 |
| 06/21/2005 | Plff's MOTION to compel discovery from deft Agamatrix, Inc. by reference part (2) of plffs' motion (8/24/04) to compel discovery pursuant to order (12/30/04), statement of reasons, deft Agamatrix, Inc.'s memo in opposition, plffs' request for hearing | 44 |
| 06/27/2005 | Plff's Rule 9C certificate of compliance (re: #44) | 45 |
| 07/05/2005 | Plaintiff's MOTION for Issuance of Commission to Take Out-of-State Depositions; Statement of Reasons Supporting Motion; Motion of the Non-Parties for Protective Order and Memorandum of Non-Parties in Opposition to Plaintiff's Motions to Compel Discovery and for Issuance to Take Out-of-State Depositions; Plaintiffs' Opposition to Motion of Non-Parties for Protective Order; Plaintiffs' Request for Hearing; Plaintiffs' Certificate of Compliance with Rule 9C. | 46 |
| 08/02/2005 | Plaintiff's MOTION to Amend Verified Complaint; Memorandum of Law with Statement of Reasons Supporting Motion; Defendant Agamatrix, Inc.'s Memorandum of Facts and Law in Opposition to Motion; Joint Request for Hearing filed by plaintiffs and defendant Agamatrix, Inc. | 47 |
| 08/03/2005 | MOTION (P#49) after hearing and by assent, motion is allowed (Thomas E. Connolly, Justice). Notices mailed August 05, 2005 | |
| 08/04/2005 | Plffs' MOTION for leave to serve reply memo in reply to deft AgaMatrix, Inc.'s memo of fact & law in opposition to plffs' moiton to amend verified complaint (re: #47) | 48 |
| 08/05/2005 | Court received letter from Atty Michael T. Cetrone dated 8/2/05 requesting to file reply memorandum | 50 |
| 08/15/2005 | MOTION (P#48) After review, motion allowed (Thomas E. Connolly, Justice).dated 8/8/05 entered on docket and  Notices mailed August 15, 2005 | |
| 08/15/2005 | MOTION (P#50) After review, request to file a memorandum in reply is ALLOWED (Thomas E. Connolly, Justice) dated 8/5/05 entered on docket and  Notices mailed August 15, 2005 | |
| 08/25/2005 | Plaintiffs' Reply to Defendant Agamatrix, Inc.'s Opposition to Plaintiffs' Motion to Amend Verified Complaint | 51 |
| 08/29/2005 | Hearing on (P#44, 46, 47) motion to compel, motion to amend complaint, plff's motion to take out of state depo held, matter taken under advisement. (Thomas E. Connolly, Justice) | |

| Docket Date | Docket Text | File Ref Nbr. |
|---|---|---|
| 10/18/2005 | MEMORANDUM OF DECISION AND ORDER ON A VARIOUS DISCOVERY MOTIONS AND ON THE EXISTING TEMPORARY RESTRAINING ORDER  (which see 5 pages) ORDER:  Therefore, the Court enters the following orders:  (1)  The Court, on its own motion, order the Temporary Restraining Order issued on May 14, 2004, and extended many times, VACATED in its entirety as to both the defendant, Daniel F. O'Connell, and the defendant, AgaMatrix, Inc.  (2)  Plaintiffs' motion to amend the verified complaint is DENIED.  (3)  Motion of non-parties for a protective order by Mr. Albenico and Mr. MacDonald pursuant to Mass.R.Civ.P. 26(c).  Both a party and "a person from whom discovery is sought" may seek a protective order.  Motion is ALLOWED.  (4)  Plaintiffs' motion to compel discovery from the defendant AgaMatrix, Inc. (filed on 6/21/05) is DENIED.  (5)  Plaintiffs' motion for issuance of commission to take out-of-state depositions.  No action taken in light of the Court's action on the motion for a protective order by two non-party deponents.  (Thomas E. Connolly, Justice). Dated:  October 5, 2005.  Certified Copies mailed October 18, 2005. | 52 |
| 11/07/2005 | Notice sent to appear for pre-trial conference on [date:date] | |
| 11/18/2005 | Plaintiffs' MOTION for reconsideration of Court Order dated 10/18/05, (P#52), Plffs' Statement of Reasons supporting motion, Agamatrix, Inc. opposition to plffs' motion, Affidavit of compliance rule 9A, Plffs' Request for Hearing | 53 |
| 11/21/2005 | Copy of #53 forwarded to Suffolk Superior Court to Judge Connolly in Session A. | |
| 12/07/2005 | ORDER REGARDING HEARING ON THE COURT'S VACATING THE TEMPORARY RESTRAINING ORDER:  At the request of the plaintiffs, the Court will hold a hearing on the temporary restraining order issued in the case on May 14, 2004 and its vacating by the Court on October 5, 2005. The hearing will be held at Suffolk Superior Court at Boston in courtroom 304 on Tuesday, December 27, 2005 at 9:00 a.m.  (Connolly, J.) (dated 12/5/05)    copies sent 12/7/05 | 54 |
| 12/21/2005 | MOTION (P#55) After review and for good cause shown, the Court will hold a non-evidentiary hearing on January 10, 2006 at 3:30pm in courtroom 907 at Suffolk Superior Court at Boston.  The nature of the hearing will be a request for the entry of a preliminary injunction as set out in the complaint.  (Thomas E. Connolly, Justice). Notices mailed December 21, 2005 | |
| 01/04/2006 | Plaintiffs' EMERGENCY MOTION for Leave to File Affidavits.  (Pleading in Impounded vault with confidential exhibit attached) | 56 |
| 01/09/2006 | Deft Daniel O'Connell's Emergency Motion for Leave to File a Third Affidavit (Sealed)  in Response to Affidavits that Plaintiff has sought leave to file. (copy sent to Judge Connolly for a 1/10/06 hrg at Suffolk) | 57 |
| 01/25/2006 | MEMORANDUM  AND ORDER ON THE PLAINTIFF'S MOTION AND REQUEST FOR A PRELIMINARY INJUNCTION.  (whichsee page 3)  ORDER The Plaintiff's Request for a Preliminary Injunction is DENIED  Dated 1-20-06 (Sandra Hamlin, Justice). Copies mailed | 59 |
| 01/26/2006 | MOTION (P#58) allowed, rescheduled to 5/31/06 (Sandra Hamlin, Justice). dated 1/23/06 entered on docket and Notices mailed January 26, 2006 | |

