# Exhibit 1

RIKER, DANZIG, SCHERER, HYLAND & PERRETTI LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962-1981
(973) 538-0800

Attorneys for Plaintiffs
Johnson & Johnson and Cordis Corporation

| | |
|---|---|
| JOHNSON & JOHNSON and CORDIS CORPORATION,<br><br>Plaintiffs,<br><br>vs.<br><br>EV3, INC., RHONDA BARR, ANDREW FITZPATRICK AND BRENDAN McKEEVER,<br><br>Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>CIVIL ACTION NO. 09-6306(GEB)<br><br>CIVIL ACTION<br><br>**ORDER TO SHOW CAUSE WITH TEMPORARY RESTRAINTS AND FOR ACCELERATED DISCOVERY** |

THIS MATTER having been opened to the Court by plaintiffs Johnson & Johnson ("J&J") and Cordis Corporation ("Cordis"), upon plaintiffs' Verified Complaint and supporting papers in support of its application for temporary restraints pursuant to Fed. R. Civ. P. 65 and for accelerated discovery; and the Court having considered the papers submitted by the parties and having held a hearing by telephone on December 23, 2009 (Edwin F. Chociey, Jr., Riker, Danzig, Scherer, Hyland & Perretti LLP appearing for plaintiffs; Kerrie R. Heslin and Robin H. Rome, Nukk-Freeman & Cerra, PC appearing for defendants);

And it being alleged in the Verified Complaint and supporting papers that the individual defendants Rhonda Barr, Andrew (Bart) Fitzpatrick and Brendan McKeever (collectively, "Individual Defendants") were employed by plaintiffs as sales personnel, and that in that capacity, the Individual Defendants were introduced to, had access to and knowledge of

plaintiffs' customer relationships and confidential, proprietary and trade secret information concerning, among other things, plaintiffs' pricing information and strategies, pipeline products, sales force plans, marketing and sales plans and business strategies;

And it being alleged in the Verified Complaint and supporting papers that the Individual Defendants, as a condition of their employment, executed employment agreements, which contained, in general, non-disclosure of confidential information, non-compete, customer non-solicitation and employee non-solicitation covenants (collectively, "Agreements");

And it being alleged in the Verified Complaint and supporting papers that the Individual Defendants tendered their resignations of employment from Cordis;

And it being alleged in the Verified Complaint and supporting papers that the Individual Defendants have already accepted employment with defendant ev3, Inc. ("ev3"), a direct competitor of plaintiffs, in a sales capacity;

And it being alleged in the Verified Complaint and supporting papers that such employment by the Individual Defendants with ev3 has involved and will involve the solicitation of plaintiffs' accounts, customers and clients in violation of the Agreements and common law, and the inevitable disclosure and/or use of plaintiffs' confidential, proprietary and trade secret information, whether consciously or unconsciously;

And it being alleged in the Verified Complaint and supporting papers that if the Individual Defendants are permitted to hold any employment position or engage in any employment activity with ev3, directly or indirectly, that in any way relate to or involve any ev3 product that resembles or competes with any product of plaintiffs on which the Individual Defendants worked or about which the Individual Defendants became knowledgeable as a result of their employment with plaintiffs and whose use or marketability could be enhanced by

2

application of plaintiffs' confidential, proprietary or trade secret information to which the Individual Defendants had access during their employment with plaintiffs, plaintiffs will suffer immediate and irreparable injury unless plaintiffs receive relief from this Court in the manner hereinafter set forth;

And it appearing that defendants were provided with notice of plaintiffs' application for a temporary restraining order and expedited discovery on or about December 11, 2009 in connection with plaintiffs' action in the New Jersey Superior Court, Chancery Division, Middlesex County, Docket No. MID-C-251-09, which defendants removed to this Court on or about December 14, 2009, and that defendants were provided with notice of this application in this Court on December 16, 2009; and the Court having stated its reasons for entering this Order at the December 23, 2009 hearing by telephone, and having denied defendants' application to dismiss this action due to lack of personal jurisdiction; and for good cause shown;

