# Exhibit 3

FILED

AUG 15 2008

Frank M. Ciuffani, P.J., Ch.

RIKER, DANZIG, SCHERER, HYLAND & PERRETTI LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962-1981
(973) 538-0800

Attorneys for Plaintiffs
Johnson & Johnson and Cordis Corporation

| | |
|---|---|
| JOHNSON & JOHNSON and CORDIS CORPORATION,<br><br>Plaintiffs,<br><br>vs.<br><br>INVATEC, LLC, PRESTON HARDAGE, KEVIN BARRINGHAUS, MICHAEL LIGUORI, TERENCE BATES, and JOHN and JANE DOES.<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION<br>MIDDLESEX COUNTY<br>DOCKET NO.<br><br>CIVIL ACTION<br><br>ORDER TO SHOW CAUSE WITH TEMPORARY RESTRAINTS AND FOR ACCELERATED DISCOVERY |

THIS MATTER having been opened to the Court by plaintiffs Johnson & Johnson ("J&J") and Cordis Corporation ("Cordis"), upon plaintiffs' Verified Complaint and supporting papers in support of its application for temporary restraints pursuant to R. 4:52 and for accelerated discovery;

And it being alleged in the Verified Complaint and supporting papers that the Individual Defendants were employed by Cordis as sales personnel, and that in that capacity, the Individual Defendants were introduced to, had access to and knowledge of plaintiffs' confidential, proprietary and trade secret information ("Confidential Information") concerning, among other things, plaintiffs' customer relationships and information, pricing information and strategies, pipeline products, sales force plans, marketing and sales plans and business strategies.

JANREM0114257

And it being alleged in the Verified Complaint and supporting papers that the Individual Defendants, as a condition of their employments, executed Non-Compete Agreements, which contained, in general, non-disclosure of Confidential Information, non-compete, customer non-solicitation and employee non-solicitation covenants.

And it being alleged in the Verified Complaint and supporting papers that the Individual Defendants tendered their resignation of employment from Cordis;

And it being alleged in the Verified Complaint and supporting papers that each of the Individual Defendants have already accepted employment with defendant Invatec, Inc. ("Invatec"), a direct competitor of plaintiffs, in a sales capacity;

And it being alleged in the Verified Complaint and supporting papers that such employment by the Individual Defendants with Invatec will involve or require the inevitable disclosure and/or utilization of plaintiffs' Confidential Information, whether consciously or unconsciously;

And it being alleged in the Verified Complaint and supporting papers that if the Individual Defendants are permitted to provide services to Invatec in connection with cardiovascular and/or endovascular products, where the Individual Defendant would consciously or unconsciously rely on or utilize plaintiffs' Confidential Information, plaintiffs will suffer immediate and irreparable injury unless plaintiffs receive relief from this Court in the manner herinafter set for;

And it appearing that defendants are being provided with notice of this application on or about August 14, 2008; and for good cause shown;

IT IS on this __15__ day of __August__, 2008,

JANREM0114258

ORDERED that defendants appear and show cause before the New Jersey Superior Court, Chancery Division, Middlesex County, at the Middlesex County Courthouse, 56 Paterson Street, New Brunswick, New Jersey 08903-0964, on the __16__ day of __September__, 2008, at __9__ a.m./p.m., or as soon thereafter as counsel may be heard, why an order should not be issued preliminarily enjoining and restraining defendants as follows:

A. Enjoining and restraining Hardage and Barringhaus from holding any employment position or engaging in any employment activity with Invatec, directly or indirectly, that in any way relates to or involves cardiovascular and endovascular products, or any other position that would place them in a position of using or disclosing plaintiffs' Confidential Information, for a period of 2 years from the date hereof for Hardage and 18 months from the date hereof for Barringhaus;

B. Enjoining and restraining Invatec and its officers, agents and employees from causing or permitting Hardage, Barringhaus and Otto to hold any employment position or engage in any employment activity with Invatec, directly or indirectly, that in any way relates to or involves cardiovascular and endovascular products, or any other position that would place them in a position of using or disclosing plaintiffs' Confidential Information, for a period of 2 years for Hardage from the date hereof and 18 months from the date hereof for Barringhaus and Otto;

C. Enjoining and restraining Bates and Liguori from holding any employment position or engaging in any employment activity with Invatec, directly or indirectly, that in any way relates to or involves Invatec's endovascular products, or any other position that would place them in a position of using or disclosing plaintiffs' Confidential Information, for a period of 2 years from the date hereof for Bates and 18 months from the date hereof for Liguori;

