# Exhibit 5

RIKER, DANZIG, SCHERER, HYLAND & PERRETTI LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962-1981
(973) 538-0800

Attorneys for Plaintiffs
Johnson & Johnson and Cordis Corporation

FILED
JUL 08 2008
Frank M. Ciuffani, JSC

| JOHNSON & JOHNSON and CORDIS CORPORATION, Plaintiffs, vs. STENTYS, INC. and JIN S. PARK, Defendants. | SUPERIOR COURT OF NEW JERSEY CHANCERY DIVISION MIDDLESEX COUNTY DOCKET NO. C-141-08 CIVIL ACTION **ORDER TO SHOW CAUSE WITH TEMPORARY RESTRAINTS AND FOR ACCELERATED DISCOVERY** |
|---|---|

THIS MATTER having been opened to the Court by plaintiffs Johnson & Johnson ("J&J") and Cordis Corporation ("Cordis"), upon plaintiffs' Verified Complaint and supporting papers in support of its application for temporary restraints pursuant to R. 4:52 and for accelerated discovery;

And it being alleged in the Verified Complaint and supporting papers that defendant Jin S. Park ("Park") was employed by Cordis as a Staff Product Development Engineer, and that in that capacity, Park was introduced to, had access to and knowledge of plaintiffs' confidential, proprietary and trade secret information ("Confidential Information") concerning, among other things, plaintiffs' research and development efforts and plans, pipeline

products, testing methods and procedures, designs and material specifications for coronary and peripheral stents, and material and manufacturing techniques and technologies;

And it being alleged in the Verified Complaint and supporting papers that defendant Park, as a condition of his employment, executed an Employee Secrecy, Non-Competition and Non-Solicitation Agreement (the "Agreement"), which contains, in part, the following provisions:

> CONFIDENTIAL INFORMATION means information disclosed to me or known by me as a result of my employment by the COMPANY, not generally known to the trade or industry in which the COMPANY is engaged, about products, processes, technologies, machines, customers, clients, employees, services and strategies of the COMPANY, including but not limited to, inventions, research, development, manufacturing, purchasing, finance, computer software, computer hardware, automated systems, engineering, marketing, merchandising, selling, sales volumes or strategies, number and location of sales representatives, names and significance of the COMPANY's customers or clients or their employees or representatives, preferences, needs or requirements, purchasing histories, and other customer or client-specific information.
>
> CONFLICTING PRODUCT means any product, technology, process, machine, invention or service of any person or organization other than the COMPANY in existence or under development which resembles or competes with a product, process, technology, machine, invention or service upon which I shall have worked or about which I become knowledgeable as a result of employment with the COMPANY and whose use or marketability could be enhanced by application to it of CONFIDENTIAL INFORMATION which I shall have had access to during my employment.
>
> CONFLICTING ORGANIZATION means any person or organization which is engaged in or about to become engaged in research on, consulting regarding, or development, production, marketing, or selling of a CONFLICTING PRODUCT.

And it being alleged in the Verified Complaint and supporting papers that, pursuant to Paragraph 5 of the Agreement, Park cannot disclose any Confidential Information as defined above;

And it being alleged in the Verified Complaint and supporting papers that, pursuant to Paragraph 6 of the Agreement, defendant Park agreed that he would not become

employed by any "Conflicting Organization," as defined above for a period of 18 months after the termination of his employment with Cordis;

And it being alleged in the Verified Complaint and supporting papers that, pursuant to Paragraph 7 of the Agreement, defendant Park agreed that, for a period of 18 months after the termination of his employment with Cordis, he would not solicit any business from any accounts, customers or clients with whom he had contact during the last 12 months of his employment by Cordis for a Conflicting Product as defined above. Defendant Park also agreed under Paragraph 7 of the Agreement that he would not solicit or hire on his behalf, or on the behalf of others, any of plaintiffs' employees for a period of 12 months after termination of his employment with Cordis;

And it being alleged in the Verified Complaint and supporting papers that defendant Park tendered his resignation of employment from Cordis in or about mid June 2008;

And it being alleged in the Verified Complaint and supporting papers that defendant Park has already accepted employment with defendant Stentys, Inc. ("Stentys"), a direct competitor of plaintiffs, in a position equivalent to Staff Product Development Engineer;

