# Exhibit 7

**8**

JANREM0113629

RIKER, DANZIG, SCHERER, HYLAND & PERRETTI LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962-1981
(973) 538-0800

Attorneys for Plaintiffs
Johnson & Johnson, DePuy Orthopaedics, Inc.
and DePuy Products, Inc.

**FILED**

**JUN 12 2008**

Judge Alexander P. Waugh, Jr.

| | |
|---|---|
| JOHNSON & JOHNSON, DEPUY SPINE, INC. and DEPUY, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>STEVEN McALLISTER, BIOMET, INC., EBI HOLDINGS, INC. and EBI, LP,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION<br>MIDDLESEX COUNTY<br>DOCKET NO. MID-C-227-07<br><br>CIVIL ACTION<br><br>**CONSENT DECREE** |

The Plaintiffs, Johnson & Johnson, DePuy Spine, Inc. ("DePuy Spine") and DePuy, Inc. (jointly, "Plaintiffs"), and the Defendants, Steven McAllister ("Mr. McAllister"), Biomet, Inc. ("Biomet"), EBI Holdings, Inc. and EBI, LP (jointly, "Defendants"), having entered into a Settlement and Release Agreement, desire to settle all matters in issue, and the Court, being duly advised in the premises;

IT IS on this 12th day of June, 2008,

ORDERED, that his Decree shall be the final judgment with prejudice of the Court and is a full resolution of all claims addressed herein; and it is further

ORDERED that the Court has jurisdiction over the subject matter of this action and have personal jurisdiction over the parties hereto; and it is further



JANREM0113631

ORDERED that Defendants are hereby enjoined and restrained as follows through September 24, 2008:

1. Mr. McAllister shall not participate in any strategic planning or meetings, including email exchanges, any type of document exchanges, telephone conferences, and in-person meetings regarding Biomet, Inc.'s, EBI, LP's and EBI Holdings, Inc.'s (collectively "Biomet's") strategies or strategic planning. Strategies and strategic planning include the following areas: (a) global foot print strategies with regard to where Biomet should open new facilities, close facilities, or change already existing facilities; (b) how Biomet could change its manufacturing process or the technology and equipment it uses to make its facilities more efficient and/or less costly; (c) pricing strategies; (d) pipeline products or how Biomet can change its current products; (e) negotiating contracts with strategic planners, suppliers and distributors; (f) negotiating royalty or licensing agreements; (g) distribution strategies, meaning Mr. McAllister shall not contact any distributors and/or shall not be involved in deciding, advising or planning, including negotiating contracts, with regard to the methods and plans by which Biomet distributes products to its sales representatives, third parties and/or customers and the methods and plans by which Biomet's sales representatives and/or third parties distribute products to clients: (h) marketing and sales plans and/or strategies; and (i) sales force plans and/or strategies. With regard to subsections (h) and (i) only, Mr. McAllister is not prohibited from compiling or assembling data he receives from other Biomet employees concerning the areas identified in (h) and (i), but he shall not be involved in the decision making process or provide advice concerning such areas.

2. Mr. McAllister shall not participate in communications regarding DePuy Orthopaedics, Inc., DePuy Spine, Inc., DePuy Mitek, Inc. or Codman & Shurtleff, Inc.

2

(collectively "DePuy"), including email exchanges, any type of document exchanges, telephone conferences and in-person meetings.

3.  Mr. McAllister shall not solicit any DePuy employees, or be involved in their hiring in any respect:

4.  Mr. McAllister shall nor use or disclose any of DePuy's Confidential Information, as defined by the Employee Secrecy, Non-Competition and Non-Solicitation Agreement that he executed with DePuy Spine, Inc., to Biomet or any other third parties.

5.  This Consent Order shall be of no further force and effect after September 24, 2008, and thereafter DePuy shall have no further right or ability to enforce the terms, conditions or obligations contained herein, or alleged to be contained in any actual or alleged employment agreements, whether written, oral, implied or otherwise, between DePuy and McAllister; except, however, the obligations of paragraphs 1(d) and 4 herein shall continue indefinitely after September 24, 2008.

ORDERED that after such restrictions have been raised Mr. McAllister will continue to abide by his obligations to Plaintiffs in regard to maintaining the confidentiality of Plaintiffs' confidential information and trade secrets; and it is further

ORDERED that pursuant to the parties' joint stipulation and agreement herein, this Court retains personal jurisdiction over the Defendants, and retains exclusive jurisdiction to resolve disputes arising out of this Consent Decree and the Settlement and Release Agreement, including but not limited to a motion for contempt of court alleging that the terms of the Consent Decree have been violated; and it is further

ORDERED that Plaintiffs' counsel will serve a "filed" copy of this Order on Defendants' counsel within __7__ days of receipt hereof.

Alexander P. Waugh, Jr., P.J.Ch.

3

Distribution to:

Stephen R. Snyder
SNYDER, BIRCH & MORGAN, LLP
200 West Main Street
Syracuse, Indiana 46567

William N. Howard
Douglas A. Albritton
FREEBORN & PETERS LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606

Dwight D. Lueck
Aaron M. Staser
BARNES & THORNBURG LLP
11 South Meridian Street, Suite 1313
Indianapolis, Indiana 46204

Gary C. Furst
BARNES & THORNBURG LLP
600 One Summit Square
Fort Wayne, IN 46802-3119

INDS02 DDL 948065v2