IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANSSEN BIOTECH, INC., </br></br> Plaintiff, </br></br> v. </br></br> CELLTRION HEALTHCARE CO., LTD., CELLTRION, INC., and HOSPIRA, INC., </br></br> Defendants. | Civil Action No. 1:17-cv-11008-MLW |

### JANSSEN'S LIST OF PENDING MOTIONS[1]

Following the October 12, 2017 proceedings, the Court ordered the parties to provide a list of the pending motions in the case and whether they should be decided before or after the close of damages discovery. (10/12/2017 Lobby Conf. Tr. 6.) The Court also ordered that, after the close of damages discovery on March 16, 2018, the parties are "to confer and report by March 30 whether either side feels it has a proper basis for a motion for summary judgment . . . ." (*Id.* at 5-6.)

Janssen's list of pending motions follows.

**I.     PENDING SUMMARY JUDGMENT MOTION**

Defendants moved for partial summary judgment of non-infringement of the '083 patent on several grounds (Dkt. No. 264), as to all but one of which the Court denied the motion. The only remaining aspect of Defendants' partial summary judgment motion is whether Defendants are entitled to judgment as a matter of law on Janssen's claim of inducement of infringement

---

[1] All cited docket numbers are with reference to Case No. 1:15-cv-10698-MLW which, pursuant to the dismissal order in that case (Dkt. No. 584), are considered part of the record in this case.

with respect to Defendant Hospira.  (*See* Dkt. No. 265, at 17-19.)  At oral argument on Defendants' motion, the Court requested supplemental briefing on whether Hospira is liable for infringement on theories of joint enterprise, agency, or contract.  (Dkt. No. 344; Dkt. No. 378.)  The Court has yet to decide this aspect of Defendants' motion.

Because the undecided aspect of Defendants' motion impacts the scope of Janssen's infringement claim and therefore, potentially, the scope of its damages theory, Janssen believes that this motion should be resolved before the close of damages discovery.

## II.     MOTIONS *IN LIMINE*

### A.     Janssen's Motions

#### 1.     Janssen's Motion *in Limine* to Limit the Testimony of Michael Glacken (Dkt No. 341; Dkt. No. 343)

Janssen moved to preclude Defendants' technical expert Dr. Glacken from presenting certain testimony before the jury based on Fed. R. Evid. 702 and principles of patent law.  Specifically, Janssen moved to preclude Dr. Glacken from (a) testifying before the jury as to purported legal limitations on the doctrine of equivalents, such as vitiation, ensnarement, and notice to potential infringers, (b) incorrectly conflating the test for obviousness with the test for infringement under the doctrine of equivalents, (c) presenting testimony regarding indefiniteness or that the claims are obvious, and (d) introducing for the first time an opinion that the differences between the '083 patent and the accused products are substantial as a matter of science.

Janssen does not anticipate that resolution of this motion will have any impact on the scope of damages discovery.  As a result, Janssen does not believe this motion needs to be resolved until prior to trial.

>   **2.   Janssen's Motion *in Limine* to Exclude Evidence or Argument About the Alleged Price Benefits to the Public from Defendants' Biosimilar Product, Describing Inflectra as a Generic Drug, or Concerning Janssen's Prices, Revenues, and Profits ("Janssen's MIL No. 1") (Dkt. No. 375; Dkt. No. 376, at 1-3)**

Janssen's MIL No. 1 seeks to preclude Defendants from offering evidence or argument: (a) that their biosimilar drug would benefit the public by being available at a lower price than Remicade® or competing with Remicade®; (b) referring to Inflectra® as a generic drug; or (c) concerning Janssen's prices, revenues, or profits on Remicade®. Such evidence and argument would not be relevant to any issue in this case and would only serve to prejudice the jury. It should be excluded under Federal Rules of Evidence 402 and 403.

Janssen's MIL No. 1 will remain relevant if trials on liability and damages are bifurcated, as Janssen believes they should be. However, this motion need not be resolved until prior to trial.

