**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JANSSEN BIOTECH, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CELLTRION HEALTHCARE CO., LTD.,<br>CELLTRION, INC., and<br>HOSPIRA, INC.<br><br>Defendants. | No. 1:17-cv-11008<br><br>**PUBLIC**<br>**REDACTED VERSION** |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE CERTAIN OPINIONS OF MICHAEL BUTLER AND RICHARD LIT REGARDING DAMAGES AND INFRINGEMENT**

# TABLE OF CONTENTS


**I. INTRODUCTION** .......... **1**

**II. FACTUAL BACKGROUND** .......... **3**

**III. LEGAL STANDARD** .......... **4**

**IV. ARGUMENT** .......... **5**

A. The Court should exclude Dr. Butler's and Mr. Lit's opinions regarding infringement under § 271(f) because they addressed only a fraction of the statutory requirements. .......... 5

B. The Court should also exclude Dr. Butler's and Mr. Lit's opinions regarding infringement under § 271(f) because it does not require expertise. .......... 7

C. The Court should exclude Dr. Butler's analysis because he admits he performed no analysis. .......... 9

**V. CONCLUSION** .......... **11**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AAMP of Fl., Inc v. Auto. Data Sols., Inc.*,
No: 8:13-cv-2019, 2015 WL 12843845 (M.D. Fla. Oct. 8, 2015) ....... 7

*Burst v. Shell Oil Co.*,
120 F. Supp. 3d 547 (E.D. La. 2015) ....... 3, 9

*Carapellucci v. Town of Winchester*,
707 F. Supp. 611 (D. Mass. 1989) ....... 7

*Cosenza v. Marshall*,
568 F. Supp. 2d 78 (D. Mass. 2007) ....... 8

*Daubert v. Merrell Dow Pharm., Inc.*,
509 U.S. 579 (1993) ....... 4, 7

*U.S. ex rel. Dyer v. Raytheon Co.*,
No. 08–10341–DPW, 2013 WL 5348571 (D. Mass. Sept. 23, 2013) ....... 2, 7, 9

*Hecht v. Waterville Dev. Corp.*,
No. 05–cv–462, 2007 WL 542151 (D.N.H. Feb. 16, 2007) ....... 2

*Life Techs. Corp. v. Promega Corp.*,
137 S. Ct. 734 (2017) ....... 2, 8

*Liquid Dynamics Corp. v. Vaughn Co., Inc.*,
449 F.3d 1209 (Fed. Cir. 2006) ....... 5

*Martinez v. Porta*,
601 F. Supp. 2d 865 (N.D. Tex. 2009) ....... 7

*McGovern ex rel. McGovern v. Brigham & Women's Hosp.*,
584 F. Supp. 2d 418 (D. Mass. 2008) ....... 4

*Mooring Capital Fund, LLC v. Phoenix Cent., Inc.*,
No. CIV–06–0006–HE, 2009 WL 4263359 (W.D. Okla. Feb. 12, 2009) ....... 9

*Panduit Corp. v. Stahlin Bros. Fibre Works*,
575 F. 2d 1152 (6th Cir. 1978) ....... 1

*Threet v. Corr. Health Care Mgmt. of Oklahoma, Inc.*,
No. CIV-07-0943-HE, 2009 WL 3335596 (W.D. Okla. Oct. 15, 2009) ....... 10

*United States v. Pires*,
642 F.3d 1 (1st Cir. 2011) ... 3, 9

*United States v. Tetioukhine*,
725 F.3d 1 (1st Cir. 2013) ... 4

*Zoltek Corp. v. United States*,
672 F.3d 1309 (Fed. Cir. 2012) (Dyk, J., dissenting) ... 5

