IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANSSEN BIOTECH, INC., <br><br> Plaintiff, <br><br> v. <br><br> CELLTRION HEALTHCARE CO., LTD., CELLTRION, INC., and HOSPIRA, INC., <br><br> Defendants. | Civil Action No. l:17-cv-11008-MLW |

## DEFENDANTS' OPPOSITION TO JANSSEN'S MOTION TO BEGIN TRIAL ON AUGUST 6, 2018

Defendants Celltrion and Hospira hereby oppose in part Janssen's Motion to Begin Trial on August 6, 2018. Although Defendants agree that it would be beneficial to set a specific date to begin trial, Defendants propose that the trial be set to begin on August 13th, a week later than Janssen's proposal.

Defendants' proposed August 13th start date is workable, and the extra time will allow the Court to resolve outstanding disputes from the pre-trial proceedings, which in turn would allow the parties to streamline their trial preparation. The extra time is also necessary for Defendants to prepare their trial presentation and work with their witnesses between the end of pretrial conferences and the trial. The benefits of starting trial just a mere week after what Janssen proposes far outweigh any purported benefit of rushing into trial a week earlier. Indeed, Janssen's motion focuses on the feasibility of starting trial on August 6th, but provides no reason, let alone a compelling one, to begin that early. For the reasons below, Defendants' proposed start date of August 13th (or any subsequent date that the Court sees fit) should be adopted.

*First*, regardless of when the pre-trial conference concludes, the Court may likely need time to rule on the outstanding motions, whether it be in writing or orally, and Janssen's proposal would unnecessarily shorten the time for the Court to do that. Given the number of outstanding disputes, and their potential to alter the landscape of the issues tried, as well as the evidence to be presented, the best course would be to allow the Court sufficient time to rule on those issues in advance of the trial. That way the parties could account for those rulings and shape their trial presentations accordingly. To the extent that any ruling is dispositive, the extra time may ensure that the Court does not commence an otherwise unnecessary trial.

*Second*, it is possible that pre-trial proceedings on outstanding issues will extend into the first week of August, making Janssen's proposed start date infeasible. The current case schedule states that pre-trial hearings are to take place from June 11, 2018 to June 29, 2018, but further instructs that "[p]roceedings will resume on July 30, 2018, with hearings on outstanding issues, if any, to be decided, and trial to follow immediately thereafter." Dkt. No. 176. During the pre-trial hearings, there are numerous outstanding issues that will require resolution prior to trial, including: (1) motions for summary judgment; (2) motions to exclude expert testimony; (3) motions *in limine*; and (4) jury instructions. Moreover, in the course of hearing those issues, further disputes may arise, and the Court may request, as it has in the past, supplemental briefing and argument. To the extent that is the case, pre-trial conferences may continue on July 30th as the Court has indicated. That would make a trial start date of August 6th infeasible.

*Third*, and assuming that pre-trial conferences are not complete as of July 30th, a trial date of August 6th would give the parties no time between the conclusion of pre-trial conferences and the start of trial. But, as noted above, a buffer is necessary for the parties to streamline and revise their trial presentation to appropriately account for all of the Court's pre-trial rulings. In addition

to that added efficiency, a buffer is necessary to allow counsel to work with and prepare witnesses for trial, which may be difficult or impossible during the time that the Court and parties are addressing remaining pre-trial motions.  Along those lines, Defendants are already aware that certain witnesses have complicated summer schedules, making the time for witness preparation between the pre-trial conference and the trial start date even more important.

*Fourth*, there is little risk, if any, that the trial would not conclude within the amount of time the Court has set aside.  The Court has ordered the parties to hold all of August and September for this trial.  Defendants estimate the trial will span two to three weeks.  If the trial starts on August 13th, it will comfortably conclude well before early- to mid-September.

*Finally*, Janssen has not provided any explanation as to why Defendants' August 13th proposed trial date is unacceptable, let alone pointed to any compelling reason to deprive both parties of valuable time to prepare their case.  The parties and the Court will all benefit from the efficiency of starting no earlier than August 13th.

For the reasons above, Defendants respectfully request that the Court set a trial date no earlier than August 13, 2018.

Dated: May 7, 2018

Respectfully submitted,

Celltrion Healthcare Co., Ltd., Celltrion, Inc., and Hospira, Inc.

By their attorneys,

/s/Andrea L. Martin, Esq.
Dennis J. Kelly (BBO # 266340)
Andrea L. Martin (BBO #666117)
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA 02110-1624
Telephone: 617-345-3000

*Of counsel:*

Charles B. Klein (*pro hac vice*)
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817
Tel: (202) 282-5000
cklein@winston.com

Samuel S. Park (*pro hac vice*)
Dan H. Hoang (*pro hac vice*)
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL  60601-9703
Tel: (312) 558-7931
spark@winston.com
dhoang@winston.com

Facsimile: 617-345-3299
dkelly@burnslev.com
amartin@burnslev.com

James F. Hurst, P.C. (*pro hac vice*)
Bryan S. Hales, P.C. (*pro hac vice*)
Elizabeth A. Cutri (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Tel: (312) 862-2000
james.hurst@kirkland.com
bryan.hales@kirkland.com
elizabeth.cutri@kirkland.com

Ryan Kane (*pro hac vice*)
James McConnell (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
ryan.kane@kirkland.com
james.mcconnell@kirkland.com

Noah S. Frank (*pro hac vice*)
KIRKLAND & ELLIS LLP
655 Fifteenth St., N.W.
Washington, DC 20005
noah.frank@kirkland.com

*Attorneys for Defendants Celltrion Healthcare Co., Ltd., Celltrion, Inc., and Hospira, Inc.*

## CERTIFICATE OF SERVICE

I, Andrea L. Martin, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 7, 2018.

/s/Andrea L. Martin, Esq.
Andrea L. Martin, Esq.

4820-2608-6757.1

## CERTIFICATE OF SERVICE

I, Andrea L. Martin, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 7, 2018.

/s/Andrea L. Martin, Esq.
Andrea L. Martin, Esq.

4820-2608-6757.1