**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JANSSEN BIOTECH, INC.,<br><br>    Plaintiff,<br><br> v.<br><br>CELLTRION HEALTHCARE CO., LTD.,<br>CELLTRION, INC., and<br>HOSPIRA, INC.<br><br>    Defendants. | No. 1:17-cv-11008 |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION *IN LIMINE* NO. 7: TO PRECLUDE EVIDENCE AND ARGUMENT
REGARDING HYPOTHETICAL NEGOTIATIONS
BASED ON THE DATE OF ALLEGED INDUCED INFRINGEMENT**

I.      **INTRODUCTION**

This Court should exclude any evidence or argument by Janssen implying or suggesting that the determination of damages should be based on a "hypothetical negotiation" taking place as of the date of first alleged *induced* infringement rather than the legally proper date of first alleged *direct* infringement.

Both parties' damages experts have evaluated reasonable royalty damages for patent infringement using a so-called "hypothetical negotiation" between a willing licensor and a willing licensee. *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1324 (Fed. Cir. 2009). The hypothetical negotiation "attempts to ascertain the royalty upon which the parties would have agreed had they successfully negotiated an agreement *just before infringement began*." *Id.* (emphasis added). Janssen's expert reports reveal, however, that it intends to press a legally flawed position regarding the hypothetical negotiation, namely that such a negotiation might take place as of the date of first alleged *induced* infringement. But "in the context of active inducement of infringement, a hypothetical negotiation is deemed to take place on the date of the first *direct* infringement traceable to [the alleged infringer's] first instance of inducement conduct." *LaserDynamics, Inc. v. Quanta Comput., Inc.*, 694 F.3d 51, 76 (Fed. Cir. 2012) (emphasis added). Thus, evidence and argument related to Janssen's alternative hypothetical negotiation dates are irrelevant and can only confuse or mislead the jury, and should be excluded under Federal Rules of Evidence 402 and 403.

II.     **FACTUAL BACKGROUND**

Dr. Sean Nicholson, Janssen's economics expert, was instructed to use three dates for the hypothetical negotiation: September 2009, December 2014, and April 2016. Ex. 1, Nicholson Report at 4. These dates are based on three events: the issuance of the '083 patent (October 6, 2009); the date Janssen first identified the '083 patent to Defendants (December 26, 2014); and

the date Janssen provided its litigation testing to Defendants' outside counsel (April 2016). Ex. 1, Nicholson Report at 35; No. 15-10698, Dkt. 434 at 3, 27. As a result, Dr. Nicholson provides three potential reasonable royalties, each reflecting the use of a different hypothetical negotiation date. Ex. 1, Nicholson Report at 4-5. The two later dates represent potential dates of first alleged *induced* infringement, while the earliest date (September 2009) is on the eve of first alleged direct infringement.

Mr. Richard Lit and Dr. Michael Butler, Janssen's experts related to non-infringing alternatives, likewise proffer opinions based on alleged induced infringement starting in December 2014 or later. Ex. 2, Butler Damages Report at 27; Ex. 3, Lit Damages Report at 6.

### III.   JANSSEN'S PROPOSED HYPOTHETICAL NEGOTIATION DATES BASED ON FIRST ALLEGED INDUCED INFRINGEMENT ARE IRRELEVANT TO DAMAGES AND ALLOWING JANSSEN TO MAKE SUCH AN ARGUMENT WOULD INVITE ERROR

The hypothetical negotiation "attempts to ascertain the royalty upon which the parties would have agreed had they successfully negotiated an agreement *just before infringement began*." *Lucent*, 580 F.3d at 1324 (emphasis added). "[I]n the context of active inducement of infringement, a hypothetical negotiation is deemed to take place on the date of the first *direct* infringement traceable to [the alleged infringer's] first instance of inducement conduct." *LaserDynamics*, 694 F.3d at 76 (emphasis added). Here, the first alleged direct infringement took place in October 2009 when the '083 patent issued, and GE HyClone made, used, sold or offered to sell the accused media. *See* 35 U.S.C. § 271(a). Although Janssen has set forth alternative theories where Defendants allegedly induced infringement beginning at a later date (*i.e.*, December 2014 or April 2016), those dates are irrelevant to setting the time of the hypothetical negotiation.

