**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| JANSSEN BIOTECH, INC. <br><br> Plaintiffs, <br><br> v. <br><br> CELLTRION HEALTHCARE CO., LTD., <br> CELLTRION, INC., and <br> HOSPIRA, INC. <br><br> Defendants. | **Civil Action No. l:17-cv-11008-MLW** <br><br> **PUBLIC** <br> **REDACTED VERSION** |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE***
**NO. 9: TO PRECLUDE EVIDENCE AND ARGUMENT FROM**
**JANSSEN'S EXPERTS BASED ON SPECULATION OUTSIDE THEIR EXPERTISE**

## I.     INTRODUCTION

The Court should exclude non-infringing alternative opinions from Jansen's experts related to alleged delays attributable to: (a) lawyers, including claim analysis and prior art searching, and (b) contract negotiations. Any such opinions are well outside the purported scientific expertise of Janssen's expert witnesses. The Court should also exclude opinions as to any specific delay, as such opinions would be contaminated by speculation as to lawyers and contract negotiations.

Janssen's experts have strayed far from their purported expertise when offering opinions on the issue of non-infringing alternatives. For example, Janssen's scientific expert, Dr. Butler, opines that alternative media were not "available" because Celltrion would have allegedly incurred delay in switching to those alternatives. But Dr. Butler's proffered delay is based on speculation regarding time spent on analysis by lawyers, by parties negotiating a contract, or by a prior art search firm in searching for alternative prior art media. These opinions are not relevant to non-infringing alternatives analysis and do not bear any relation to Dr. Butler's scientific expertise in cell culture media. Indeed, he admits he ███████████████████ on these issues.

Ex. 1 (Butler 4/17/18 Dep. Tr.) at 212:7-9. Dr. Butler's proffered testimony would do nothing more than "muddle the jury's fact-finding with unreliability and speculation." *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 711 F.3d 1348, 1374 (Fed. Cir. 2013). Such speculative expert testimony would mislead the jury into giving expert weight to un-expert opinions. Fed. R. Evid. 403. Janssen's speculative expert testimony should be excluded.

## II.     BACKGROUND

To obtain lost profits under *Panduit*, as Janssen attempts, it "must prove… [the] absence of acceptable noninfringing alternatives." *Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F. 2d 1152, 1156 (6th Cir. 1978); *Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 875 F.3d 1369, 1380 (Fed. Cir. 2017) (the "*Panduit* test requires the patentee to show… an absence of acceptable non-infringing substitutes."). "To prove the absence of acceptable, non-infringing alternatives, the patentee may prove either that the potential alternative was not acceptable to potential customers or was not available at the time." *Presidio*, 875 F.3d at 1380.

Janssen's experts do not dispute that other cell culture media could have been used. Rather, they assert they are not "available" due to the purported delay Celltrion would have incurred integrating them into its production process. For example, Dr. Butler admitted that Celltrion ████████████████████████████████████████████████████████████████ Ex. 1 (Butler 4/17/18 Dep. Tr.) at 200:18-201:7. Janssen's lost profits case is thus premised on a "gotcha" argument: because Celltrion had started work with the accused media *before* the date of alleged first infringement, Celltrion would have had to repeat the work done up until the date of first infringement in order to substitute the non-infringing alternatives for the accused media. For example, Dr. Butler opines that ████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████ *See, e.g.*, Ex. 2 (Butler Damages Op.) at ¶ 18.

But Janssen's experts must speculate to support this opinion.  For example, Dr. Butler attempted to argue during his deposition that one non-infringing alternative (swapping monosodium phosphate with disodium phosphate) would experience delay due to "lawyers":



Ex. 1 (Butler 4/17/18 Dep. Tr.) at 134:7-19 (objection omitted).  But, Dr. Butler (a scientist) has no expertise in how long "lawyer" delay would take:



Ex. 1 (Butler 4/17/18 Dep. Tr.) at 138:6-16.

With respect to another alternative (modifying the accused media to practice the prior art), Dr. Butler speculates that it would have taken ███████████ to implement the alternative based, in part, on the time it would take to ████████████████—issues far outside Dr. Butler's expertise or competence.  Ex. 3 (Butler Reply) ¶ 105.

