## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

JANSSEN BIOTECH, INC.,

          Plaintiff,

  v.

CELLTRION HEALTHCARE CO., LTD., CELLTRION, INC., and HOSPIRA, INC.

          Defendants.

No. 1:17-cv-11008

**PUBLIC REDACTED VERSION**

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE* NO. 10: TO PRECLUDE EVIDENCE AND ARGUMENT REGARDING CONTRACT <u>INTERPRETATION</u>

## I.    INTRODUCTION

The Court should exclude the testimony of Janssen expert witness Richard Lit (or any other Janssen witnesses) regarding the interpretation of the terms of a contract between GE HyClone and Celltrion. Mr. Lit offers opinions regarding the legal interpretation of several agreements between Celltrion and GE HyClone, interpreting the terms "uncured breach" and "force majeure," and opining, for example, what he believes the contracts "restrict[]," "authoriz[e]," "contemplate," and "permit," and what certain contractual "contingencies include[]." Ex. 1 (Lit Reply) ¶¶ 72–73, 78, 79.

But "the courts have declared on countless occasions that it is the responsibility of the court to interpret written instruments," *i.e.*, contracts. *Hartford Accident & Indem. Co. v. Wesolowski*, 305 N.E.2d 907, 909 (N.Y. 1973) (citation omitted); *cf.* 1:15-cv-10698, Dkt 494 (2/8/17 Tr.) at 33:2–3. And courts do not allow expert witnesses "to instruct the jury as to applicable principles of law," including the meaning of a contract. *Marx & Co. v. Diners' Club Inc.*, 550 F.2d 505, 509–

10 (2d Cir. 1977); *see also Alicea v. Machete Music*, 744 F.3d 773, 786 (1st Cir. 2014); *Ji v. Bose Corp.*, 538 F. Supp. 2d 354, 359 (D. Mass 2008) (excluding the opinions of plaintiff's expert—an attorney with "long experience practicing entertainment law"—on contract interpretation). Consistent with this, the Court should prohibit Mr. Lit—who has no legal, practical, or factual expertise—from offering such opinions. Moreover, the Court should exclude Mr. Lit's contract interpretation opinions as speculation. As he is not a contract or legal expert and has no experience or expertise with third party cell culture media vendors (*e.g.*, GE HyClone), he has no basis for his interpretations of the contracts or the terms, making his opinions pure speculation and thus unhelpful to the jury.

## II.     FACTUAL BACKGROUND

Janssen alleges that two cell culture media manufactured by GE HyClone infringe claims 1 and 2 of U.S. Patent No. 7,598,083 ("the '083 patent"). The formulae for these GE HyClone cell culture media are proprietary to GE HyClone. *E.g.*, Ex. 1 (Lit Reply) ¶ 70; 1:15-cv-10698, Dkt. 367 (Cho. Decl.) ¶ 5. Prior to Janssen filing suit, ███████████████████████████████████ ████████████████████████████████████████████████████████████ ███████████████████████████████████ 1:15-cv-10698, Dkt. 367 (Cho. Decl.) ¶¶ 3, 5–6. ██████████████████████████████████████ *Id.* ¶ 4.

Janssen seeks lost profits damages for Defendants' alleged infringement, and attempts to carry its burden of proof by satisfying the four *Panduit* factors. *Panduit Corp. v. Stahlin Bros. Fibre Works*, 575 F. 2d 1152, 1156 (6th Cir. 1978). *Panduit* identifies four factors aimed at showing alleged profits "on sales [Janssen] would have made absent the infringement." *Id.* One of the *Panduit* factors requires Janssen to prove an "absence of acceptable noninfringing substitutes" to the accused cell culture media. *Id.*

The right "conferred by a patent under our law is confined to the United States and its territories, and infringement of this right cannot be predicated of acts wholly done in a foreign country." *Rotec Indus., Inc. v. Mitsubishi Corp.*, 215 F.3d 1246, 1251 (Fed. Cir. 2000) (quoting *Dowagiac Mfg. Co. v. Minnesota Moline Plow Co.*, 235 U.S. 641, 650 (1915)). Accordingly, defendants assert that one available, acceptable non-infringing alternative is that in the "but-for" world they could have avoided infringement by having a third party manufacture the accused media outside of the United States. ███████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████

