UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANSSEN BIOTECH, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>CELLTRION HEALTHCARE CO., LTD.,<br>CELLTRION, INC., and<br>HOSPIRA, INC.<br><br>    Defendants. | No. 1:17-cv-11008<br><br>**PUBLIC REDACTED VERSION** |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE*
NO. 6: TO PRECLUDE JANSSEN FROM OFFERING EVIDENCE AND ARGUMENT
<u>REGARDING THE SAFE-HARBOR PROVISION OF 35 U.S.C. § 271(E)(1)</u>**

**I.      INTRODUCTION**

The Court should preclude any evidence or argument by Janssen regarding the "safe harbor" provision of 35 U.S.C. § 271(e)(1) as irrelevant and unduly prejudicial pursuant to Federal Rules of Evidence 401 and 403.

Janssen's arguments on § 271(e)(1) relate to its claim for lost profits and its burden to prove an absence of acceptable non-infringing alternatives. Janssen must engage in a "but for" inquiry that "requires a reconstruction of the market, as it would have developed absent the infringing product." *Grain Processing Corp. v. Am. Maize-Prods. Co.*, 185 F.3d 1341, 1350 (Fed. Cir. 1999) (citation omitted). Janssen seeks to use the "safe harbor" provision to delay the date of first alleged infringement—that is, the date when the "but for" reconstruction begins—in an effort to limit the number of non-infringing alternatives available to Celltrion. For example, Janssen's expert witness, Mr. Richard Lit, argues the "safe harbor" delays ███████████████
████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████

The Court should not allow Janssen to invoke § 271(e)(1) offensively for three reasons. First, whether the accused GE HyClone cell culture media were "protected by the safe harbor provision of 35 U.S.C. § 271(e)(1)" is "irrelevant" to the date of first alleged infringement in the damages analysis. *See Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, No. C 03-1431 SBA, 2006 WL 1390416, at *6 (N.D. Cal. May 18, 2006) (addressing date of hypothetical negotiation). For the date of first alleged infringement in the "but-for" world, the relevant date is "the date of first infringement and not some later date," *i.e.*, the date GE HyClone (an alleged direct infringer) first made, used, sold, or offered for sale the accused cell culture media. *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, 2013 WL 5958172, at *3–*7 (N.D. Cal. Nov. 7, 2013). Applying the "safe harbor" to move the date of first alleged infringement from ████████████ ██████ as Janssen proposes, would "arbitrarily ignor[e] actions the infringer could have taken in lieu of infringing." *Id.* at *3. Applying the safe harbor in that fashion likewise contradicts the purpose of § 271(e)(1): "to expedite development of information for regulatory approval of generic counterparts of patented products." *Classen Immunotherapies, Inc. v. Biogen IDEC*, 659 F.3d 1057, 1070 (Fed. Cir. 2011); *accord Glaxo, Inc. v. Novopharm, Ltd.*, 110 F.3d 1562, 1568 (Fed. Cir. 1997).

Second, Janssen's arguments about the date of first infringement under the "safe harbor" are unsupported and speculative. For § 271(e)(1) to apply, "'[e]ach of the accused activities must

---

[1] Janssen's use of the infliximab market for its damages calculations is inappropriate as shown in Defendants' *Daubert* Motion to Exclude Opinion of Sean Nicholson Regarding Damages. Dkt. 240 at 16–19. Here, Defendants focus on Janssen's attempted use of the safe harbor provision, which is improper even if Janssen's damages methodology was otherwise appropriate.

be evaluated separately to determine whether the exemption applies.'" *Amgen Inc. v. Int'l Trade Comm'n*, 565 F.3d 846, 852 (Fed. Cir. 2009) (citing *Merck KGaA v. Integra Lifesciences I, Ltd.*, 545 U.S. 193, 125 S.Ct. 2372, 162 L.Ed.2d 160 (2005)). Yet Janssen completely ignores third-party GE HyClone (an accused direct infringer and the actor performing the underlying alleged direct infringement). In addition, Janssen is required to show that GE HyClone and Defendants had a "'reasonable basis for believing' that use of the patented invention might yield information that 'would be appropriate to include in a submission to the FDA." *Momenta Pharm., Inc. v. Amphastar Pharm., Inc.*, 686 F.3d 1348, 1356–57 (Fed. Cir. 2012). Janssen offers no such evidence. Indeed, Janssen's only expert to address this issue at all, Mr. Richard Lit, readily admitted that he ███████████████████████████████████████████ Ex. 1 (Lit Dep. Tr.) at 88:24–89:2.

