## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JANSSEN BIOTECH, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:17-cv-11008-MLW |
| | ) | |
| v. | ) | |
| | ) | **CONFIDENTIAL –** |
| CELLTRION HEALTHCARE CO., LTD., | ) | **FILED UNDER SEAL** |
| CELLTRION, INC., and | ) | |
| HOSPIRA, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE CERTAIN OPINIONS OF MICHAEL BUTLER AND RICHARD LIT REGARDING DAMAGES AND INFRINGEMENT

## <u>TABLE OF CONTENTS</u>

**Page**

Table of Authorities ......................................................................................................... ii

I.      INTRODUCTION ...................................................................................................1

II.     FACTUAL BACKGROUND ..................................................................................2

III.    ARGUMENT ..........................................................................................................5

      A.      Dr. Butler and Mr. Lit Will Not Offer an Ultimate Opinion on
            Infringement Under 35 U.S.C. § 271(f)(1). ............................................5

      B.      Mr. Lit May Properly Testify About His Summary of ██████████
            ███████████████. ....................................................................9

IV.     CONCLUSION ......................................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AAMP of Fl., Inc v. Auto. Data Sols., Inc.*,
　No: 8:13-cv-2019, 2015 WL 12843845 (M.D. Fla. Oct. 8, 2015)............................................9

*Barry v. Medtronic, Inc.*,
　230 F. Supp. 3d 630 (E.D. Tex. 2017)...................................................................................11

*Burst v. Shell Oil Co.*,
　120 F. Supp. 3d 547, 554 (E.D. La. 2015)..............................................................................10

*Carapellucci v. Town of Winchester*,
　707 F. Supp. 611 (D. Mass. 1989).........................................................................................9

*Christian Bros. High Sch. Endowment v. Bayou No Leverage Fund, LLC (In re Bayou Grp., LLC))*, 439 B.R. 284 (S.D.N.Y. 2010) ..............................................................11

*Grote v. Wright Med. Grp., Inc.*,
　No. 12-CV-2002-LRR, 2013 U.S. Dist. LEXIS 192797 (N.D. Iowa Sept. 16, 2013) ..................................................................................................................................9

*Ille v. Am. Family Mut. Ins. Co.*,
　No. 03-2092, 2004 U.S. Dist. LEXIS 18447 (D. Minn. Aug. 31, 2004) ..................................9

*Martinez v. Porta*,
　601 F. Supp. 2d 865 (N.D. Tex. 2009) ...................................................................................9

*Mehus v. Empora State Univ.*,
　222 F.R.D. 455 (D. Kan. 2004)...............................................................................................10

*Mooring Capital Fund, LLC v. Phoenix Cent., Inc.*,
　No. CIV–06–0006–HE, 2009 U.S. Dist. LEXIS 117799
　 (W.D. Okla. Feb. 12, 2009) ..................................................................................................10

*Primiano v. Cook*,
　598 F.3d 558 (9th Cir. 2010) ..................................................................................................8

*SEC v. Seghers*,
　298 F. App'x 319 (5th Cir. 2008) ...........................................................................................13

*SMS Sys. Maint. Servs., Inc. v. Digital Equip. Corp.*,
　188 F.3d 11 (1st Cir. 1999)......................................................................................................12

*Threet v. Corr. Health Care Mgmt. of Okla., Inc.*,
  No. CIV-07-0943-HE, 2009 WL 3335596, 2009 U.S. Dist. LEXIS 96175
  (W.D. Okla. Oct. 15, 2009) ................................................................................................ 10

*United States v. Albertelli*,
  687 F.3d 439 (1st Cir. 2012) ........................................................................................... 12

*United States v. Campbell*,
  845 F.2d 1374 (6th Cir. 1988) ......................................................................................... 11

*United States v. Milkiewicz*,
  470 F.3d 390 (1st Cir. 2006) ....................................................................................... 10, 13

*United States v. Rafferty*,
  296 F. App'x 788 (11th Cir. 2008) .................................................................................. 11

*Zachar v. Lee*,
  363 F.3d 70 (1st Cir. 2004) ............................................................................................. 12

