# Exhibit D

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

JANSSEN BIOTECH, INC., )
    Plaintiff, )
     )
     )
v. )
     )  C.A. No. 17-11008-MLW
CELLTRION HEALTHCARE CO., )
LTD., ET AL., )
    Defendants. )
     )

MEMORANDUM AND ORDER

WOLF, D.J.                            February 20, 2018

For the reasons described in court on February 16, 2018 and summarized below, defendants Celltrion, Inc., Celltrion Healthcare Co., Ltd. (together, "Celltrion"), and Hospira, Inc.'s Motion to Dismiss or Strike Janssen Biotech Inc.'s Counterclaims under 35 U.S.C. §271(f) is being denied.

Janssen pleads facts, which, taken as true and drawing all reasonable inferences in favor of Janssen, are sufficient to prove that defendants have violated §271(f). See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Rodriguez-Ortiz v. Marao Caribe, Inc., 490 F.3d 92, 96 (1st Cir. 2007). To violate §271(f), the defendant must: (1) "suppl[y] or cause[] to be supplied in or from the United States" (2) "all or a substantial portion of the components of a patented invention," here, the ingredients of the Celltrion media

used to produce Inflectra, "where such components are uncombined in whole or in part," (3) "in such manner as to actively induce the combination of such components outside of the United States" (4) "in a manner that would infringe the patent if such combination occurred within the United States." Id.

Janssen's counterclaim alleges: that "at Celltrion's direction and control, and acting as Celltrion's agent, HyClone supplies from the United States at least a substantial portion of the components of the infringing Celltrion media, which HyClone then combines at the Singapore Facility," Pl's Counterclaim at ¶34; that Hospira and Celltrion are in a joint enterprise with respect to the manufacture and marketing of Inflectra, id. at ¶45; that "by causing HyClone to supply the components of the infringing Celltrion media from the United States for combination at the Singapore Facility," Celltrion and Hospira "ha[ve] actively induced and continue[] to actively induce the combination of components outside of the United States in a manner that would infringe the 083 patent if such combination occurred within the United States," id. at ¶¶40, 48; and that both do so intending to that the Singapore media be combined in a manner that would infringe the patent, id., at ¶¶38-39, 46-47. The counterclaim and the complaint, incorporated by reference, allege facts adequate to support these conclusions. See, e.g., id. at ¶¶21-26; Compl. at ¶¶61, 72-78, 98-104, 128. Therefore, Janssen has stated a plausible

2

claim under §271(f). See WesternGeco, LLC v. Ion Geophysical Corp., 876 F. Supp. 2d 857, 899-901 (S.D. Tex. 2012); Jacobs Vehicle Sys., 424 F. Supp. 2d 388, 395 (D. Conn. 2006).

In addition, Janssen may as of right assert the §271(f) counterclaim in its answer to defendants' counterclaims for a declaratory judgment of non-infringement and invalidity, all of which are compulsory counterclaims. See Fed. R. Civ. P. 13. Rule 13 provides that "a pleading must state as a counterclaim any claim that--at the time of its service--the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction," and "may state as a counterclaim against an opposing party any claim that is not compulsory." Fed. R. Civ. P. 13(a)(1) & (b) (emphasis added). Rule 7(a)(3) states that a "pleading" includes "an answer to a counterclaim designated as a counterclaim." Under Federal Rule of Civil Procedure 15, leave of court is only required for "amendments" to a pleading. Therefore, leave of court is not required for Janssen's counterclaim in its answer. See Southeastern Indus. Tire Co., Inc. v. Duraprene Corp., 70 F.R.D. 585, 586 (E.D. Pa. 1976)(Becker, D.J.); see also Wiggins v. FDIC, 2017 U.S. Dist. LEXIS 167042, at *11 (N.D. Ala. 2017); Power Tools

3

Supply Inc. v. Cooper Power Tools, Inc., 2007 U.S. Dist. LEXIS 29571, at *7-8 (E.D. Mich. Apr. 20, 2007).

If leave of court were required under Rule 15, the court expects that it would allow the amendment. Although Janssen's long delay in bringing its claim creates a serious concern, see Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004), the court does not find that Janssen has acted in bad faith or with a dilatory motive. In addition, it does not now appear that defendants will suffer undue prejudice from the addition of the claim under §271(f). See Foman v. Davis, 371 U.S. 178, 182 (1962). The claim will not require substantially more discovery than is being sought concerning Janssen's demand for lost profits, which depends in part on whether, as a practical matter, Celltrion could have made Inflectra, which it began marketing in the United States on about January 1, 2017, at a competitive price and on a comparable launch schedule using media produced in Singapore that was non-infringing. See March 3, 2017 Order at 2.

Therefore, it is hereby ORDERED that the Motion to Dismiss or Strike Janssen's Counterclaims under 35 U.S.C. §271(f) (Docket No. 122) is DENIED.

/s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE