# Exhibit E

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JANSSEN BIOTECH, INC., and NEW YORK UNIVERSITY, Plaintiffs, v. CELLTRION HEALTHCARE CO., LTD, CELLTRION, INC., and HOSPIRA, INC., Defendants. | ) | Civil Action No. 17-11008-MLW |

BEFORE THE HONORABLE MARK L. WOLF
UNITED STATES DISTRICT JUDGE

TRANSCRIPT OF MOTION HEARING

FEBRUARY 16, 2018

John J. Moakley United States Courthouse
Courtroom No. 10
One Courthouse Way
Boston, Massachusetts 02210

DEBRA M. JOYCE, RMR, CRR, FCRR
Official Court Reporter
John J. Moakley U.S. Courthouse
1 Courthouse Way, Room 5204
Boston, MA 02210
joycedebra@gmail.com

just the fact pattern which these events emerged. We learned about it on November 6th. As it happened, they just filed this counterclaim, so it seemed the reasonable thing to do. I realize there are other ways we could have approached the same issue.

I think as a permissive counterclaim I would think your Honor should order it. There's no prejudice that's cognizable, I don't think. You're entirely right, this is a fact-based counterclaim, not an expert-based one. There may be an extremely small amount of expert testimony which we've already put in in our opening report on noninfringing alternatives in which our experts explain why from a manufacturing standpoint it made sense to single source ingredients. And they may have some responsive -- you know, the defendants put anything in response. But this is -- this is not expanding the case, except for a tiny amount of damages testimony on which everyone's been taking the same damages numbers -- all the underlying fact discovery on sales and markets are exactly the same, it's just computing days, basically.

So I don't see any cognizable prejudice, and, you know, the facts are what I said. We asserted this claim promptly after discovering it.

THE COURT: Okay.

It's now almost 3:30. I'm going to take a break, I

will be relying on only the discovery now already being done on damages. I note that it could not have raised this issue during the period for liability discovery, because that period ended in July of 2016, as I said, and these documents were not produced until October 2016.

But this case is also distinguishable from Scott, 733 F.3d 105, 107-18.

If I had discretion, which I find I don't, I might deny the leave to amend if I were persuaded that the counterclaim would disrupt the schedule to complete discovery and get to pretrial motions and trial that I established. That's a consideration that's important in the 1st Circuit and to me. The 1st Circuit's view is reflected in Steir, S-t-e-i-r, 383 F.3d 7, 12. However, the plaintiff asserts, as I said, that discovery will be the same for liability and 271(f)(1) and on the damages issue concerning the availability of a noninfringing alternative that is going on now. So no additional discovery, that is, discovery that wouldn't be done on damages, according to the plaintiff, will be required.

The case will require -- the counterclaim will require additional information in the experts' reports on damages, but I don't find that in the context of this enormously already expensive case that that will be onerous or unfeasible.

It's not clear whether expert testimony on the 271(f)(1) issue will be necessary or whether there would be

much of that. It wasn't mentioned in the argument, but I note that in 2017, the Supreme Court decided Life Techs., 137 Supreme Court 734, 740, where the Court held that the substantiality of a portion of the patented components for 271(f) analysis is a quantitative measure and does not depend on the components' qualitative importance to the invention overall.

I don't know how that will apply here. The composition of media is at issue, but it might limit expert testimony.

04:51

So as I said -- I'll say one more thing that would influence me if I had discretion.

The law is not a game. If the defendant is infringing under Section 271(f), it would be in the public interest that it be held accountable.

The parties must continue to work hard to complete all discovery on the existing schedule, including concerning this 271(f) claim. And I fully expect, given our long history together, that the parties will.

04:52

It's now five of five. Hours ago I was told that some discovery issues that the parties thought they had resolved by agreement have reemerged. Do you want to tell me what those are, or maybe tell me that you settled them during some of these large breaks?

MR. DISKANT: Judge, if I may go first for just a

\- - - - - - - - - - - - -

CERTIFICATION

I certify that the foregoing is a correct transcript of the record of proceedings in the above-entitled matter to the best of my skill and ability.

/s/Debra M. Joyce
Debra M. Joyce, RMR, CRR, FCRR
Official Court Reporter

February 23, 2018
Date