# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **JANSSEN BIOTECH, INC.** and  **NEW YORK UNIVERSITY**<br>      Plaintiffs,<br><br>    v.<br><br>**CELLTRION HEALTHCARE CO., LTD.,  CELLTRION, INC.,** and  **HOSPIRA, INC.**<br>      Defendants. | Civil Action No. 1:15-cv-10698 |

**PLAINTIFFS JANSSEN BIOTECH, INC. AND NEW YORK UNIVERSITY'S
OBJECTIONS AND RESPONSES TO DEFENDANTS'
FIRST SET OF REQUESTS FOR ADMISSION**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure and Rule 36.1 of the Local Rules of the United States District Court for the District of Massachusetts, Plaintiffs Janssen Biotech, Inc. and New York University (collectively, "Janssen") hereby submit these objections and responses to the First Set of Requests for Admission (the "Requests") served by Defendants Celltrion Healthcare Co. Ltd., Celltrion, Inc., and Hospira, Inc. (collectively, "Defendants").

**GENERAL OBJECTIONS**

Janssen makes the following General Objections, whether or not separately set forth in response to each request, to each and every instruction, definition, and question posted in the Requests for Admission:

1.  Janssen objects to each Request to the extent that it seeks information protected by the attorney-client privilege, work-product immunity, common interest or joint defense privilege or any other applicable privilege or protection as provided by any applicable law.

8952038v.2

Janssen further objects to each request to the extent that it seeks information generated by, for, or at the request to Janssen's litigation counsel or acquired by said counsel from a source other than Janssen. Nothing contained in Janssen's responses is intended to be, or in any way shall be deemed to be, a waiver of any such applicable privilege or immunity.

2. Janssen objects to each Request or definition to the extent that it seeks to impose on Janssen obligations broader than or inconsistent with the Federal Rules of Civil Procedure, the Local Rules of the Court, or any standing orders of the Court.

3. Janssen objects to each Request to the extent that such Request asks for information not relevant to the infringement, validity, or enforceability of any patent-in-suit.

4. Janssen objects to each Request to the extent that it imposes on Janssen an obligation to investigate or discover information, materials, or documents that are not in the possession, custody, or control of Janssen.

5. Janssen objects to each Request to the extent that it calls for information not relevant to any claim or defense in this litigation nor reasonable calculated to lead to the discovery of admissible evidence.

6. Janssen objects to each Request to the extent that it is vague, ambiguous, or otherwise fails to set forth with reasonable particularity the information requested.

7. Janssen objects to each Request to the extent that it prematurely seeks expert testimony and conclusions, which should be addressed during the scheduled period for expert discovery.

8. Janssen responds to the Requests to the best of its knowledge and only insofar as it may be deemed to have personal knowledge or information that forms the basis of any response herein.

9. Any answer or act of production supplied by Janssen that is generally and/or specifically objected to shall in no way constitute or be construed as a waiver of any such objection(s) contained herein.

10. Nothing in these responses should be construed as waiving any rights or objections that otherwise might be available to Janssen, nor should Janssen's answering of any of these Requests be deemed an admission of relevancy, materiality, or admissibility in evidence of the discovery or the responses thereto.

11. Each of the above General Objections shall be deemed continuing and is incorporated into the specific responses set forth below, whether or not specifically stated in response to each Request, and is not waived or in any way limited by the responses below.

12. Janssen expressly reserves the right to supplement these General Objections.

13. Janssen's responses are based upon information presently known to it. Janssen reserves the right to rely on any facts, documents, or other evidence which may develop or subsequently come to its attention, to assert additional objections, and to supplement these responses.

## RESPONSES AND SPECIFIC OBJECTIONS

**Request No. 1**

Admit that HyClone's Cell Media contain proteins (including, but not limited to, proteins not of animal origin such as recombinant proteins).

**Response to Request No. 1**

Denied. HyClone's Cell Media do not contain proteins of animal origin.

**Request No. 2**

Admit that the ingredient "Insulin-Human Recombinant, Zn (ADCF) (USP/EP)" contained in HyClone's Cell Media is a protein.

**Response to Request No. 2**

Admitted.

**Request No. 3**

Admit that the ingredient "Insulin-Human Recombinant, Zn (ADCF) (USP/EP)" contained in HyClone's Cell Media is a recombinant protein.

**Response to Request No. 3**

Admitted.

**Request No. 4**

Admit that the ingredient "IGF1 W/O BSA (ADCF)" contained in HyClone's Cell Media is a protein.

**Response to Request No. 4**

Admitted.

**Request No. 5**

Admit that the ingredient "IGF1 W/O BSA (ADCF)" contained in HyClone's Cell Media is a recombinant protein.

**Response to Request No. 5**

Admitted.

**Request No. 6**

Admit that "Janssen does not use an embodiment of the '083 patent in the production of Remicade." *See* Jan 14, 2016 Ltr. from A. Cohen.

**Response to Request No. 6**

 Admitted.

**Request No. 7**

 Admit that Janssen has not used an embodiment of the soluble compositions recited in claims 1 or 2 of the '083 patent in the production of Remicade® for commercial sale in the United States.

**Response to Request No. 7**

 Admitted.

**Request No. 8**

 Admit that Janssen has not received approval from the FDA to use an embodiment of the soluble compositions recited in claims 1 or 2 of the '083 patent in the production of Remicade® for commercial sale in the United States.

**Response to Request No. 8**

 Admitted.

Dated: May 31, 2016        Respectfully Submitted,

              */s/ Aron Fischer*
              Gregory L. Diskant (admitted *pro hac vice*)
              gldiskant@pbwt.com
              Irena Royzman (admitted *pro hac vice*)
              iroyzman@pbwt.com
              Aron Fischer (admitted *pro hac vice*)
              afischer@pbwt.com
              Andrew D. Cohen (admitted *pro hac vice*)
              acohen@pbwt.com
              PATTERSON BELKNAP WEBB &
              TYLER LLP
              1133 Avenue of the Americas
              New York, NY 10036

>212-336-2000
>FAX: 212-336-2222
>
>Dianne B. Elderkin (admitted *pro hac vice*)
>delderkin@akingump.com
>Barbara L. Mullin (admitted *pro hac vice*)
>bmullin@akingump.com
>Angela Verrecchio (admitted *pro hac vice*)
>averrecchio@akingump.com
>Jason Weil (admitted *pro hac vice*)
>jweil@akingump.com
>AKIN GUMP STRAUSS HAUER & FELD LLP
>Two Commerce Square
>2001 Market Street, Suite 4100
>Philadelphia, PA 19103
>215-965-1200
>FAX: 215-965-1210
>
>*Attorneys for Janssen Biotech, Inc. and New York University*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served on the following counsel for the Defendants by electronic mail on May 31, 2016.

Charles B. Klein (cklein@winston.com)
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20006

Samuel S. Park (spark@winston.com)
Dan H. Hoang (dhoang@winston.com)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601

James F. Hurst (james.hurst@kirkland.com)
Dennis J. Abdelnour (dennis.abdelnour@kirkland.com)
Marcus E. Sernel (msernel@kirkland.com)
KIRKLAND & ELLIS, LLP
Suite 5300
200 East Randolph Drive
Chicago, IL 60601-6636

Jeanna Wacker (jeanna.wacker@kirkland.com)
KIRKLAND & ELLIS, LLP
601 Lexington Avenue
New York, NY 10022

Andrea L. Martin (amartin@burnslev.com)
Dennis J. Kelly (dkelly@burnslev.com)
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA 02110


                                          /s/ Irena Royzman

8952038v.2