**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JANSSEN BIOTECH, INC.<br><br>                     Plaintiff,<br><br>            v.<br><br>CELLTRION HEALTHCARE CO., LTD.,<br>CELLTRION, INC., and<br>HOSPIRA, INC.<br><br>                     Defendants. | Civil Action No. 1:17-cv-11008-MLW<br><br>**PUBLIC -<br>REDACTED VERSION** |

**DEFENDANTS' MEMORANDUM
IN OPPOSITION TO PLAINTIFF'S MOTIONS *IN LIMINE* NO. 5**

I.   **INTRODUCTION**

Janssen motion *in limine* no. 5 is the second of three motions *in limine* Janssen filed to keep the jury from hearing valid criticism of its experts' shaky liability testimony. Specifically, Janssen seeks to exclude everything in paragraphs 69–81 of Defendants' liability expert's, Dr. Michael Glacken's, rebuttal report. Janssen couches its request as seeking to "bar[ Defendants] from making any argument or procuring any testimony regarding vitiation." Dkt. 266 (Br.) at 9. The Court should deny MIL 5.

As Defendants have explained, Janssen's infringement arguments are unprecedented, alleging a twelve-way (or more) doctrine of equivalents theory against the accused GE HyClone cell culture media. The crux of Janssen's infringement case is expert testimony from Dr. Michael Butler and testing conducted by Dr. Florian Wurm. Janssen, Dr. Butler, and Dr. Wurm treat the limitations in the '083 patent as "guidelines for estimation," Ex. 1 (1/30/18 Hr'g Tr.) at 82:20–83:3, and their infringement analysis improperly dismisses differences between the accused GE HyClone media and the '083 patent.

Dr. Glacken's rebuttal report shows that Janssen and its experts failed to carry the burden of proof for infringement under the doctrine of equivalents. The paragraphs Janssen wants excluded criticize Dr. Butler's approach to interpreting the claimed concentration limitations and methodology for assessing the substantiality of differences, which goes directly to Janssen's failure to prove its case under the doctrine of equivalents. And Janssen admits that Dr. Glacken has a "right to present [] at trial" his "criticisms" of Drs. Butler and Wurm. No. 15-cv-10698 Dkt. 343 at 5. Thus, for example, when Dr. Butler argues the claim's concentration ranges ███, Dr. Glacken must be allowed to explain that Dr. Butler is wrong.

Moreover, there is no basis to "bar" evidence of vitiation. Vitiation remains a live issue in this case. If necessary, the Court will decide vitiation after trial based on the evidence presented.

In addition to rebutting and criticizing Drs. Butler and Wurm, paragraphs 69–81 of Dr. Glacken's report *also* contain opinions relevant to vitiation, and thus should be allowed so they can be considered in the Court's decision. And Janssen cannot reasonably claim prejudice because Dr. Glacken will not use the term "vitiation" unless the Court asks the jury for an advisory verdict.

## II.     ARGUMENT

The Court should deny Janssen's "vitiation" motion for two reasons. *First,* Dr. Glacken's discussions and observations in these thirteen paragraphs are relevant to his conclusion that Janssen failed to carry its burden of proof on infringement under the doctrine of equivalents. It is beyond dispute that attacking the data, methods, and analysis on which Dr. Butler relies are proper subjects for Dr. Glacken's testimony. *United States v. Mooney*, 315 F.3d 54, 63 (1st Cir. 2002) ("any flaws in [an expert's] opinion may be exposed through . . . competing expert testimony."); *Aviva Sports v. Fingerhut Direct Mktg., Inc.*, 829 F. Supp. 2d 802, 834–35 (D. Minn. 2011) ("[i]t is the proper role of rebuttal experts to critique plaintiff['s] experts' methodologies and point out potential flaws in the plaintiff's experts' reports.").

Dr. Glacken's specific criticisms plainly are relevant. For example, he disputes Dr. Butler's approach to "interpret[ing] [] the concentration limitations." Ex. 2 (Glacken Reb. Rpt.) ¶ 73. Dr. Glacken also rebuts Dr. Butler's assertion that ███████████████████████████ ███████████████████████████████ *Id.* at ¶ 72, 74. And Dr. Glacken explains that Dr. Butler's opinions are inconsistent with how a person of ordinary skill in the art ("POSA") would interpret the claims. *Id.* at ¶ 74. Dr. Butler's erroneous interpretation of these patents and approach to equivalence show he performed the wrong analysis and failed to show equivalence, and Dr. Glacken should be allowed to explain that to the jury. *Aviva*, 829 F. Supp. 2d at 834–35.

2

Dr. Glacken also levels criticisms at Dr. Butler's purported methodology for assessing substantiality of differences, including Dr. Butler's failure to: "provide any standard for how he evaluates an 'insubstantial' or 'close' difference," provide "testing to support his characterizations of 'insubstantial' or 'close' difference with respect to an ingredient's function or concentration,'", and "articulate any scientific basis for evaluating whether the differences in the amounts of the ingredients are actually 'insubstantial.'" *See, e.g.*, Ex. 2 (Glacken Reb. Rpt.) ¶¶ 76, 78, 80–81. These paragraphs criticize Dr. Butler's "broad functional test," which ignores differences "so long as the cells grown in the cell culture media perform similarly," and "ignor[es] the specific contribution of each of the concentration ranges." *Id.* ¶¶ 80–81.

