# EXHIBIT 3

```
 1                    UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF MASSACHUSETTS
 2

 3                                       )
     JANSSEN BIOTECH, INC.,               )
 4   and NEW YORK UNIVERSITY,             )
                                          )
 5           Plaintiffs,                  )
                                          )        Civil Action
 6   v.                                   )        No. 15-CV-10698-MLW
                                          )
 7   CELLTRION HEALTHCARE CO.,            )
     LTD, CELLTRION, INC., and            )
 8   HOSPIRA, INC.,                       )
                                          )
 9           Defendants.                  )
                                          )
10

11

12              BEFORE THE HONORABLE MARK L. WOLF
                   UNITED STATES DISTRICT JUDGE
13

14                           HEARING

15                      January 31, 2018
                           10:10 a.m.
16

17
                John J. Moakley United States Courthouse
18                       Courtroom No. 10
                        One Courthouse Way
19                  Boston, Massachusetts  02210

20

21
                     Kelly Mortellite, RMR, CRR
22                     Official Court Reporter
                John J. Moakley United States Courthouse
23                  One Courthouse Way, Room 5200
                     Boston, Massachusetts  02210
24                       mortellite@gmail.com

25
```

Case 1:17-cv-11008-MLW   Document 319-3   Filed 06/04/18   Page 3 of 6

76

1      this first part of Dr. Glacken, we'll resume at 2:30.
2              MR. HALES:  Will we get to 103 today, Your Honor, do
3      you anticipate?
4              THE COURT:  No.
5              MR. HALES:  Okay.  Thank you.
6              THE COURT:  Court is in recess.
7              (Recess taken 12:22 p.m. - 2:45 p.m.)
8              THE COURT:  I apologize for the 15-minute delay, but I
9      was trying to digest the arguments this morning and further
10     organize my thoughts.  I'm going to decide the motion to
11     exclude the testimony of Doctors Michael Butler and Florian
12     Wurm orally.  I'm immersed in this, and I'm concerned that if I
13     put it down, I'm not sure when I would get back to it.
14             As I said at the outset, I asked for the testimony and
15     the argument, as I understand this is a consequential issue.
16     Without their testimony there would be no evidence of
17     infringement under the doctrine of equivalents.  Therefore, I
18     haven't reached this decision casually.
19             For the reasons I'll describe, the defendants' motion
20     to exclude the testimony of Doctors Michael Butler and Florian
21     Wurm is hereby denied.  I conclude that the plaintiff has
22     proven that it is more likely than not that the two experts'
23     methods are reliable and have been reliably applied to the
24     facts of this case as required by Federal Rules of Evidence
25     104(a) and 702.

1          As is often the case with regard to evidentiary
2  issues, I consulted Steven Salzberg's Federal Rules of Evidence
3  Manual Section 702.02 in this case to find a helpful framework.
4  Among the things, pertinent parts of that treatise are the
5  following:  After Daubert, it's clearly established that the
6  court's gatekeeper function is grounded in Rule 104(a), meaning
7  that the proponent has the burden of convincing the judge that
8  the experts' opinion is more likely than not grounded in
9  reliable methodology reliably applied.  It is important, as the
10 Supreme Court discussed in Joiner, that there not be an
11 analytical gap between the experts' conclusions and the studies
12 or tests on which they rely.  However, conclusions and
13 methodology are not entirely distinct from one another.  The
14 trial judge may evaluate the data offered to support an
15 expert's bottom-line opinions to determine if the data provides
16 adequate support to mark the expert's testimony as reliable.
17 This does not mean, however, that trial courts are empowered to
18 determine which of several competing scientific theories has
19 the best provenance.
20          Further, Daubert does not require that a party who
21 proffers expert testimony carry the burden of proving to the
22 judge that the expert's assessment of the situation is correct.
23 The proponent of the evidence must show only that the expert's
24 conclusion has been arrived at in a scientifically sound and
25 methodologically reliable fashion.

```
 1   trial that there's vitiation.  Some of the things that Dr.
 2   Butler said might not stand up under the fulsome
 3   cross-examination of the trial.
 4              THE COURT:  So vitiation is an issue to be decided by
 5   the judge?
 6              MR. HALES:  That's right.
 7              THE COURT:  And that can be based on evidence
 8   presented at trial and probably additional evidence?
 9              MR. HALES:  And also -- but it's not just this.  Let
10   me back up for one second -- or sorry, advance for one second.
11   There is a jury instruction that we proposed, right?  So the
12   ultimate decision I think is Your Honor's, but in the Federal
13   Circuit --
14              THE COURT:  What number is that?
15              MR. HALES:  This is slide 20.  We have a proposed jury
16   instruction submitted to Your Honor on the issue of vitiation.
17   This is a jury instruction related to vitiation that comes out
18   of the Federal Circuit Model Bar Association Patent Jury
19   Instructions.
20              THE COURT:  That's 20?
21              MR. HALES:  Slide 20.
22              THE COURT:  It's not 20 in my book.
23              MR. HALES:  No.  21.  I'm sorry, Your Honor.  There
24   was an extra slide that I had inserted, and when we pulled it
25   out, that changed the electronic numbering scheme, so apologies
```

```
 1                CERTIFICATE OF OFFICIAL REPORTER
 2
 3        I, Kelly Mortellite, Registered Merit Reporter
 4   and Certified Realtime Reporter, in and for the United States
 5   District Court for the District of Massachusetts, do hereby
 6   certify that pursuant to Section 753, Title 28, United States
 7   Code that the foregoing is a true and correct transcript of the
 8   stenographically reported proceedings held in the
 9   above-entitled matter and that the transcript page format is in
10   conformance with the regulations of the Judicial Conference of
11   the United States.
12                        Dated this 12th day of February, 2018.
13
14                        /s/ Kelly Mortellite
15                        _____
16                        Kelly Mortellite, RMR, CRR
17                        Official Court Reporter
18
19
20
21
22
23
24
25
```