IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANSSEN BIOTECH, INC.<br><br>                Plaintiff,<br><br>      v.<br><br>CELLTRION HEALTHCARE CO., LTD.,<br>CELLTRION, INC., and<br>HOSPIRA, INC.<br><br>              Defendants. | **Civil Action No. 1:17-cv-11008-MLW**<br><br>**PUBLIC —**<br>**REDACTED VERSION** |

**DEFENDANTS' MEMORANDUM IN**
**OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 6**

**I.     INTRODUCTION**

Janssen's motion *in limine* no. 6 is Janssen's third attempt to keep Dr. Michael Glacken from explaining legitimate and relevant criticisms of Janssen's liability expert witness to the jury. This motion seeks to bar Defendants "from offering evidence or argument that the '083 patent has a narrow range of equivalents." Dkt. 266 (Br.) at 11. In particular, it targets Dr. Glacken's opinion that a person skilled in the art "would afford the '083 patent a narrow range of equivalents for the claimed compositions."[1] Ex. 1 (Glacken Rebuttal Report) ¶ 68. According to Janssen, equivalence under the doctrine of equivalents "does not change depending on how the claims are written or how a person of skill would read them." Dkt. 266 (Br.) at 11. Janssen is wrong.

Janssen's approach to infringement in this case is to afford the '083 patent a near-limitless range of equivalents. Indeed, Janssen must disregard the patent's claims to support its unprecedented twelve-way (or more) doctrine of equivalents theory against the accused GE HyClone cell culture media. Janssen's expert, Dr. Michael Butler, has opined on the scope of equivalents, explaining that the claim limitations are mere "guidelines for estimation," Ex. 2 (1/30/18 Hr'g Tr.) at 82:20–83:3, and that "any concentration of an ingredient" on a so-called "plateau" of "interchangeable concentrations" is equivalent because it "allow[s] the media to perform, to function in [a] particular way." *Id.* at 44:10–16.

Dr. Glacken should be allowed to respond to Dr. Butler's opinion on the scope of equivalents. Dr. Glacken explains that a person of ordinary skill in the art ("POSA") would find no support in the '083 patent for Dr. Butler's and Dr. Florian Wurm's approach to the doctrine of equivalents. These opinions are unquestionably relevant and admissible because "'the vantage

---

[1] While Janssen does not specify the paragraphs it challenges, it appears Janssen is referring to paragraphs 61–68.

point of one of ordinary skill in the relevant art provides the perspective for assessing the substantiality of the differences' between the claimed invention and the accused device." *Lighting World, Inc. v. Birchwood Lighting, Inc.*, 382 F.3d 1354, 1357 (Fed. Cir. 2004), *overruled on other grounds by* 792 F.2d 1339. Thus, the Court should deny MIL 6.

**II.     ARGUMENT**

Janssen does not want the jury to hear Dr. Glacken's opinion that "[g]iven the intrinsic record and the extensive prior art, a POSA would afford the '083 patent a narrow range of equivalents for the claimed compositions." Ex. 1 (Glacken Rebuttal Report) ¶ 68. It argues that "[t]here is no legal or factual basis for the contention that a patent is afforded a 'narrow' range of equivalents depending on how a person of ordinary skill would read the claims." Br. at 11. But the Federal Circuit has explained that "all claim limitations are not entitled to an equal scope of equivalents." *Moore U.S.A., Inc. v. Standard Register Co.*, 229 F.3d 1091, 1106 (Fed. Cir. 2000). The equivalence "inquiry focuses on 'an examination of the claim and the explanation of it found in the written description of the patent,'" and is conducted "from the perspective of someone skilled in the art." *AquaTex Indus., Inc. v. Techniche Sols.*, 479 F.3d 1320, 1326 (Fed. Cir. 2007) (citation omitted); *see also Lighting World*, 382 F.3d at 1357. And one reason that a "limitation[] [may] warrant little, if any, range of equivalents" is "the inherent narrowness of the claim language." *Moore*, 229 F.3d at 1106.

Dr. Butler opines on the scope of equivalents for the '083 patent, explaining that "there is a plateau for equivalent concentrations in terms of any element in the media any concentration of an ingredient." Ex. 2 (1/30/18 Hr'g Tr.) at 75:3–12. And if an ingredient's "concentration is on the plateau," Dr. Butler asserts it is "substantially equivalent to any other concentration on the plateau." *Id.* at 50:20–23. According to Dr. Butler, the plateau's width may be 2500 times the minimum concentration (or more). *Id.* at 51:19–24.

