IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANSSEN BIOTECH, INC., <br>                           Plaintiff, <br><br> v. <br><br> CELLTRION HEALTHCARE CO., LTD., <br> CELLTRION, INC., and <br> HOSPIRA, INC., <br>                           Defendants. | Civil Action No. 1:17-cv-11008-MLW |

**JANSSEN'S RESPONSE TO DEFENDANTS' MOTION *IN LIMINE* NO. 6, TO PRECLUDE JANSSEN FROM OFFERING EVIDENCE AND ARGUMENT REGARDING THE SAFE-HARBOR PROVISION OF 35 U.S.C. § 271(E)(1)**

Defendants have moved *in limine* to preclude Janssen from offering evidence and argument to the effect that the safe harbor provision of 35 U.S.C. § 271(e)(1) affects the date of first infringement or is otherwise relevant to damages. Dkt. No. 281. According to Defendants, the "safe harbor is irrelevant to damages analyses, including lost profits and reasonable royalty." Dkt. No. 281 at 10.

Janssen first raised the issue of the 35 U.S.C. § 271(e)(1) in response to the damages report of Defendants' expert Akhilesh Nagaich, who opined that Defendants could have employed a strategy whereby they used the accused media "solely for regulatory purposes" and then changed media thereafter. Nagaich Report ¶ 183. *Cf.* 35 U.S.C. § 271(e)(1) (safe harbor for using patented invention "solely for uses reasonably related to the development and submission of information under a Federal law which regulates the manufacture, use, or sale of drugs or veterinary biological products").

Based on Defendants' assertion that the safe harbor "is irrelevant to damages analyses," Janssen understands that Defendants do not intend to rely on the 271(e)(1) safe harbor in any way in connection with damages. If Defendants do not rely on the safe harbor, Janssen does not intend to do so either. On that basis, Janssen does not oppose Defendants' motion *in limine* number 6.

| | |
|---|---|
| | Respectfully submitted, |
| Dated: June 4, 2018 | */s/ Alison C. Casey* |
| *Of Counsel*: | Heather B. Repicky (BBO# 663347) |
| | hrepicky@nutter.com |
| Gregory L. Diskant (admitted *pro hac vice*) | Alison C. Casey (BBO# 688253) |
| gldiskant@pbwt.com | acasey@nutter.com |
| Irena Royzman (admitted *pro hac vice*) | NUTTER MCCLENNEN & FISH LLP |
| iroyzman@pbwt.com | Seaport West |
| Aron Fischer (admitted *pro hac vice*) | 155 Seaport Boulevard |
| afischer@pbwt.com | Boston, MA 02210 |
| Andrew D. Cohen (admitted *pro hac vice*) | 617-439-2000 |
| acohen@pbwt.com | FAX: 617-310-9192 |
| David S. Kleban (admitted *pro hac vice*) | |
| dkleban@pbwt.com | *Attorneys for Plaintiff Janssen Biotech, Inc.* |
| PATTERSON BELKNAP WEBB & TYLER LLP | |
| 1133 Avenue of the Americas | |
| New York, NY 10036-6710 | |
| 212-336-2000 | |
| FAX: 212-336-2222 | |

## **CERTIFICATE OF SERVICE**

      I certify that on June 4, 2018, this document, filed through the Court's ECF system, will be sent electronically to the parties or their counsel who are registered participants as identified on the Notice of Electronic Filing.

                                                       /s/ *Alison C. Casey*