# EXHIBIT 1

```
 1

 2                    UNITED STATES DISTRICT COURT.
                     FOR THE DISTRICT OF MASSACHUSETTS
 3

 4                                      )
     JANSSEN BIOTECH, INC.,              )
 5   and NEW YORK UNIVERSITY,            )
                                         )
 6            Plaintiffs,                )
                                         )   Civil Action
 7   v.                                  )   No. 15-CV-10698-MLW
                                         )
 8   CELLTRION HEALTHCARE CO.,           )
     LTD, CELLTRION, INC., and           )
 9   HOSPIRA, INC.,                      )
                                         )
10            Defendants.                )
                                         )
11

12              BEFORE THE HONORABLE MARK L. WOLF
                    UNITED STATES DISTRICT JUDGE
13

14                          CONFERENCE

15          *** Portions of this transcript sealed ***
                       Attorneys' Eyes Only
16

17                      December 22, 2016
                           1:58 p.m.
18

19
                John J. Moakley United States Courthouse
20                      Courtroom No. 10
                        One Courthouse Way
21              Boston, Massachusetts  02210

22
                    Kelly Mortellite, RMR, CRR
23                    Official Court Reporter
                John J. Moakley United States Courthouse
24                One Courthouse Way, Room 5200
                   Boston, Massachusetts  02210
25                    mortellite@gmail.com
```

```
 1    APPEARANCES:

 2    On behalf of Plaintiffs:
      Gregory L. Diskant, Esq.
 3    Irena Royzman, Esq.
      Nathan Monroe-Yavneh, Esq.
 4    Patterson, Belknap, Webb & Tyler LLP
      1133 Avenue of the Americas
 5    New York, NY 10036
      212-336-2710
 6    gldiskant@pbwt.com

 7    On Behalf of Defendants:
      Charles B. Klein, Esq.
 8    Winston & Strawn, LLP
      1700 K Street, N.W.
 9    Washington, DC 20006
      202-282-5000
10    cklein@winston.com

11    James F. Hurst, Esq.
      Elizabeth Cutri, Esq.
12    Cristina Almendarez, Esq.
      Kirkland & Ellis LLP
13    300 North LaSalle
      Chicago, IL 60654
14    (312) 862-2000
      james.hurst@kirkland.com
15
      Andrea L. Martin, Esq.
16    Dennis J. Kelly, Esq.
      Burns & Levinson LLP
17    125 Summer Street
      Boston, MA 02110
18    617-345-3000
      amartin@burnslev.com
19
      Also present: Eric Harris, Johnson & Johnson
20                  Scott Berk, Patterson, Belknap, Webb & Tyler LLP
                    Peter Lawson, Patterson Belknap, Webb & Tyler LLP
21

22

23

24

25
```

```
 1                     P R O C E E D I N G S
 2   THE FOLLOWING PROCEEDINGS WERE HELD IN THE JURY ROOM:
 3             THE COURT:  Did one of you lose your client?
 4             MR. DISKANT:  We lost everybody.
 5             THE COURT:  Well, I intended that they be here.
 6             MR. DISKANT:  Sorry.  We told him otherwise.  I
 7   apologize, Your Honor.
 8             THE COURT:  All right.  At the moment we're
 9   operating -- well, we're operating under my October 7, 2016
10   order that scheduled a two-week trial or what you expect will
11   be a two-week trial for February 13, and I've carved that time
12   out.  There's a lot of pressure on my calendar.  But that's
13   dedicated to you and the other dates.  Pretrial conference and
14   hearings on motions in limine are also there, a little closer
15   to the trial than I would have liked.  But anyway, so now we
16   need a briefing schedule with regard to this Hospira, whether
17   Hospira could be liable as a joint venture or agency pursuant
18   to the contract.
19             In fact, I should have you identify yourselves for the
20   record again so it will be clear who is here.
21             MR. DISKANT:  For the plaintiff, Greg Diskant and
22   Irena Royzman, both from Patterson Belknap.
23             MR. HURST:  Jim Hurst from Kirkland & Ellis for the
24   defendants.
25             MR. KLEIN:  Charles Klein, Winston & Strawn, for the
```

1  has to be a threat that the defendant won't change his conduct.
2  As I recall, I think it derives from the Eighth Amendment case
3  of *Farmer v. Brennan*.  But why wouldn't they get an injunction
4  if they win?
5          MR. HURST:  For multiple reasons.  One reason is we
6  are not purchasing from the Utah facility anymore.  We're
7  purchasing from the Singapore facility.  So what would the
8  injunction enjoin us from doing?  Number one.
9          Number two, you know, it's the traditional four-factor
10 test.  They'd literally be asking you to take off the market a
11 competitor to Remicade.
12         THE COURT:  I don't think it is a four-factor test for
13 a permanent injunction.  It's a four-factor test for a
14 preliminary injunction.
15         MR. HURST:  It's a four-factor test also for the --
16         THE COURT:  Whatever it is.
17         MR. HURST:  I think there's four factors, right?
18         MR. DISKANT:  Likelihood of success --
19         MR. HURST:  That's true, but we still have the other
20 factors.  Balance of equities, irreparable harm, harm to
21 consumers of taking a competitive drug off the market.
22         THE COURT:  That's the *eBay* case.
23         MR. HURST:  This patent, it doesn't relate to
24 Remicade.  You understand that, right?  This patent is just a
25 generic cell media.

```
 1                All right.  Well, keep up the good work as long as you
 2     have to do it.  But I really -- and if you want to see me --
 3     well, I'm really not available the week of January 9 because
 4     I'm teaching three hours a day that week.  But, you know, if at
 5     some point you want to see me about settlement, probably of
 6     only the '083, before some date we have, let me know.  My
 7     schedule is pretty dense, but I'd really like to try to
 8     facilitate this.
 9                MR. HURST:  Thank you, Your Honor.
10                THE COURT:  It think it would be in the public
11     interest.
12                MR. DISKANT:  Thank you, Your Honor.
13                THE COURT:  All right.  Thank you.
14                (Adjourned, 4:04 p.m.)
15
16
17
18
19
20
21
22
23
24
25
```

CERTIFICATE OF OFFICIAL REPORTER

I, Kelly Mortellite, Registered Merit Reporter and Certified Realtime Reporter, in and for the United States District Court for the District of Massachusetts, do hereby certify that pursuant to Section 753, Title 28, United States Code that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Dated this 28th day of December, 2016.

/s/ Kelly Mortellite

_____

Kelly Mortellite, RMR, CRR

Official Court Reporter