UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANSSEN BIOTECH, INC.<br>    Plaintiff,<br><br>v.<br><br>CELLTRION HEALTHCARE CO., LTD.,<br>CELLTRION, INC., and<br>HOSPIRA, INC.<br>    Defendants. | Case No. 1:17-cv-11008MLW |

## JOINT REPORT

Pursuant to paragraphs 12 and 13 of the Court's Order dated February 15, 2018 (Dkt. 176), the parties have met and conferred and jointly submit this report.

**I.**   **Jury Instructions**

The parties have exchanged proposed jury instructions and met and conferred regarding their substantive disagreements. Janssen's proposed preliminary jury instructions are attached as Exhibit 1, Janssen's proposed final liability instructions are attached as Exhibit 2, and Janssen's proposed final damages instructions are attached as Exhibit 3. Janssen's submission setting forth its position on instructions on which the parties disagree is attached as Exhibit 4.

Defendants' proposed preliminary jury instructions are attached as Exhibit 5, and Defendants' proposed final jury instructions are attached as Exhibit 6. Defendants' submission setting forth their position on instructions on which the parties disagree is attached as Exhibit 7.

After meeting and conferring, the parties believe that, with respect to the following proposed jury instructions, they will be able to continue to meet and confer to come to an agreement on appropriate language.

| **Instructions On Which The Parties Anticipate They Will Be Able To Reach Agreement** | | |
|---|---|---|
| **Issue** | **Janssen's Instruction Nos.** | **Defendants' Instruction Nos.** |
| **Introduction / Province of the Jury** | Preliminary Instruction 1 | Preliminary Instruction 1, 2<br>Final Instruction 1, 7 |
| **Evidence** | Preliminary Instruction 2 | Preliminary Instruction 3, 4<br>Final Instruction 3, 4, 12, 13, 14 |
| **Direct and Circumstantial Evidence** | Preliminary Instruction 3 | Preliminary Instruction 5<br>Final Instruction 8 |
| **Credibility** | Preliminary Instruction 4, 5 | Preliminary Instruction 6<br>Final Instruction 9 |
| **Expert Testimony** | Preliminary Instruction 6 | Final Instruction 11 |
| **Burden of Proof** | None | Preliminary Instruction 9<br>Final Instruction 10 |
| **Obviousness—Introduction** | Liability Instruction 12 | Final Instruction 35 |
| **Prior Art** | None | Final Instruction 34, 37 |
| **Level of Ordinary Skill** | None | Final Instruction 36 |
| **Judge's Questions** | None | Preliminary Instruction 7 |
| **Foreign Language Testimony** | None | Preliminary Instruction 8 |
| **Legal Overview** | None | Preliminary Instruction 13 |
| **Juror Conduct** | None | Preliminary Instruction 14<br>Final Instruction 6 |
| **Notetaking** | None | Preliminary Instruction 15<br>Final Instruction 5 |
| **Equal Before the Law** | None | Final Instruction 2 |
| **Multiple Defendants** | None | Final Instruction 15 |

10422596v.1

| Instructions On Which The Parties Anticipate They Will Be Able To Reach Agreement | | |
|---|---|---|
| **Issue** | **Janssen's Instruction Nos.** | **Defendants' Instruction Nos.** |
| **Transition to Case-Specific Instructions** | None | Final Instruction 16 |
| **Independent and Dependent Claims** | None | Final Instruction 20 |
| **Verdict Form** | None | Final Instruction 64 |
| **Deliberations** | None | Final Instruction 65 |

As set forth in more detail in their respective submissions, the parties have identified the following proposed jury instructions as likely to involve substantive disagreements, and the parties have been unable to reach agreement at this time. The parties will continue to meet and confer on these instructions and believe that the Court's rulings with respect to the currently outstanding motions may assist in resolving some of these disputes.

| Instructions On Which The Parties Expect To Have Substantive Disagreements | | |
|---|---|---|
| **Issue** | **Janssen's Instruction Nos.** | **Defendants' Instruction Nos.** |
| **Summary of Contentions** | Preliminary Instruction 7<br>Liability Instruction 1 | Preliminary Instruction 12<br>Final Instruction 17 |
| **What Is A Patent** | None | Preliminary Instruction 10 |
| **Patent at Issue** | None | Preliminary Instruction 11 |
| **Order of Trial** | None | Preliminary Instruction 16 |
| **Claims / Claim Construction** | Liability Instruction 2 | Final Instruction 18, 19, 21 |
| **Infringement** | Liability Instruction 3, 6 | Final Instruction 22, 23 |

