# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANSSEN BIOTECH, INC.<br>　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>CELLTRION HEALTHCARE CO., LTD.,<br>CELLTRION, INC., and<br>HOSPIRA, INC.<br>　　　　　　　　　Defendants. | )<br>)<br>)<br>)  Civil Action No. 1:17-cv-11008-MLW<br>)<br>)<br>)<br>)<br>)<br>) |

## JANSSEN'S PROPOSED PRELIMINARY JURY INSTRUCTIONS

　　Plaintiff Janssen Biotech, Inc. ("Janssen"), respectfully submits the attached proposed preliminary jury instructions.  Janssen reserves the right to supplement or modify its proposed jury instructions in view of events at trial or rulings by the Court.

9507256

**PROPOSED PRELIMINARY JURY INSTRUCTION NO. 1**

<u>**General Instructions — Province of the Court and Jury**</u>

LADIES AND GENTLEMEN, you now constitute the jury in this case. You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, by a preponderance of the evidence, the defendants are liable. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way. It is your duty as jurors to follow the law as I shall state it to you and to apply that law to the facts as you find them from the evidence you will hear in this case. Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case or what that opinion is. It is not my function to determine the facts, but rather yours.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be governed by sympathy, prejudice or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is being given to you, and reach a just verdict, regardless of the consequences.[1]

---

[1] Adapted from 3 Edward J. Devitt et al., *Federal Jury Practice and Instructions* § 72.01 (4th ed. 1987 & Supp. 2000) [hereinafter Devitt & Blackmar].

**PROPOSED PRELIMINARY JURY INSTRUCTION NO. 2**

**Evidence in the Case — Stipulations — Judicial Notice — Inferences Permitted**

Statements and arguments of counsel are not evidence in the case. When, however, the attorneys on both sides stipulate or agree as to the existence of a fact, the jury must, unless otherwise instructed, accept the stipulation and regard that fact as proved. The stipulated facts are recited in Exhibit ____.

Unless you are otherwise instructed, the evidence in the case always consists of the sworn testimony of the witness, regardless of who may have called them; and all exhibits received in evidence, regardless of who may have produced them; and all facts that may have been admitted or stipulated; and all facts and events that may have been judicially noticed.

Any evidence as to which an objection was sustained by the Court, and any evidence ordered stricken by the Court, must be entirely disregarded.

Anything that you have seen or heard outside of the courtroom is not evidence and must not be considered by you.[2]

---

[2] Adapted from Devitt & Blackmar, *supra* note 1, § 71.08.

**PROPOSED PRELIMINARY JURY INSTRUCTION NO. 3**

**Evidence – Direct – Indirect or Circumstantial**

There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case. One is direct evidence—such as the testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances pointing to the existence or non-existence of certain facts.

As a general rule, the law makes no distinction between direct or circumstantial evidence, but simply requires that the jury find the facts in accordance with all the evidence in the case, both direct and circumstantial.[3]

---

[3] Adapted from Devitt & Blackmar, *supra* note 1, § 72.03

3

**PROPOSED PRELIMINARY JURY INSTRUCTION NO. 4**

**Credibility of Witnesses — Discrepancies in Testimony**

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of testimony given, or by evidence to the contrary of the testimony given.

You should scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence that tends to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while on the stand. Consider the witness' ability to observe the matter as to which he has testified and whether he impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by the other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently, and innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an important detail and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves. You may, in short, accept or reject the testimony of any witness in whole or in part.[4]

---

[4] Adapted from Devitt & Blackmar, *supra* note 1, § 73.01.

**PROPOSED PRELIMINARY JURY INSTRUCTION NO. 5**

**<u>Impeachment — Inconsistent Statements or Conduct</u>**

A witness may be discredited or impeached by contradictory evidence, or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.[5]

---

[5] Adapted from Devitt & Blackmar, *supra* note 1, § 73.04.

**PROPOSED PRELIMINARY JURY INSTRUCTION NO. 6**

**Opinion Evidence — Expert Witness**

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists as to those whom we call "expert witnesses." Witnesses who, by education or experience, have become expert in some business, profession, or calling, may state their opinions as to relevant and material matters, in which they profess to be an expert, and may also state their reasons for the opinion.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion.[6]

---

[6] Adapted from Devitt & Blackmar, *supra* note 1, § 72.08.

9507256

**PROPOSED PRELIMINARY JURY INSTRUCTION NO. 7**

**Summary of Contentions**

In this case, the plaintiff, Janssen, alleges that the defendants, Celltrion and Hospira, infringe the 083 patent by making products that Janssen argues are covered by claim 1 of the 083 patent. Janssen also argues that Celltrion and Hospira have actively induced infringement of these claims of the 083 patent by HyClone. The products that are alleged to infringe are the Celltrion Growth Media and the Celltrion Production Media.

Celltrion and Hospira deny that they have infringed the asserted claims of the 083 patent under the doctrine of equivalents and argue that, in addition, claim 1 is invalid. Your job is to decide whether Celltrion and Hospira have infringed claim 1 of the 083 patent and whether the claim is invalid.[7]

---

[7] Adapted from Federal Circuit Bar Association ("FCBA"), Model Patent Jury Instructions, Section B.1 and American Intellectual Property Law Association ("AIPLA") Model Patent Jury Instructions Section 1.

7

9507256

Dated: _____ \_\_, 2018

*Of Counsel*:

Gregory L. Diskant (admitted *pro hac vice*)
gldiskant@pbwt.com
Irena Royzman (admitted *pro hac vice*)
iroyzman@pbwt.com
Aron Fischer (admitted *pro hac vice*)
afischer@pbwt.com
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036-6710
212-336-2000
Fax: 212-336-2222

_____
Heather B. Repicky (BBO # 663347)
hrepicky@nutter.com
NUTTER MCCLENNEN & FISH LLP
Seaport West
155 Seaport Boulevard
Boston, MA 02210
617-439-2000
Fax: 617-310-9192

*Attorneys for Plaintiff Janssen Biotech, Inc.*