# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JANSSEN BIOTECH, INC.,<br><br>     Plaintiff,<br><br>  v.<br><br>CELLTRION HEALTHCARE CO., LTD.,<br>CELLTRION, INC., and<br>HOSPIRA, INC.,<br><br>     Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 1:17-cv-11008-MLW |

**STATEMENT OF JANSSEN'S POSITION ON DISPUTED JURY INSTRUCTIONS**

Defendants' 126 pages of proposed jury instructions are unduly long, misstate the law and the facts, provide irrelevant instructions, and, as a result, do not provide a reasonable basis for the jury to decide this case.  Indeed, Defendants' proposed instructions read like the work of an advocate for Defendants and do not even resemble a legitimate attempt to instruct the jury on the law. They are nowhere near a neutral description of the law that would provide the jury with an accurate and useful guide to rendering a verdict in this case.  Janssen's position on the appropriate jury instructions is set forth in its own, far more concise proposed jury instructions, which it contends accurately state the law and will provide the jury with a neutral and useful basis for rendering a verdict in this case.  Janssen's specific objections to the Defendants' instructions are set forth in the below table.  In general, Janssen's objections largely fall into the following categories:

**Instructions on Topics Not At Issue in the Case**: Several of Defendants' proposed jury instructions relate to topics that are not at issue in the case, but are apparently included in order to bolster improper arguments that Defendants intend to make.  For example, Defendants' Proposed Final Instruction No. 23 gives instructions on direct infringement by literal infringement.  As the Defendants point out in that very instruction, Janssen does not allege that the Defendants' cell culture media literally infringes.  There is absolutely no reason to instruct the jury on a theory of infringement that is not actually at issue in the case, except to improperly belittle Janssen's doctrine of equivalents theory.  *See Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1234 (Fed. Cir. 2014) ("[A] court should not instruct on a proposition of law about which there is no competent evidence.") (internal quotation marks omitted).  Similarly, Defendants' Proposed Instruction No. 50 is addressed to the entire market value rule when, as the instruction

notes, that rule is not in issue here.  Again, there is not plausible reason to instruct the jury about a theory that is not in the case.

**<u>Instructions that Misstate the Applicable Law</u>**: Defendants misstate the applicable law in several of their proposed instruction, including on the doctrine of equivalents and validity. For example, Defendants' Proposed Final Jury Instruction No. 24 instructs the jury that it is "important to keep in mind that the application of the doctrine of equivalents is the exception and not the rule."  The case cited by Defendants in support of that proposition predates the controlling decisions in *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722 (2002) and *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17 (1997), which, contrary to the instruction "reaffirm[] that equivalents remain a firmly entrenched part of the settled rights protected by the patent." *Festo*, 535 U.S. at 733.  In addition to being incorrect, this proposed instruction is highly prejudicial because it implies (incorrectly) that infringement under the doctrine of equivalents is lesser than literal infringement or somehow not a proper theory of infringement, neither of which is correct.  The jury will not be asked to determine whether the doctrine of equivalents is the exception or the rule.  They will be asked to apply the law, which recognizes the doctrine of equivalents, to the facts adduced at trial.

As another example, Defendants' Proposed Final Instruction No. 33 purports to instruct the jury on the burden of proof on invalidity.  The proper instruction on this topic is that, as controlling case law makes clear, patents are presumed valid and can only be invalidated based on clear and convincing evidence. *Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 95 (2011).  But Defendants' fail to mention this law until the second-to-last sentence of their lengthy instruction. Instead, the instruction amounts to a transparently one-sided argument that grant of a patent does ***not*** necessarily mean the patent is valid.  The case law holds that it is improper to

even *argue* to the jury that the Patent Office regularly issues invalid patents. *See Novo Nordisk A/S v. Becton Dickinson & Co.*, 304 F.3d 1216, 1220 (Fed. Cir. 2002) (improper to argue to the jury that "patent examiners are prone to error"); *Applied Materials, Inc. v. Advanced Semiconductor Materials Am., Inc.*, No. C 92-20643, 1995 U.S. Dist. LEXIS 22335, at *11 (N.D. Cal. April 25, 1995) ("Testimony about overwork . . . or insinuating that the Patent Office does not do its job properly is excluded."). To instruct the jury to that effect is plainly inappropriate.

