**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JANSSEN BIOTECH, INC., | |
| Plaintiff, | |
| v. | No. 1:17-cv-11008 |
| CELLTRION HEALTHCARE CO., LTD., CELLTRION, INC., and HOSPIRA, INC. | **PUBLIC-** **REDACTED VERSION** |
| Defendants. | |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION**
**TO EXCLUDE CERTAIN OPINIONS OF MICHAEL BUTLER AND RICHARD LIT**
**REGARDING DAMAGES AND INFRINGEMENT**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ............................................................................................................ 1

II. ARGUMENT ................................................................................................................... 2

    A. Janssen concedes that neither Dr. Butler nor Mr. Lit will opine that the accused products infringe the '083 patent under § 271(f). ...................................... 2

    B. Janssen concedes that Dr. Butler and Mr. Lit will not testify on the "substantial portion" prong of § 271(f), and the Court should preclude them from offering the same opinion through Janssen's charts. ..................................... 4

III. CONCLUSION .............................................................................................................. 9

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Barry v. Medtronic*,
　230 F. Supp. 3d 630 (E.D. Tex. 2017) ....................................................................................6

*Burst v. Shell Oil Co.*,
　120 F. Supp. 3d 547 (E.D. La. 2015) .....................................................................................8

*Christian Bros. High Sch. Endowment v. Bayou No Leverage Fund, LLC (In re
　Bayou Grp., LLC)*,
　439 B.R. 284 (S.D.N.Y. 2010) ..............................................................................................6

*Crowe v. Marchand*,
　506 F.3d 13 (1st Cir. 2007) ...................................................................................................5

*Daubert v. Merrell Dow Pharm., Inc.*,
　509 U.S. 579 (1993) .......................................................................................................1, 4, 8

*U.S. ex rel. Dyer v. Raytheon Co.*,
　No. 08–10341, 2013 WL 5348571 (D. Mass. Sept. 23, 2013) ........................................1, 4, 5

*SEC v. Seghers*,
　298 F. App'x 319 (5th Cir. 2008) ..........................................................................................6

*United States v. Albertelli*,
　687 F.3d 439 (1st Cir. 2012) ..................................................................................................8

*United States v. Lynch*,
　No. 2:12-CR-00105-BLW, 2012 WL 3731821 (D. Idaho Aug. 28, 2012) .............................2

*United States v. Milkiewicz*,
　470 F.3d 390 (1st Cir. 2006) ........................................................................................1, 5, 6, 7

*United States v. Pires*,
　642 F.3d 1 (1st Cir. 2011) ......................................................................................................4

*United States v. Rafferty*,
　296 F. App'x 788 (11th Cir. 2008) .........................................................................................6

*Wasserstrom v. J.M. Appelson*,
　No. 87-0277-CV, 1988 WL 878409 (W.D. Mo. Nov. 15, 1988) .............................................7

*Zachar v. Lee*,
　363 F.3d 70 (1st Cir. 2004) ....................................................................................................8

*Zoltek Corp. v. United States*,
   672 F.3d 1309 (Fed. Cir. 2012) (Dyk, J., dissenting) ..............................................................2

**Statutes**

35 U.S.C. § 271(a) ...................................................................................................................2, 3

35 U.S.C. § 271(b) ........................................................................................................................3

35 U.S.C. § 271(c) ........................................................................................................................3

35 U.S.C. § 271(f)(1) ............................................................................................................. *passim*

35 U.S.C. § 271(f)(2) ..................................................................................................................1, 3

**Rules**

Fed. R. Evid. 702 .......................................................................................................................1, 5

Fed. R. Evid. 1006 .....................................................................................................................1, 5

## I.     INTRODUCTION

The Court should grant Defendants' *Daubert* motion regarding 35 U.S.C. § 271(f)(1), which seeks preclude Dr. Butler and Mr. Lit from (1) opining that GE HyClone media made in Singapore infringes under 35 U.S.C. § 271(f)(1), and (2) opining that a "substantial portion" of the raw materials of the GE HyClone media made in Singapore are supplied from the United States.

