**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JANSSEN BIOTECH, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. |
| | ) |
| CELLTRION HEALTHCARE CO., LTD., | ) |
| CELLTRION, INC., and | ) **CONFIDENTIAL** |
| HOSPIRA, INC., | ) **FILED UNDER SEAL** |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION *IN LIMINE* NO. 11, TO PRECLUDE EVIDENCE AND
ARGUMENT REGARDING PRE-SUIT COMMUNICATIONS PURSUANT TO THE
BPCIA**

## **<u>TABLE OF CONTENTS</u>**

**Page**

TABLE OF AUTHORITIES ........................................................................................................... ii

STATEMENT OF FACTS ............................................................................................................. 2

ARGUMENT ................................................................................................................................ 10

CONCLUSION ............................................................................................................................. 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cody v. Conformis, Inc.*,
  199 F. Supp. 3d 409, 418-9 (D. Mass. 2016)..........................................................12

*Global-Tech Appliances, Inc. v. SEB S.A.*,
  563 U.S. 754 (2011)...............................................................................................11, 12

*Hanson v. Waller*,
  888 F.2d 806 (11th Cir. 1989) ................................................................................10

*Hough v. United States*,
  253 F. Supp. 3d 560, 566 (W.D.N.Y. 2017) ..........................................................10

*Life Techs. v. Promega*,
  137 S. Ct. 734 (2017)..............................................................................................11

*Lucia v. Prospect St. High Income Portfolio, Inc.*,
  36 F.3d 170 (1st Cir. 1994).....................................................................................12

*MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*,
  420 F.3d 1369 (Fed. Cir. 2005)...............................................................................11

*Minemyer v. R-Boc Representatives, Inc.*,
  No. 07 C 1763, 2012 U.S. Dist. LEXIS 82272 (N.D.Ill. June 13, 2012) ...............12

*Seamans v. Temple Univ.*,
  744 F.3d 853 (3d Cir. 2014).....................................................................................12

*Simplivity Corp. v. Springpath, Inc.*,
  No. 4:15-13345-TSH, 2016 U.S. Dist. LEXIS 155017 (D. Mass. July 15,
  2016) ........................................................................................................................12

*United States v. Grant*,
  218 F.3d 72 (1st Cir. 2007)......................................................................................13

*Water Techs. Corp. v. Calco, Ltd.*,
  850 F.2d 660 (Fed. Cir. 1988).................................................................................11

*WesternGeco L.L.C. v. ION Geophysical Corp.*,
  837 F.3d 1358 (Fed. Cir. 2016)...............................................................................11

ii

**Statutes**

35 U.S.C. § 271(f)(1) ...............................................................................................................1, 11

42 U.S.C. § 262(l)(3)(B) ...................................................................................................................3

Fed. R. Evid. 801(d)(2) ...................................................................................................................10

Defendants move to limit the cross examination of Jong Moon Cho, Celltrion's team leader for cell culture process development.  The motion should be denied.  The subject matter Defendants wish to exclude – Celltrion's official response to Janssen allegations that it infringed the '083 patent – is both a party admission and highly material to the question of Celltrion's knowledge of infringement.  Mr. Cho will be examined only about the portion of the response that he reviewed and approved.

Defendants' motion arises out of a series of misleading communications that Defendants' counsel sent to Janssen prior to, and shortly after, suit was initiated.  The communications tend to prove Defendants' knowledge of infringement and so are relevant to proving inducement, infringement under 35 U.S.C. § 271(f)(1), and willfulness.  This evidence has obviously struck a raw nerve and Defendants have filed more than one motion on this subject.  Janssen does not wish to pick an unnecessary dispute over the actions of Defendants' counsel.  As a result, Janssen has withdrawn its proposal to have a witness testify about the entire series of communications.

Instead, Janssen has narrowed this dispute down to one issue.  Janssen will seek to examine Mr. Cho about one portion of one communication sent by counsel – Celltrion's Detailed Statement of defenses served on Janssen pursuant to the BPCIA.  This document is a party admission on a material issue and is plainly admissible in its own right.  Furthermore, Mr. Cho has submitted a sworn declaration stating that he reviewed and confirmed the misleading portion of the document about which we will seek to examine him.  ████████████████

███████████████████████████████████████████████████████

███████████████████████████████████We would redact all other portions of the

1

letters and the names of counsel who signed it.  There is no basis to exclude this relevant and

admissible evidence *in limine*.

