# Exhibit 12

```
 1                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF MASSACHUSETTS
 2

 3                                    )
     JANSSEN BIOTECH, INC.,           )
 4   and NEW YORK UNIVERSITY,         )
                                      )
 5           Plaintiffs,              )
                                      )   Civil Action
 6   v.                               )   No. 15-CV-10698-MLW
                                      )
 7   CELLTRION HEALTHCARE CO.,        )
     LTD, CELLTRION, INC., and        )
 8   HOSPIRA, INC.,                   )
                                      )
 9           Defendants.              )
                                      )
10

11

12            BEFORE THE HONORABLE MARK L. WOLF
                 UNITED STATES DISTRICT JUDGE
13

14                     MOTION HEARING

15
                     December 22, 2016
16                      10:41 a.m.

17

18        John J. Moakley United States Courthouse
                    Courtroom No. 10
19                  One Courthouse Way
                Boston, Massachusetts  02210
20

21

22
                Kelly Mortellite, RMR, CRR
23                Official Court Reporter
          John J. Moakley United States Courthouse
24             One Courthouse Way, Room 5200
                Boston, Massachusetts  02210
25                 mortellite@gmail.com
```

1   argument in the most skeletal way leaving the court to do

2   counsel's work.  Rather a litigant has an obligation to spell

3   out its argument squarely and distinctly or else forever hold

4   its peace."  That's at page 17.

5          So it's not necessary or appropriate for me at this

6   time to try to determine whether there's adequate evidence --

7   well, whether that linkage is required or whether there's

8   adequate evidence to support it.  The plaintiff didn't have

9   clear notice of the issue, didn't brief or argue it.  But I

10  will say to help shape future proceedings that the evidence

11  may -- well, there is evidence that tends to indicate that the

12  changes that were made caused or contributed to the HyClone

13  product being an infringing product if it was.

14         As I explained earlier, "Celltrion directed

15  substantial changes to the base media," as Lee testified at

16  pages 6 to 15.  There is therefore evidence that the product

17  HyClone created at Celltrion's direction was substantially

18  different than HyClone's standard product.  In addition, after

19  gathering information from experiments, Celltrion had those

20  changes made to the resulting -- it had those changes made in

21  order to make the resulting biosimilar drug more comparable to

22  Janssen's drug.  That's Exhibit 14 at page 9.  It would be

23  reasonable, it appears, for a jury to infer that making the

24  media -- the effect was to make HyClone's media more similar to

25  the '083 patented media in order to get the same result.

1    Therefore, on the present, not well-developed record, factually

2    or in terms of argument, it appears to me that a reasonable

3    jury could infer that Celltrion's instruction caused the

4    infringement.

5           So that's my reasoning with regard to the section

6    271(a) direct infringement claim.

7           With regard to induced infringement, induced

8    infringement under section 271(b) requires both an affirmative

9    act that encourages infringement and specific intent:  that is

10   "knowledge that the induced act or acts constitute patent

11   infringement."  The Supreme Court said that in *Global-Tech*, 563

12   U.S. at 766.  In *Global-Tech*, the court also noted that intent

13   can be proven by establishing willful blindness.  Willful

14   blindness is knowledge of a high probability that the product

15   will infringe and deliberate action by the defendant to avoid

16   learning that fact.  That's *Global-Tech*, as I said.

17          The defendants argue that as a matter of law their

18   good faith reasonable belief in non-infringement precludes the

19   jury from drawing an inference of specific intent and requires

20   summary judgment.

21          In *Commil*, the Supreme Court stated that, "If the

22   defendant reads the patent's claims differently from the

23   plaintiff and that reading is reasonable, it is not necessarily

24   liable for inducing infringement," 135 Supreme Court 1920,

25   1927.

1    Similarly, in *Warsaw Orthopedic*, the Federal Circuit

2    held that where a defendant's belief in non-infringement was

3    based on its reading of the patent to allow a jury to infer

4    specific intent to infringe, "it is sufficient that the

5    plaintiff establish that a defendant's asserted belief in

6    non-infringement was unreasonable."  That's 824 F. 3d 1351 note

7    2.

8    These cases mean that an objectively unreasonable

9    belief in non-infringement is circumstantial evidence of

10   specific intent to infringe.  Similarly, an asserted reasonable

11   belief -- may be more precise -- a reasonable basis for

12   believing that a product doesn't infringe would be evidence

13   that a defendant did not have the specific intent to infringe.

14   However, such a belief would not justify taking that question

15   away from the jury.

16   The Federal Circuit has held that where it is

17   supported by circumstantial evidence, an alleged "good-faith

18   belief [in non-infringement] presents a factual question," and,

19   "not an entitlement to a no-knowledge finding as a matter of

20   law."  That's *Smith & Nephew, Inc.*, 603, Federal Appendix, 981,

21   990.

22   Where the evidence supports the conclusion that the

23   defendant had a subjective belief that the acts it encouraged

24   would infringe the patent, the court must deny summary

25   judgment, even if the court believes the defendant's reading is

CERTIFICATE OF OFFICIAL REPORTER

I, Kelly Mortellite, Registered Merit Reporter and Certified Realtime Reporter, in and for the United States District Court for the District of Massachusetts, do hereby certify that pursuant to Section 753, Title 28, United States Code that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Dated this 28th day of December, 2016.


/s/ Kelly Mortellite

_____

Kelly Mortellite, RMR, CRR

Official Court Reporter