IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANSSEN BIOTECH, INC.<br><br>       Plaintiff,<br><br>  v.<br><br>CELLTRION HEALTHCARE CO., LTD.,<br>CELLTRION, INC., and<br>HOSPIRA, INC.<br><br>       Defendants. | **Civil Action No. 1:17-cv-11008-MLW**<br><br>REQUEST FOR ORAL ARGUMENT<br><br>**PUBLIC-<br>REDACTED VERSION** |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 10**

**TABLE OF CONTENTS**

I.  Introduction ................................................................................................................. 1

II. Janssen's Expert Opined on the Presence of Ixifi™ in the "But For" World,
    And Dr. Leonard Is Entitled to Respond ....................................................................... 2

III. Discovery and Publicly Available Information Contradict Janssen's Positions ......... 4

IV. Janssen Points to a Non-Existent Discovery Dispute to Cover Up a Product
    That Hurts Its Case ....................................................................................................... 6

V. Conclusion ................................................................................................................... 10

i

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Aviva Sports v. Fingerhut Direct Mktg., Inc.*,
    829 F. Supp. 2d 802 (D. Minn. 2011) .................................................................................. 3

*Falconer v. Penn Mar., Inc.*,
    232 F.R.D. 34 (D. Me. 2005) ........................................................................................... 2, 7

*N.J. Physicians United Reciprocal Exch. v. Boynton & Boynton, Inc.*,
    No. CV 12-5610 (PGS), 2017 WL 3624239 (D.N.J. Aug. 23, 2017) ................................. 9

*Plumbers & Pipefitters Nat. Pension Fund v. Burns*,
    967 F. Supp. 2d 1143 (N.D. Ohio 2013) ........................................................................... 10

*United States v. Damrah*,
    412 F.3d 618 (6th Cir. 2005) .............................................................................................. 9

*United States v. Mooney*,
    315 F.3d 54 (1st Cir. 2002) ...................................................................................... 4, 9, 10

*Villanueva v. Leininger*,
    707 F.2d 1007 (8th Cir. 1983) .......................................................................................... 10

I.     **INTRODUCTION**

Under Janssen's theory of lost profits, Defendants ***never*** would have launched Inflectra® in a "but for" world without infringement, meaning Janssen would have sold more Remicade® at higher prices than in the real world. Ex. 1, Nicholson Rept. ¶¶ 55-57. This, of course, is not true as Defendants had numerous non-infringing alternatives to the accused cell culture media that would have allowed them to launch Inflectra® on time in the United States. Dkt. 303 at 5-10.

But even if Janssen were correct, Pfizer would not have abandoned the market. Instead, it would have launched Ixifi™, Pfizer's ***other*** biosimilar infliximab product, no later than December 2017 when it was approved by the FDA. Thus, in the "but for" world, Janssen would still face biosimilar infliximab competition from Pfizer, just starting a year later. Both sides' damages experts discussed the potential launch of Ixifi™ in their reports, although they disagree on its impact. Ex. 1, Nicholson Rept. ¶ 78 n.130; Ex. 2, Leonard Rept. ¶ 216. Perhaps not confident in their expert defending his position, Janssen now seeks to exclude evidence and argument regarding Ixifi™ from trial.

Janssen's argument for exclusion is based on two false premises. First, Janssen argues that there ***might*** be some reason that Ixifi™ would not launch in the "but for" world, such as "manufacturing problems, or because Ixifi is made using an infringing cell medium, or because they have concluded it is an inferior product." Dkt. 267 at 12. Nonsense. No case supports keeping an economically advantageous alternative product from the alleged infringer off the market in the "but-for" world for hypothesized, speculative manufacturing problems. Discovery and real world events also disprove such speculation. Janssen knows that Ixifi™ is already FDA approved, and Hospira's corporate witness explained why it would not launch in the real world: ███████ ███████████████████████████████████████████████████████████████ ████████████████ Janssen also knows the formula for the Ixifi™ media—because Defendants

1

produced it during discovery—███████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████████ Janssen is not "left guessing why Pfizer/Hospira have not commercialized [Ixifi]." Dkt. 267 at 12. It is clear from public information, deposition testimony in this case, and documents which Defendants produced.

Second, Janssen gins up a non-existent discovery dispute to keep properly disclosed evidence related to Ixifi™ out of the trial. To be clear, Defendants *did* produce discovery on Ixifi™, and Defendants do not seek to use any document that was not made available during the discovery process or through public sources. If Janssen thought that Defendants' responses were lacking, Janssen should have met and conferred and, if that was unsuccessful, moved to compel. "If [Defendants] failed to produce discoverable documents, this should have been brought to the Court's attention long ago, when the case was still in its discovery stage, not on the eve of trial." *Falconer v. Penn Mar., Inc.*, 232 F.R.D. 34, 35 (D. Me. 2005). Having done neither, Janssen cannot now complain.