| Docket Date | Docket Text | File Ref Nbr. |
|---|---|---|
| 02/17/2006 | Plaintiff Lifescan, Inc., Diabetes Diagnostics, Inc., Inverness Medical Ltd's notice of appeal from the Memorandum and Order on the plaintiffs' motion and request for a preliminary injunction, by Judge Connolly dated January 20, 2006, and entered on January 25, 2006. | 60 |
| 02/17/2006 | Notice of filing of appeal sent to all counsel of record. | |
| 03/22/2006 | PLAINTIFFS' (APPELLANTS') STATEMENT OF ORDERING TRANSCRIPT. (January 21, 2006 and repeated on March 13, 2006) | 61 |
| 05/04/2006 | Plaintiffs' MOTION to compel defendant, AgaMatrix, Inc., to produce documents and to appear at deposition; Statement of reasons supporting plffs' motion; Defendant, AgaMatrix, Inc.'s opposition to plffs' motion to compel; Plaintiffs' Request for Hearing; Plffs' Certificate of compliance with Rule 9C; Affidavit of compliance Rule 9A | 62 |
| 06/19/2006 | Re: (P#62) - After hearing, motion to compel is hereby DENIED in its entirety for reasons set out in the defendant's opposition and Judge Connolly's memoranda (McEvoy, J.) notices mailed 06/19/06 | |
| 06/21/2006 | Joint pre-trial memorandum, filed in court | 63 |
| 10/03/2006 | Plaintiff Lifescan, Inc.'s MOTION for reconsideration of Court Order dated 6/19/2006, (P#62), Statement of reasons supporting , Deft Agamatrix Inc's opposition, Plaintiffs' request for hearing, Affidavit of compliance with Rule 9A. | 64 |
| 11/06/2006 | Re: (P#64) - Request for hearing DENIED. By the Court (McEvoy, J.) dated 10/31/06, entered 11/06/06 on docket | |
| 11/06/2006 | Motion (P#64) DENIED. By the Court (McEvoy, J.) dated 10/31/06, entered on docket & notices mailed 11/06/06 | |
| 02/12/2007 | Emergency MOTION For Leave To File Motion For Summary Judgment On Count I And A Portion Of Counts V and VI Of Plaintiffs' Verified Complaint, Memorandum Of Law In Support Of Defendant's Motion For Summary Judgment On Count I And A Portion Of Counts V and VI Of Plaintiffs' Veriefied Complaint | 66 |
| 02/16/2007 | Plaintiffs' Opposition to Defendants' Emergency MOTION For Leave to File Motion for Summary Judgment on Count I and a Portion of Counts V and VI of Plaintiffs' Verified Complaint. Filed in court | 67 |
| 02/22/2007 | MOTION (P#66) DENIED after hearing. Court determined that a dispute of material fact would preclude Summary Judgment for Plaintiffs. (Merita A. Hopkins, Justice) Dated: February 16, 2007. Notices mailed 2/22/2007 | |
| 03/09/2007 | Plaintiffs' MOTION in limine to exclude irrelevant and prejudicial evidence about prior dealings. | 68 |
| 03/09/2007 | Defendants' MOTION in limine to preclude evidence of Agamatrix's purported" obstructionist tactics", Affidavit of atty David S. Rosenthal of compliance with Rule 9A. | 68.1 |
| 03/09/2007 | Defendant Agamatrix, Inc.'s MOTION in limine to preclude evidence concerning John Alberico's, thomas MacDonald's and/or medical devices, Inc.'s alleged involvement in the allegations set forth in the verified complaint, Plffs' opposition. | 68.2 |

| Docket Date | Docket Text | File Ref Nbr. |
|---|---|---|
| 03/09/2007 | Defendants' MOTION in limine to require plffs to make a proffer of evidence on their so-called trade secret claims, and to preclude the trial of such claims because there is no evidence to support them. | 68.3 |
| 03/12/2007 | Agamatrix, Inc.'s MOTION For Leave To File Reply | 69 |
| 03/12/2007 | Defts' opposition to plffs' motion in limine | 70 |
| 03/19/2007 | Nisi dismissal; agreement or stipulation to be filed by 4/18/2007 (Merita A. Hopkins, Justice) | 71 |
| 03/21/2007 | Stipulation of dismissal with prejudice, with each party to bear their own costs | 72 |
| 03/22/2007 | Pleading, Stipulation Of Dismissal, returned to Michael T Cetrone, Esq.: Needs Original Pleading | |

## Case Disposition

| Disposition | Date | Case Judge |
|---|---|---|
| Disposed by Agreement / Settled | 03/21/2007 | |