IT IS on this 23rd day of December, 2009,

ORDERED that defendants appear and show cause before the United States District Court, District of New Jersey, at the Clarkson S. Fisher Federal Building & U.S. Courthouse, 402 East State Street, Trenton, New Jersey 08608, on the 25th day of February, 2010, at 9:00 a.m., or as soon thereafter as counsel may be heard, why an order should not be issued preliminarily enjoining and restraining defendants as follows:

A. Enjoining and restraining the Individual Defendants from soliciting any business from, selling to or rendering any services to or, directly or indirectly, helping others solicit business from or rendering any service or selling to, any of the accounts, customers or clients with whom they had contact during the last 12 months of employment with Cordis, for a period of 18 months from the date of the Court's Order;

3

B.  Enjoining and restraining ev3 and its officers, agents and employees from causing or permitting the Individual Defendants to sell to, or render any services to or, directly or indirectly, help others solicit business from or render any service or selling to, any of the accounts, customers or clients with whom they had contact during the last 12 months of employment with Cordis, for a period of 18 months from the date of the Court's Order;

C.  Enjoining and restraining the Individual Defendants from soliciting or hiring on their behalf or on behalf of anyone else, including but not limited to ev3, any employee of plaintiffs who has signed a non-compete agreement, for a period of 12 months from the date of the Court's Order;

D.  Enjoining and restraining ev3 and its officers, agents and employees from causing or permitting the Individual Defendants from soliciting or hiring on ev3's behalf, any employee of plaintiffs who has signed a non-compete agreement, for a period of 12 months from the date of the Court's Order;

E.  Enjoining ev3 from soliciting or hiring any employee of plaintiffs who has signed a non-compete agreement, for a period of 12 months from the date of the Court's Order;

F.  Enjoining and restraining the Individual Defendants from holding any employment position or engaging in any employment activity with ev3, directly or indirectly, that in any way relates to or involves any ev3 product that resembles or competes with any product of plaintiffs on which the Individual Defendants worked or about which the Individual Defendants became knowledgeable as a result of their employment with plaintiffs and whose use or marketability could be enhanced by application of plaintiffs' confidential, proprietary or trade secret information to which the Individual Defendants had access during their employment with plaintiffs, or any other position that would place them in a position of using or disclosing

4

plaintiffs' confidential, proprietary and trade secret information, for a period of 18 months from the date of the Court's Order;

G. Enjoining and restraining ev3 and its officers, agents and employees from causing or permitting the Individual Defendants to hold any employment position or engage in any employment activity with ev3, directly or indirectly, that in any way relates to or involves any ev3 product that resembles or competes with any product of plaintiffs on which the Individual Defendants worked or about which the Individual Defendants became knowledgeable as a result of their employment with plaintiffs and whose use or marketability could be enhanced by application of plaintiffs' confidential, proprietary or trade secret information to which the Individual Defendants had access during their employment with plaintiffs, or any other position that would place them in a position of using or disclosing plaintiffs' confidential, proprietary and trade secret information, for a period of 18 months from the date of the Court's Order;

H. Enjoining and restraining the Individual Defendants from disclosing, using, disseminating, lecturing upon or publishing any of plaintiffs' confidential, proprietary and trade secret information as defined in their respective non-compete agreements;

I. Enjoining and restraining ev3 from (1) causing or permitting the Individual Defendants to disclose or use and (2) receiving, using and disclosing, plaintiffs' confidential, proprietary and trade secret information as defined by their respective non-compete agreements;

J. Ordering defendants to turn over and return to plaintiffs all of plaintiffs' confidential, proprietary and trade secret information that defendants have removed, copied, taken, used, disseminated or reviewed, or otherwise have in their possession, custody or control;