3

D. Enjoining and restraining Invatec and its officers, agents and employees from causing or permitting Bates and Liguori to hold any employment position or engage in any employment activity with Invatec, directly or indirectly, that in any way relates to or involves Invatec's endovascular products, or any other position that would place them in a position of using or disclosing plaintiffs' Confidential Information, for a period of 2 years for Bates from the date hereof and 18 months from the date hereof for Liguori;

E. Enjoining and restraining the Individual Defendants from soliciting any business from, selling to, or rendering any services to, or, directly or indirectly, helping others solicit business from or rendering any service or selling to, any of the accounts, customers or clients with whom they had contact during the last 12 months of employment with Cordis for a period of 2 years from the date hereof for Hardage and Bates and for 18 months from the date hereof for Barringhaus and Liguori;

F. Enjoining and restraining Invatec and its officers, agents and employees from causing or permitting the Individual Defendants and Otto and Murdock to sell to, or render any services to, or, directly or indirectly, help others solicit business from or render any service or selling to, any of the accounts, customers or clients with whom they had contact during the last 12 months of employment with Cordis for a period of 2 years from the date hereof for Hardage and Bates and for 18 months from the date hereof for Barringhaus, Liguori, Otto and Murdock;

G. Enjoining and restraining the Individual Defendants from soliciting or hiring on their behalf or on behalf of anyone else, including but not limited to Invatec, any employee of plaintiffs for a period of 12 months from the date hereof;

JANREM0114260

H. Enjoining and restraining Invatec and its officers, agents and employees from causing or permitting the Individual Defendants and Otto and Murdock from soliciting or hiring on Invatec's behalf, any employee of plaintiffs for a period of 12 months from the date hereof;

I. Enjoining and restraining Invatec and its officers, agents and employees from soliciting or hiring any employee of plaintiffs for a period of 12 months from the date hereof;

J. Enjoining and restraining the Individual Defendants from disclosing, using, disseminating, lecturing upon or publishing any of plaintiffs' Confidential Information as defined in their respective non-compete agreements;

K. Enjoining and restraining Invatec and its officers, agents and employees from (1) causing or permitting the Individual Defendants and Otto and Murdock to disclose or use and (2) receiving, using and disclosing, plaintiffs' Confidential Information as defined by their respective non-compete agreements;

L. Ordering defendants to turn over and return to plaintiffs all of plaintiffs' Confidential Information that defendants have removed, copied, taken, used, disseminated or reviewed, or otherwise have in their possession, custody or control;

M. Enjoining and restraining the Individual Defendants from otherwise violating any of the terms of their respective non-compete agreements and common law obligations;

N. Enjoining and restraining Invatec and its officers, agents and employees from otherwise causing or permitting the Individual Defendants, Otto, Murdock or any other employees of plaintiffs to violate any of terms of respective non-compete agreements or common law obligations;

O. Granting plaintiffs such other and further relief as the Court deems equitable and just; and it is further

JANREM0114261

ORDERED that pending the return date herein, defendants are temporarily enjoined and restrained as follows:

A. Defendants Hardage and Barringhaus are enjoined from holding any employment position or engaging in any employment activity with Invatec, directly or indirectly, that in any way relates to or involves cardiovascular and endovascular products, or any other position that would place them in a position of using or disclosing plaintiffs' Confidential Information, for a period of 2 years from the date hereof for Hardage and 18 months from the date hereof for Barringhaus;

B. Invatec and its officers, agents and employees are enjoined from causing or permitting Hardage, Barringhaus and Otto to hold any employment position or engage in any employment activity with Invatec, directly or indirectly, that in any way relates to or involves cardiovascular and endovascular products, or any other position that would place them in a position of using or disclosing plaintiffs' Confidential Information, for a period of 2 years for Hardage from the date hereof and 18 months from the date hereof for Barringhaus and Otto;

C. Bates and Liguori are enjoined from holding any employment position or engaging in any employment activity with Invatec, directly or indirectly, that in any way relates to or involves Invatec's endovascular products, or any other position that would place them in a position of using or disclosing plaintiffs' Confidential Information, for a period of 2 years from the date hereof for Bates and 18 months from the date hereof for Liguori;

D. Invatec and its officers, agents and employees are enjoined from causing or permitting Bates and Liguori to hold any employment position or engage in any employment activity with Invatec, directly or indirectly, that in any way relates to or involves Invatec's endovascular products, or any other position that would place them in a position of using or

disclosing plaintiffs' Confidential Information, for a period of 2 years for Bates from the date hereof and 18 months from the date hereof for Liguori;