And it being alleged in the Verified Complaint and supporting papers that such employment by defendant Park with defendant Stentys, a Conflicting Organization as defined above, will involve or require the inevitable disclosure and/or utilization of plaintiffs' Confidential Information, whether consciously or unconsciously;

And it being alleged in the Verified Complaint and supporting papers that if defendant Park is permitted to provide services to defendant Stentys in connection with any coronary or peripheral stents, including bifurcated stents, where defendant Park would consciously or unconsciously rely on or utilize plaintiffs' Confidential Information, plaintiffs


will suffer immediate and irreparable injury unless plaintiffs receive relief from this Court in the manner herinafter set for;

And it appearing that defendants Park and Stentys are being provided with notice of this application on or about July 3, 2008; and for good cause shown;

IT IS on this 8 day of July, 2008,

ORDERED that defendants Park and Stentys appear and show cause before the New Jersey Superior Court, Chancery Division, Middlesex County, at the Middlesex County Courthouse, 56 Paterson Street, New Brunswick, New Jersey 08903-0964, on the 8 day of August, 2008, at 9 a.m./p.m., or as soon thereafter as counsel may be heard, why an order should not be issued preliminarily enjoining and restraining defendants as follows:

A. Enjoining and restraining Park from holding any employment position or engaging in any employment activity with Stentys, directly or indirectly, that in any way relates to or involves coronary or peripheral stents, including bifurcated stents, or any other position that would place him in a position of using or disclosing plaintiffs' Confidential Information, for a period of 18 months from the date hereof;

B. Enjoining and restraining Stentys and its officers, agents and employees from causing or permitting Park to hold any employment position or engage in any employment activity with Stentys, directly or indirectly, that in any way relates to or involves coronary or peripheral stents, including bifurcated stents, or any other position that would place him in a position of using or disclosing plaintiffs' Confidential Information, for a period of 18 months from the date hereof;

C. Enjoining and restraining Park from disclosing, using, disseminating, lecturing upon or publishing any of plaintiffs' Confidential Information as defined in Park's Agreement, including, but not limited to, any such information related to research and development efforts and plans, pipeline products, testing methods and procedures, designs and material specifications for coronary and peripheral stents, and material and manufacturing techniques and technologies;

D. Ordering defendants to turn over and return to plaintiffs all of plaintiffs' Confidential Information that defendants have removed, copied, taken, used, disseminated or reviewed, or otherwise have in their possession, custody or control;

E. Enjoining and restraining Park from soliciting or hiring on his behalf or on behalf of anyone else, including, but not limited, Stentys, any employee of plaintiffs for a period of 12 months from the date hereof;

F. Enjoining and restraining Stentys and its officers, agents and employees from tortiously interfering with the non-complete agreements of other employees of plaintiffs and from soliciting or hiring any of plaintiffs' employees that will cause such employees to violate their non-compete agreements.

G. Enjoining and restraining Stentys and its officers, agents and employees from (1) causing or permitting Park to disclose or use and (2) receiving, using and disclosing, Plaintiffs' Confidential Information as defined by Park's Agreement;

H. Enjoining and restraining Park from otherwise violating any of the terms of the Agreement or his common law obligations to plaintiffs;

I. Enjoining and restraining Stentys and its officers, agents and employees from otherwise causing or permitting Park to violate any of the terms of his Agreement or his common law obligations to plaintiffs;

J. Granting plaintiffs such other and further relief as the Court deems equitable and just; and it is further

ORDERED that pending the return date herein, defendants are temporarily enjoined and restrained as follows:

A. Park is enjoined from holding any employment position or engaging in any employment activity with Stentys, directly or indirectly, that in any way relates to or involves coronary or peripheral stents, including bifurcated stents, or any other position that would place him in a position of using or disclosing plaintiffs' Confidential Information;

B. Stentys and its officers, agents and employees are enjoined from causing or permitting Park to hold any employment position or engage in any employment activity with Stentys, directly or indirectly, that in any way relates to or involves coronary or peripheral stents, including bifurcated stents, or any other position that would place him in a position of using or disclosing plaintiffs' Confidential Information;