>   **3.   Janssen's Motion *in Limine* to Exclude Evidence or Argument Regarding Prior Unrelated Proceedings in This Case and Other Patents Relating to Infliximab or Methods for Using Infliximab ("Janssen's MIL No. 2") (Dkt. No. 375; Dkt. No. 376, at 4-5)**

Janssen's MIL No. 2 seeks to preclude Defendants from offering evidence or argument regarding: (a) prior unrelated proceedings in this case, including this Court's decisions granting summary judgment that the asserted claims of the '471 patent are invalid for obviousness-type double patenting; and (b) patents covering infliximab or methods of using infliximab. Such evidence and argument would not be relevant to any issue in this case and would only serve to prejudice the jury. Such evidence and argument should therefore be excluded under Federal Rules of Evidence 402 and 403.

Janssen's MIL No. 2 remains undecided and, in Janssen's view, does not need to be resolved before the close of damages discovery.

    **4.    Janssen's Motion *in Limine* to Exclude Evidence or Argument of Non-Infringement Based on The Presence of Unclaimed Ingredients as Contrary to the Court's Claim Construction Ruling ( "Janssen's MIL No. 3") (Dkt. No. 375; Dkt. No. 376, at 5-8)**

Defendants contended that the term "cell culture media" in claim 1 of the '083 patent should be construed as limited to "chemically defined" or "protein-free" media and therefore not to cover cell culture media like the Defendants' that include unclaimed ingredients that are not chemically defined or are proteins. (Dkt. No. 145, at 2-3.)  The Court ruled in Janssen's favor, construing the term "cell culture media" in claim 1 as meaning "nutritive media for culturing cells." (Dkt. No. 226, at 5-6.)  As explained in Janssen's MIL No. 3, based on the Court's construction, Defendants should not be permitted to make arguments or introduce evidence implying that the presence of unclaimed ingredients is indicative of non-infringement.  Such evidence and arguments are inadmissible under Fed. R. Evid. 402 or 403, as they are both irrelevant and likely to confuse a jury.

Janssen's MIL No. 3 remains undecided and, in Janssen's view, need not be resolved before the close of damages discovery.

    **B.    Defendants' Motions**

Defendants brought a *Daubert* motion challenging the testimony of Janssen's technical experts. (Dkt. No. 339.)  Defendants brought five additional motions *in limine*:

- Defendants' Motion *in Limine* No. 1 to Preclude Evidence and Argument Regarding Alleged Copying (Dkt. No. 361)

- Defendants' Motion *in Limine* No. 2 to Preclude Evidence and Argument Regarding Remicade® (Dkt. No. 363)

- Defendants' Motion *in Limine* No. 3 to Preclude Evidence and Argument Regarding Discovery Communications (Dkt. No. 365)

- Defendants' Motion *in Limine* No. 4 to Preclude Evidence and Argument from Janssen Concerning Change to Media Compositions from Singapore (Dkt. No. 370)

- Defendants' Motion *in Limine* No. 5 to Preclude Argument Regarding Active Inducement Prior to April 2016 (Dkt. No. 372)

All of Defendants' motions *in limine* remain undecided. In Janssen's view, they do not need to be decided before the close of damages discovery.

### III. ANTICIPATED DAMAGES SUMMARY JUDGMENT MOTIONS

In the October 12, 2017 lobby conference, the Court ordered that, after the close of damages discovery on March 16, 2018, the parties are "to confer and report by March 30 whether either side feels it has a proper basis for a motion for summary judgment . . . ." (10/12/2017 Lobby Conf. Tr. 5-6.) Janssen intends to comply with this order by the deadline set by the Court. At this time, while damages discovery is still in its early stages, Janssen has not identified which, if any, summary judgment motions it will file with respect to damages.

In their submission of today, Defendants identified three damages-related summary judgment motions that they seek to file. Although Defendants informed Janssen in August that they were contemplating damages-related dispositive motions, they did not confer with Janssen in connection with today's submission.