**Statutes**

35 U.S.C. § 271(a) ... 1, 5, 7

35 U.S.C. § 271(f)(1) ... *passim*

**Rules**

Fed. R. Evid. 403 ... 7

Fed. R. Evid. 702(a) ... 4, 7

## I. INTRODUCTION

The Court should exclude the opinions of Janssen expert witnesses Dr. Michael Butler and Richard Lit relating to whether cell culture media made in Singapore infringes U.S. Patent No. 7,598,083 ("'083 patent"). When Janssen filed this case, it asserted infringement by two cell culture media products made in Logan, Utah by GE HyClone. In 2016, during the liability phase of the case, GE HyClone moved manufacturing of the accused cell culture media from Utah to Singapore. Janssen went through all liability discovery, served liability expert reports, and was ready to go to trial on liability issues in early 2017, having never once asserted that the Singapore-made media infringes. [redacted]

The ability to make the media in Singapore plays a critical role in the damages portion of the case. To carry its burden on its lost profits damage claim, Janssen must prove (among other things) the absence of a non-infringing alternative cell culture media. *Panduit Corp. v. Stahlin Bros. Fibre Works*, 575 F. 2d 1152, 1156 (6th Cir. 1978). One of Defendants' proffered non-infringing alternatives is that GE HyClone could have manufactured the accused cell culture media at GE HyClone's Singapore facility (as it actually now does in the real world). Making the accused media in Singapore would be a non-infringing alternative because to infringe, the accused media has to be made "within the United States." 35 U.S.C. § 271(a). Thus, Janssen realized its approach regarding the Singapore media would gut its [redacted]

So in late 2017, Janssen changed course and added a new claim that the Singapore media infringes under 35 U.S.C. § 271(f)(1), followed by a proffer of damages "expert" reports, one from Dr. Michael Butler and one from Richard Lit, asserting that the Singapore media is not a non-infringing alternative because it infringes under § 271(f)(1). Infringement under § 271(f)(1) has four requirements: (1) a party supplied or caused to be supplied from the United States components

of a patented invention, (2) the components supplied from the United States are "all or a substantial portion of the components of a patented invention," (3) the components are "uncombined in whole or in part," and (4) the components are supplied in a "manner as to actively induce the combination of such components outside of the United States in a manner that would infringe the patent if such combination occurred within the United States." 35 U.S.C. § 271(f)(1).

Dr. Butler's and Mr. Lit's opinions on § 271(f)(1) should be excluded for two reasons. First, Dr. Butler and Mr. Lit opine that Singapore-made media infringes the '083 patent, but neither one actually analyzed all of the elements of § 271(f)(1). They only "analyzed" whether a "substantial portion" of the components are supplied from the United States, and ignored the rest. [redacted]

Second, the single element Dr. Butler and Mr. Lit did "analyze"—whether the ingredients exported from the United States to Singapore constitute, numerically, "a substantial portion" of the patented invention—is not an expert opinion. It requires no scientific, technical, or regulatory expertise—it is just a simple "quantitative" counting exercise. *Life Techs. Corp. v. Promega Corp.*, 137 S. Ct. 734, 743 (2017). Indeed, this Court already noted that "the substantiality of a portion of the patented components for 271(f) analysis is a quantitative measure[ment]" and that "might limit expert testimony." *See* Dkt. 187 at 132:1–10. By proffering expert reports on this issue, Janssen seeks to put an "expert sheen on matters well within the jury's own ordinary experience and common sense," in this case, simple arithmetic. *U.S. ex rel. Dyer v. Raytheon Co.*, No. 08–10341–

DPW, 2013 WL 5348571, at *12 (D. Mass. Sept. 23, 2013) (quoting *Hecht v. Waterville Dev. Corp.*, No. 05–cv–462, 2007 WL 542151, at *2 (D.N.H. Feb. 16, 2007)). Courts are rightfully concerned about allowing such testimony: because expert "testimony can carry with it an unwarranted 'aura of special reliability and trustworthiness,' courts must guard against letting it intrude in areas that jurors, by dint of common experience, are uniquely competent to judge without the aid of experts." *United States v. Pires*, 642 F.3d 1, 12 (1st Cir. 2011).