The Federal Circuit's decision in *LaserDynamics* forecloses Janssen's alternative

hypothetical negotiation dates. In *LaserDynamics*, the patent at issue claimed a particular method for reading optical disk drives. *LaserDynamics*, 694 F.3d at 56-57. Beginning in 2003, defendant QCI began importing computers containing optical disk drives that could execute the claimed method. *Id*. at 59. In 2006, LaserDynamics notified QCI of the asserted patent by filing its lawsuit. *Id*. at 60. The district court reasoned that the date of first infringement was the date that QCI first became aware of the asserted patent—2006—because it was only then first potentially liable for active inducement of infringement. *Id*. The Federal Circuit reversed, finding that the district court should have used "the date of the first ***direct*** infringement traceable to QCI's first instance of inducement conduct." *Id*. at 76 (emphasis added). For QCI, that was three years earlier, when it first began importing computers into the U.S. *Id*.

Using the first date of direct infringement makes sense because a later date, such as notice of the patent, "would [] skew[]" the hypothetical negotiation and fail to ascertain "how the prospective infringement might have been avoided via an out-of-court business solution." *Id*. "It also makes sense that in each case there should be only a single hypothetical negotiation date, not separate dates for separate acts of infringement, and that a direct infringer or someone who induced infringement should pay the same reasonable royalty based on a single hypothetical negotiation analysis." *Id*.

Here, Dr. Nicholson, Dr. Butler, and Mr. Lit all have opinions premised on a hypothetical negotiation in September or October 2009 (near the time the '083 patent issued), December 2014 (when Defendants first learned of the '083 patent), or in April 2016 (when Janssen provided its litigation testing to Defendants' outside counsel). Ex. 1, Nicholson Report at 35; Ex. 2, Butler Damages Report at 27; Ex. 3, Lit Report at 6; No. 15-10698, Dkt. 434 at 3, 27. Both of the later dates represent potential dates of first alleged ***induced*** infringement, not ***direct*** infringement, and

are therefore incorrect as a matter of law. The first alleged ***direct*** infringement traceable to alleged inducing conduct occurred in October 2009. Thus, under binding law, the hypothetical negotiation must take place no later than October 2009. *LaserDynamics*, 694 F.3d at 76.

As the Federal Circuit has repeatedly recognized, "[t]he correct determination of [the hypothetical negotiation] date is essential for properly assessing damages." *LaserDynamics*, 694 F.3d at 75. Here, there is no question that Dr. Nicholson, Dr. Butler, and Mr. Lit's proposed 2014 or 2016 hypothetical negotiation dates are incorrect under the appropriate legal standard. Testimony based on incorrect dates for the hypothetical negotiation is irrelevant to any issue and "is not admissible." Fed. R. Evid. 402. Moreover, any minimal probative value such testimony might have "is substantially outweighed by a danger of … confusing the issues, misleading the jury, … [and] wasting time." Fed. R. Evid. 403. Accordingly, such evidence and argument should be excluded from trial.

## IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants' motion *in limine* to preclude any evidence or argument related to alleged hypothetical negotiation dates based on first alleged induced infringement.

Dated: May 18, 2018

Respectfully submitted,

Celltrion Healthcare Co., Ltd., Celltrion, Inc., and Hospira, Inc.

By their attorneys,

/s/ *Andrea L. Martin, Esq.*
Dennis J. Kelly (BBO # 266340)
Andrea L. Martin (BBO #666117)
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA 02110-1624
Telephone: 617-345-3000
Facsimile: 617-345-3299
dkelly@burnslev.com
amartin@burnslev.com

James F. Hurst, P.C. (*pro hac vice*)
Bryan S. Hales, P.C. (*pro hac vice*)
Elizabeth A. Cutri (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Tel: (312) 862-2000
james.hurst@kirkland.com
bryan.hales@kirkland.com
elizabeth.cutri@kirkland.com

Ryan Kane (*pro hac vice*)
James McConnell (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
ryan.kane@kirkland.com
james.mcconnell@kirkland.com

Noah S. Frank (*pro hac vice*)
KIRKLAND & ELLIS LLP
655 Fifteenth St., N.W.
Washington, DC 20005
noah.frank@kirkland.com

Charles B. Klein (*pro hac vice*)
WINSTON & STRAWN LLP
1700 K Street, N.W.

Washington, D.C. 20006-3817
Tel: (202) 282-5000
cklein@winston.com

Samuel S. Park (*pro hac vice*)
Dan H. Hoang (*pro hac vice*)
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
Tel: (312) 558-7931
spark@winston.com
dhoang@winston.com

*Attorneys for Defendants Celltrion Healthcare Co., Ltd., Celltrion, Inc., and Hospira, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing document was filed through the electronic filing system and served electronically to the registered participants as identified on the Notice of Electronic Filing.

                                                                                        */s/ Andrea L. Martin*