As to another alternative, having the accused media made outside the United States by a contract manufacturer, Dr. Butler speculates there would have been contract negotiation delay, even though he admittedly ███████████████ on this subject:





Ex. 1 (Butler 4/17/18 Dep. Tr.) at 210:5-14, 212:4-9; *see also, e.g.*, Ex. 3 (Butler Reply) ¶ 89

¶ 98

## III.    ARGUMENT

Janssen's experts should not be permitted to offer speculative opinions bearing no relation to their purported expertise.  Federal Rule of Evidence 403 permits the Court to exclude evidence "if its probative value is substantially outweighed by a danger of… misleading the jury [or] wasting time."  Opinions falling outside the expert's purported expertise will likely mislead the jury into giving special credence to unfounded speculation as "expert."  Fed. R. Evid. 403.  Similarly, un-expert testimony from an expert is unhelpful to the jury, and a waste of theirs and the Court's time. *Id.*

Exclusion of such speculative expert testimony is exactly what the Court's gatekeeping role is intended to prevent.  "District court judges perform a gatekeeping role for expert testimony. They must ensure that expert testimony is reliable and that the testimony relates to scientific, technical or other specialized knowledge, which does not include unsubstantiated speculation and subjective beliefs."  *Sport Dimension, Inc. v. Coleman Co.*, 820 F.3d 1316, 1323 (Fed. Cir. 2016) (affirming exclusion of expert) (internal quotations omitted); *United States v. Organon USA Inc.*, 2015 WL 10002943, *2-5 (D. Mass. Aug. 17, 2015) (excluding expert speculation, noting "[n]o amount of expertise can turn speculative or untestable theories into admissible expert testimony…. By merely prefacing each of his opinions with a reference to his 'experience,' he asks the court

(and, presumably, the jury) to 'take his word for it,' which the rules of evidence do not allow him to do." (internal citations omitted)).

Not only are Janssen's speculative delays unsupported and unhelpful to jury, and therefore properly excluded under Rule 403, but Janssen has failed to provide any legal authority that speculation about "delay caused by lawyers," or contract negotiation delay, or prior art search delay is relevant to the non-infringing alternatives analysis under Federal Rule of Evidence 402. Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). Instead, the Federal Circuit has guided courts to focus on the accused infringer's technical ability and incentives in assessing the availability of alternatives. *Grain Processing Corp. v. Am. Maize-Prods. Co.*, 185 F.3d 1341, 1354 (Fed. Cir. 1999) (District Court did not clearly err where the accused infringer had the "necessary chemical materials, the equipment, the know-how and experience, and the economic incentive" to use the alternative).

This Court should preclude Janssen's experts from speculating on the availability or acceptability of Defendants' non-infringing alternatives, including excluding Dr. Butler from opining on delays for which he admits to having no expertise, *i.e.*, based on lawyer analysis of non-infringement, prior art searches, and contract negotiations. The Court should also exclude Dr. Butler from opining that the corresponding non-infringing alternatives would incur any specific delay, because his opinion was premised on and incorporates the same speculative delays.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants' motion *in limine* to exclude non-infringing alternative opinions from Jansen's experts related to alleged delays attributable to: (a) lawyers, including claim analysis and prior art searching, and (b) contract negotiations. Any such opinions are well outside the purported scientific expertise of

Janssen's expert witnesses.  The Court should also exclude opinions as to any specific delay, as such opinions would be contaminated by speculation as to lawyers and contract negotiations.

Dated: May 18, 2018

Respectfully submitted,

Celltrion Healthcare Co., Ltd., Celltrion, Inc., and Hospira, Inc.

By their attorneys,

/s/Andrea L. Martin, Esq.
Dennis J. Kelly (BBO # 266340)
Andrea L. Martin (BBO #666117)
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA 02110-1624
Telephone: 617-345-3000
Facsimile: 617-345-3299
dkelly@burnslev.com
amartin@burnslev.com

*Of counsel:*

Charles B. Klein (*pro hac vice*)
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817
Tel: (202) 282-5000
cklein@winston.com

Samuel S. Park (*pro hac vice*)
Dan H. Hoang (*pro hac vice*)
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
Tel: (312) 558-7931
spark@winston.com
dhoang@winston.com

James F. Hurst, P.C. (*pro hac vice*)
Bryan S. Hales, P.C. (*pro hac vice*)
Elizabeth A. Cutri (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Tel: (312) 862-2000
james.hurst@kirkland.com
bryan.hales@kirkland.com
elizabeth.cutri@kirkland.com

Ryan Kane (*pro hac vice*)
James McConnell (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
ryan.kane@kirkland.com
james.mcconnell@kirkland.com

Noah S. Frank (*pro hac vice*)
KIRKLAND & ELLIS LLP
655 Fifteenth St., N.W.
Washington, DC 20005
noah.frank@kirkland.com

*Attorneys for Defendants Celltrion Healthcare Co., Ltd., Celltrion, Inc., and Hospira, Inc.*

## CERTIFICATE OF SERVICE

I, Andrea L. Martin, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 18, 2018.

/s/Andrea L. Martin, Esq.
Andrea L. Martin, Esq.