Janssen's expert Mr. Richard Lit opined that ████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████ Ex. 1 (Lit Reply) ¶ 79. According to Mr. Lit's interpretation, ████████████████████████

████████████████████████████████ Ex. 1 (Lit Reply Rpt) ¶ 72. He also opines that ████████████████████████████████████████████████

████████████████████████████████████████ *Id*. Mr. Lit then opines that ████████████████████████████████████████

████████████████████████ Ex. 1 (Lit Reply) ¶ 78. Specifically, he████████

████████████████████████████████████████████████████████

████████ *Id*. Finally, Mr. Lit opines that if Celltrion sought to ████████████████



Ex. 1 (Lit Reply) ¶ 79.

At his deposition, Mr. Lit admitted ████████████████████████████ ████████████████████████████████████ Ex. 3 (Lit Dep. Tr.) at 53:10–54:18. Mr. Lit further admitted that his opinion on this issue████████████████████████ ████████████████████████████████████████████████ *Id*. at 55:5– 17, 226:19–227:7. In addition, Mr. Lit conceded that he has no████████████ ████████████████████████████████████████ ████████████████████████████ *Id.* at 57:18–24. And Mr. Lit has no████████████████████████████████████████████████████Ex. 3 (Lit Dep. Tr.) at 47:9–18.

## III.    ARGUMENT

The Court should preclude Mr. Lit from offering opinions on the interpretation of the contract between GE HyClone and Celltrion because contract interpretation is outside the scope of permissible expert testimony. It is well established that "it is the responsibility of the court to interpret written instruments." *Hartford Accident & Indem. Co. v. Wesolowski*, 305 N.E. 2d 907, 909 (N.Y. 1973) (citation omitted); *see also Nadherny v. Roseland Prop. Co., Inc.*, 390 F.3d 44, 48 (1st Cir. 2004) ("Contract interpretation questions, under Massachusetts law, are ordinarily questions of law for a court."); *United States v. Lupton*, 620 F.3d 790, 799–800 (7th Cir. 2010) ("the meaning of statutes, regulations and contract terms is a subject for the court, not for testimonial experts") (citation omitted); *Fishman v. LaSalle Nat'l Bank*, 6. F. App'x. 52, 55 (1st Cir. 2001) (unpublished) ("the usual doctrine is that the judge construes contracts, even in close cases, if only the words need be considered"); *Ji v. Bose Corp.*, 538 F. Supp. 2d 354, 360 (D. Mass 2008) (expert "offer[ed] a legal conclusion about the effect of a term in the agreement which is

improper and will not be admitted"). Indeed, one court observed that "every circuit has explicitly held that experts may not invade the court's province by testifying on issues of law." *In re Initial Pub. Offering Sec. Litig.*, 174 F. Supp. 2d 61, 64 (S.D.N.Y. 2001).

"Expert testimony is particularly inappropriate in this case, where the contract does not require 'scientific, technical, or other specialized knowledge' to interpret its terms." *S.E.C. v. Goldsworthy*, No. 06-10012, 2008 WL 2943398, at *4 (D. Mass. Jan. 3, 2008). Mr. Lit's opinions that "contain legal argument, legal analysis, [or] legal conclusions," such as interpreting contracts, are "outside the permissible scope of expert opinion." *Hearts on Fire Co., LLC v. Circa, Inc.*, No. 14-CV-11044-DLC, 2017 WL 4364405, at *4 (D. Mass. Sept. 29, 2017).

Mr. Lit's opinions regarding the legal interpretation of ████████████████████ ████████████████████████████████████████ are classic examples of improper contract interpretation. For example, Mr. Lit opines on what he believes the contracts' provisions "specif[y]," "restrict[]," "authoriz[e]," "contemplate," "grant," "allow," "provide," "permit," and what certain contractual "contingencies includ[e]." Ex. 1 (Lit Reply) ¶¶ 72–73, 78, 79. He offers opinions interpreting the terms ████████████████████ *Id.* at ¶ 78. These are all classic legal construction or interpretation opinions that are not admissible.[1]  *Ji v. Bose Corp.*, 538 F. Supp. at 360; *S.E.C. v. Goldsworthy*, No. 06-10012, 2008 WL 2943398, at *4.