Third, the § "271(e)(1) safe harbor provision is an affirmative defense that must be asserted by the defendant," *Amgen, Inc. v. F. Hoffman-LaRoche Ltd.*, 456 F. Supp. 2d 267, 273 (D. Mass. 2006), not a sword for Janssen on non-infringing alternatives. Defendants have not invoked the safe harbor with regard to any of GE HyClone's acts, and the Court should not allow Janssen do so on Defendants' behalf.

## II.    LEGAL STANDARD

Evidence is relevant only if it has a tendency to make a fact of consequence more or less probable, and its probative value depends upon how strong that tendency is. Fed. R. Evid. 401; *see, e.g.*, *U.S. v. Buchanan*, 964 F. Supp. 533, 537 (D. Mass. 1997). Even otherwise relevant evidence may be excluded under Federal Rule of Evidence 403 if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Evidence is unfairly prejudicial if it has a "tendency to encourage the jury to decide the

3

case on improper grounds." *United States v. Kornegay*, 410 F.3d 89, 96 (1st Cir. 2005) (citation omitted).

### III. FACTUAL BACKGROUND

In 2008, Celltrion decided to use cell culture media from GE HyClone for its biosimilar infliximab project. Dkt. 240-8 (Frohlich Report) at ¶ 105. This media was subsequently optimized, eventually resulting in the final accused media. *Id*. at ¶ 107.

The U.S.P.T.O. issued U.S. Patent No. 7,598,083 ("the '083 patent") in October 2009, during development of Celltrion's biosimilar infliximab project. However, Defendants were not aware of the '083 patent until December 2014. Ex. 2 (Ingram Dep. Tr.) at 173:18–174:2.

In January 2018, Janssen served opening damages expert reports from Dr. Sean Nicholson, Dr. Michael Butler, and Mr. Richard Lit. Each assumed the date of first alleged infringement was one of two or three possible dates of first alleged infringement, none of which were in 2010 and none of which mentioned § 271(e)(1) or suggested it had any impact on the date of first alleged infringement. *See, e.g.*, Ex. 3 (Lit Op.) ¶ 20; Dkt. 240-5, Nicholson Report at ¶ 96. In March 2018, Defendants served the rebuttal expert reports of Dr. Gregory Leonard, Dr. Bert Frohlich, and Dr. Akhilesh Nagaich. None of Defendants' experts' reports discussed § 271(e)(1) or suggested a date of first alleged infringement after October 2009.

On April 10, 2018, Jansen served the reply expert report of Mr. Lit which, for the first time, mentioned the "safe harbor" provision and ██████████████████████████████ ██████ *See* Ex. 4 (Lit Reply) at 68. Mr. Lit ██████████████████████████████████

4

███████████████████████████████████████ speculated ████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

██████████████████████████████

       Mr. Lit also argued that ██████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

## IV.  ARGUMENT

### A.  The "safe harbor" provision of § 271(e)(1) is not relevant to reconstruction of the market absent the infringing product.

Janssen alleges that the making, using, or selling the accused cell culture media constitutes direct infringement under § 271(a). Dkt. 1 at ¶¶ 111–118, 126–131. In October 2009, when the '083 patent issued, GE HyClone was making in the United States, and Celltrion was already using in Korea, accused cell culture media. Thus, the date of first alleged infringement is in October 2009, both for "reconstruct[ing] . . . the market, as it would have developed absent the infringing product," *Grain Processing*, 185 F.3d at 1350, and "decid[ing] whether it was feasible for Celltrion to have used a non-infringing media powder to produce Inflectra." No. 15-10698, Dkt. 518 at 4; *see, e.g.*, Dkt. 240-8 (Frohlich Report) at ¶ 137; *cf. LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 76 (Fed. Cir. 2012) ("Were we to permit a later notice date to serve as the hypothetical

5

negotiation date, the damages analysis would be skewed because, as a legal construct, we seek to pin down how the prospective infringement might have been avoided via an out-of-court business solution.").

Yet Janssen argues, through Mr. Lit, that due to the § 271(e)(1) safe harbor, the date of first alleged infringement is ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* ¶¶ 141–142.