**Statutes**

35 U.S.C. § 271(f)(1) ......................................................................................... *passim*

**Other Authorities**

Fed. R. Evid. 702 ...................................................................................... 2, 9, 10, 11, 12, 13

Fed. R. Evid. 703 ......................................................................................... 2, 10, 11, 12, 13

Fed. R. Evid. 1006 ........................................................................................... 2, 10, 11, 13

## I.    INTRODUCTION

Defendants move to bar Janssen's expert witnesses Dr. Michael Butler and Mr. Richard Lit from offering an "ultimate opinion" regarding whether cell culture media made in Singapore infringe the '083 patent under 35 U.S.C. § 271(f)(1).  They further move to bar both experts from presenting a summary of ████████████████████████████████ ████████  The motion should be denied in its entirety.

Janssen does not intend to ask either Dr. Butler or Mr. Lit to offer an ultimate opinion about infringement to prove Defendants' liability under § 271(f)(1).  At trial, Janssen will use a combination of fact and expert testimony to establish that each of the elements of a § 271(f)(1) violation are met, by proving that Defendants: (1) caused to be supplied in or from the United States; (2) all or a substantial portion of the components of the accused media; (3) where such components were uncombined in whole or in part; (4) in such manner as to actively induce their combination in Singapore; (5) in a manner that would infringe the '083 patent if done within the United States.  *See* 35 U.S.C. § 271(f)(1).

With respect to expert testimony, Dr. Butler will provide testimony relating to element (5), by explaining that the Celltrion media infringe and so the Singapore media would violate the '083 patent if manufactured in the United States.  Mr. Lit, a regulatory and manufacturing expert, will provide expert testimony relating to elements (1), (2), and (3), by explaining ████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████

In so doing, Mr. Lit will explain how this opinion is supported by his review of the documentary evidence and testimony concerning ███████████████████████████████ ████████████████ Neither Dr. Butler nor Mr. Lit will provide an ultimate opinion on whether Defendants have violated § 271(f)(1).

Fact testimony from Celltrion witnesses will prove elements (4) and (5)—



The Court should also deny Defendants' motion to the extent it seeks to bar Mr. Lit from presenting his summary of ███████████████████████████████████████ ██████████ Federal Rules of Evidence 702, 703, and 1006 clearly permit Mr. Lit to present and rely on this summary and to testify about how it forms part of the basis for his opinions.  There is no requirement for Mr. Lit to have applied his expertise in creating the summary (although he did).  The Court should accordingly deny Defendants' motion in its entirety.

## II.   FACTUAL BACKGROUND

In November 2017, Janssen discovered evidence of § 271(f)(1) infringement in a small handful of documents that had previously been produced by HyClone.  Ex. B (Dkt. No. 132 at 3 (citing Ex. C (Dkt. No. 123 exs. 12-14)).  Shortly afterward, on December 7, 2017, Janssen filed an answer and counterclaims alleging that Defendants are liable for direct and

induced infringement under § 271(f)(1).  Dkt. No. 94.  Following motion practice, the Court

permitted Janssen's 271(f)(1) counterclaims to go forward, Ex. D (Dkt. No. 183 (Feb. 21, 2018)),

and in the process explained that additional discovery on Defendants' liability under § 271(f)(1)

was unnecessary, because this discovery necessarily overlapped with the then-ongoing damages

discovery on the availability of non-infringing alternatives, Ex. E. (Tr. of Feb. 16, 2018 Mot.

Hr'g at 131:8-132:19).  The Court explicitly left open the door to expert testimony on liability

under § 271(f)(1), explaining that Janssen could present "additional information" relevant to its

counterclaims "in the experts' reports on damages."  *Id.* at 131:14-132:10.

Janssen submitted reports from Dr. Butler, an expert on cell culture media, whose

qualifications are familiar to the Court.  Janssen also submitted reports from Mr. Richard  Lit, a

former biotechnology executive at Amgen, Inc. ("Amgen"), with 25 years of experience in

manufacturing and regulatory compliance for pharmaceuticals, including biosimilars.  Over the

course of his career, Mr. Lit has managed thousands of pharmaceutical manufacturing process

changes around the world, including numerous changes to ███████████████████████.