Dr. Glacken's report rebuts Dr. Butler's opinion that the differences between the accused GE HyClone media and the claimed elements of the '083 patent are insubstantial, including "disagree[ing]" with Dr. Butler's conclusion about the substantiality of "the differences in the concentration" for trace element-containing ingredients and other missing claim limitations. *Id.* ¶¶ 75, 78. Dr. Glacken's report also discusses the large differences between the accused media's concentrations and the ranges claimed in the '083 patent. *Id.*, Tabs. 3–6.



Moreover, Dr. Glacken should be permitted to offer opinions which draw logically on these criticisms—e.g., that Dr. Butler's interpretation of the claims and approach to evaluating whether

3

differences are substantial cannot be correct because "[a]pplying the doctrine of equivalents to differences of this magnitude would essentially eliminate the claim limitations that require particular ingredients within specified concentration ranges." *Id.* ¶ 71. This directly addresses whether Dr. Butler and Dr. Wurm are doing a proper scientific analysis to show equivalence, and its rebuttal to their testimony unquestionably is proper.

*Second*, Dr. Glacken's opinions are relevant to vitiation. The merits of Defendants' vitiation defense are still pending, as is the Court's decision on whether to ask for an advisory verdict. Claim vitiation is assessed "based on the evidence presented and the theory of equivalence asserted" at trial. *Cadence Pharms. Inc. v. Exela PharmSci Inc.*, 780 F.3d 1364, 1371 (Fed. Cir. 2015); *see also* Ex. 3 (1/31/18 Hr'g Tr.) at 110:4–13. To fairly litigate this issue, Defendants must be allowed to present their evidence at trial, including Dr. Glacken's opinions (if necessary, without using the term "vitiation").

The Court should reject Janssen's arguments for exclusion. *First*, Janssen argues Dr. Glacken's testimony is not relevant. For example, Janssen argues that Dr. Glacken's opinions should be excluded because it does not have a "'philosophy of doctrine of equivalents infringement.'" Dkt. 266 (Br.) at 10. This is plainly false. Janssen and Dr. Butler make numerous scientific and interpretive claims to support their doctrine of equivalents analysis, including ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See, e.g.*, Ex. 4 (Butler Op. Rpt.) ¶¶ 42, 46, 47. Dr. Glacken responds to and rebuts those premises and claims; rebutting Janssen's theories and evidence are entirely appropriate and relevant subjects for Dr. Glacken's opinions. *Mooney*, 315 F.3d at 63.

4

*Second*, Janssen argues that "the Court [has already] held that the analysis of Dr. Butler does not vitiate any claim limitations." Dkt. 266 (Br.) at 9. Janssen is wrong; this Court has not ruled on the merits of Defendants' vitiation defense. Janssen's motion cites statements the Court made in its ruling on the ***admissibility*** of Dr. Butler's testimony, not the merits of vitiation. Dkt. 266 (Br.) at 9. And Court also noted that Janssen was not required to prove at that time "that the expert's assessment of the situation is correct." Ex. 3 (1/31/18 Hr'g Tr.) at 76:19–21, 77:20–25. Consequently, the merits of the vitiation defense remain pending.

*Third*, Janssen claims Defendants "conceded at oral argument that vitiation is not a question that should be presented to the jury unless the Court asks the jury for an advisory opinion." Dkt. 266 (Br.) at 9–10. Defendants did not concede that vitiation-related evidence should not be presented at trial. *See Cadence Pharms.*, 780 F.3d at 1371. And, regardless, Dr. Glacken's opinions are relevant to issues other than vitiation.

## III.  CONCLUSION

The Court should deny Janssen MIL 5. Dr. Glacken should be permitted to testify regarding the opinions contained in paragraphs 69–81 of his report. His testimony goes to the heart of Janssen's and Dr. Butler's opinions on infringement under the doctrine of equivalents and also will be relevant to the Court's decision on vitiation.

Dated: June 4, 2018

Respectfully submitted,

Celltrion Healthcare Co., Ltd., Celltrion, Inc., and Hospira, Inc.

By their attorneys,

/s/Andrea L. Martin, Esq.
Dennis J. Kelly (BBO # 266340)
Andrea L. Martin (BBO #666117)
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA 02110-1624
Telephone: 617-345-3000
Facsimile: 617-345-3299
dkelly@burnslev.com
amartin@burnslev.com

*Of counsel:*

Charles B. Klein (*pro hac vice*)
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817
Tel: (202) 282-5000
cklein@winston.com

Samuel S. Park (*pro hac vice*)
Dan H. Hoang (*pro hac vice*)
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
Tel: (312) 558-7931
spark@winston.com
dhoang@winston.com

James F. Hurst, P.C. (*pro hac vice*)
Bryan S. Hales, P.C. (*pro hac vice*)
Elizabeth A. Cutri (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Tel: (312) 862-2000
james.hurst@kirkland.com
bryan.hales@kirkland.com
elizabeth.cutri@kirkland.com

Ryan Kane (*pro hac vice*)
James McConnell (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
ryan.kane@kirkland.com
james.mcconnell@kirkland.com

Noah S. Frank (*pro hac vice*)
KIRKLAND & ELLIS LLP
655 Fifteenth St., N.W.
Washington, DC 20005
noah.frank@kirkland.com

*Attorneys for Defendants Celltrion Healthcare Co., Ltd., Celltrion, Inc., and Hospira, Inc.*

**CERTIFICATE OF SERVICE**

I, Andrea L. Martin, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 4, 2018.

/s/Andrea L. Martin, Esq.
Andrea L. Martin, Esq.