2

Dr. Glacken's opinions respond to precisely this point, addressing how a POSA would view the range of equivalents of the '083 patent. It is proper for Dr. Glacken to provide such competing expert testimony and opinions to "expose" the "flaws in [Dr. Butler's] opinion." *United States v. Mooney*, 315 F.3d 54, 63 (1st Cir. 2002). And Dr. Glacken properly provides these opinions from "the vantage point of one of ordinary skill in the relevant art." *Lighting World*, 382 F.3d at 1357.

Indeed, many of Dr. Glacken's opinions in these paragraphs respond directly to Dr. Butler's claims about the scope of equivalents. For example, when assessing infringement, Dr. Butler opines [REDACTED] Ex. 3 (Butler Opening Infringement Report) ¶ 42, but "were meant to be the guidelines for estimation." Ex. 2 (1/30/18 Hr'g Tr.) at 82:20–83:3. In contrast, Dr. Glacken explains that a POSA would believe that "the inventors carefully chose the upper and lower concentration ranges," and that "these concentrations are indeed meaningful, as clearly the inventors did not arbitrarily specify a uniform 2-fold, 5-fold, 10-fold, or 100-fold concentration span on either side of each of the MET 1.5 concentrations." Ex. 1 (Glacken Rebuttal Report) ¶ 63–64. As another example, Dr. Butler opines that [REDACTED] *See, e.g.*, Ex. 3 (Butler Opening Infringement Report) ¶¶ 58–60, 73–75. In response, Dr. Glacken opines on how a POSA would assign importance to the fact that Janssen identified specific ingredients and specific ranges in claim 1, but specified the requirements of claim 2 more broadly and generally. *Id.* ¶ 65. Dr. Glacken also discusses how a POSA would have read claim 1 "more strictly given the advanced state of the prior art," *i.e.*, "the '083 patent is not a pioneering or first-of-its-kind invention… [e]ach of the claimed ingredients was commonly used in cell culture media in amounts that overlap with the claimed concentration ranges." *Id.* ¶ 66.

Dr. Glacken also offers opinions on the intrinsic record of the '083 patent, which are plainly admissible. *See, e.g.*, *AquaTex*, 479 F.3d at 1326 (citation omitted). Indeed, Janssen concedes that such testimony "can be useful, for example, to assist in determining the function, way, and result to consider for various claim elements." Dkt. 266 (Br.) at 13. Dr. Glacken discusses, for instance, the '083 patent's claims about the "need in the art for a chemically defined media composition," the single disclosed embodiment, and ratios of the low end of the claimed range to the high end of the claimed range. Ex. 1 (Glacken Rebuttal Report) ¶ 61, 63. Janssen cannot plausibly argue these opinions are improper.

Janssen cites no case precluding an expert from offering testimony like Dr. Glacken's testimony that Janssen tries to exclude here, or even suggesting it should be precluded. Janssen's cases stand only for broad legal propositions which do not require exclusion of Dr. Glacken's testimony. Janssen cites to *Jang v. Boston Sci. Corp.*, 872 F.3d 1275 (Fed. Cir. 2017), for the proposition that equivalence is determined by the function-way-result test or insubstantial difference inquiry. Similarly, Janssen cites *Warner-Jenkinson*, *Jang*, and *Abbot Labs v. Dey, LP*, 287 F.3d 1097 (Fed. Cir. 2002) to show prosecution history estoppel, vitiation, and ensnarement are limitations on the doctrine of equivalents. Janssen further cites *Interactive Pictures Corp. v. Infinite Pictures, Inc.*, 274 F.3d 1371 (Fed. Cir. 2001) to argue that the intrinsic record is relevant to the evaluating the doctrine of equivalents. And finally, Janssen cites *Honeywell Int'l, Inc. v. Hamilton Sundstrand Corp.*, 370 F.3d 1131 (Fed. Cir. 2004), for the principle of "claim differentiation." None of these cases address the testimony by an expert witness, like Dr. Glacken, offered in rebuttal to a plaintiff's expert's opinions regarding the scope of equivalents, regarding how a POSA would understand the scope of equivalents.