10422596v.1

| Instructions On Which The Parties Expect To Have Substantive Disagreements | | |
|---|---|---|
| **Issue** | **Janssen's Instruction Nos.** | **Defendants' Instruction Nos.** |
| **Infringement — Burden of Proof** | Liability Instruction 4 | None |
| **Doctrine of Equivalents** | Liability Instruction 5 | Final Instruction 24, 25 |
| **Vitiation** | None | Final Instruction 26 |
| **271(f)(1)** | Liability Instruction 8 | Final Instruction 28 |
| **Divided Infringement** | None | Final Instruction 29 |
| **Joint Enterprise** | Liability Instruction 9 | Final Instruction 30 |
| **Vicarious Liability** | None | Final Instruction 31 |
| **Inducement** | Liability Instruction 7 | Final Instruction 32 |
| **Invalidity - Burden of Proof** | Liability Instruction 11 | Final Instruction 33 |
| **Obviousness – Scope and Content of the Prior Art** | Liability Instruction 13 | None |
| **Obviousness Analysis** | Liability Instruction 14, 15 | Final Instruction 38 |
| **Obviousness – Level of Ordinary Skill** | Liability Instruction 16 | None |
| **Prior Art – Overlapping Ranges** | None | Final Instruction 39 |
| **Objective Considerations** | Liability Instruction 17 | Final Instruction 40 |
| **Prior Art – Additional Elements** | None | Final Instruction 41 |
| **Written Description** | Liability Instruction 18 | Final Instruction 42 |
| **Infringement—Comparison to the Accused Products** | None | Final Instruction 27 |
| **Written Description— Genus Claims** | None | Final Instruction 43 |

| **Instructions On Which The Parties Expect To Have Substantive Disagreements** | | |
|---|---|---|
| **Issue** | **Janssen's Instruction Nos.** | **Defendants' Instruction Nos.** |
| **Damages – Introduction** | Damages Instruction 1 | Final Instruction 44 |
| **Damages – Foreign Sales** | Damages Instruction 8 | Final Instruction 45 |
| **Damages – Intervening Cause** | None | Final Instruction 46 |
| **Damages – Patent Hold-Up Value** | None | Final Instruction 47 |
| **Damages – Future Sales** | None | Final Instruction 48 |
| **Damages – Apportionment** | None | Final Instruction 49 |
| **Damages – Entire Market Value Rule** | None | Final Instruction 50 |
| **Damages – Lost Profits** | Damages Instruction 2, 3, 4, 5 | Final Instruction 51, 52, 53, 54, 55, 56, 57, 58 |
| **Damages – Reasonable Royalty** | Damages Instruction 6, 7 | Final Instruction 59, 60, 61, 62 |
| **Willfulness** | Liability Instruction 10 | Final Instruction 63 |

## II. Order of the Upcoming Hearing

  A. Agreed Order of Motion Argument

The parties have met and conferred and have come to agreement on a proposed order for argument of the outstanding motions with one exception. The order on which the parties agree is as follows:

1 Defendants' Motion for Summary Judgment on Ensnarement
2 Defendants' Motion for Summary Judgment Regarding Non-infringing Alternatives
3 Janssen's Motion for Summary Judgment Regarding Non-infringing Alternatives
4 Janssen's Motion *in limine* 12 Regarding Hypothetical Non-Infringing Alternatives
5 Defendants' *Daubert* Motion to Exclude the Testimony of Dr. Sean Nicholson
6 Janssen's Motion *in limine* 8 Regarding Apportionment

5

| | |
|---|---|
| 7 | Hospira's Motion for Summary Judgment re Liability |
| 8 | Janssen's *Daubert* Motion to Exclude the Testimony of Dr. Rebecca Betensky |
| 9 | Defendants' *Daubert* Motion to Exclude the Testimony of Drs. Richard Lit and Michael Butler on Infringement Under § 271(f)(1) |
| 10 | Janssen's Motion *in limine* 11 to Limit the Testimony of Dr. Bert Frohlich |
| 11 | Defendants' Motion *in limine* 10 to Limit the Testimony of Dr. Richard Lit |
| 12 | Defendants' Motion *in limine* 9 to Limit the Testimony of Dr. Michael Butler |
| 13 | Janssen's Motions *in limine* 4, 5, 6, and 7 to Limit the Testimony of Dr. Michael Glacken |
| 14 | Janssen's Motion *in limine* 3 to Limit Evidence and Argument on Unclaimed Ingredients |
| 15 | Janssen's Motion *in limine* 13 to Preclude Evidence and Argument Janssen is Applying a Double Standard |
| 16 | Defendants' Motion *in limine* 5 Regarding Evidence of Pre-2016 Inducement |
| 17 | Defendants' Motion *in limine* 1 Regarding Copying |
| 18 | Defendants' Motion *in limine* 4 Regarding Subsequent Remedial Measures |
| 19 | Defendants' Motion *in limine* 8 Regarding Privilege Instructions |
| 20 | Janssen's Motion *in limine* 9 Regarding Hold Up |
| 21 | Janssen's Motion *in limine* 10 Regarding Reliance on Ixifi |
| 22 | Defendants' Motions *in limine* 3 and 11 Regarding Discovery Correspondence |
| 23 | Janssen's Motion *in limine* 2 Regarding Other Patents |
| 24 | Janssen's Motion *in limine* 1 Regarding the Benefits of Inflectra |
| 25 | Defendants' Motion *in limine* 2 Regarding Remicade |
| 26 | Disputed Jury Instructions |