Defendants' proposed instruction also fails to instruct the jury that patents are presumed valid, 35 U.S.C. § 282, giving them an incorrect impression of the standard for evaluating the validity of the patent. This instruction then goes on to state that a "patent must be interpreted the same way for determining infringement and determining invalidity," invoking Defendants' erroneous "double-standard" argument, which is inappropriate for the reasons described in Janssen's *in limine* motion. Dkt. 269. That statement also improperly suggests that the jury will interpret the patent's claims, when that is "exclusively within the province of the court," not the jury. *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 372 (1996).

**Argumentative and Partisan Instructions**: As an example, Defendants' Proposed Final Instruction No. 31 leads off with the biased (and inaccurate) statement that "Celltrion and Hospira do not directly infringe the '083 patent." As that very instruction recognizes, Janssen alleges that both Celltrion and Hospira do directly infringe the patent on a theory of vicarious liability. If Celltrion and Hospira are found to be vicariously liable then they will have directly infringed. *See*, *e.g.*, *Centillion Data Sys., LLC v. Qwest Communs. Int'l*, 631 F.3d 1279, 1286 (Fed. Cir. 2011). This instruction is highly prejudicial, in addition to being incorrect. It is tantamount to directing the jury to return a verdict of no direct infringement when that issue is very much in dispute. Throughout the instructions, the Defendants make gratuitous and

unnecessary repeated references to the fact that Janssen does not allege literal infringement, again an attempt to imply that the doctrine of equivalents is not a proper theory of infringement.

**Faulty Damages Instructions:** Defendants' proposed damages instructions are a one-sided effort to advance Defendants' case, misstate the law, and ignore the Court's previous rulings in this case.  For example, they direct the jury to consider sales of cell culture media, when Janssen's position is that damages should be based on sales of Inflectra.  *See*, *e.g.*, Defs.' Proposed Final Jury Instruction No. 44, 52–59.  In addition, the instructions also repeat Defendants' argument that "Janssen does not sell cell culture media."  Defs.' Proposed Final Jury Instruction No. 55.  These instructions would lead to a damages award of $0 and are at odds with this Court's ruling that Janssen may recover "lost profits relating to sales of Inflectra," *Janssen Biotech, Inc. v. Celltrion Healthcare Co.,* 239 F. Supp. 3d 328, 330 (D. Mass. 2017); *see also id.* at 331 ("A patentee may recover damages in the form of lost profits to compensate for sales of an unpatented product (i.e., Remicade) lost to an infringer's non-infringing product (i.e., Inflectra), if the infringer could only have captured the patentee's sales by infringing the patent by, in this case, using an infringing powder.").  Essentially all of Defendants' instructions on damages suffer from this defect.

Janssen's particularized objections are as follows:

| Issue | Defendants' Instruction Nos. | Janssen's Objections to Defendants' Instruction |
|---|---|---|
| **Summary of Contentions** | Preliminary Instruction 12 Final Instruction 17 | Partisan and argumentative; inappropriate focus on General Electric |
| **What Is A Patent** | Preliminary Instruction 10 | Partisan and argumentative; misstates the law on public notice; misstates the law on presumption of validity |