Janssen's opposition brief concedes that neither Dr. Butler nor Mr. Lit will testify the GE HyClone media made in Singapore infringes under § 271(f)(1). Dkt. 300 (Opp. Br.) at 6, 8, 9 n.3. However, Janssen nonetheless maintains that Mr. Lit should be allowed to present a "summary" of GE HyClone's raw material purchasing records.

The Court should reject Janssen's arguments. Janssen does not contest that Mr. Lit's summary is nothing more than simple counting and simple arithmetic. Janssen should not be allowed to add an "expert sheen on matters well within the jury's own ordinary experience and common sense." *U.S. ex rel. Dyer v. Raytheon Co.*, No. 08–10341, 2013 WL 5348571, at *12 (D. Mass. Sept. 23, 2013). This alone should be enough to grant Defendants' motion.

Further, Janssen cites no rules or cases which permit Mr. Lit to offer this testimony. Fed. R. Evid. 1006, on which Janssen relies, does not make Mr. Lit's opinion admissible. A "summary" remains "subject to the usual objections under the rules of evidence," *United States v. Milkiewicz*, 470 F.3d 390, 396 (1st Cir. 2006), and neither Mr. Lit's testimony nor Janssen's chart are admissible under Fed. R. Evid. 702.

Finally, Janssen argues Mr. Lit's analysis and Janssen's chart are the product of Mr. Lit's specialized "experience and knowledge." But Mr. Lit admitted that he did not apply his specialized knowledge in developing his opinions or analysis on this issue. The "experience" and "knowledge" Janssen identifies is from a different field then the data he purports to interpret.

Consequently the Court should grant Defendants' motion to exclude Dr. Butler's and Mr.

Lit's testimony relating to § 271(f)(1).

## II.     ARGUMENT

### A.     Janssen concedes that neither Dr. Butler nor Mr. Lit will opine that the accused products infringe the '083 patent under § 271(f).

Janssen concedes that neither Dr. Butler nor Mr. Lit will testify that the accused GE

HyClone media made in Singapore infringes the '083 patent. Dkt. 300 (Opp. Br.) at 5–6. Janssen

nonetheless argues that Defendants' "motion should be denied in its entirety." *Id.* at 1. This is

absurd. With no dispute over the relief Defendants seek, the Court should grant Defendants'

motion. *See, e.g.*, *United States v. Lynch*, No. 2:12-CR-00105-BLW, 2012 WL 3731821, at *1 (D.

Idaho Aug. 28, 2012) (granting motion *in limine* where opposing party "either does not dispute, or

does not intend to offer evidence" moving party sought to exclude).

Although Janssen concedes defeat in under two paragraphs, it rambles on for three more

pages about irrelevant issues. In doing so, Janssen makes two inaccurate claims requiring a

response. First, Janssen inaccurately identifies the elements of infringement under § 271(f)(1).

Dkt. 300 (Opp. Br.) at 6; *see also* Dkt. 244 (Br.) at 1–2 (accurately stating the elements of §

271(f)(1)). Section 271(f)(1) includes an "active[] induce[ment]" requirement. 35 U.S.C. §

271(f)(1). Janssen recites § 271(f)(1)'s "elements" to suggest that it need only prove Defendants

"actively induce[d] the combination of such components outside of the United States." In reality,

Janssen must prove that Defendants "***actively induce[d]*** the combination of such components

outside of the United States ***in a manner that would infringe the patent*** if such combination

occurred within the United States," *i.e.*, that Defendants intended the components be combined

and that the combination infringes the '083 patent. *Id.* (emphasis added); *see also Zoltek Corp. v.*

*United States*, 672 F.3d 1309, 1334 n.6 (Fed. Cir. 2012) (Dyk, J., dissenting) (noting that the text

2

of § 271(f)(1) mimics the language of § 271(b) and the text of § 271(f)(2) mimics the language of § 271(c)); Federal Circuit Bar Association Model Patent Jury Instructions B.3.4 ("(3) [alleged infringer] knows of the [ ] patent, and knows that the encouraged acts constitute infringement of that patent;").