## STATEMENT OF FACTS

The relevant testimony from Mr. Cho – and how the letter fits into that testimony – is as

follows:

On December 26, 2014, Janssen identified the '083 patent as potentially infringed by

Defendants' cell culture media. ███████████████████████████████████

███████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

█████████████████████████████████████████

           ██████████████████████

           █████████████████████████████████████████████

           █████████████████████

           █████████████████████████████████████████

           █████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████

████████████

████████████████████████████████████████████████████████████████

████████████████████

Defendants have not produced HyClone's "official answers" to this request.  But we know that Defendants did prepare a Detailed Statement pursuant to the BPCIA, which they sent to Janssen on February 5, 2015.  Although signed by Defendants' outside counsel, providing the Detailed Statement was a statutory obligation of Celltrion and an official statement on behalf of the company.  42 U.S.C. § 262(l)(3)(B).  The Detailed Statement addresses all of the patents that Janssen had identified as possibly infringed. ████████████████████████████████

████████████████████████████████████████████████████

████████████████████It is this discussion – what is stated and how, and what is omitted – that Janssen contends is misleading, warranting an inference by the jury of guilty knowledge.  We attach to this memorandum a redacted version of the letter limited to the particular section that Mr. Cho reviewed and confirmed and about which we wish to examine Mr. Cho.  Ex. 4 (Celltrion's Detailed Statement Pursuant to the BPCIA ("Detailed Statement")).  (Although Defendants spend much space in their motion addressing ████████████████████████████

████████████████████████████████████████████████████

████████)

When the Detailed Statement was sent (and still today), the formula for the HyClone media was not public and was kept as a confidential trade secret by HyClone. ████████████████████

████████████████████████████████████████████

understood, Janssen was entirely dependent on the fairness and accuracy of the Detailed

Statement. ███████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████████████████

█████████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████████████████

█████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████ The letter also did not list the

ingredients in the Celltrion Media, let alone admit that the Celltrion Media contained each and

every ingredient required by the '083 patent in exactly the form specified. ████████████

█████████████████████████████████████████████████

█████████████████████████

    We do not know the source of the technical discussion included in the Detailed

Statement. ████████████████████████████████████████████████

█████████████████████████████████████████████████████

████████████████████████████████████ We accept that testimony and have no interest in exploring that subject further at trial.  What is relevant for purposes of the examination of Mr. Cho is that the statements were made on behalf of Celltrion, in its first official communication to Janssen regarding the '083 patent, that they were misleading – and that Mr. Cho knew they were misleading and approved them.

We know about Mr. Cho's role because he told us about it.  ████████████████

████████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████████████████ is material
evidence of Celltrion's knowledge of infringement or willful blindness.   He was able to discern,
and undoubtedly did, that the '083 patent and the Celltrion media contain exactly the same
ingredients in exactly the same form.   He was also able to understand that the handful of
concentration differences were not meaningful for a cell media.   Mr. Cho's examination of the
'083 patent and the HyClone formula is an important part of Janssen's proof of knowledge and
intent.

████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████████
██████████████████████████████████████████████████
███████████████████████████████████████████████████
████████████████████████████████████████████████
███████████████████████████████████████████████
████████████████████████████████████████

   A reasonable jury could conclude that Mr. Cho – █████████████████████████
█████████████████████████████████████████████████████
████████████████ – knew that the Celltrion media was infringing or chose to be willfully blind to
that issue.   A reasonable jury could also conclude that – regardless of who decided to omit
crucial information in Celltrion's Detailed Statement to Janssen – those omissions were approved
by Mr. Cho personally and are evidence that Celltrion knew or believed it was highly probable
that it was guilty of infringement and was trying to conceal that fact from Janssen.

Subsequent events bolster these conclusions about Mr. Cho's state of mind. Janssen filed its patent infringement suit on March 6, 2015. ███████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

█████████████████████████████████████████

██████████████████████████████████████████

███████

        ████████████████████████████████████

███████████████████████████████████████████

████████████████████████████

            ████████████████████████████████
            ████████████████████████████
            █████████████████████

            ███████████████████████████████
            ███████████████████████

██████████████████████████████████████

██████████████████████████████████████

███████████████████████████████████████

            ██████████████████████████
            ████████████████████████████
            ███████████████████████████
            ████████████████████████████
            █████████

███████████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████████████████

████████████████

███████████████████████████████
███████████████████████████████
███████████████████████████████
██████████████████████████████
██████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████ Of course, Mr. Cho was the correct person to ask.  He was

one of only three personnel at Celltrion who was aware of the composition of the HyClone

media, he had studied the '083 patent, he had the technical competence to compare them to one

another, █████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████.