Janssen's complaints do not justify excluding properly disclosed evidence from trial, and its motion should be denied.

## II. JANSSEN'S EXPERT OPINED ON THE PRESENCE OF IXIFI™ IN THE "BUT FOR" WORLD, AND DR. LEONARD IS ENTITLED TO RESPOND

Janssen's economist, Dr. Sean Nicholson, conducted a lost profit analysis that purports to compare the actual world, in which Remicade®, Inflectra®, and Renflexis® are on the market, with a "but for" world, in which Inflectra® does not launch. Ex. 1, Nicholson Rept. ¶¶ 88-89, 92. As part of his "but for" world analysis, Dr. Nicholson ██████████████████████████

██████████████████████ Dr. Nicholson does not assert that Pfizer would not have launched Ixifi™ in the "but for" world, but rather that Ixifi™'s launch is ████████████████████████

2

███████████ Dr. Leonard disagreed with this assumption because ███████████

████████████████████████████████████████████████████████████████████████

████████████████████████████ Ignoring the launch of Ixifi™ in the "but for" world

████████████████████████████████████████████████████████████████████████

████████████████████

For instance, Dr. Nicholson calculates price erosion damages related to Remicade® as far out as 2020 assuming both Inflectra® and Ixifi™ never launch, yet Ixifi™ was approved—and therefore *could have* launched—in 2017. *Id.* ¶ 215. But ███████████████████

████████████████████████████████████████████ Similarly, with regard to lost volume, the launch of Ixifi™ ████████████████████████████████████

████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████ Of course, the existence of Ixifi™ did not appear out of nowhere. ███████████

████████████████████████████████████████████████████████████████████████

██████████████████████

Janssen now attempts to foreclose Dr. Leonard from discussing the presence of Ixifi™ in the "but for" world. But Dr. Nicholson's report and discussion of Ixifi™ came out ***before*** Dr. Leonard's responsive report. *Compare* Ex. 1, Nicholson Rept. at 56 (signed January 19, 2018) *with* Ex. 2, Leonard Rept. at 141 (signed March 29, 2018). And Dr. Nicholson admitted that Ixifi™ was approved by the FDA in December 2017 in his report. Ex. 1, Nicholson Rept. ¶ 23. Janssen cannot stop Dr. Leonard from discussing the presence of Ixifi™ in the "but for" world ***in direct response*** to Janssen's expert. *See Aviva Sports v. Fingerhut Direct Mktg., Inc.*, 829 F. Supp. 2d 802, 834–35 (D. Minn. 2011) ("It is the proper role of rebuttal experts to critique plaintiff['s] expert[s']

3

methodologies and point out potential flaws in the plaintiff's experts' reports."). Moreover, Dr. Nicholson should not be immunized from cross examination on an issue he discussed in his own report. *See United States v. Mooney*, 315 F.3d 54, 63 (1st Cir. 2002) ("any flaws in [expert's] opinion may be exposed through cross-examination or competing expert testimony"). Janssen's motion should be denied.

### III. DISCOVERY AND PUBLICLY AVAILABLE INFORMATION CONTRADICT JANSSEN'S POSITIONS

As part of its gambit to preclude evidence or argument regarding Ixifi™, Janssen claims that discovery failed to show why Pfizer did not launch Ixifi™. Thus, Janssen "guess[es]" that the drug may not have launched because of "manufacturing problems, or because Ixifi is made using an infringing cell medium, or because [it has] concluded it is an inferior product, or for some other reason." Dkt. 267 at 12. But Janssen's argument is contradicted by the discovery record, and any remaining questions Janssen may have are of its own making through its failure to ask during depositions.

Dr. Leonard notes that Pfizer has not launched Ixifi™, but that it could have launched it in a "but for" world without Inflectra®. Ex. 2, Leonard Rept. ¶ 233. Far from being a baseless assumption as Janssen contends (Dkt. 267 at 11), Dr. Leonard's position is fully supported by the record. In July 2016, Janssen deposed Antoine Pompe van Meerdervort, who, at the time was the Head of Strategic Alliances for the Biosimilar Business at Pfizer. ███████

███████

███████

███████

███████

4

██████████████████████████████████████████████████████████
████████████████████████

> Pfizer said it will not launch Ixifi (infliximab-qbtx) in the US as the company already has another Remicade biosimilar on the market, known as Inflectra (infliximab-dyyb) (the third Remicade biosimilar is Merck and Samsung Bioepis' Renflexis (infliximab-abda)).