K. Enjoining and restraining the Individual Defendants from otherwise violating any of the terms of their respective non-compete agreements and common law obligations;

L.   Enjoining and restraining ev3 from otherwise causing or permitting the Individual Defendants to violate any of terms of their respective non-compete agreements or their common law obligations to plaintiffs;

M.   Granting plaintiffs such other and further relief as the Court deems equitable and just; and it is further

ORDERED that pending the return date herein, defendants are temporarily enjoined and restrained as follows:

A.   The Individual Defendants are enjoined from soliciting any business from, selling to or rendering any services to or, directly or indirectly, helping others solicit business from or rendering any service or selling to, any of the accounts, customers or clients with whom they had contact during the last 12 months of employment with Cordis, for any purpose related to the sale of any product or service that could compete with a product or service being sold or developed by Cordis, for a period of 18 months from the date of the Court's Order;

B.   ev3 and its officers, agents and employees are enjoined from causing or permitting the Individual Defendants to sell to, or render any services to or, directly or indirectly, help others solicit business from or render any service or selling to, any of the accounts, customers or clients with whom they had contact during the last 12 months of employment with Cordis, for any purpose related to the sale of any product or service that could compete with a product or service being sold or developed by Cordis, for a period of 18 months from the date of the Court's Order;

C.   The Individual Defendants are enjoined from disclosing, using, disseminating, lecturing upon or publishing any of plaintiffs' confidential, proprietary and trade secret information as defined in their respective non-compete agreements;

D.  ev3 and its officers, agents and employees are enjoined from (1) causing or permitting the Individual Defendants to disclose or use and (2) receiving, using and disclosing, plaintiffs' confidential, proprietary and trade secret information as defined by their respective non-compete agreements;

E.  The Individual Defendants are enjoined from otherwise violating any of the terms of their respective non-compete agreements and common law obligations;

F.  ev3 and its officers, agents and employees are enjoined from otherwise causing or permitting the Individual Defendants to violate any of terms of their respective non-compete agreements or their common law obligations to plaintiffs;

G.  This Order with these restraints are binding on defendants and their officers, agents, employees and attorneys, and upon such persons in active concert or participation with them; and it is further

ORDERED that the Court will rule on the parties' document requests subsequently; and it is further

ORDERED that defendants shall be entitled to appropriate reciprocal discovery; and it is further

ORDERED that:

1.  The parties shall serve written discovery requests by January 6, 2010 and responses thereto by January 15, 2010, with depositions taking place during the weeks of January 18 and 25, 2010;

2.  Plaintiffs shall file and serve any further papers in support of their preliminary injunction application by February 5, 2010; defendants shall file and serve any opposition to plaintiffs' preliminary injunction application by February 10, 2010; and plaintiffs shall file and

7

serve any reply in further support of their preliminary injunction application by February 12, 2010;

3. Any party may apply to dissolve or modify this Order on two days notice to the other parties' attorneys pursuant to Fed. R. Civ. P. 65 (b)(4);

4. Plaintiffs must provide the following security pursuant to Fed. R. Civ. P. 65(c) with respect to the temporary restraints herein: $150,000 bond, by January 6, 2010;

5. Service of this Order and the order to show cause moving, opposition and reply papers, as well as the Verified Complaint and Summons, may be made via electronic mail or facsimile, and overnight delivery, to the parties' respective attorneys (Riker, Danzig, Scherer, Hyland & Perretti LLP for plaintiffs, and Nukk-Freeman & Cerra, PC for defendants);

6. This Order shall serve as notice to defendants that they are required to file and serve on plaintiffs' attorneys an Answer to the Verified Complaint within 35 days after the service of the Verified Complaint on their attorneys, exclusive of the day of service. If defendants fail to answer, judgment by default may be rendered against defendants for the relief demanded in the Verified Complaint.

_____
Garrett E. Brown, Jr, U.S.D.J.

4006271.2