E. The Individual Defendants are enjoined from soliciting any business from, selling to, or rendering any services to, or, directly or indirectly, helping others solicit business from or rendering any service or selling to, any of the accounts, customers or clients with whom they had contact during the last 12 months of employment with Cordis for a period of 2 years from the date hereof for Hardage and Bates and for 18 months from the date hereof for Barringhaus and Liguori;

F. Invatec and its officers, agents and employees are enjoined from causing or permitting the Individual Defendants and Otto and Murdock to sell to, or render any services to, or, directly or indirectly, help others solicit business from or render any service or selling to, any of the accounts, customers or clients with whom they had contact during the last 12 months of employment with Cordis for a period of 2 years from the date hereof for Hardage and Bates and for 18 months from the date hereof for Barringhaus, Liguori, Otto and Murdock;

G. Individual Defendants are enjoined from soliciting or hiring on their behalf or on behalf of anyone else, including but not limited to Invatec, any employee of plaintiffs for a period of 12 months from the date hereof;

H. Invatec and its officers, agents and employees are enjoined from causing or permitting the Individual Defendants and Otto and Murdock from soliciting or hiring on Invatec's behalf, any employee of plaintiffs for a period of 12 months from the date hereof;

I. Invatec and its officers, agents and employees are enjoined from soliciting or hiring any employee of plaintiffs for a period of 12 months from the date hereof; [handwritten: *who having Signed a Non-Compete Agreement.* (PMC)]

7

J. The Individual Defendants are enjoined from disclosing, using, disseminating, lecturing upon or publishing any of plaintiffs' Confidential Information as defined in their respective non-compete agreements;

K. Invatec and its officers, agents and employees are enjoined from (1) causing or permitting the Individual Defendants and Otto and Murdock to disclose or use and (2) receiving, using and disclosing, plaintiffs' Confidential Information as defined by their respective non-compete agreements;

L. Defendants are ordered to turn over and return to plaintiffs all of plaintiffs' Confidential Information that defendants have removed, copied, taken, used, disseminated or reviewed, or otherwise have in their possession, custody or control;

M. The Individual Defendants are enjoined from otherwise violating any of the terms of their respective non-compete agreements and common law obligations;

N. Invatec and its officers, agents and employees are enjoined from otherwise causing or permitting the Individual Defendants, Otto, Murdock or any other employees of plaintiffs to violate any of terms of respective non-compete agreements or common law obligations;

O. This Order with these restraints are binding on defendants and their officers, agents, employees, and attorneys, and upon such persons in active concert or participation with them; and it is further

ORDERED that the Individual Defendants and such employees and representatives of Invatec as plaintiffs may notice in writing, shall appear for depositions at the office of Riker, Danzig, Scherer, Hyland & Perretti LLP, Headquarters Plaza, One Speedwell Avenue, Morristown, New Jersey, at such times and at such dates as the parties shall mutually agree to

JANREM0114264

within five (5) days after such written notice, and if they are unable to do so, on such dates and at such times as directed by this Court; and it is further

ORDERED that defendants shall produce the following documents to plaintiffs' counsel at the abovementioned offices within five (5) days after the entry of this Order:

(A) Any employment contracts, confidentiality agreements, restrictive covenants, non-solicitation agreements and/or non-compete agreements, or any other agreements, and any drafts thereof, exchanged between Invatec and the Individual Defendants, the Solicited Employees or any current or former Cordis employee, or that the Individual Defendants will be required or have already or will be requested to sign in connection with their employment at Invatec. The Solicited Employees refer to Wierzbicki, Jones, Brophy, Sims, Parke, Armistead, Wahlstrom, Peters;

(B) Copies of all form employment agreements, employment contracts, non-disclosure agreements, trade secret agreements, confidential information agreements, non-compete agreements, non-solicitation agreements and/or restrictive covenants utilized by Invatec;

(C) All documents reflecting communications, whether oral, written or electronic that mentions, refers or relates to Invatec, from May 1, 2008 to the present, between or among (a) Invatec and the Individual Defendants; (b) Invatec and any other employees of plaintiffs, including the Solicited Employees; (c) the Individual Defendants and any other employees of plaintiffs, including the Solicited Employees; and (d) the Individual Defendants themselves. Invatec, the Individual Defendants, and the other employees of plaintiffs, including the Solicited Employees, include any of their representatives or agents (including but not limited to any "head hunter" or employment agency representing the Individual Defendants, Invatec or any of

9

plaintiffs' employees). Such documents include, but are not limited to, correspondence, letters, memoranda and emails, regardless of the media in which the emails are stored and whether such emails were issued from or received by a work email account or personal email account;