C. Park is enjoined from disclosing, using, disseminating, lecturing upon or publishing any of plaintiffs' Confidential Information as defined in Park's Agreement, including, but not limited to, any such information related to research and development efforts and plans, pipeline products, testing methods and procedures, designs and material specifications for coronary and peripheral stents, and material and manufacturing techniques and technologies

D. Defendants are ordered to turn over and return to plaintiffs all of plaintiffs' Confidential Information that defendants have removed, copied, taken, used, disseminated or reviewed, or otherwise have in their possession, custody or control;

E. ~~Park is enjoined from soliciting or hiring on his behalf or on behalf of anyone else, including, but not limited to, Stentys, any employee of plaintiffs;~~

JANREM0114046

~~F. Stentys and its officers, agents and employees are enjoined from tortiously interfering with the non-complete agreements of other employees of plaintiffs and from soliciting or hiring any of plaintiffs' employees that will cause such employees to violate their non-compete agreements.~~

G. Stentys is enjoined from (1) causing or permitting Park to disclose or use and (2) receiving, using and disclosing, plaintiffs' Confidential Information as defined by Park's Agreement;

H. Park is enjoined from otherwise violating any of the terms of the Agreement or his common law obligations to plaintiffs;

I. Stentys and its officers, agents and employees are enjoined from otherwise causing or permitting Park to violate any of the terms of his Agreement or his common law obligations to plaintiffs;

J. This Order with these restraints are binding on defendants and their officers, agents, employees, and attorneys, and upon such persons in active concert or participation with them; and it is further

ORDERED that Park and such employees and representatives of Stentys as plaintiffs may notice in writing, shall appear for depositions at the office of Riker, Danzig, Scherer, Hyland & Perretti LLP, Headquarters Plaza, One Speedwell Avenue, Morristown, New Jersey, at such times and at such dates as the parties shall mutually agree to within five (5) days after such written notice, and if they are unable to do so, on such dates and at such times as directed by this Court; and it is further

ORDERED that defendants shall produce the following documents to plaintiffs' counsel at the abovementioned offices within five (5) days after the entry of this Order:

K. As a condition of the entry of this TRO Mr. Park shall be paid his GROSS MONTHLY PAY.

(A) Any employment contracts, confidentiality agreements, restrictive covenants, non-solicitation agreements and/or non-compete agreements, or any other agreements, and any drafts thereof, exchanged between Park and Stentys, or that Park will be required or has already or will be requested to sign in connection with his employment at Stentys;

(B) All agreements executed between Park and Stentys;

(C) Copies of all form employment agreements, employment contracts, non-disclosure agreements, trade secret agreements, confidential information agreements, non-compete agreements, non-solicitation agreements and/or restrictive covenants utilized by Stentys; (not to include personal information, compensation etc.)

(D) All documents reflecting communications, whether oral, written or electronic between Park and Stentys and any representatives or agents of Park or Stentys (including but not limited to any "head hunter" or employment agency representing Park or Stentys) from March 1, 2008 to the present concerning Park's employment by Stentys. Such documents include, but are not limited to, correspondence, letters, memoranda and emails, regardless of the media in which the emails are stored and whether such emails were issued from or received by Park's work email account or personal email account;

(E) All documents reflecting communications, whether oral, written or electronic, between Park and Stentys and any representatives or agents of Park and Stentys from March 1, 2008 to the present. Such documents include, but are not limited to, correspondence, letters, memoranda and emails, regardless of the media in which the emails are stored and whether such emails were issued from or received by Park's work email account or personal email account;

(F) Any and all correspondence from March 1, 2008 to the present between Stentys and/or any "head hunter" or employment agency representing Stentys, and any other employee of plaintiff;

(G) Any and all documents and/or things provided by Park to Stentys or by Stentys to Park;

(H) Any and all documents, things and Confidential Information as defined above that Park has removed from plaintiffs or received in connection with his employment at plaintiffs, that he has not returned to plaintiffs or that are presently in his care, custody or control;

(I) All documents concerning the events leading up to Park's resignation from Cordis;

(J) All documents reflecting Park's job description at Stentys including, but not limited to, written job descriptions;