Janssen believes that the three damages-related summary judgment motions raised by Defendants are premature and may turn out to be, at least in part, unnecessary. For example, with respect to the first damages-related motion Defendants identified—concerning the availability of damages with respect to extraterritorial sales of Inflectra®—Janssen has not yet determined whether and, if so, on what basis, it will seek such damages. Janssen acknowledges that the Federal Circuit's decisions in *Power Integrations, Inc. v. Fairchild Semiconductor Int'l,*

*Inc.*, 711 F.3d 1348 (Fed. Cir. 2013), and *WesternGeco L.L.C. v. ION Geophysical Corp.*, 791 F.3d 1340 (Fed. Cir. 2015), limit the ability of patentees to obtain damages based on extraterritorial sales.  Janssen does not intend to pursue a damages theory contrary to controlling law.[2]  At this stage of the proceedings, prior to the completion of fact or expert discovery on damages,[3] and before Janssen has fully developed its theories of damages, it would be premature to engage in motion practice on this issue.

Defendants' remaining proposed damages-related summary judgment motions concern (1) whether Janssen is entitled to damages based on domestic sales of Inflectra® based on the territorial limits on the patent laws and patent damages, and (2) the appropriate date for assessing the availability of non-infringing alternatives.  Both of these issues have already been the subject of guidance from the Court after full briefing from the parties.  (Dkt. No. 518.)  Janssen does not believe that any further order from the Court on these issues is necessary, or even possible, prior to the close of damages discovery.

---

[2] We note that the Federal Circuit's decision in *WesternGeco* is the subject of a pending petition for writ of *certiorari*, (Case No. 16-1011), and the Supreme Court has called for the views of the Solicitor General.

[3] In their submission of today, Defendants asserted that Janssen is seeking discovery based on extraterritorial sales.  Defendants' financial benefit, both inside and outside the United States, from their U.S.-based infringement of a U.S. patent is relevant to the economic value of the patented product to the Defendants, and thus to the reasonable royalty it would command in a hypothetical negotiation.  *See, e.g.*, *GE Healthcare Bio-Sciences AB v. Bio-Rad Labs., Inc.*, No. 1:14-CV-7080-LTS-SN, 2015 U.S. Dist. LEXIS 159419 (S.D.N.Y. Nov. 25, 2015) (ordering production of foreign sales information because it is "relevant to GE's claim for damages for allegedly infringing activities in the United States since it has, at a minimum, implications for the valuation of the invention" and is not "precluded by the presumption against extraterritoriality"); *see also Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, 807 F.3d 1283, 1307 (Fed. Cir. 2015) (stating that defendant's foreign sales were "strongly enough tied to its domestic infringement as a causation matter to have been part of the hypothetical negotiation agreement").  The parties have not yet met and conferred in an attempt to resolve any dispute regarding the discovery of such information.  If a dispute remains, the parties will bring it to the Court's attention as prescribed by the Federal Rules of Civil Procedure and the Local Rules of this Court.

To the extent that the Court intends to take any actions based on Defendants' requests to have early briefing on the damages-related summary judgment motions, Janssen respectfully requests until next Thursday, October 26, 2017, to respond to Defendants' requests.

Respectfully Submitted,

Dated: October 19, 2017

*Of Counsel*
Gregory L. Diskant (admitted *pro hac vice*)
gldiskant@pbwt.com
Aron Fischer (admitted *pro hac vice*)
afischer@pbwt.com
Andrew D. Cohen (admitted *pro hac vice*)
acohen@pbwt.com
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036-6710
212-336-2000
FAX: 212-336-2222

*/s/ Heather B. Repicky*
Heather B. Repicky (BBO # 663347)
hrepicky@nutter.com
Alison C. Casey (BBO #688253)
acasey@nutter.com
NUTTER MCCLENNEN & FISH LLP
Seaport West
155 Seaport Boulevard
Boston, MA 02210
617-439-2000
FAX: 617-310-9192

*Attorneys for Plaintiff Janssen Biotech, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on October 19, 2017, this document, filed through the ECF system, will be sent electronically to the parties or their counsel who are registered participants as identified on the Notice of Electronic Filing and if not so registered, that copies will be electronically mailed to such parties or their counsel.

/s/ *Heather B. Repicky*