Finally, the Court should exclude Dr. Butler's opinion on § 271(f)(1) because he merely parrots Mr. Lit's opinions, and performed no additional substantive analysis. An expert should not be permitted to adopt another expert's opinions "wholesale," perform no analysis of his own, and thus testify as a "me too" expert with no reliable basis for his own opinion. *See, e.g.*, *Burst v. Shell Oil Co.*, 120 F. Supp. 3d 547, 554 (E.D. La. 2015) (excluding proffered expert's testimony). Consequently, Dr. Butler's and Mr. Lit's § 271(f)(1) opinions should be excluded.

## II. FACTUAL BACKGROUND

At the outset of this case, Janssen alleged that two cell culture media made in Logan, Utah by GE HyClone infringe the '083 patent. Dkt. 1 (Complaint) at ¶ 1. In 2016, Celltrion began purchasing the accused media from GE HyClone's facility in Singapore. Janssen, despite being aware of this change in sourcing, did not allege that the Singapore-made versions of these media infringed the '083 patent for fourteen months.

During damages discovery in December 2017, when confronted with the Singapore media as a non-infringing alternative, Janssen filed a new counter-claim alleging for the first time that the Singapore-made media infringes under 35 U.S.C. § 271(f)(1). Dkt. 94 ¶¶ 33–51. In response to subpoenas from Janssen and Defendants, GE HyClone produced [redacted]

[redacted]

The substance of both Dr. Butler's and Mr. Lit's opinions related to § 271(f)(1) is set forth in "supplemental" opening reports that each served almost two months after their opening reports. Ex. 4 (Lit Supp.); Ex. 5 (Butler Supp.). The only element of § 271(f)(1) either "analyzed" was whether "all or a substantial proportion of the media components were supplied from the United States to be combined in Singapore." *See, e.g.*, Ex. 6 (Lit Op.) ¶ 24; Ex. 4 (Lit Supp.) ¶ 8; Ex. 7 (Lit Reply) ¶ 24. [redacted] Neither Dr. Butler nor Mr. Lit substantively analyze the other elements of § 271(f)(1), such as whether Celltrion or Hospira supply or cause to be supplied the claimed components, and whether there is any relevant intent.

## III. LEGAL STANDARD

Federal Rule of Evidence 702 "assign[s] to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993). The burden is on Janssen, as the proponent of the expert at issue, to prove that each of the requirements of Rule 702 are met by the preponderance of the evidence. *United States v. Tetioukhine*, 725 F.3d 1, 6 (1st Cir. 2013); *McGovern ex rel. McGovern v. Brigham & Women's Hosp.*, 584 F. Supp. 2d 418, 422 (D. Mass. 2008).

## IV. ARGUMENT

### A. The Court should exclude Dr. Butler's and Mr. Lit's opinions regarding infringement under § 271(f) because they addressed only a fraction of the statutory requirements.

Although Dr. Butler and Mr. Lit opine that "the Singapore Media in fact infringe the '083 patent and are therefore not a non-infringing alternative," they did not consider all of the requirements of that section. *See* Ex. 9 (Butler Op.) ¶ 125. Section 271(f)(1) states:

> Whoever without authority supplies or causes to be supplied in or from the United States all or a substantial portion of the components of a patented invention, where such components are uncombined in whole or in part, in such manner as to actively induce the combination of such components outside of the United States in a manner that would infringe the patent if such combination occurred within the United States.

35 U.S.C. § 271(f)(1). Thus, in order to make out a case of infringement under § 271(f), one must prove that (1) a party supplies (or causes to be supplied) from the United States components of a patented invention, (2) the components are "all or a substantial portion of the components of a patented invention," (3) the "components are uncombined in whole or in part," and (4) the components are supplied "in such manner as to actively induce the combination of such components outside of the United States in a manner that would infringe the patent if such combination occurred within the United States." 35 U.S.C. § 271(f)(1). The statute's "active[] induce[ment]" prong includes "a requisite showing of intent." *Liquid Dynamics Corp. v. Vaughn Co., Inc.*, 449 F.3d 1209, 1222 (Fed. Cir. 2006); *see also Zoltek Corp. v. United States*, 672 F.3d 1309, 1334 n.6 (Fed. Cir. 2012) (Dyk, J., dissenting) (noting that the text of § 271(f)(1) mimics the language of § 271(b) and the text of § 271(f)(2) mimics the language of § 271(c)).