The Court also should not allow Mr. Lit to testify on contract interpretation issues because he lacks the foundation to offer such an opinion. Even if an appropriately qualified expert on the

---

[1] Also, to the extent Mr. Lit is relying on and assuming the truth of what counsel told him, he should not be able to testify on these interpretations as if they are his own opinions, rather than merely assumptions. *See* Dkt. 177 (Jan. 30, 2018 Hr'g Tr.) at 8:23–9:3 ("'An expert will not be permitted to provide the jury with opinion as to legal standards.' The Second Circuit said in *Marx v. Diners' Club*, 550 F. 2d 505, 510, 'Moreover any opinion based on erroneous understanding of the law will be excluded because it would not be helpful to the jury as required by Federal Rule of evidence 702(a).'").

law could give such opinions, Mr. Lit admitted that █████████████ Ex. 3 (Lit Dep. Tr.)

at 53:10–12. He admitted that █████████████████████████████████████████

███████████████████████████████████████████████████████████████████

█████████████ *Id.* at 53:16–19, 54:3–18. Moreover, Mr. Lit has no █████████████

█████████████████████████████████████████ Ex. 3 (Lit Dep. Tr.) at 47:9–18.

Given that Mr. Lit has no foundation on which to base an interpretation or understanding of the

contracts, especially with regard to the terms he purports to interpret, the Court should exclude Mr.

Lit's opinions.

In addition to his lack of expertise, Mr. Lit lacks foundation because he knows nothing

about ███████████████████████████████████ Ex. 3 (Lit Dep. Tr.) at 57:18–

24, and thus cannot speak to the parties' intent in forming the contracts. Without that knowledge,

Mr. Lit has no basis to discuss the meaning of these agreements because "[t]he fundamental,

neutral precept of contract interpretation is that agreements are construed in accord with the

parties' intent."[2] *Greenfield v. Philles Records, Inc.*, 780 N.E. 2d 166, 170 (N.Y. 2002) (citations

omitted).

## IV.   CONCLUSION

Mr. Lit's opinions on the interpretation of three contracts between GE HyClone and

Celltrion intrude on the province of the Court and are directed to an impermissible subject for

expert testimony. In addition, Mr. Lit lacks the foundation to offer these opinions, either by training

or by factual basis for his interpretation. Accordingly, Mr. Lit's contract-interpretation opinions

should be excluded.

---

[2] █████████████████████████████████████████████████████████ Ex. 2 (CELLREM-0060910 at 920) § 19.12.

Dated: May 18, 2018

Respectfully submitted,

Celltrion Healthcare Co., Ltd., Celltrion, Inc.,
and Hospira, Inc.

By their attorneys,

/s/ *Andrea L. Martin, Esq.*
Dennis J. Kelly (BBO # 266340)
Andrea L. Martin (BBO #666117)
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA 02110-1624
Telephone: 617-345-3000
Facsimile: 617-345-3299
dkelly@burnslev.com
amartin@burnslev.com

James F. Hurst, P.C. (*pro hac vice*)
Bryan S. Hales, P.C. (*pro hac vice*)
Elizabeth A. Cutri (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Tel: (312) 862-2000
james.hurst@kirkland.com
bryan.hales@kirkland.com
elizabeth.cutri@kirkland.com

Ryan Kane (*pro hac vice*)
James McConnell (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
ryan.kane@kirkland.com
james.mcconnell@kirkland.com

Noah S. Frank (*pro hac vice*)
KIRKLAND & ELLIS LLP
655 Fifteenth St., N.W.
Washington, DC 20005
noah.frank@kirkland.com

Charles B. Klein (*pro hac vice*)
WINSTON & STRAWN LLP
1700 K Street, N.W.

Washington, D.C. 20006-3817
Tel: (202) 282-5000
cklein@winston.com

Samuel S. Park (*pro hac vice*)
Dan H. Hoang (*pro hac vice*)
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
Tel: (312) 558-7931
spark@winston.com
dhoang@winston.com

*Attorneys for Defendants Celltrion Healthcare
Co., Ltd., Celltrion, Inc., and Hospira, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed through the electronic filing system and served electronically to the registered participants as identified on the Notice of Electronic Filing.

 */s/ Andrea L. Martin*