This is an improper use of the statutory safe harbor; even if the accused GE HyClone cell culture media were "protected by the safe harbor provision of 35 U.S.C. § 271(e)(1)," that is "irrelevant" to the date of first alleged infringement in the damages analysis. *See Fresenius*, 2006 WL 1390416, at *6. This Court has held: "[t]he fact-finder must consider how the market would have developed 'absent the ***infringing product***.'" No. 15-10698, Dkt. 518 at 4 (emphasis added). Thus, the "proper reconstruction" must "'start[] on the date of first infringement, and not on some later date, such as the date of first notice,'" or the date on which § 271(e)(1) no longer applied. *Id.*; *see also Fresenius*, 2006 WL 1390416, at *6; *Apple*, 2013 WL 5958172, at *3–*7.

Indeed, Janssen's attempt to apply the "safe harbor" to delay the date of first infringement violates the *Grain Processing*'s rule that Celltrion be treated as "a rational would-be infringer" who would "offer an acceptable noninfringing alternative . . . rather than leave the market altogether." *Grain Processing*, 185 F.3d at 1351. It assumes that Celltrion would have taken no action to avoid alleged infringement for as long as the "safe harbor" applied, despite knowing that it would have to change for commercial activities, and ***inexplicably*** only begin to change to alternative media when it was ready to engage in commercial production. Ex. 4 (Lit Reply) at ¶ 142. This is irrational and "arbitrarily ignor[es] actions [Celltrion] could have taken in lieu of

infringing." *Apple*, 2013 WL 5958172, at *3. Acting rationally, Celltrion would recognize that the "safe harbor" provision of 271(e)(1) would provide at best temporary protection: allowing Celltrion to use the accused cell culture media for regulatory purposes, but not for subsequent commercial activities, and thus begin its switch in October 2009.

Moreover, Janssen's use of the safe harbor runs counter to the purpose of § 271(e)(1). Janssen, through Mr. Lit, asserts that the safe harbor ████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

Congress added § 271(e) to the Hatch-Waxman Act to "allow[] makers of generic drugs to market generic versions of patented drugs as soon as possible after expiration of the relevant patents." *Glaxo*, 110 F.3d at 1568; *see also Classen*, 659 F.3d at 1070. The "safe harbor" provision of § 271(e)(1)[2] "provides an exception to the law of infringement in order to expedite development of information for regulatory approval of generic counterparts of patented products." *Classen*, 659 F.3d at 1070. In other words, § 271(e)(1) is intended to get new market entrants on the market more quickly, *Classen*, 659 F.3d at 1070–71, but Janssen is trying to use it to *delay* Celltrion's entry in the reconstructed market.

Because it is not relevant to the date of first alleged infringement for damages and ignores the requirement to "reconstruct[] [] the market, as it would have developed absent the infringing product," *Grain Processing*, 185 F.3d at 1350, the Court should preclude Janssen from offering evidence or argument regarding the date of first infringement under § 271(e)(1) for purposes of damages issues.

---

[2] Section 271(e)(1) provides, in relevant part, "It shall not be an act of infringement to make, use, offer to sell, or sell within the United States . . . a patented invention . . . solely for uses reasonably related to the development and submission of information under a Federal law which regulates the manufacture, use, or sale of drugs."

### B. Janssen and Mr. Lit should not be permitted to offer speculative opinions on the date of first infringement under § 271(e)(1).

The Court should prevent Janssen or Mr. Lit from offering evidence or argument on the date of first alleged infringement under the § 271(e)(1) "safe harbor" because their argument is pure speculation. To show that § 271(e)(1) applies, Janssen would have to prove that "the accused infringer 'has a reasonable basis for believing' that use of the patented invention might yield information that 'would be appropriate to include in a submission to the FDA.'" *Momenta, Inc.*, 686 F.3d at 1356–57. Moreover, "'[e]ach of the accused activities ***must be evaluated separately*** to determine whether the exemption applies,'" *Amgen*, 565 F.3d at 852 (citing *Merck*, 545 U.S. 193) (emphasis added).

Janssen and Mr. Lit have offered no separate analysis of each allegedly infringing making, use, sale, or offer for sale of the GE HyClone cell culture media. For example, GE HyClone made, used, sold, and offered to sell the accused cell culture media in the United States in 2009. But Janssen and Mr. Lit provide no separate evaluation for each of GE HyClone's activities, including developing, testing, offer for sale, sale, or other activity; indeed, Janssen made no inquiry into all of the uses to which GE HyClone put the accused media in 2009. Janssen has no evidence (and sought none from GE HyClone in discovery) on whether GE HyClone's conduct in 2009 "might yield information that 'would be appropriate to include in a submission to the FDA." *Momenta, Inc.*, 686 F.3d at 1356–57. And Janssen and Mr. Lit offer no evidence on whether Defendants or GE HyClone had a "reasonable basis for believing" it would yield such information in 2009. *Id.*

Even as to Defendants, Janssen has only speculation. Janssen's only witness on § 271(e)(1) is Mr. Lit, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 1 (Lit Dep. Tr.) at 88:24–89:2. Janssen did not ask Mr. Lit to ▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 1 (Lit Dep.