Dr. Butler and Mr. Lit submitted expert reports that offered opinions based on evidence obtained

through the discovery process—including █████████████████████

███████████████████████████████████████████

██████████████████████—that are equally relevant  to the liability question of

whether Singapore media in fact infringes under § 271(f)(1) and to the damages question of

whether Singapore media was an available non-infringing alternative.[1]  Defendants do not

challenge the qualifications of either Dr. Butler or Mr. Lit.

---

[1] *See* Ex. F (Opening Damages Expert Report of Richard Lit ("Lit Opening Report")) ¶¶ 53-54; Ex. G
(Opening Damages Expert Report of Michael Butler ("Butler Opening Damages Report")) ¶ 125; Ex. H
(Supplement to Opening Damages Expert Report of Richard Lit ("Lit Supp. Report")) ¶¶ 2-15; Ex. I

As relevant here, Mr. Lit opined based on his many years of experience that



He stated this in his opening expert report, even before Janssen's motion to amend was granted, and continued to add relevant opinions in two following reports as additional evidence was obtained.  *See* Ex. F (Lit Opening Report) ¶ 53; Ex. H (Lit Supp. Report) ¶¶ 13-14; Ex. J (Lit Reply Report ) ¶¶ 56, 64-67).  Mr. Lit also concluded that, █████████████████████ █████████████████████████████████  Ex. F (Lit Opening Report) ¶¶ 24, 53; Ex. H (Lit Supp. Report ) ¶¶ 7-15; Ex. J (Lit Reply Report) ¶ 44.

(Supplement to Opening Damages Expert Report of Michael Butler ("Butler Supp. Damages Report")) ¶¶ 2-9; Ex. J (Reply Damages Expert Report of Richard Lit ("Lit Reply Report")) ¶¶ 41-47, 50, 56, 64-68; Ex. K (Reply Damages Expert Report of Professor Michael Butler, Ph.D. ("Butler Reply Damages Report")) ¶¶ 80-86.



## III.   ARGUMENT

### A.   Dr. Butler and Mr. Lit Will Not Offer an Ultimate Opinion on Infringement Under 35 U.S.C. § 271(f)(1).

Dr. Butler and Mr. Lit did opine, as part of their analysis of non-infringing alternatives, that Singapore media does not qualify as a non-infringing alternative because, among other reasons, it continues to infringe under 35 U.S.C. § 271(f)(1).  But we do not believe offering those ultimate opinions will be necessary.   Rather, the trial of this case should be bifurcated, as Janssen has argued in separate motion.  And assuming that it is, an opinion on infringement under § 271(f)(1) will not be necessary during the damages case because the jury will already have answered the question, one way or the other, with its liability verdict.

During the liability trial, Janssen will not rely on either Dr. Butler or Mr. Lit to offer an ultimate opinion on infringement under § 271(f)(1).  Rather, they will provide opinion testimony that will support such a finding by the jury.  In order to establish that Defendants are liable for infringement under § 271(f)(1), Janssen must prove that Defendants: (1) "supplie[d] or cause[d] to be supplied in or from the United States"; (2) "all or a substantial portion of the components of a patented invention"; (3) "where such components [we]re uncombined in whole or in part"; (4) "in such manner as to actively induce the combination of such components outside of the United States"; (5) "in a manner that would infringe the patent if such combination occurred within the United States."  35 U.S.C. § 271(f)(1).

Dr. Butler will provide testimony that is relevant to element (5) by explaining that because of its ingredients and the concentration ranges of those ingredients, the Singapore media would infringe the '083 patent if the same media were manufactured in the United States.  *See* Ex. N (Opening Infringement Expert Report of Professor Michael Butler, Ph.D.) ¶¶ 12-13, 32-134 (███████████████████████████████████████████); Ex. G (Butler Opening Damages Report) ¶¶ 116, 125 (███████████████████████████████████ ███████████████████████████████).  Mr. Lit will provide testimony relevant to elements (1), (2), and (3) by explaining ███████████████████████████████ ███████████████████████████████████████████████████ ████████████████████████████████████████