The Court should reject Janssen's other arguments for exclusion of this testimony as equally meritless. For example, Janssen argues that Dr. Glacken is "attempt[ing] to impose a limitation on the doctrine of equivalents that does not exist in the law." Dkt. 266 (Br.) at 13. He is doing nothing of the sort. As explained above, Dr. Glacken's opinions are his scientific view, about how a POSA would "assess[] the substantiality of the differences between the claimed invention" of the '083 patent "and the accused device" in view of the intrinsic record. *Lighting World*, 382 F.3d at 1357. He is not suggesting a "purported limitation[] on the scope of the doctrine of equivalents." *Id.*

Similarly, contrary to Janssen's claim, Dr. Glacken is not offering an ensnarement argument. Br. at 13. Dr. Glacken's discussion of the crowded prior art field is relevant because a POSA "is presumed to be aware of all the pertinent prior art." *Custom Accessories, Inc. v. Jeffrey–Allan Indus., Inc.*, 807 F.2d 955, 962–963, (Fed. Cir. 1986); *see also* MPEP § 2141.03. Thus, the prior art is a relevant factor in the equivalence inquiry, including, e.g., the POSA's "examination of the claim and the explanation of it found in the written description of the patent." *AquaTex*, 479 F.3d at 1328–9; *see also Lighting World*, 382 F.3d at 1357. This is different from ensnarement, which places limits on the reach of the doctrine of equivalents based on one or more specific pieces of prior art. *Jang v. Boston Sci. Corp.*, 872 F.3d 1275, 1285 (Fed. Cir. 2017).

Further, Janssen suggests Dr. Glacken should not be allowed to offer these opinions because he does not opine that the differences between the accused GE HyClone media and the '083 patent are substantial. This is a non-sequitur. Infringement is Janssen's burden, and Dr. Glacken's opinion shows that Janssen failed to carry that burden. *Lopes v. Hardware Distrib., Ltd.*, 67 Fed. App'x 604, 607 (Fed. Cir. 2003).

5

As to Janssen's argument that "Dr. Glacken should not be allowed to testify that the preferred embodiment limits the range of equivalents," Dkt. 266 (Br.) at 14, Janssen identifies no basis to suggest that Dr. Glacken will testify that "the ranges of equivalents of claim 1 is in effect limited to media that would be equivalent to claim 6." *Id.* Regardless, it is unquestionably appropriate to take into account "the written description of the patent," which includes the preferred (and only) embodiment. *AquaTex*, 479 F.3d at 1326.

*Finally*, Janssen asserts that this is merely a "repackaging" of Dr. Glacken's opinion that claim 1 "ha[s] no range of equivalents." Dkt. 266 (Br.) at 12. This argument is wrong and irrelevant. Dr. Glacken offered all of these opinions in his original rebuttal report and, indeed, Janssen's original motion *in limine* against Dr. Glacken noted this opinion. 15-cv-10698 Dkt. 343 at 9. Janssen identifies no substantive changes to support its "repackaging" charge. And Dr. Glacken will not testify that the '083 patent is entitled to *no* equivalents, the objection Janssen previously raised. Dr. Glacken's opinions are relevant, so Janssen's argument is baseless.

### III.   CONCLUSION

The Court should deny Janssen MIL 6 because Dr. Glacken's testimony shows how a POSA would view the '083 patent, which is relevant to evaluating infringement under the doctrine of equivalents.

Dated: June 4, 2018

Respectfully submitted,

Celltrion Healthcare Co., Ltd., Celltrion, Inc., and Hospira, Inc.

By their attorneys,

/s/Andrea L. Martin, Esq.
Dennis J. Kelly (BBO # 266340)
Andrea L. Martin (BBO #666117)
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA 02110-1624
Telephone: 617-345-3000
Facsimile: 617-345-3299
dkelly@burnslev.com
amartin@burnslev.com

*Of counsel:*

Charles B. Klein (*pro hac vice*)
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817
Tel: (202) 282-5000
cklein@winston.com

Samuel S. Park (*pro hac vice*)
Dan H. Hoang (*pro hac vice*)
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL  60601-9703
Tel: (312) 558-7931
spark@winston.com
dhoang@winston.com

James F. Hurst, P.C. (*pro hac vice*)
Bryan S. Hales, P.C. (*pro hac vice*)
Elizabeth A. Cutri (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Tel: (312) 862-2000
james.hurst@kirkland.com
bryan.hales@kirkland.com
elizabeth.cutri@kirkland.com

Ryan Kane (*pro hac vice*)
James McConnell (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
ryan.kane@kirkland.com
james.mcconnell@kirkland.com

Noah S. Frank (*pro hac vice*)
KIRKLAND & ELLIS LLP
655 Fifteenth St., N.W.
Washington, DC 20005
noah.frank@kirkland.com

*Attorneys for Defendants Celltrion Healthcare Co., Ltd., Celltrion, Inc., and Hospira, Inc.*

7

## **CERTIFICATE OF SERVICE**

I, Andrea L. Martin, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 4, 2018.

/s/Andrea L. Martin, Esq.
Andrea L. Martin, Esq.