The only disputed issue with respect to the order is Janssen's motion *in limine* 14, regarding bifurcation of the liability and damages trial. The parties' positions on where that motion should be argued are set forth below.

**Janssen's Position:**

Janssen believes that its motion to bifurcate trial should be argued as early as practical in the June pretrial hearings. We suggest that it be addressed at number 10 in the above list, after the summary judgment and *Daubert* motions but prior to the other *in limine* motions (except for Janssen's MILs numbers 12 and 8, which are controlled by related summary judgment and *Daubert* motions and can be discussed in connection with those motions). The outcome of the bifurcation motion will shape the argument on a number of other motions and potentially substantially shorten or even eliminate the attention that needs to be paid to them. Conversely, if bifurcation is not addressed early at the hearing, certain motions may require prolonged

10422596v.1

argument only to have decision on them delayed until the bifurcation motion is decided. In addition, an early decision regarding bifurcation may permit the Court to put off resolution of certain damages-related *in limine* motions to a later date.

As an example of the efficiency of addressing bifurcation first, the level of unfair prejudice created by the liability-directed testimony of Defendants' damages expert, Dr. Bert Frohlich (*see* Janssen's MILs No. 11), depends greatly on whether trial is bifurcated. Dr. Frohlich's thinly-veiled liability testimony would be unduly confusing and time-wasting even during a bifurcated damages phase. But during a consolidated trial, Dr. Frohlich's testimony would virtually ensure jury confusion of liability and damages issues and would represent an improper attempt by Defendants to cure the deficiencies in the opinions of their actual liability expert, Dr. Glacken. Although Janssen believes the testimony should be excluded regardless of bifurcation, the most pertinent arguments surrounding the motion will be clear only after bifurcation is decided.

More generally, deciding bifurcation prior to arguing the motions *in limine* would allow for the most precise and specific arguments regarding confusion, unfair prejudice, and relevance implicated by virtually all of the parties' motions in limine. Early resolution of the bifurcation motion would also make it easier for the parties and the Court to plan and prioritize regarding the remaining summer proceedings. In particular, if trial is bifurcated, it may be possible for the Court to delay resolution of some or all of the damages *in limine* motions until the end of the June hearings, or, if the Court believes it is appropriate, until August or even until after the conclusion of the liability trial. This would ease the immediate burden on the Court and the parties and allow for an efficient disposition of the *in limine* motions.

10422596v.1

**Defendants' Position:**

The most efficient and effective time for Court to take up Janssen's bifurcation (Janssen motion *in limine* 14) is as the last motion (*i.e.*, between items 25 and 26 on the list above). Addressing Janssen's bifurcation motion as the last motion will save the Court time and effort.

"[B]ifurcation, even in patent cases, is the exception and not the rule." *Abbott Biotechnology Ltd. v. Centocor Ortho Biotech, Inc.*, 55 F. Supp. 3d 221, 223 (D. Mass. 2014). And Janssen "must justify bifurcation on the basis of the substantial benefits that it can be expected to produce." *Lewis v. City of New York*, 689 F. Supp. 2d 417, 428 (E.D.N.Y. 2010). Janssen's motion and Defendants' opposition both argue the merits of bifurcation using claims about the various liability and damages evidence and arguments in this case, many of which the parties will addressing in connection with other motions. Addressing those other motions first will help the Court have a full picture of what is at stake on the underlying issues and assist in the ultimate bifurcation decision.

Addressing bifurcation before the other motions *in limine* would be inefficient and illogical. Early argument on bifurcation would require argument on details of substantive issues not fully briefed in the bifurcation motion or opposition. It will not moot or help the Court resolve any of the other motions *in limine*. But it may lead the Court to defer the issue until after the parties argue the rest of the motions. Consequently, Defendants approach is more efficient and sensible.