5

| Issue | Defendants' Instruction Nos. | Janssen's Objections to Defendants' Instruction |
|---|---|---|
| **Patent at Issue** | Preliminary Instruction 11 | Misstates the law on public notice; fails to instruct the jury on the "comprising" claim |
| **Order of Trial** | Preliminary Instruction 16 | Damages and liability should be bifurcated and if this instruction is given it should address bifurcation |
| **Claims / Claim Construction** | Final Instruction 18, 19, 21 | Partisan and argumentative; misstates the law on public notice; fails to instruct the jury on the "comprising" claim |
| **Infringement** | Final Instruction 22, 23 | Partisan and argumentative; confusing in that it purports to instruct the jury on a legal principle not at issue in the case |
| **Doctrine of Equivalents** | Final Instruction 24, 25 | Partisan and argumentative; misstates the law regarding the doctrine of equivalents |
| **Vitiation** | Final Instruction 26 | Presents vitiation to the jury when it is not a jury question; partisan and argumentative; misstates the law on vitiation |
| **271(f)(1)** | Final Instruction 28 | Misstates the law and applies additional requirements for infringement under 271(f)(1); partisan and argumentative |
| **Divided Infringement** | Final Instruction 29 | Misstates the law; instructs the jury on irrelevant principles; partisan and argumentative |
| **Vicarious Liability** | Final Instruction 30, 31 | Misstates the law on vicarious liability and joint enterprise; instructs the jury on irrelevant principles; inconsistent with the Court's previous rulings |
| **Inducement** | Final Instruction 32 | Partisan and argumentative; misstates the law on induced infringement |
| **Invalidity - Burden of Proof** | Final Instruction 33 | Partisan and argumentative; misstates the law by ignoring the presumption of validity |
| **Obviousness Analysis** | Final Instruction 38 | Partisan and argumentative; misstates the law on obviousness; unduly long and confusing |
| **Prior Art – Overlapping Ranges** | Final Instruction 39 | Misstates the law on overlapping ranges; unnecessary as a separate instruction |

| Issue | Defendants' Instruction Nos. | Janssen's Objections to Defendants' Instruction |
|---|---|---|
| **Objective Considerations** | Final Instruction 40 | Misstates the law on long-felt need; partisan and argumentative |
| **Prior Art – Additional Elements** | Final Instruction 41 | Misstates the law on additional elements; partisan and argumentative |
| **Written Description** | Final Instruction 42 | Misstates the law on written description; inappropriately references Defendants' improper public notice argument |
| **Infringement— Comparison to the Accused Products** | Final Instruction 27 | Partisan and argumentative; misstates the law regarding the doctrine of equivalents |
| **Written Description— Genus Claims** | Final Instruction 43 | Instructs the jury on an irrelevant issue; misstates the law on written description |
| **Damages – Introduction** | Final Instruction 44 | Partisan and argumentative; misstates the law on damages; inconsistent with the Court's prior rulings in the case |
| **Damages – Foreign Sales** | Final Instruction 45 | Partisan and argumentative; instructs the jury about an unnecessary issue |
| **Damages – Intervening Cause** | Final Instruction 46 | Partisan and argumentative; instructs the jury about an unnecessary issue |
| **Damages – Patent Hold-Up Value** | Final Instruction 47 | Partisan and argumentative; misstates the law on damages; instructs the jury about an unnecessary issue |
| **Damages – Future Sales** | Final Instruction 48 | Partisan and argumentative; unnecessary to separately instruct the jury |
| **Damages – Apportionment** | Final Instruction 49 | Partisan and argumentative; misstates the law on damages; instructs the jury about an unnecessary issue |
| **Damages – Entire Market Value Rule** | Final Instruction 50 | Partisan and argumentative; misstates the law on damages; instructs the jury about an unnecessary issue |

| Issue | Defendants' Instruction Nos. | Janssen's Objections to Defendants' Instruction |
|---|---|---|
| **Damages – Lost Profits** | Final Instruction 51, 52, 53, 54, 55, 56, 57, 58 | Partisan and argumentative; misstates the law on lost profits damages; inconsistent with the Court's prior rulings in the case |
| **Damages – Reasonable Royalty** | Final Instruction 59, 60, 61, 62 | Partisan and argumentative; misstates the law on reasonable royalty damages; inconsistent with the Court's prior rulings in the case |
| **Willfulness** | Final Instruction 63 | Misstates the law on willfulness; instructs the jury on topics not at issue in this case |