Second, Janssen suggests that Mr. Lit will provide testimony to "aid the jury in determining whether" Janssen has proved infringement under § 271(f)(1). Dkt. 300 (Opp. Br.) at 8–9. But the purported testimony Janssen identifies, ████████████████████████████████ has nothing to do with whether the accused GE HyClone media actually meets the statutory elements. Dkt. 300 (Opp. Br.) at 6–7. ████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████ Ex. 1 (Lit Dep. Tr.) at 390:23–391:6. And as Defendants have explained, the Court should not permit Mr. Lit to offer his "substantial portion" opinion—a position Janssen has accepted.

Regardless, Court should grant Defendants motion because Janssen has agreed to provide Defendants the relief sought by their Daubert motion: neither Dr. Butler nor Dr. Lit will testify that the media GE HyClone manufactures in Singapore infringes the '083 patent under § 271(f)(1).

**B.** **Janssen concedes that Dr. Butler and Mr. Lit will not testify on the "substantial portion" prong of § 271(f), and the Court should preclude them from offering the same opinion through Janssen's charts.**

Janssen concedes that neither Dr. Butler nor Mr. Lit will opine that ingredients exported from the United States to Singapore ███████████████████████████████████ ████████████████████ Dkt. 300 (Opp. Br.) at 8, 9 n.3. Nonetheless, Janssen argues that Mr. Lit should be permitted to offer his "substantial portion" opinion ████████████████████ ████████████████████████████████████████████ as long as he does not use the word "substantial." *Id.*

The Court should reject Janssen's argument. As Defendants' motion explained, Mr. Lit's "analysis" and Janssen's chart are not "helpful" (and thus not admissible) because they have no "valid scientific connection to the pertinent inquiry." Dkt. 244 (Br.) at 7–9 (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 591–92 (1993)). Janssen's strategy is to place an "expert sheen on matters well within the jury's own ordinary experience and common sense," *Dyer*, 2013 WL 5348571, at *12, which Courts agree is improper and prejudicial. *United States v. Pires*, 642 F.3d 1, 12 (1st Cir. 2011).

Indeed, Janssen does not dispute most of the facts that show Mr. Lit's "substantial portion" opinion and Janssen's chart contain no expert analysis. For example, Janssen does not challenge that Mr. Lit's analysis is merely ██████████████████████████████████ Ex. 1 (Lit Dep. Tr.) at 159:20–160:18. Likewise, Janssen does not dispute that Mr. Lit performed no ████████████████████████████████████████████████████ ███████████ *Id.* at 158:14–17. The jury, as the trier of fact, "has no need for an opinion because it easily can be derived from common sense, common experience, the [trier of fact's] own perceptions, or simple logic." *Dyer*, 2013 WL 5348571, at *12; *see also* Dkt. 244 (Br.) at 7–8.

Janssen makes three arguments for allowing Mr. Lit to offer his "substantial portion" analysis. The Court should reject them all. *First*, Janssen argues that Mr. Lit's "analysis" and Janssen's chart are admissible as a "summary of ███████████ that forms the basis for one of [Mr. Lit's] opinions." Dkt. 300 (Opp. Br.) at 10. Specifically, according to Janssen, Mr. Lit's chart and calculations are "Rule 1006 summar[ies] that under Rule 703 can be properly presented to the jury by an expert." Dkt. 300 (Opp. Br.) at 10–11. But Rule 1006 does not allow Janssen to use Mr. Lit as a mouthpiece to place an "expert sheen" on non-expert testimony, such as basic arithmetic and counting. *Dyer*, 2013 WL 5348571, at *12.

"Evidence admitted under Rule 1006 must be otherwise admissible and remains subject to the usual objections under the rules of evidence." *United States v. Milkiewicz*, 470 F.3d 390, 396 (1st Cir. 2006). For expert testimony, "[t]he touchstone for the admission . . . is Federal Rule of Evidence 702." *Crowe v. Marchand*, 506 F.3d 13, 17 (1st Cir. 2007).

Rule 702 provides no basis for Mr. Lit to offer opinions regarding the chart. The only opinion in Mr. Lit's report on which the chart bears is his "substantial portion" opinion, which Defendants have shown is not proper expert testimony and should be excluded. Dkt. 244 (Br.) at 7–9.