Mr. Cho was deposed twice in this litigation, and a jury could find that he was untruthful

when asked about the reasons for the move to Singapore and that he attempted to mislead

Janssen to conceal his knowledge ██████████████████████.  For example, in

2016, he was asked:

███████████████████████████████████
███████████████████████████████

Of course, there is only one truthful answer to that question:  "yes."  Instead, after counsel for

Defendants interposed a privilege caution (one that was irrelevant to the business

communications discussed above, which plainly required an affirmative answer to the question),

Mr. Cho gave an answer that was, at best, misleading:

███████████████████████████████████
████████████████████████████
██████████████████████████████████
███████████

███████████████████████████████████
██████████████████████████████
███████████████████████████████████
████████████████████████████████████
████████████████████

████████████████████████████████

In February 2018, just before Defendants were forced to produce the emails ████████████

█████████████████████████████████████████████, Mr. Cho was deposed

again.  Once again, he was asked about the move:

███████████████████████████████████
███████████████████████████████████

Following another privilege caution that, once again, did not prevent Mr. Cho from disclosing

the purely business discussions on this subject to which he was a party, Mr. Cho gave the

following incomplete and misleading response:

███████████████████████████████████
██████████████████████████████████
█████████████████████████████████
███████████████████████████████████
███████████████████████████████
█████████████████████████████████
███████████████████████████████████
███████████████████

████████████████████████████████████████████████

████████████ Needless to say, ████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████ But Mr. Cho didn't mention that.  Mr. Cho was pressed further on

9

this issue and ultimately testified, over an asked-and-answered objection.  Now his answer was a

flat-out lie:



**ARGUMENT**

Defendants' motion is based on the false premise that because Celltrion's Detailed

Statement was signed by outside counsel (and because Celltrion's compliance with the BPCIA is

no longer at issue), the Detailed Statement is relevant only to outside counsel's state of mind, not

Celltrion's.  D.I. 285 (Defendants' Memorandum of Law in Support of Motion *In Limine* No. 11)

at 6-9.  This is contrary to the law.  The Federal Rules of Evidence recognize that statements

made by party representatives or those authorized to speak on behalf of a party are not hearsay

and are admissible against that party regardless whether the specific individual making the

statement appears to testify.  Fed. R. Evid. 801(d)(2).  Celltrion's Detailed Statement is a

quintessential example of an authorized statement made on behalf of the company.  *See Hough v.*

*United States*, 253 F. Supp. 3d 560, 566 (W.D.N.Y. 2017) (statement by attorney admissible

under Rule 801(d)(2); *Hanson v. Waller*, 888 F.2d 806, 814 (11th Cir. 1989) (same).  Subsequent

case law holding that providing the Detailed Statement was optional under the BPCIA does not

in any way change the fact that the Detailed Statement represented Celltrion's official position

on the '083 patent as of February 5, 2015.  Regardless who was responsible for drafting the

10

Detailed Statement – and regardless whether Defendants agree that the statements contained in it

are misleading – Janssen is entitled to rely on Celltrion's official statements about the '083

patent as evidence of Celltrion's state of mind with respect to the '083 patent.

In any event, the relevant portion of the Detailed Statement was reviewed and confirmed

by Mr. Cho. ████████████████████████████████████████

████████████████ is plainly proper.  As this Court has stated, "induced infringement under

section 271(b) requires . . . specific intent:  that is[,] 'knowledge that the induced act or acts

constitute patent infringement[,]' . . . [or] by establishing willful blindness."  Ex. 12 (Transcript

of Dec. 22, 2016 Conf.) at 16:7-13 (quoting *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S.

754, 766 (2011)).  "Willful blindness is knowledge of a high probability that the product will

infringe and deliberate action by the defendant to avoid learning that fact."  *Id.* at 16:13-16

(citing *Global-Tech*, 563 U.S. 754).  "'While proof of intent is necessary, direct evidence is not

required; rather, circumstantial evidence may suffice.'"  *MEMC Elec. Materials, Inc. v.

Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005) (quoting *Water Techs.

Corp. v. Calco, Ltd.*, 850 F.2d 660, 668 (Fed. Cir. 1988)).

While the law regarding the knowledge component of 35 U.S.C. § 271(f)(1) is unsettled,

*Life Techs. v. Promega*, 137 S. Ct. 734, 742 n.8 (2017), Defendants argue that the standards are

the same as for induced infringement.  The standards for proving willfulness are also similar.

*See Global-Tech,* 563 U.S. at 766; *WesternGeco L.L.C. v. ION Geophysical Corp.*, 837 F.3d

1358, 1362 (Fed. Cir. 2016), *cert. granted on other grounds*, 138 S. Ct. 734 (2018) (holding that

willful infringement requires proof that the risk of infringement was "either known or so obvious

that it should have been known to the accused infringer.") (internal quotation marks omitted).