Dkt. 265-7 at 3. As one commenter stated, "[p]erhaps unsurprisingly, Pfizer has elected not to cannibalize itself, and won't be launching Ixifi (infliximab-qbtx) in the U.S." Ex. 5, 12/15/17 BioPharma Dive Brief at 2. ████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████

Janssen's speculation that there were technical issues with Ixifi™ is also untethered from reality. For instance, Janssen suggests that there may have been "manufacturing problems" or Ixifi™ may be "an inferior product." But Ixifi™ is FDA approved—a fact that has been known since December 2017. Ex. 1, Nicholson Rept. ¶ 23. Of course, in order for Ixifi™ to have been approved by the FDA, it was shown to be biosimilar to Remicade® using a specific manufacturing process, just like Inflectra®. Janssen's arguments about Ixifi™ "manufacturing problems" or "inferior[ity]" are baseless.

Also baseless is Janssen's suggestion that Ixifi™ uses an infringing cell culture medium. As is clear from documents produced by Hospira during discovery, ████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████ None of Janssen's experts opined that ████████

████████████████████████████████████████████████████████████ the

5

media used in the manufacturing process for Ixifi™ infringes, despite having access to the formulation for ▇▇▇ the Ixifi™ media. Janssen's argument that infringement might have prevented Ixifi™ from launching is directly contradicted by documents produced by Defendants during discovery and by Janssen's admissions.

IV.  **JANSSEN POINTS TO A NON-EXISTENT DISCOVERY DISPUTE TO COVER UP A PRODUCT THAT HURTS ITS CASE**

In order to avoid the negative impact of Ixifi™ on Janssen's damages claim, Janssen attempts to manufacture a discovery dispute, arguing that "Defendants refused to produce responsive documents." Dkt. 267 at 11. According to Janssen, because Defendants did not produce documents on Ixifi™'s development and commercialization timeline, *all* information about Ixifi™ (including information made available during discovery) should be excluded from trial. Dkt. 267 at 11-12. This argument finds no support in fact or law.

Janssen's supposed hook is a single discovery request—RFP No. 5, which asked for ▇▇▇



Given the breadth of the request, Defendants objected on several grounds, including ▇▇▇ Defendants reasonably limited their production to ▇▇▇

▇▇ While Janssen now argues that Defendants should not have limited their response to Inflectra®, in their letter pointing out supposed deficiencies in Defendants' responses, Janssen did not even mention Pfizer or Ixifi™. Ex. 7, 10/6/2017 Letter from A. Cohen to E. Cutri re Letter. Moreover,

6

during the parties' meet and confer regarding damages discovery issues in 2017, Janssen never raised RFP No. 5 or Ixifi™. In any event, Janssen had knowledge of the relevant facts Defendants rely on—that Ixifi™ uses a non-infringing cell media and is FDA approved for the same indications as Inflectra®—during discovery.

Janssen's citation to a letter from April 2018 as supposedly evidencing Defendants' refusal to produce information about Ixifi™ fares no better. Janssen does not bother to attach its original letter to its motion, which requested ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ According to Janssen, this was information which *Dr. Frohlich*—not Dr. Leonard—was purportedly relying on and which it argued was responsive to **RFP Nos. 8–10** (not RFP No. 5).

In any event, Defendants explained that Dr. Frohlich was not relying on any unproduced documents, that RFP Nos. 8 and 9 were limited solely to CT-P13 (Inflectra®/Remsima®), and Defendants had objected to RFP No. 10 *more than six months earlier* as irrelevant and unduly burdensome. Dkt. 265 Ex. 8 at 2. Yet even though these requests came "weeks after the close of fact discovery" and are irrelevant to Ixifi™'s impact on Janssen's requested damages, Defendants conducted a reasonable investigation into whether such documents existed. Ex. 9, 4/22/2018 Email from G. Sanford to A. Cohen re Frohlich documents.

At its core, Janssen's motion "is a discovery motion in the guise of a motion in limine." *Falconer*, 232 F.R.D. at 35. Janssen complains that Defendants "objected to Janssen's requests for discovery concerning Ixifi," and "limited their response to Inflectra." Dkt. 267 at 11. Janssen goes so far as to make the incredible claim that "Defendants refused to produce *any* documents

7

concerning Ixifi." Dkt. 267 at 12 (emphasis added). Of course, the discovery record shows that assertion is false. █████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

████████████████████████████████

Moreover, *Janssen's* own discovery includes references to Pfizer's infliximab biosimilar, including its approval by the FDA. ███████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

████████████████████████████████████████████ If Janssen felt

---

[1] And, of course, Janssen questioned at least Mr. van Meerdervort (*see supra* at 4-5) and Dr. Beverly Ingram on Pfizer's biosimilar product. Ex. 15, Ingram Dep. Tr. at 161.

Defendants' discovery was lacking, it could have engaged further with Defendants, and if that was unsatisfactory, filed a motion to compel. It did not. It cannot now use a motion *in limine* to press a stale discovery complaint that it did not timely pursue.