(D) All documents reflecting communications, whether oral, written or electronic, between Invatec and the Individual Defendants and any representatives or agents of Invatec and the Individual Defendants from May 1, 2008 to the present. Such documents include, but are not limited to, correspondence, letters, memoranda and emails, regardless of the media in which the emails are stored and whether such emails were issued from or received by a work email account or personal email account;

(E) All communications that Hardage received or sent from his Invatec email account, preston.hardage@invatec-us.com;

(F) The presentation that Hardage presented to Jolanta Wierzbicki and Lia Jones;

(G) All documents reflecting any type of payments, reimbursements or anything with any value provided by Invatec to Hardage or any of the other Individual Defendants;

(H) Any and all documents and/or things provided by the Individual Defendants to Invatec or by Invatec to the Individual Defendants;

(I) Any and all documents, things and Confidential Information as defined above that the Individual Defendants have removed from plaintiffs or received in connection with their employment at plaintiffs, that they have not returned to plaintiffs or that are presently in their care, custody or control;

(J) All documents reflecting the Individual Defendants' job description at Invatec including, but not limited to, written job descriptions;

JANREM0114266

(K) All documents concerning the steps Invatec and the Individual Defendants plan to take to assure that the Individual Defendants do not breach their obligations to plaintiffs in whatever position they are assigned to at Invatec;

(L) All documents concerning the operating divisions of Invatec and how such operating divisions are kept separate;

(M) All information concerning Invatec's customer relationships, customer lists, pricing information and strategies, pipeline products, research and development plans and efforts, sales force plans, marketing and sales plans, business strategies, cost of operations for all products, employee lists, contracting strategies, targeting strategies and training information;

(N) The Individual Defendants' calendars, date books and/or appointment books for May 1, 2008 to the present; and

ORDERED that defendants shall be entitled to appropriate reciprocal discovery; and it is further

ORDERED that:

1. The defendants may move to dissolve or modify the temporary restraints herein contained on two (2) days notice to plaintiffs' attorneys.

2. A copy of this order to show cause, verified complaint, legal memorandum and any supporting affidavits or certifications submitted in support of this application be served upon defendants (i) personally, (ii) by overnight delivery and/or facsimile or (iii) by certified mail, return receipt requested and first class mail, to defendants' office or residence or to the address of their attorney or registered agent, within _____ days of the date hereof, in accordance with R. 4:4-3 and R. 4:4-4, this being original process.

JANREM0114267

3. Plaintiffs must file with the court their proof of service of the pleadings on defendants no later than three (3) days before the return date.

4. Defendants shall file and serve a written response to this order to show cause and the request for entry of injunctive relief and proof of service by _September 8_, 2008. The original documents must be filed with the Clerk of the Superior Court in the county listed above. A list of these offices is provided. You must also send a copy of your opposition papers directly to the Honorable _Ciuffani_ whose address is Middlesex County Courthouse, 1 JFK Square, New Brunswick, New Jersey 08903-0964. You must also send a copy of your opposition papers to the plaintiffs' attorney whose name and address appears above, or to the plaintiffs, if no attorney is named above. A telephone call will not protect your rights; you must file your opposition and serve your opposition on your adversary, if you want the court to hear your opposition to the injunctive relief that plaintiffs are seeking.

5. Plaintiffs must file and serve any written reply to defendants' order to show cause opposition by _September 15_, 2007. The reply papers must be filed with the Clerk of the Superior Court in the county listed above and a copy of the reply papers must be sent directly to the chambers of Judge _Ciuffani_.

6. If defendants do not file and serve opposition to this order to show cause, the application will be decided on the papers on the return date and relief may be granted by default, provided that plaintiffs file a proof of service and a proposed form of order at least three days prior to the return date.

7. If plaintiffs have not already done so, a proposed form of order addressing the relief sought on the return date (along with a self-addressed return envelope with return address and postage) must be submitted to the court no later than three (3) days before the return date.

JANREM0114268

8. Defendants take notice that plaintiffs have filed a lawsuit against you in the Superior Court of New Jersey. The verified complaint attached to this order to show cause states the basis of the lawsuit. If you dispute this complaint, you, or your attorney, must file a written answer to the complaint and proof of service within 35 days from the date of service of this order to show cause; not counting the day you received it.