(K) All documents concerning the steps Park and Stentys plan to take to assure that Park does not breach his obligations to plaintiffs in whatever position he is assigned to at Stentys;

(L) All documents concerning the operating divisions of Stentys and how such operating divisions are kept separate;

(M) All information concerning Stentys' research and development efforts and plans, pipeline products, testing methods and procedures for all products, design and material specifications for all products~~, cost of operations for all products and material and manufacturing techniques and technologies~~;

(N) Park's calendars, date books and/or appointment books for March 1, 2008 to the present; and (Entries reflecting work performed for plaintiff and entries reflecting contacts with defendant or defendant's representatives);

(O) A Consent Confidentiality Order will be presented to the Court ASAP.

ORDERED that defendants shall be entitled to appropriate reciprocal discovery; and it is further

ORDERED that:

1. The defendants may move to dissolve or modify the temporary restraints herein contained on two (2) days notice to plaintiffs' attorneys.

2. A copy of this order to show cause, verified complaint, legal memorandum and any supporting affidavits or certifications submitted in support of this application be served upon defendants (i) personally, (ii) by overnight delivery and/or facsimile or (iii) by certified mail, return receipt requested and first class mail, to defendants' office or residence or to the address of their attorney or registered agent, within _____ days of the date hereof, in accordance with R. 4:4-3 and R. 4:4-4, this being original process. (Served)

3. Plaintiffs must file with the court their proof of service of the pleadings on defendants no later than three (3) days before the return date.

4. Defendants shall file and serve a written response to this order to show cause and the request for entry of injunctive relief and proof of service by August 7, 2008. The original documents must be filed with the Clerk of the Superior Court in the county listed above. A list of these offices is provided. You must also send a copy of your opposition papers directly to the Honorable ~~Alexander P. Waugh,~~ [handwritten: illegible] Jr., whose address is Middlesex County Courthouse, 1 JFK Square, New Brunswick, New Jersey 08903-0964. You must also send a copy of your opposition papers to the plaintiffs' attorney whose name and address appears above, or to the plaintiffs, if no attorney is named above. A telephone call will not protect your rights; you must file your opposition and serve your opposition on your adversary, if you want the court to hear your opposition to the injunctive relief that plaintiffs are seeking.

5. Plaintiffs must file and serve any written reply to defendants' order to show cause opposition by August 7, 2007. The reply papers must be filed with the Clerk of the Superior Court in the county listed above and a copy of the reply papers must be sent directly to the chambers of Judge Waugh.

6. If defendants do not file and serve opposition to this order to show cause, the application will be decided on the papers on the return date and relief may be granted by default, provided that plaintiffs file a proof of service and a proposed form of order at least three days prior to the return date.

7. If plaintiffs have not already done so, a proposed form of order addressing the relief sought on the return date (along with a self-addressed return envelope with return address and postage) must be submitted to the court no later than three (3) days before the return date.

8. Defendants take notice that plaintiffs have filed a lawsuit against you in the Superior Court of New Jersey. The verified complaint attached to this order to show cause states the basis of the lawsuit. If you dispute this complaint, you, or your attorney, must file a written answer to the complaint and proof of service within 35 days from the date of service of this order to show cause; not counting the day you received it.

These documents must be fled with the Clerk of the Superior Court in the county listed above. A list of these offices is provided. Include a $135.00 filing fee payable to the "Treasurer State of New Jersey." You must also send a copy of your Answer to plaintiffs' attorney whose name and address appear above. A telephone call will not protect your rights; you must file and serve your Answer (with the fee) or judgment may be entered against you by default. Please note: Opposition to the order to show cause is not an Answer and you must file both. Please note


further: if you do not file and serve an Answer within 35 days of this Order, the Court may enter a default against you for the relief that plaintiffs demand.

9. If you cannot afford an attorney, you may call the Legal Services office in the county in which you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

10. The Court will entertain argument, ~~but not~~ and testimony, on the return date of the order to show cause, ~~unless the court and parties are advised to the contrary no later than ___ days before the return date~~.

No summons shall issue.