Dr. Butler and Mr. Lit substantively "analyzed" only one of the elements, [redacted]

[redacted]

Dr. Butler and Mr. Lit offer no substantive opinion or analysis on any other aspect of § 271(f)(1). [redacted] Their reports contain no analysis in support of Janssen's allegation that Celltrion and Hospira caused these raw materials to be supplied from the United States. Dkt. 94 ¶¶ 33–51.

Likewise, neither expert considered or offered an opinion on whether Celltrion and Hospira (or GE HyClone) "actively induce[d] the combination of such components outside of the United States in a manner that would infringe the patent if such combination occurred within the United States." 35 U.S.C. § 271(f)(1); *see e.g.*, Ex. 2 (Lit Dep. Tr.) at 132:7–15, 140:5–17, 106:23–107:2; Ex. 1 (Butler Reply) ¶ 86. Indeed, Defendants deny the accused media infringe because the media have 12 and 13 differences from the claims of the '083 patent, [redacted]

[redacted]

Therefore, the Court should exclude Dr. Butler's and Mr. Lit's ultimate opinion that the media GE HyClone manufactures in Singapore infringes the '083 patent. As this Court has recognized, an expert "opinion based on an erroneous understanding of the law will be excluded because it would not be helpful to the jury." Fed. Rs. Evid. 403, 702(a); 1:15-cv-10698 Dkt. 476. As Dr. Butler and Mr. Lit did not actually address every element of § 271(f)(1), the Court should not allow them to opine that media made at GE HyClone's Singapore plant infringes the '083 patent under that section. *Carapellucci v. Town of Winchester*, 707 F. Supp. 611, 619 (D. Mass. 1989); *see also Martinez v. Porta*, 601 F. Supp. 2d 865, 866 (N.D. Tex. 2009); *AAMP of Fl., Inc v. Auto. Data Sols., Inc.*, No: 8:13-cv-2019, 2015 WL 12843845, at *9 (M.D. Fla. Oct. 8, 2015) (expert's opinions "based on an incorrect legal standard" are excluded because "those opinions are irrelevant, unreliable, and would mislead the jury.").

**B. The Court should also exclude Dr. Butler's and Mr. Lit's opinions regarding infringement under § 271(f) because it does not require expertise.**

The Court also should exclude Dr. Butler's and Mr. Lit's opinions because the only thing they did state, that a "substantial portion" of the components of the Singapore-manufactured media was exported from the United States, is based on simple arithmetic that requires no special expertise and thus would not assist the jury. Under Fed. R. Evid. 702(a), Dr. Butler's and Mr. Lit's assertions about the "substantial portion" issue are not "helpful" (and thus not admissible) because they have no "valid scientific connection to the pertinent inquiry." *Daubert*, 509 U.S. at 591–592. Indeed, courts regularly exclude expert testimony when the trier of fact "has no need for an opinion because it easily can be derived from common sense, common experience, the [trier of fact's] own perceptions, or simple logic." *Dyer*, 2013 WL 5348571, at *12; *see also id.* (excluding aspects of

expert report "that merely recount the facts of the case without providing any form of expert analysis"); *Cosenza v. Marshall*, 568 F. Supp. 2d 78, 84 (D. Mass. 2007) (expert testimony on factors contributing to accuracy of eyewitness identification not necessary because it is not "difficult for the jury to understand the effect of poor lighting").

In *Life Techs. v. Promega*, the Supreme Court held that what constitutes a "substantial portion of the components of a patented invention" is determined by a "quantitative" analysis—in other words, it is a counting exercise. 137 S.Ct. 734, 743 (2017). The Court specifically rejected a "qualitative" analysis—in other words the relative importance of the components being exported. *See, e.g.*, *id.* at 741 ("At first blush, there is some appeal to the idea that, in close cases, a subjective analysis of the qualitative importance of a component may help determine whether it is a 'substantial portion' of the components of a patent. But, for the reasons discussed above, the statute's structure provides little support for a qualitative interpretation of the term."); *see also* Dkt. 187 at 132:1–10.