8

Tr.) at 90:11–20. And Mr. Lit does not know ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id*. His nonetheless speculates ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 4 (Lit Reply) at ¶ 141 (emphasis added). But in the very next sentence, he admits that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.*

The Court should preclude Janssen and Mr. Lit from speculating on this issue. Expert witnesses are not permitted to speculate. *EEOC v. Texas Roadhouse, Inc.*, 215 F. Supp. 3d 140, 158 (D. Mass. 2016) ("Under Fed. R. Evid. 702, expert testimony must be more than unsupported speculation or abstract beliefs."); *Drake v. Allergan, Inc.*, 2014 WL 5392995, at *2 (D. Vt. Oct. 23, 2014) ("[E]xpert testimony should be excluded if it is 'speculative or conjectural.'" (quoting *Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 311 (2d Cir. 2008)). Given that Mr. Lit cannot "provide a definite opinion on the actual date of first infringement," and failed to consider GE HyClone at all, he has no basis to offer testimony about this issue. Janssen likewise lacks any basis to offer such evidence or argument.

### C. The "Safe Harbor" is an affirmative defense which Janssen cannot invoke for Defendants.

Section "271(e)(1) safe harbor provision is an affirmative defense that **must be asserted by the defendant**." *Amgen*, 456 F. Supp. 2d at 273 (emphasis added). As with any affirmative defense, Defendants would "bear[] the burden of proving" that § 271(e)(1) applies. *Heinrich v. Sweet*, 44 F. Supp. 2d 408, 412 (D. Mass. 1999). Defendants have not invoked the safe harbor with regard to any of GE HyClone's activities in the real world, and the Court should not allow Janssen do so on Defendants' behalf at all, let alone in the but-for market reconstruction.

## V. CONCLUSION

The Court should preclude Janssen from offering arguments or evidence regarding the date

9

of first infringement based on the § 271(e)(1) safe harbor. The safe harbor is irrelevant to damages analyses, including lost profits and reasonable royalty, and Janssen's argument runs contrary to the purpose of that statute. Janssen also lacks the evidence to demonstrate that the "safe harbor" applies, but instead relies on speculation. Finally, Defendants have not invoked § 271(e)(1) as an affirmative defense for GE HyClone's real-world conduct, and the Court should not allow Janssen to invoke it on Defendants' behalf.

Dated: May 18, 2018

Respectfully submitted,

Celltrion Healthcare Co., Ltd., Celltrion, Inc., and Hospira, Inc.

By their attorneys,

/s/ *Andrea L. Martin, Esq.*
Dennis J. Kelly (BBO # 266340)
Andrea L. Martin (BBO #666117)
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA 02110-1624
Telephone: 617-345-3000
Facsimile: 617-345-3299
dkelly@burnslev.com
amartin@burnslev.com

James F. Hurst, P.C. (*pro hac vice*)
Bryan S. Hales, P.C. (*pro hac vice*)
Elizabeth A. Cutri (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Tel: (312) 862-2000
james.hurst@kirkland.com
bryan.hales@kirkland.com
elizabeth.cutri@kirkland.com

Ryan Kane (*pro hac vice*)
James McConnell (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
ryan.kane@kirkland.com
james.mcconnell@kirkland.com

Noah S. Frank (*pro hac vice*)
KIRKLAND & ELLIS LLP
655 Fifteenth St., N.W.
Washington, DC 20005
noah.frank@kirkland.com

Charles B. Klein (*pro hac vice*)
WINSTON & STRAWN LLP
1700 K Street, N.W.

Washington, D.C. 20006-3817
Tel: (202) 282-5000
cklein@winston.com

Samuel S. Park (*pro hac vice*)
Dan H. Hoang (*pro hac vice*)
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
Tel: (312) 558-7931
spark@winston.com
dhoang@winston.com

*Attorneys for Defendants Celltrion Healthcare Co., Ltd., Celltrion, Inc., and Hospira, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing document was filed through the electronic filing system and served electronically to the registered participants as identified on the Notice of Electronic Filing.

                                                                             _/s/ Andrea L. Martin_