First, Mr. Lit will testify about ████████████████████████████ ███████████████████████████████████████████████████ ███████████████████████████████████████████████████



Mr. Lit will also testify that based on his review of the evidence, ███████████

████████████████████████████████████████████████████████ *See*

Ex. H (Lit Supp. Report) ¶¶ 10-11; Ex. J (Lit Reply Report) ¶ 64.  And then Mr. Lit will explain

that ███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████   *See* Ex. F (Lit Opening Report) ¶ 53; Ex. H (Lit Supp. Report) ¶¶ 9-12;

Ex. J (Lit Reply Report) ¶¶ 64, 66.  In this regard, Mr. Lit will explain that he is relying in part

on ████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████   Ex. H (Lit Supp. Report) ¶ 9 (citing Ex. O (██████████████

██████████████████████).

      Mr. Lit will also testify that he is relying on his analysis and summary of ███

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████   Mr. Lit will explain ██████████████

████████████   and that, based on his decades of experience in biotechnology manufacturing, his

method for analyzing ████████████████████████ is generally accepted and reliable.  Mr.

Lit's testimony will recite ████████████████████; he will not opine ████████████████

████████████████████████   This will leave the jury free to conclude ██████████████

████████████████████████.

      This testimony will aid the jury in determining whether elements (1), (2), and (3)

of a § 271(f)(1) violation are met.  There is, of course, no requirement that expert testimony

address every element of a statutory claim to be relevant and admissible for the purpose of

proving that claim.  *See, e.g.*, *Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010); *Ille v. Am.*

*Family Mut. Ins. Co.*, No. 03-2092, 2004 U.S. Dist. LEXIS 18447, at *9 (D. Minn. Aug. 31,

2004); *Grote v. Wright Med. Grp., Inc.*, No. 12-CV-2002-LRR, 2013 U.S. Dist. LEXIS 192797,

at *36 (N.D. Iowa Sept. 16, 2013). Rather, the testimony must simply "help the trier of fact to

understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). Because Mr.

Lit's testimony about ███████████ will aid the jury in understanding the evidence that

Defendants have violated § 271(f)(1), the Court should permit Janssen to present this testimony

during the liability phase of the trial.

Defendants have not moved to exclude such testimony (except for Mr. Lit's

analysis of ████████████████, which we address below). Rather, their motion is

directed at "ultimate issue" testimony that Janssen does not plan to offer. Because Janssen's

experts will not testify on the ultimate issue of whether Defendants infringe the '083 patent

under § 271(f)(1), the Court should deny Defendants' motion.[2]

## B.   Mr. Lit May Properly Testify About His Summary of ███████ ███████████████

The Court should also deny Defendants' motion to the extent it seeks to bar

Janssen's experts from testifying about their summary of ████████████████████

████   As to Dr. Butler, the motion should be denied as moot because Janssen intends to present

this summary through Mr. Lit.[3]   Mr. Lit, meanwhile, can properly present and testify about the

---

[2] In support of their arguments, defendants cite several cases in which courts held that expert opinions cannot be based on erroneous or faulty legal premises. *See* Defs.' Br. at 7 (citing *Carapellucci v. Town of Winchester*, 707 F. Supp. 611, 619 (D. Mass. 1989); *Martinez v. Porta*, 601 F. Supp. 2d 865, 866 (N.D. Tex. 2009); *AAMP of Fl., Inc v. Auto. Data Sols., Inc.*, No: 8:13-cv-2019, 2015 WL 12843845, at *9 (M.D. Fla. Oct. 8, 2015)). However, Defendants do not identify any legal error in Dr. Butler's or Mr. Lit's application of § 271(f)(1). Regardless, the Court need not reach this issue, because Dr. Butler and Mr. Lit will not testify at trial whether Defendants violated § 271(f)(1).