    B.    Schedule for the Upcoming Hearing

        1.    Defendants' Request

The Court ordered the parties "to reserve June 11, 2018 through June 29, 2018" for argument on motions and disputed jury instructions. Dkt. 176 ¶ 13. Further, on June 4, 2018, the Court clarified that it "intends to begin on June 12 or June 13 and continue through Friday, June

15." Defendants respectfully request that Court begin the hearing on Wednesday, June 13th. By beginning on the 13th, the Court will have an extra day to consider the parties' briefing and parties will have an extra day to refine and streamline their presentations and arguments.

The Court further indicated that it would provide "more specificity what his intended schedule will be" as the dates for the hearing approach. Defendants suggest that, after dealing with the ensnarement summary judgment motion, the Court set a calendar for argument of the remaining motions. A calendar of motion argument will increase the efficiency of the proceedings by helping the parties prepare appropriately for each day of the hearing and streamline their presentations, so as to minimize the amount of the Court's valuable time that the parties take up with these motions. Defendants believe that, following ensnarement, the remaining motions and disputed jury instructions can be argued in six or seven court days. If the Court wishes, Defendants can propose such a calendar at the Court's convenience.

      2.      Plaintiff's Position

Janssen takes no position on Defendants' requests regarding the starting date for the hearings or the number of days to be devoted to the pending motions. Janssen is content to await further instruction from the Court.

Dated: June 4, 2018

| | |
|---|---|
| */s/ Andrea L. Martin* | */s/ Alison C. Casey* |
| Dennis J. Kelly BBO# 266340 | NUTTER MCCLENNEN & FISH LLP |
| Andrea L. Martin BBO# 666117 | Heather B. Repicky BBO #663347 |
| BURNS & LEVINSON LLP | Alison C. Casey BBO# 688253 |
| 125 Summer Street | Seaport West |
| Boston, MA 02110-1624 | 155 Seaport Boulevard |
| Tel.: (617) 345-3000 | Boston, Massachusetts 02210 |
| Fax: (617) 345-3299 | Tel.: (617) 439-2000 |
| Email: dkelly@burnslev.com | Fax: (617) 310-9000 |
| Email: amartin@burnslev.com | Email: hrepicky@nutter.com |

10422596v.1

James F. Hurst, P.C. (*pro hac vice*)
Bryan S. Hales, P.C. (*pro hac vice*)
Elizabeth A. Cutri (*pro hac vice*)
Gregory B. Sanford (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle Chicago, IL 60654
Tel: (312) 862-2000
james.hurst@kirkland.com
bryan.hales@kirkland.com
elizabeth.cutri@kirkland.com
gregory.sanford@kirkland.com

Ryan Kane (*pro hac vice*)
James McConnell (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue New York, NY 10022
Tel: (212) 446-4800
ryan.kane@kirkland.com
james.mcconnell@kirkland.com

Noah S. Frank (*pro hac vice*)
KIRKLAND & ELLIS LLP
655 Fifteenth St., N.W.
Washington, DC 20005
Tel: (202) 879-5000
noah.frank@kirkland.com

WINSTON & STRAWN LLP
Charles B. Klein (*pro hac vice*)
1700 K Street, N.W.
Washington, D.C. 20006-3817
Tel: (202) 282-5000
cklein@winston.com

Samuel S. Park (*pro hac vice*)
Dan H. Hoang (*pro hac vice*)
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
Tel: (312) 558-7931
spark@winston.com
dhoang@winston.com

*Attorneys for Celltrion Healthcare Co., Ltd., Celltrion, Inc. and Hospira Inc.*

Email: acasey@nutter.com

PATTERSON BELKNAP WEBB & TYLER LLP
Gregory L. Diskant (admitted *pro hac vice*)
Irena Royzman (admitted *pro hac vice*)
Aron Fischer (admitted *pro hac vice*)
Andrew D. Cohen (admitted *pro hac vice*)
1133 Avenue of the Americas
New York, New York 10036
Tel:  (212) 336-2000
Fax: (212) 336-2222
Email: gldiskant@pbwt.com
Email: iroyzman@pbwt.com
Email: afischer@pbwt.com
Email: acohen@pbwt.com

*Attorneys for Janssen Biotech, Inc.*

10422596v.1

10422596v.1

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing document was filed through the electronic filing system and served electronically to the registered participants as identified on the Notice of Electronic Filing.

                                               */s/ Alison C. Casey*
                                               Alison C. Casey

10422596v.1