Janssen suggests that Mr. Lit may address Janssen's chart in connection with his so-called ███████████████████████████ Dkt. 300 (Opp. Br.) at 7, 10. Although it does not say how, Janssen claims "this summary forms the basis for [Mr. Lit's] opinion on ███████████, which is relevant to determining whether Defendants infringed the '083 patent under § 271(f)(1)." *Id.* at 13. Janssen's chart has no relevance to Mr. Lit's ███████████████████. The chart purports to show

████████████████████████████████████████████████████████████████

████  In short, the chart's only plausible relevance to infringement relates to the "substantial portion" prong, and Mr. Lit's analysis on that issue is not proper expert testimony. Dkt. 244 (Br.) at 6–9.

The cases Janssen cites do not show otherwise. Most have nothing to with admissibility challenges to an expert presenting a summary to a jury. *United States v. Rafferty*, 296 F. App'x 788, 793–94 (11th Cir. 2008), and *SEC v. Seghers*, 298 F. App'x 319, 326 (5th Cir. 2008), both involved summary charts properly admitted through ***non-expert*** witnesses. *Christian Bros. High Sch. Endowment v. Bayou No Leverage Fund, LLC (In re Bayou Grp., LLC))*, 439 B.R. 284, 336-37 (S.D.N.Y. 2010), addressed the propriety of a bankruptcy judge considering an expert report and summary chart in granting summary judgment. And *Barry v. Medtronic*, Inc., 230 F. Supp. 3d 630 (E.D. Tex. 2017), addresses 271(f)(1), not admissibility of a summary chart—indeed, there is no indication that the expert's "schedule" was a summary chart or was subject to an admissibility challenge.

Janssen's final case, *United States v. Milkiewicz*, relates to admissibility of a "chart" that "was 'not, strictly speaking, a summary of documents'" because it "involved a kind of expert interpretation." 470 F.3d at 400. In *Milkiewicz*, an IRS agent presented an exhibit that (1) "summarize[d] [] financial information contained in [] charts," (2) "compare[d] the figures appellant reported on his tax returns . . . with the data developed in the investigation," and (3) "calculate[d] for each of the five years, the additional tax due based on the information compiled in the chart[s]." *Id*. at 394, 401. The First Circuit noted that the chart's content ("tax computations") was within the witness's particular expertise: "An IRS agent, is qualified to express an opinion on the tax consequences of a transaction." *Id*. at 401. Janssen's chart, on the other hand, ████████████

█████████████████████████████████████████████████████████ And

*Milkiewicz* provides no support to Janssen's claim that "where the creation of a summary of

'routine . . . records' required 'patience but not expertise,' the expert may properly present the

summary to the jury, regardless of whether they applied their expertise in creating it, and regardless

of their qualifications." Dkt. 300 (Opp. Br.) at 12–13.

*Second*, Janssen argues that Mr. Lit "was able to apply [his] experience and knowledge in

summarizing ███████████████████ and to "vouchsafe for the reliability of his analysis."

Dkt. 300 (Opp. Br.) at 12. But again, Janssen's argument fails. Contrary to Janssen's argument,

Mr. Lit did not "apply [his] experience and knowledge" either "in summarizing ████████

████████ or to "vouchsafe for the reliability of his analysis." *Id.* Mr. Lit admitted that it did

not ████████████████████████████████████████████

████████████████████████ Dkt. 244-2 (Lit Dep. Tr.) at 157:19–158:3.

He also admitted that he is not ██████████████████████████████████

████████████████████ Dkt. 244-2 (Lit Dep. Tr.) at. 160:23–25.

This is no surprise. The "experience" and "knowledge" Janssen claims Mr. Lit has relates

to "biologic drug manufacturing processes," "biopharmaceutical manufacturing," and ████████

████████████ Dkt. 300 (Opp. Br.) at 12. But GE HyClone is not a ████████

████████ and does not engage in "biopharmaceutical manufacturing." And the accused GE

HyClone media is not a "biologic drug." Mr. Lit has never been involved in ████████

█████████████████████████████████████████████████████████

███████████████████████████████████████████████ Janssen has no basis to

suggest that Janssen's chart has anything to do with Mr. Lit's expertise.[1]

The cases Janssen cites on this issue are inapposite. Unlike the expert in *United States v.*

*Albertelli*, 687 F.3d 439, 446 (1st Cir. 2012), Mr. Lit is not applying an "independent body of

specialized knowledge" to "interpret" the evidence. Likewise, *Zachar v. Lee*, 363 F.3d 70, 76 (1st

Cir. 2004), says "an expert must vouchsafe the reliability of the data on which he relies and explain

how the cumulation of that data was consistent with standards of the expert's profession." But,

Mr. Lit has no basis to vouchsafe ███████████████████████

██████ and does not claim to have done so.