11

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████ In evaluating subjective knowledge in the context of an

allegation of knowing infringement, courts routinely rely on this kind of evidence of misleading

behavior.  For example, in *Global-Tech*, the Supreme Court stated:  "we cannot fathom what

motive [defendant] could have had for withholding . . . information [from its attorneys] other

than to manufacture a claim of plausible deniability in the event that his company was later

accused of patent infringement."[1]  563 U.S. at 771.  Similarly, in *Simplivity Corp. v. Springpath,*

*Inc.*, No. 4:15-13345-TSH, 2016 U.S. Dist. LEXIS 155017, at *31-33 (D. Mass. July 15, 2016),

the court found it relevant for inducement that an individual related to the defendant

"affirmatively misled" and failed to disclose relevant information to the plaintiff.  *Id.* at *31-33.

Janssen would use Mr. Cho's approval of the relevant contents of the Detailed Statement in the

same way.[2]

    Defendants argue that ████████████████████████████████████

████████████████████████████████████████ They are free to make

that argument to the jury but they cannot prevent Janssen from making the contrary case.  "[A]

'literally accurate' statement may still in context be misleading."  *Cody v. Conformis, Inc.*, 199

F. Supp. 3d 409, 418-9 (D. Mass. 2016) (citing *Lucia v. Prospect St. High Income Portfolio, Inc.*,

---

[1] Defendants try to distinguish *Global-Tech* by arguing that the defendant's actions in that case misled its own attorney, rather than the plaintiff.  D.I. 366, Case No. 15-cv-10698 (Defendants' Memorandum of Law in Support of Motion *In Limine* No. 3) at 14-15.  This is a distinction without a difference:  Either way, evidence that the defendants withheld information supports an inference of willful blindness.

[2]  *See also Minemyer v. R-Boc Representatives, Inc.*, No. 07 C 1763, 2012 U.S. Dist. LEXIS 82272, at *49-52 (N.D.Ill. June 13, 2012) (finding sufficient evidence to support a finding of induced infringed based, in part, on the fact that defendants had "deceptively lulled plaintiff into not bidding [a] contract so that they could secure it").

36 F.3d 170, 175 (1st Cir. 1994)).  "Whether technically accurate information was misleading in such a way and to such an extent that [it] can be expected to have an adverse effect is generally a question to be submitted to the jury."  *Seamans v. Temple Univ.*, 744 F.3d 853, 865 (3d Cir. 2014) (internal quotation marks omitted).

███████████████████████████████████████████████████████████████

████████████████████████████████████████████ Again, Defendants can make that argument to the jury, ██████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████ It is Defendants, and no one else, who are responsible for choosing to respond to Janssen's requests by presenting incomplete and misleading information in an attempt to stave off litigation.  *See United States v. Grant*, 218 F.3d 72, 77 (1st Cir. 2007) (acknowledging that "technically accurate statements" can be "rendered misleading by material omissions").

Finally, Defendants extravagantly suggest that this proposed testimony "puts Defendants' entire litigation strategy on trial" (D.I. 285 at 9) and would somehow require their counsel – and Janssen's counsel – to be called as witnesses.  That makes little sense.  The Detailed Statement is a statement of Celltrion and will be used as evidence of Celltrion's state of mind – not counsel's. Most particularly, the statement is evidence of Mr. Cho's state of mind, and █████████████████

███████████████████████████████████████████████████████

████████████████████████.  Indeed, since Celltrion's counsel had no idea whether the Detailed

13

Statement was true or false, it is difficult to see what counsel's testimony could possibly tell us about Mr. Cho's (or Celltrion's) state of mind. And it makes even less sense to suggest that Janssen's counsel is somehow a necessary witness. The fact that the misleading communication did not work in the end is a tribute to Janssen's tenacity, but says nothing about whether the communication itself was misleading. This argument is pre-textual.

## CONCLUSION

This Court should deny Defendants' Motion *In Limine* No. 11 to preclude evidence and argument regarding pre-suit communications.

Respectfully submitted,

Dated: June 4, 2018

*/s/ Alison C. Casey*

*Of Counsel*
Gregory L. Diskant (admitted *pro hac vice*)
gldiskant@pbwt.com
Irena Royzman (admitted *pro hac vice*)
iroyzman@pbwt.com
Aron Fischer (admitted *pro hac vice*)
afischer@pbwt.com
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036-6710
212-336-2000
FAX: 212-336-2222

Heather B. Repicky (BBO # 663347)
hrepicky@nutter.com
Alison C. Casey (BBO #688253)
acaset@nutter.com
NUTTER MCCLENNEN & FISH LLP
Seaport West
155 Seaport Boulevard
Boston, MA 02210
617-439-2000
FAX: 617-310-9192

*Attorneys for Plaintiffs Janssen Biotech, Inc. and New York University*

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2018, this document, filed through the Court's ECF system, will be sent electronically to the parties or their counsel who are registered participants as identified on the Notice of Electronic Filing.


*/s/ Alison C. Casey*

1