Janssen cites a single case, *N.J. Physicians United*, which stands for the unremarkable proposition that a party cannot rely on "any ***unproduced*** information." Dkt. 267 at 13. In that case, in a prior order "the Court unequivocally stated that [plaintiff's] damages related discovery was deficient and directed [the plaintiff] to immediately produce said discovery or run the risk of having the information barred later on." *N.J. Physicians United Reciprocal Exch. v. Boynton & Boynton, Inc.*, No. CV 12-5610 (PGS), 2017 WL 3624239, at *11 (D.N.J. Aug. 23, 2017). It should come as no surprise that the party's expert was thus precluded from relying on that same unproduced information. But that case is not applicable here.

As discussed above, Defendants produced information regarding the cell media used for Ixifi™ and presented witnesses with knowledge of Ixifi™. Further, public documents cited in the parties' expert reports, and Janssen's own motion, confirm Pfizer's reasoning for not launching Ixifi™. Dr. Leonard is entitled to rely on this discovery and public documents. *See United States v. Damrah*, 412 F.3d 618, 625 n.4 (6th Cir. 2005) (affirming district court which allowed expert testimony based on books, press releases, and newspaper articles). Dr. Leonard is not relying on any unproduced information. In direct response to Dr. Nicholson's opinions, Dr. Leonard opines that in the "but for" world, Pfizer would have no reason not to launch Ixifi™. If Janssen wishes to cross-examine Dr. Leonard on that issue, it can. But the mere fact that Janssen does not like Dr. Leonard's opinions, which are based on facts available in discovery, is not a basis for excluding Dr. Leonard's opinions or immunizing Dr. Nicholson from cross examination on a product ***that he discusses in his own expert report***. *See Mooney*, 315 F.3d at 63 ("any flaws in [expert's]

9

opinion may be exposed through cross-examination or competing expert testimony"); *Plumbers & Pipefitters Nat. Pension Fund v. Burns*, 967 F. Supp. 2d 1143, 1155 (N.D. Ohio 2013) ("Cross 'may embrace any matter germane to direct examination, qualifying or destroying it, or tending to elucidate, modify, explain, contradict or rebut testimony given by the witness.'") (citing *Villanueva v. Leininger,* 707 F.2d 1007, 1010 (8th Cir. 1983)).

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Janssen's motion *in limine* to exclude evidence or argument related to Ixifi™.

| | |
|---|---|
| Dated: June 4, 2018 | Respectfully submitted, |
| | Celltrion Healthcare Co., Ltd., Celltrion, Inc., and Hospira, Inc. |
| | By their attorneys, |
| | /s/Andrea L. Martin, Esq. |
| | Dennis J. Kelly (BBO # 266340) |
| | Andrea L. Martin (BBO #666117) |
| | BURNS & LEVINSON LLP |
| | 125 Summer Street |
| | Boston, MA 02110-1624 |
| | Telephone: 617-345-3000 |
| | Facsimile: 617-345-3299 |
| | dkelly@burnslev.com |
| | amartin@burnslev.com |
| *Of counsel:* | James F. Hurst, P.C. (*pro hac vice*) |
| | Bryan S. Hales, P.C. (*pro hac vice*) |
| Charles B. Klein (*pro hac vice*) | Elizabeth A. Cutri (*pro hac vice*) |
| WINSTON & STRAWN LLP | KIRKLAND & ELLIS LLP |
| 1700 K Street, N.W. | 300 North LaSalle |
| Washington, D.C. 20006-3817 | Chicago, IL 60654 |
| Tel: (202) 282-5000 | Tel: (312) 862-2000 |
| cklein@winston.com | james.hurst@kirkland.com |
| | bryan.hales@kirkland.com |
| Samuel S. Park (*pro hac vice*) | elizabeth.cutri@kirkland.com |
| Dan H. Hoang (*pro hac vice*) | |
| WINSTON & STRAWN LLP | Ryan Kane (*pro hac vice*) |
| 35 W. Wacker Drive | James McConnell (*pro hac vice*) |
| Chicago, IL 60601-9703 | KIRKLAND & ELLIS LLP |
| Tel: (312) 558-7931 | 601 Lexington Avenue |
| spark@winston.com | New York, NY 10022 |
| dhoang@winston.com | ryan.kane@kirkland.com |
| | james.mcconnell@kirkland.com |
| | Noah S. Frank (*pro hac vice*) |
| | KIRKLAND & ELLIS LLP |
| | 655 Fifteenth St., N.W. |
| | Washington, DC 20005 |
| | noah.frank@kirkland.com |
| | *Attorneys for Defendants Celltrion Healthcare Co., Ltd., Celltrion, Inc., and Hospira, Inc.* |

**CERTIFICATE OF SERVICE**

I, Andrea L. Martin, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 4, 2018.

/s/Andrea L. Martin, Esq.
Andrea L. Martin, Esq.