These documents must be fled with the Clerk of the Superior Court in the county listed above. A list of these offices is provided. Include a $135.00 filing fee payable to the "Treasurer State of New Jersey." You must also send a copy of your Answer to plaintiffs' attorney whose name and address appear above. A telephone call will not protect your rights; you must file and serve your Answer (with the fee) or judgment may be entered against you by default. Please note: Opposition to the order to show cause is not an Answer and you must file both. Please note further: if you do not file and serve an Answer within 35 days of this Order, the Court may enter a default against you for the relief that plaintiffs demand.

9. If you cannot afford an attorney, you may call the Legal Services office in the county in which you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

10. The Court wilt entertain argument, but not testimony, on the return date of the order to show cause, unless the court and parties are advised to the contrary no later than __7__ days before the return date.

No summons shall issue.

_____
Hon.

3881983

JANREM0114269

| County | Court Address | Lawyer Referral | Legal Services |
|---|---|---|---|
| ATLANTIC COUNTY | Deputy Clerk of the Superior Court, Civil Division, Direct Filing, 1201 Bacharach Blvd., First Fl., Atlantic City, NJ 08401 | (609) 345-3444 | (609) 348-4200 |
| BERGEN COUNTY | Deputy Clerk of the Superior Court, Case Processing Section, Room 119, Justice Center, 10 Main St., Hackensack, NJ 07601-0769 | (201) 488-0044 | (201) 487-2166 |
| BURLINGTON COUNTY | Deputy Clerk of the Superior Court, Central Processing Office, Attn: Judicial Intake, First Fl., Courts Facility, 49 Rancocas Rd., Mt. Holly, NJ 08060 | (609) 261-4862 | (609) 261-1088 |
| CAMDEN COUNTY | Deputy Clerk of the Superior Court, Civil Processing Office, 1st Fl., Hall of Records, 101 S. Fifth St., Camden, NJ 08103 | (856) 964-4520 | (856) 964-2010 |
| CAPE MAY COUNTY | Deputy Clerk of the Superior Court, 9 N. Main Street, Box DN-209, Cape May Court House, NJ 08210 | (609) 463-0313 | (609) 465-3001 |
| CUMBERLAND COUNTY | Deputy Clerk of the Superior Court, Civil Case Management Office, Broad & Fayette Sts., P.O. Box 615, Bridgeton, NJ 08302 | (856) 562-5207 | (856) 451-0003 |
| ESSEX COUNTY | Deputy Clerk of the Superior Court, 50 West Market Street, Room 131, Newark, NJ 07102 | (973) 622-6207 | (973) 624-4500 |
| GLOUCESTER COUNTY | Deputy Clerk of the Superior Court, Civil Case Management Office, Attn: Intake, First Fl., Court House, 1 North Broad Street, P.O. Box 129, Woodbury, NJ 08096 | (856) 848-4589 | (856) 848-5360 |
| HUDSON COUNTY | Deputy Clerk of the Superior Court, Superior Court, Civil Records Dept., Brennan Court House - 1st Floor, 583 Newark Ave., Jersey City, NJ 07306 | (201) 798-2727 | (201) 792-6363 |
| HUNTERDON COUNTY | Deputy Clerk of the Superior Court, Civil Division, 65 Park Avenue, Flemington, NJ 08822 | (908) 735-2611 | (908) 782-7979 |
| MERCER COUNTY | Deputy Clerk of the Superior Court, Local Filing Office, Courthouse, 175 S. Broad Street, P.O. Box 8068, Trenton, NJ 08650 | (609) 585-6200 | (609) 695-6249 |

MIDDLESEX COUNTY:
Deputy Clerk of the Superior Court
Administration Building
Third Floor
1 Kennedy Sq., P.O. Box 2633
New Brunswick, NJ 08903-2633

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

MONMOUTH COUNTY:
Deputy Clerk of the Superior Court
Court House
71 Monument Park
P.O. Box 1269
Freehold, NJ 07728-1269

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

MORRIS COUNTY:
Deputy Clerk of the Superior Court
Civil Division
30 Schuyler Pl., P.O. Box 910
Morristown, NJ 07960-0910

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

OCEAN COUNTY:
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

PASSAIC COUNTY:
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton St.
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 345-7171

SALEM COUNTY:
Deputy Clerk of the Superior Court
92 Market St., P.O. Box 18
Salem, NJ 08079

LAWYER REFERRAL
(856) 935-5628
LEGAL SERVICES
(856) 451-0003

SOMERSET COUNTY:
Deputy Clerk of the Superior Court
Civil Division Office
New Court House, 3rd Fl.
P.O. Box 3000
Somerville, NJ 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

SUSSEX COUNTY:
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

UNION COUNTY:
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

WARREN COUNTY.
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 475-2010

JANREM0114271