Hon. ~~Alexander P. Waugh, P.J.Ch.~~
Franklin M. Ciuffreda

3870335

ATLANTIC COUNTY:
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

BERGEN COUNTY:
Deputy Clerk of the Superior Court
Case Processing Section, Room 119
Justice Center, 10 Main St.
Hackensack, NJ 07601-0769

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

BURLINGTON COUNTY:
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

CAMDEN COUNTY:
Deputy Clerk of the Superior Court
Civil Processing Office
1st Fl., Hall of Records
101 S. Fifth St.
Camden, NJ 08103

LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

CAPE MAY COUNTY:
Deputy Clerk of the Superior Court
9 N. Main Street
Box DN-209
Cape May Court House, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

CUMBERLAND COUNTY:
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Sts., P.O. Box 615
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 692-6207
LEGAL SERVICES
(856) 451-0003

ESSEX COUNTY:
Deputy Clerk of the Superior Court
50 West Market Street
Room 131
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6207
LEGAL SERVICES
(973) 624-4500

GLOUCESTER COUNTY:
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street, P.O. Box 129
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

HUDSON COUNTY: Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House-- 1st Floor
583 Newark Ave.
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

HUNTERDON COUNTY:
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

MERCER COUNTY:
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

MIDDLESEX COUNTY:
Deputy Clerk of the Superior Court
Administration Building
Third Floor
1 Kennedy Sq., P.O. Box 2633
New Brunswick, NJ 08903-2633

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

MONMOUTH COUNTY:
Deputy Clerk of the Superior Court
Court House
71 Monument Park
P.O. Box 1269
Freehold, NJ 07728-1269

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

MORRIS COUNTY:
Deputy Clerk of the Superior Court
Civil Division
30 Schuyler Pl., P.O. Box 910
Morristown, NJ 07960-0910

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

OCEAN COUNTY:
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

PASSAIC COUNTY:
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton St.
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 345-7171

SALEM COUNTY:
Deputy Clerk of the Superior Court
92 Market St., P.O. Box 18
Salem, NJ 08079

LAWYER REFERRAL
(856) 935-5628
LEGAL SERVICES
(856) 451-0003

SOMERSET COUNTY:
Deputy Clerk of the Superior Court
Civil Division Office
New Court House, 3rd Fl.
P.O. Box 3000
Somerville, NJ 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

SUSSEX COUNTY:
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

UNION COUNTY:
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

WARREN COUNTY:
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 475-2010

Date: June 29, 2008
To: Mrs. Kathy Vigue, VP, Device Development

Dear Mrs. Vigue

This letter is in response to your request regarding my prospective employment. In your request, you ask that I refrain from proceeding with my employment with Stentys.
Your request alleges that my employment with Stentys violates the express terms of paragraph 6 of the non-compete agreement I have in place with Cordis. As I mentioned earlier during our meeting, I do not believe there is any violation of the non-compete agreement.

First of all, I do not share your concern about my involvement in the project containing nitinol components. The nitinol technology is commonly practiced in the medical industry and well known to Cordis due to its affiliation with NDC. My expertise in the technology was also brought with me to Cordis and there has been no additional training provided to me on the subject by the company. Therefore, my involvement in nitinol technology/device should not be an issue.

You also mentioned about my experience with the coronary stent projects which you consider to be in conflict with my new potential employment. The project that you have mentioned only involves a stent design that is balloon-expandable in nature and its mechanism is distinctively different from that of self-expanding stents. It is also for straight vessels and it is neither indicated nor dedicated to bifurcations, which everyone in the interventional cardiology industry knows and acknowledges is a different beast and disease and requires its own design and technology   I have not worked on nor have I been involved with coronary bifurcations while at Cordis, therefore, there should not be any conflict of interest or non-public information that I could've learned while at Cordis with respect to stent design or technologies dedicated for bifurcations.

Since you consider Stentys as a competitor, I would also like to ask why so many people from Cordis have left the company recently on their own to work for similar start-up companies without any legal problems and why am I being discriminated against.

I have worked very hard in the last seven years at Cordis and for the hard work and dedication, I was recognized with the 2001 Hoffman Scientist award. I believe I have made a significant contribution to the AAA project which is now one of the major projects and I'd also like to believe