[redacted]

[redacted]

Moreover, Dr. Butler and Mr. Lit applied no special knowledge to determine whether the percentage of exported components was "substantial." [redacted]

As no "scientific, technical, or specialized knowledge" is needed to assess the "substantial portion" question, the Court should exclude Dr. Butler's and Mr. Lit's opinions on this issue. Janssen's proffer of Dr. Butler and Mr. Lit on this issue is an improper attempt to place an "expert sheen on matters well within the jury's own ordinary experience and common sense," *Dyer*, 2013 WL 5348571, at *12, which Courts agree is prejudicial. *Pires*, 642 F.3d at 12.

**C. The Court should exclude Dr. Butler's analysis because he admits he performed no analysis.**

Dr. Butler's purported opinions on 271(f)(1) also should be excluded because he performed no analysis of his own and simply copied the relevant text from Mr. Lit's report, which was served three days earlier. Courts regularly exclude "me too" expert testimony, which adopts the opinions of another expert wholesale. *See, e.g.*, *Burst*, 120 F. Supp. 3d at 554; *Mooring Capital Fund, LLC v. Phoenix Cent., Inc.*, No. CIV–06–0006–HE, 2009 WL 4263359, at *5 (W.D. Okla. Feb. 12,

2009); *Threet v. Corr. Health Care Mgmt. of Oklahoma, Inc.*, No. CIV-07-0943-HE, 2009 WL 3335596, at *5 (W.D. Okla. Oct. 15, 2009).





Because Dr. Butler is merely regurgitating Mr. Lit's analysis with respect to the "substantial portion" issue, the Court should exclude it.

## V. CONCLUSION

Dr. Butler's and Mr. Lit's opinions regarding 35 U.S.C. § 271(f)(1) fail to apply the full legal standard and their analysis consists of no more than counting and dividing one number by another. Further, Dr. Butler merely read and agreed with Mr. Lit's supplemental opinions, rather than doing any "work" of his own. As such, the Court should preclude both from opining on issues under section 271(f)(1).

Dated: May 4, 2018

Respectfully submitted,

Celltrion Healthcare Co., Ltd., Celltrion, Inc., and Hospira, Inc.

By their attorneys,

/s/ *Andrea L. Martin, Esq.*
Dennis J. Kelly (BBO # 266340)
Andrea L. Martin (BBO #666117)
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA 02110-1624
Telephone: 617-345-3000
Facsimile: 617-345-3299
dkelly@burnslev.com
amartin@burnslev.com

James F. Hurst, P.C. (*pro hac vice*)
Bryan S. Hales, P.C. (*pro hac vice*)
Elizabeth A. Cutri (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Tel: (312) 862-2000
james.hurst@kirkland.com
bryan.hales@kirkland.com
elizabeth.cutri@kirkland.com

Ryan Kane (*pro hac vice*)
James McConnell (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
ryan.kane@kirkland.com
james.mcconnell@kirkland.com

Noah S. Frank (*pro hac vice*)
KIRKLAND & ELLIS LLP
655 Fifteenth St., N.W.
Washington, DC 20005
noah.frank@kirkland.com

Charles B. Klein (*pro hac vice*)
WINSTON & STRAWN LLP
1700 K Street, N.W.

Washington, D.C. 20006-3817
Tel: (202) 282-5000
cklein@winston.com

Samuel S. Park (*pro hac vice*)
Dan H. Hoang (*pro hac vice*)
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
Tel: (312) 558-7931
spark@winston.com
dhoang@winston.com

*Attorneys for Defendants Celltrion Healthcare Co., Ltd., Celltrion, Inc., and Hospira, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed through the electronic filing system and served electronically to the registered participants as identified on the Notice of Electronic Filing.

*/s/ Andrea L. Martin*