[3] Defendants argue that the Court should not permit Dr. Butler to testify about the summary of ████ ████████████████ because he allegedly performed no analysis of his own and simply adopted Mr. Lit's analysis wholesale. *See* Defs.' Br. at 9-11. Although the Court need not reach this issue, Janssen notes that Dr. Butler did not simply adopt Mr. Lit's analysis wholesale without examining it, as

██████████ under Federal Rules of Evidence 702, 703, and 1006.  He will do so in the course

of explaining the basis for his opinions regarding ██████████.  Defendants "cannot

realistically claim to be prejudiced by an accurate summary."  *Mehus v. Empora State Univ.*, 222

F.R.D. 455, 461 (D. Kan. 2004).  Accordingly, to the extent Defendants' motion seeks to bar Mr.

Lit from discussing the summary of ██████████, it should be denied.

Federal Rules of Evidence 702, 703, and 1006 permit an expert to testify about a

summary of ██████████ that forms the basis for one of their opinions.  Fed. R. Evid. 702,

703, 1006; *see, e.g.*, *United States v. Milkiewicz*, 470 F.3d 390, 397-98 (1st Cir. 2006).  As

Defendants note, Mr. Lit's analysis and summary of ██████████—which was

produced in the form of ██████████, Ex. P (

██████████) —

██████████

██████████  Defs.' Br. at 4.  As such, his analysis is "a summary, chart, or calculation to prove

the content of voluminous writings, recordings, or photographs that cannot be conveniently

examined in court," and thus a Rule 1006 summary that under Rule 703 can be properly

---

did the expert witnesses in the cases cited by Defendants.  *See Burst v. Shell Oil Co.*, 120 F. Supp. 3d 547, 554 (E.D. La. 2015) ("[T]o the extent Dr. Harrison relies on Dr. Infante's report and the studies cited therein, his opinion is inadmissible because it reflects no original analysis *or any evaluation* of Dr. Infante's methodology or the studies upon which he relies." (emphasis added)); *Mooring Capital Fund, LLC v. Phoenix Cent., Inc.*, No. CIV–06–0006–HE, 2009 U.S. Dist. LEXIS 117799, at *14 (W.D. Okla. Feb. 12, 2009) (an expert may not "*assume the accuracy* of defendants' damages calculations or claims and then testify so as to suggest the conclusions are his or that he has determined, based on his experience and expertise, that those calculations are correct or reasonable" (emphasis added)); *Threet v. Corr. Health Care Mgmt. of Okla., Inc.*, No. CIV-07-0943-HE, 2009 WL 3335596, 2009 U.S. Dist. LEXIS 96175, at *19-20 (W.D. Okla. Oct. 15, 2009) ("An expert may rely on the opinions of other experts "so long as it does not involve the *wholesale adoption* of another expert's opinions without attempting to assess the validity of the opinions relied on." (emphasis added)).  Rather, as Dr. Butler stated in the supplement to his opening damages report, he independently reviewed ██████████, examined Mr. Lit's summary of ████, concluded that Mr. Lit's analysis and summary of ████ was sound, and determined that he could rely on it.  Ex. I (Butler Supp. Damages Report) ¶¶ 6-7.  Under Rules 703 and 1006, Dr. Butler could properly rely on this summary and testify about it at trial, were he asked to do so.

presented to the jury by an expert.  *See, e.g.*, *United States v. Rafferty*, 296 F. App'x 788, 793-94

(11th Cir. 2008) (expert's summary charts tracking sources and destinations of money through

various accounts were properly admitted at trial under Rule 1006); *Christian Bros. High Sch.*

*Endowment v. Bayou No Leverage Fund, LLC (In re Bayou Grp., LLC)*), 439 B.R. 284, 336-37

(S.D.N.Y. 2010) (concluding that "compilations and summaries" included in expert's report

"clearly fall under Rule 1006 and are therefore properly considered").

 Such use of ████████ is routine including on this exact issue.  In *Barry v.*

*Medtronic, Inc.*, 230 F. Supp. 3d 630 (E.D. Tex. 2017), the court permitted the plaintiff's

damages expert to testify at trial regarding the export of a component of the patented invention,

and admitted into evidence a schedule to the expert's report that contained calculations based on

underlying export shipment data, *id.* at 647-48 & n.14.   Mr. Lit's testimony about his analysis of

████████████ should be admitted because it would spare the jury from having to review ██

███████████████████████████████

██████ and from having to parse ████████████████

████████████████████ *Cf. United States v. Campbell*, 845

F.2d 1374, 1381 (6th Cir. 1988) ("Without the chart, the jury would have been forced to review

hundreds of pages of technical information which may not have been readily understandable to

the lay reader.").  Because Mr. Lit's testimony about ████████ is relevant and would aid

the jury, it is properly admissible, and Defendants' motion to preclude Janssen from offering it

should be denied.