As to Dr. Butler, Janssen argues that "Janssen intends to present [Janssen's chart] through

Mr. Lit" but Dr. Butler "could properly rely on this summary and testify about it at trial, were he

asked to do so." Dkt. 300 (Opp. Br.) at 9 & n.3. Defendants' *Daubert* motion explained that Dr.

Butler performed no analysis of his own but adopted Mr. Lit's opinions wholesale. Dkt. 244 (Br.)

at 9–11. While Janssen denies this, it offers no evidence that Dr. Butler "did not simply adopt Mr.

Lit's analysis wholesale without examining it." Dkt. 300 (Opp. Br.) at 9 n.3. Moreover, Janssen

does not address Dr. Butler's wholesale, word-for-word copying from Mr. Lit's supplemental

report. *See* Dkt. 244 (Br.) at 10–11. Because an expert witness cannot properly adopt another

---

[1]      Janssen suggests that Mr. Lit "creat[ed]" the chart at issue. Opp. Br. at 11. This is wholly
improper. ████████████████████████████████████████████
████████████████████████ Having refused to disclose this
information at Mr. Lit's deposition, Janssen should not be permitted to proffer or suggest an answer
now. *See, e.g.*, *Wasserstrom v. J.M. Appelson*, No. 87-0277-CV, 1988 WL 878409, at *3 (W.D.
Mo. Nov. 15, 1988) ("Certainly plaintiff will be restrained from using information which he
refused to disclose during discovery."). And the evidence suggests he did not. ████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████

expert's opinions wholesale, the Court should also grant Defendants' motion as to Dr. Butler. *Burst v. Shell Oil Co.*, 120 F. Supp. 3d 547, 544 (E.D. La. 2015).

## III.   CONCLUSION

The Court should grant Defendants motion because Janssen concedes that neither Dr. Butler nor Mr. Lit will testify (1) that media GE HyClone manufactures in Singapore infringes the '083 patent under § 271(f)(1) or (2) that "all or a substantial portion" of the components are supplied from the United States.

Dated: May 4, 2018

Respectfully submitted,

Celltrion Healthcare Co., Ltd., Celltrion, Inc., and Hospira, Inc.

By their attorneys,

/s/ *Andrea L. Martin, Esq.*
Dennis J. Kelly (BBO # 266340)
Andrea L. Martin (BBO #666117)
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA 02110-1624
Telephone: 617-345-3000
Facsimile: 617-345-3299
dkelly@burnslev.com
amartin@burnslev.com

James F. Hurst, P.C. (*pro hac vice*)
Bryan S. Hales, P.C. (*pro hac vice*)
Elizabeth A. Cutri (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Tel: (312) 862-2000
james.hurst@kirkland.com
bryan.hales@kirkland.com
elizabeth.cutri@kirkland.com

Ryan Kane (*pro hac vice*)
James McConnell (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
ryan.kane@kirkland.com
james.mcconnell@kirkland.com

Noah S. Frank (*pro hac vice*)
KIRKLAND & ELLIS LLP
655 Fifteenth St., N.W.
Washington, DC 20005
noah.frank@kirkland.com

Charles B. Klein (*pro hac vice*)
WINSTON & STRAWN LLP
1700 K Street, N.W.

Washington, D.C. 20006-3817
Tel: (202) 282-5000
cklein@winston.com

Samuel S. Park (*pro hac vice*)
Dan H. Hoang (*pro hac vice*)
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
Tel: (312) 558-7931
spark@winston.com
dhoang@winston.com

*Attorneys for Defendants Celltrion Healthcare*
*Co., Ltd., Celltrion, Inc., and Hospira, Inc.*

11

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed through the electronic filing system and served electronically to the registered participants as identified on the Notice of Electronic Filing.

*/s/ Andrea L. Martin*