 Defendants contend that Mr. Lit should not be permitted to testify about his

summary of ████████████ because he did not apply his expertise in creating it.

Defs.' Br. at 7-9.  Although Mr. Lit does not purport to be an expert on the narrow subject of ██

███████████████, he has decades' worth of experience managing biologic drug

manufacturing processes and a vast knowledge of ████████████████████████

████████████████████████. He was able to apply this experience and knowledge in

summarizing ████████████████████, as he explained at his deposition:



Ex. Q (Tr. of Deposition of Richard Lit) at 158:4-13. Mr. Lit's specialized knowledge of

biopharmaceutical manufacturing informed his ability to understand ████████████████

██████ and enabled him to vouchsafe for the reliability of his analysis, which further

establishes the propriety of Mr. Lit's testimony about the summary. Fed. R. Evid. 702, 703; *see,*

*e.g.*, *United States v. Albertelli*, 687 F.3d 439, 446 (1st Cir. 2012) (an expert witness's

interpretation of evidence "give[s] the jury the benefit of an independent body of specialized

knowledge"); *Zachar v. Lee*, 363 F.3d 70, 76 (1st Cir. 2004) ("[A]n expert must vouchsafe the

reliability of the data on which he relies and explain how the cumulation of that data was

consistent with standards of the expert's profession." (quoting *SMS Sys. Maint. Servs., Inc. v.*

*Digital Equip. Corp.*, 188 F.3d 11, 25 (1st Cir. 1999))).

Even if no expertise were required, Mr. Lit's chart is admissible. Summary

documents are admissible to spare the jury tedious and unnecessary work. Thus, where the

creation of a summary of "routine . . . records" required "patience but not expertise," the expert

may properly present the summary to the jury, regardless of whether they applied their expertise in creating it, and regardless of their qualifications. *Milkiewicz*, 470 F.3d at 401; *see also SEC v. Seghers*, 298 F. App'x 319, 326 (5th Cir. 2008).

In sum, under Rules 702, 703, and 1006, Mr. Lit may properly testify about the summary of ██████████████████████████████████ and how this summary forms the basis for his opinion on ████████████, which is relevant to determining whether Defendants infringed the '083 patent under § 271(f)(1). The Court should therefore deny Defendants' motion to the extent that it seeks to preclude Mr. Lit from testifying about his analysis and summary of █████████████████.

## IV.    CONCLUSION

For the foregoing reasons, the Court should deny Defendants' motion to exclude certain opinions of Dr. Michael Butler and Mr. Richard Lit regarding infringement under § 271(f)(1).

Respectfully Submitted,

Dated: May 25, 2018

*Of Counsel*
Gregory L. Diskant (admitted *pro hac vice*)
gldiskant@pbwt.com
Irena Royzman (admitted *pro hac vice*)
iroyzman@pbwt.com
Aron Fischer (admitted *pro hac vice*)
afischer@pbwt.com
Benjamin F. Jackson (admitted *pro hac vice*)
bjackson@pbwt.com
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036-6710
212-336-2000
FAX: 212-336-2222

/s/ Alison C. Casey
Heather B. Repicky (BBO # 663347)
hrepicky@nutter.com
Alison C. Casey (BBO #688253)
acasey@nutter.com
NUTTER MCCLENNEN & FISH LLP
Seaport West
155 Seaport Boulevard
Boston, MA 02210
617-439-2000
FAX: 617-310-9192

*Attorneys for Plaintiff Janssen Biotech, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on May 25, 2018, this document, filed through the ECF system, will be sent electronically to the parties or their counsel who are registered participants as identified on the Notice of Electronic Filing and if not so registered, that copies will be electronically mailed to such parties or their counsel.

*/s/ Alison C. Casey*
Alison C. Casey